Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
Rschar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. SHAY LAPS,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>                    Defendants. | Case No. 5:25-cv-05767-SVK<br><br>The Honorable Susan van Keulen<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS 12 AND 14 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:       October 21, 2025<br>Time:      10:00 a.m.<br>Location:  Courtroom 6 (San Jose)<br><br>Action Filed: July 10, 2025 |

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..................................................................................1

STATEMENT OF ISSUES TO BE DECIDED ...................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................1

INTRODUCTION ..................................................................................................................1

FACTUAL ALLEGATIONS .................................................................................................3

I.  Dr. Chou Hires Laps for a Postdoctoral Position at Stanford. .................................3

II. After an Undergraduate Accuses Laps of Sexual Harassment, Laps Claims To Be the Target of a Conspiracy. ...................................................................................3

III. Laps Claims Dr. Chou Retaliated Against Him; Stanford's Investigation Finds the Claims Unsubstantiated. .......................................................................................4

PROCEDURAL BACKGROUND.........................................................................................5

LEGAL STANDARD..............................................................................................................5

ARGUMENT............................................................................................................................6

I.  Laps Fails to State a Claim for Defamation.................................................................6

II. The Section 220 Claim Fails as a Matter of Law.......................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................................5

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ............................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................................5

*Botta v. PricewaterhouseCoopers LLC*,
  No. 18-CV-02615-RS, 2018 WL 11360442 (N.D. Cal. Oct. 9, 2018) .............................7

*Comstock v. Aber*,
  212 Cal. App. 4th 931 (2012) ...........................................................................................8

*Delphix Corp. v. Actifo, Inc.*,
  13-cv-4613-RS, 2014 WL 4628490 (N.D. Cal. Mar. 19, 2014).......................................7

*Elias v. Spotify USA Inc.*,
  No. CV 20-8530, 2020 WL 11884714 (C.D. Cal. Nov. 24, 2020)................................7, 9

*Hardin v. Mendocino Coast Dist. Hosp.*,
  No. 17-cv-05554-JST, 2018 WL 6331009 (N.D. Cal. Dec. 4, 2018) ............................6, 9

*Johnson v. Riverside Healthcare Sys.*,
  534 F.3d 1116 (9th Cir. 2008) ..........................................................................................5

*Jones v. Thyssenkrupp Elevator Corp.*,
  No. C-05-3539-EMC, 2006 WL 680553 (N.D. Cal. Mar. 14, 2006) .......................6, 8, 9

*Karasek v. Regents of the Univ. of Cal.*,
  No. 15-cv-03717-WHO, 2015 WL 8527338 (N.D. Cal. Dec. 11, 2015)......................9, 10

*MacKinnon v. Logitech Inc.*,
  No. 15-cv-05231-TEH, 2016 WL 541068 (N.D. Cal. Feb. 11, 2016)...............................9

*PAI Corp. v. Integrated Sci. Sols., Inc.*,
  No. C-06-5349-JCS, 2007 WL 1229329 (N.D. Cal. Apr. 25, 2007) .............................6, 9

*PMMR, Inc. v. Chaloner*,
  No. SA CV 14-1968, 2015 WL 13283060 (C.D. Cal. Feb. 12, 2015)...............................9

*Sherman v. Regents of Univ. of Cal.*,
  No. 20-cv-06441-VKD, 2022 WL 1137090 (N.D. Cal. Apr. 18, 2022).........................10

*Taus v. Loftus*,
   40 Cal. 4th 683 (2007) ................................................................................................................ 6

*White v. Home Depot U.S.A. Inc.*,
   No. 17-cv-00752, 2019 WL 1171163 (S.D. Cal. Mar. 13, 2019), *aff'd sum nom.*, 832 Fed.
   App'x 471 (9th Cir. 2020) ................................................................................................ 7, 8, 9

**Statutes**

Cal. Civ. Code § 47(b) ......................................................................................................................... 8

Cal. Civ. Code § 47(c) ...................................................................................................................... 8, 9

Cal. Educ. Code § 210 ....................................................................................................................... 10

Cal. Educ. Code § 210.3 .................................................................................................................... 10

Cal. Educ. Code § 220 .................................................................................................................. 3, 10

Cal. Educ. Code § 66270 .................................................................................................................. 10

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on October 21, 2025 at 10:00 a.m., or as soon thereafter as the Court is available, Defendants The Board of Trustees of the Leland Stanford Junior University (named as "The Leland Stanford Junior University") ("Stanford" ) and Danny Hung-Chieh Chou ("Dr. Chou") (collectively, "Defendants") will appear before the Honorable Susan van Keulen in Courtroom 6 of the Robert F. Peckham Federal Building and United States Courthouse, 280 South 1st Street, 4th Floor, San Jose, CA 95113, and will, and hereby do, move the Court to enter an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the defamation claim against Dr. Chou (Claim 12) and the California Education Code Section 220 claim against Stanford (Claim 14) alleged in the complaint filed by Plaintiff Dr. Shay Laps.

Defendants' Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Reid J. Schar ("Schar Decl."), any additional briefing on this subject (including Defendants' reply brief), and the evidence and arguments that will be presented to the Court at the hearing on this matter.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the defamation claim against Dr. Chou (Claim 12) should be dismissed because it fails to state the substance of the alleged defamatory statements, to whom they were made, and when they were made, as the law requires.

2. Whether the claim for discrimination under California Education Code Section 220 (Claim 14) should be dismissed because Section 220 does not apply to postsecondary institutions such as Stanford.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Shay Laps' 78-page, 368-paragraph complaint is an effort to spin a handful of perceived workplace conflicts and interpersonal issues into a tale of conspiracy and religious discrimination. Laps alleged discrimination for the first time after learning he had been reported to Stanford's Title IX office for potential sexual harassment. Much of the complaint describes protests and other campus activities that occurred six months prior to Laps' arrival at Stanford and

have no connection to the purported acts of discrimination he alleges. Defendants dispute Laps' characterization of the facts and are confident that discovery will confirm Laps' discrimination claims have no merit. For now, Defendants focus on Laps' defamation claim against Dr. Chou, (the only claim brought against Dr. Chou), and Laps' Section 220 claim against Stanford, which are both deficient as a matter of law.

Laps alleges that Dr. Chou defamed him in two ways: first, by making oral or written statements that Laps committed sexual harassment to unidentified Stanford staff and administrators at an unidentified point in time, and second, by making oral or written statements to unidentified individuals that Laps was absent from the Chou Lab due to "legal licensing" issues with Laps' research. The who, what, and when—essential components of a defamation claim—are missing.

With respect to the allegation about sexual harassment, Laps does not plead to whom Dr. Chou allegedly reported that Laps committed sexual harassment, what exactly Dr. Chou purportedly said, or when Dr. Chou supposedly made these comments. Importantly, another professor reported Laps to Stanford's Title IX office for potential sexual harassment due to Laps making unwanted advances to an undergraduate student. If the alleged statements were made as part of a Title IX report or an investigation, they are privileged and cannot serve as the basis of a defamation claim. But there is no way to tell from the complaint. The complaint thus fails to provide Dr. Chou with sufficient notice of how he supposedly defamed Laps, leaving him unable to mount a defense. Laps likewise fails to plead to whom and when Dr. Chou made alleged statements that Laps had "legal licensing" issues, leaving him without sufficient notice of Laps' claim and unable to defend against it. For these reasons, and as further discussed below, the Court should dismiss Laps' defamation claim.

Laps' California Education Code Section 220 ("Section 220") claim against Stanford is also deficient. The Education Code, by its terms, is clear that Section 220 applies only to preschools, elementary, and secondary schools. By its terms and as another court in this district has determined, Section 220 does not apply to postsecondary institutions like Stanford. Laps' Section 220 claim against Stanford should be dismissed as well.

# FACTUAL ALLEGATIONS

Most of Laps' allegations are untrue, although Defendants understand the Court must presume their truth for the purpose of this motion. Below is a brief summary of the allegations from Laps' complaint relevant to Laps' defamation and Section 220 claims.

## I. Dr. Chou Hires Laps for a Postdoctoral Position at Stanford.

Stanford is a private postsecondary institution. Complaint ("Compl.") ¶¶ 13, 193. Dr. Chou is a tenured Associate Professor in the Division of Endocrinology and Diabetes, Department of Pediatrics, School of Medicine at Stanford. *Id.* ¶ 16. Dr. Chou leads the Danny Chou Lab at Stanford (the "Chou Lab" or "Lab") which, among other things, seeks to develop new methods of peptide and protein synthesis. *Id.* ¶ 17.

After an interview process that involved several interviews with Dr. Chou and other members of the Lab, Stanford offered Laps a postdoctoral scholar appointment to develop new insulin analogs in the Chou Lab. *Id.* ¶¶ 31–32. Laps accepted the position on or around the end of January 2024, and arrived at Stanford on April 1, 2024. *Id.* ¶¶ 34, 45.

## II. After an Undergraduate Accuses Laps of Sexual Harassment, Laps Claims To Be the Target of a Conspiracy.

On August 26, 2024, Dr. Chou met with Laps and informed him that a serious complaint of sexual harassment involving an undergraduate student had been made against him. *Id.* ¶¶ 82–83. Laps alleges that Dr. Chou "purported" to read from a complaint[1] and told Laps that Stanford's Title IX office had asked Dr. Chou to convene this meeting to discuss the allegations. *Id.* ¶ 82.

On September 2, 2024, a few days after he learned of the sexual harassment report, Laps submitted three complaints through Stanford's internal reporting mechanisms alleging he was being discriminated against on the basis of his Jewish and Israeli identities. *Id.* ¶ 94. These complaints were the first time Laps reported to Stanford his belief that he was being discriminated against on the basis of his Jewish or Israeli identities.

---

[1] Despite the complaint's use of the word "purported," there was a report of potential sexual harassment concerning Laps filed with Stanford's Title IX office. A copy of the report was shared with Laps' counsel as part of the parties' meet and confer efforts prior to this motion. *See* Schar Decl. ¶¶ 3–4.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

In those complaints and in this lawsuit, Laps contends that the sexual harassment complaint and meeting were part of a scheme by Dr. Chou, a Stanford undergraduate, and a Stanford instructor "to fabricate a false Title IX complaint against him." *Id.* ¶¶ 87, 95; *see also id.* ¶¶ 88–91 (describing the interactions with the undergraduate and Stanford instructor that, according to Laps, meant that someone was "manufacturing a threat against him"). Laps claims the plot against him was broad and included, among other things, a research assistant in the Chou Lab who he contends "tamper[ed] with [his] research" and tried to "set him up to be accused of research fraud." *Id.* ¶¶ 58–59, 62, 95–96. As Laps describes the alleged conspiracy: "all of these events appeared to thread together in an attempt to push him out of Stanford merely for being Jewish and Israeli, via an outlandish scheme to fabricate a false Title IX complaint against him." *Id.* ¶ 95.

On October 1, 2024, Stanford informed Laps it had initiated an investigation into his discrimination complaints and subsequently opened an official investigation on October 15, 2024. *Id.* ¶¶ 102, 105–06. Over the next three months, Stanford gathered information and conducted multiple interviews of Laps and several other witnesses. *Id.* ¶ 143. On January 10, 2025, Stanford notified Laps that it had concluded its investigation, and based on the information it had gathered, the evidence did not support a finding that Laps was discriminated against because he was Jewish or Israeli. *Id.* ¶ 141. Laps takes issue with the scope of Stanford's investigation and its findings. *Id.* ¶¶ 106, 142–52.

### III. Laps Claims Dr. Chou Retaliated Against Him; Stanford's Investigation Finds the Claims Unsubstantiated.

Laps contends that Dr. Chou met with him on October 25, 2024, made numerous threats against him, and requested that Laps find employment at another lab because of his Jewish and Israeli identity, and in retaliation for filing discrimination complaints. *Id.* ¶¶ 111–12. On October 28, 2024, Dr. Chou requested that Laps "work from home this week for safety reasons." *Id.* ¶ 118. At some undetermined point during this period, "on or before" November 4, 2024, in response to supposed inquiries from unnamed Stanford colleagues about why Laps was absent from the Chou Lab, Dr. Chou allegedly told "at least one Stanford researcher" that Laps' absence was due to a "legal licensing" issue with Lap's work and Laps would not be returning to the Lab. *Id.* ¶ 121.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Stanford arranged a mediation between Laps and Dr. Chou, which was conducted on November 12, 2024. *Id.* ¶ 126. Following the mediation, Laps' access to the Lab was restored, although Laps claims Dr. Chou further restricted his activities in the Lab. *Id.* ¶¶ 128–29. On December 8, 2024, Laps sent a letter to Stanford administrators alleging that Dr. Chou had retaliated against him. *Id.* ¶ 132. In mid-February, after weeks of discussions and settlement negotiations failed to resolve the dispute, Stanford opened a second formal investigation focused on the alleged retaliation. *Id.* ¶¶ 153–54. The retaliation investigation concluded it was "more likely than not that Dr. Chou's conduct did not violate a university policy." *Id.* ¶ 167. Laps takes issue with the scope and findings of this investigation as well. *Id.* ¶¶ 168–73. Laps chose to resign from Stanford on February 26, 2025. *Id.* ¶ 163.

## PROCEDURAL BACKGROUND

Laps filed this lawsuit on July 10, 2025, alleging a single claim of defamation against Dr. Chou and sixteen claims against Stanford based on state and federal antidiscrimination law, including a claim under Section 220 of the California Education Code, and a host of other legal theories.[2]

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). For claims to survive a motion to dismiss, the complaint's factual allegations must raise a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Although the Court must accept the complaint's factual allegations as true, conclusory assertions are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible only when the plaintiff pleads enough factual content to justify the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

---

[2] Leading up to the filing of this motion, counsel for Defendants raised the deficiencies addressed in this motion with Laps' counsel in an effort to resolve them through the meet and confer process. Laps chose to stand on the complaint, thereby necessitating this motion. *See* Schar Decl. ¶ 3.

That is not the case here for Laps' defamation claim as the complaint fails to plead essential facts necessary to allege a plausible claim for defamation against Dr. Chou. Laps' Section 220 claim fails as a matter of law because Section 220 does not apply to postsecondary institutions like Stanford. These claims must be dismissed.

## ARGUMENT

### I. LAPS FAILS TO STATE A CLAIM FOR DEFAMATION.

Laps' defamation claim against Dr. Chou rests on two alleged statements, neither of which is sufficiently pleaded to state a claim. Laps alleges:

- "Dr. Chou made oral and/or written statements to researchers, staff, and/or Dr. Laps' colleagues at Stanford claiming Dr. Laps was absent from the Chou Lab due to 'legal licensing' issues with Dr. Laps' research." Compl. ¶ 315; *see also id.* ¶¶ 11, 121.

- "On information and belief, Dr. Chou also made oral and/or written statements to Stanford staff and administrators claiming that Dr. Laps had committed sexual harassment." *Id.* ¶ 318.

These allegations do not come close to satisfying the pleading standard required to state a claim for defamation.

To state a defamation claim, Laps must allege that Dr. Chou made a publication that is false, defamatory, unprivileged, and has a natural tendency to injure or causes special damage. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). A plaintiff also must allege the "substance of the alleged defamatory statements" and "specifically identify who made the statements, when they were made and to whom they were made." *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554-JST, 2018 WL 6331009, at *4 (N.D. Cal. Dec. 4, 2018) (quoting *PAI Corp. v. Integrated Sci. Sols., Inc.*, No. C-06-5349-JCS, 2007 WL 1229329, at *9 (N.D. Cal. Apr. 25, 2007)). Specificity is required to ensure the plaintiff provides requisite notice to a defendant of the alleged defamatory statement to allow preparation of a defense. *See Jones v. Thyssenkrupp Elevator Corp.*, No. C-05-3539-EMC, 2006 WL 680553, at *6 (N.D. Cal. Mar. 14, 2006). Specificity also allows a defendant to determine whether the defamation claim is predicated on protected speech. *See id.* The allegations here are hopelessly vague and fail to provide the specificity required.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

1  First, with respect to the alleged sexual harassment statements, the complaint fails to allege with specificity the substance of those alleged defamatory statements. The complaint does not provide sufficient factual information for Dr. Chou to determine whether the alleged defamatory statements at issue refer to the reporting of Laps' alleged sexual harassment to Stanford's Title IX office, whether they refer to alleged statements Dr. Chou made to other Stanford staff and/or administrators outside the scope of the Title IX report, or something in between. Compl. ¶ 318. Laps also does not plead whether the alleged statements were made orally, in writing, or a combination of both, compounding the uncertainty surrounding what statements, if any, were actually made. *Id.*

Second, Laps entirely fails to allege *when* the alleged statements were made.

Third, Laps does not plead *to whom* the alleged statements were made—the complaint vaguely references only "Stanford staff" and "administrators." *Id.* Collective references to "Stanford staff" and "administrators" are legally insufficient. *See White v. Home Depot U.S.A. Inc.*, No. 17-cv-00752, 2019 WL 1171163, at *22 (S.D. Cal. Mar. 13, 2019) (dismissing defamation claim because references to "Home Depot managers" and "fellow employees" failed to specify "to whom [the statement] was made"), *aff'd sum nom.*, 832 Fed. App'x 471 (9th Cir. 2020).

The lack of specificity likely is because Laps simply is speculating about statements he imagines were made. Indeed, Laps pleads that Dr. Chou made the allegedly defamatory statements only "[o]n information and belief," Compl. ¶ 318, underscoring the "speculative nature" of the allegations. *Elias v. Spotify USA Inc.*, No. CV 20-8530, 2020 WL 11884714, at *3 (C.D. Cal. Nov. 24, 2020) (dismissing defamation claim that "fail[ed] to provide Defendants with any specifics" and was "based only on 'information and belief,' which highlights the speculative nature of [the] defamation claim"). Where, as here, the allegations are qualified with the phrase "on information and belief," it is a reasonable inference that Laps "likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree." *Botta v. PricewaterhouseCoopers LLC*, No. 18-CV-02615-RS, 2018 WL 11360442, at *5 (N.D. Cal. Oct.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

1  9, 2018) (quoting *Delphix Corp. v. Actifo, Inc.*, 13-cv-4613-RS, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014)).

Laps' speculative and vague allegations fail to plead defamation with the requisite particularity and fail to provide Dr. Chou with "sufficient notice of the issues to enable preparation of a defense," including whether the claim is legally viable. *Jones*, 2006 WL 680553, at *6. For example, if the allegations are based on statements that Dr. Chou made to Stanford staff and administrators about sexual harassment in connection with the report to the Title IX office, *see* Schar Decl. ¶ 4, or in anticipation of litigation, they may constitute protected speech or privileged conduct under California law and cannot serve as the basis of a defamation claim. *See* Cal. Civ. Code §§ 47(b)–(c); *Comstock v. Aber*, 212 Cal. App. 4th 931, 953 (2012) (holding that alleged defamatory statements regarding sexual harassment made to human resources personnel and mandated reporters constituted protected activity and were conditionally privileged). But without more specific pleading, Dr. Chou does not have sufficient notice of what statements are at issue and therefore cannot ascertain whether these defenses apply.

In short, Laps' vague, "on information and belief" allegations that Dr. Chou made defamatory statements claiming Laps committed sexual harassment do not satisfy the legal requirements necessary to state a defamation claim—they fail to specify the substance of the allegedly defamatory statements and when the statements were made and to whom.

Laps' "legal licensing" allegation fares no better. First, Laps again fails to specify whether the statements were oral, written, or a combination of both. Compl. ¶ 315 (alleging "oral and/or written statements"). Second, Laps does not allege with specificity when the alleged statements were made, simply claiming they were made "during this time and on or before November 4, 2024." *Id.* ¶ 121. Third, the complaint again fails to allege with specificity to whom the statements made. The complaint's vague references to "researchers," "staff" and "colleagues" do not meet the particularity required for a defamation claim. *See White*, 2019 WL 1171163, at *22. The "legal licensing" claims are so vague, it is difficult to even determine what the alleged statements are or how they are even defamatory.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Finally, Laps' allegation about "legal licensing" raises the same problem as his sexual harassment allegation—it lacks the requisite specificity to enable Dr. Chou to prepare a defense or determine whether it involves protected activity. As an example, California law affords an employer with a qualified privilege of communication to a listener with a common interest. *See* Cal. Civ. Code § 47(c). This privilege protects statements made by a person's "supervisors and employees in connection with [a person's] conduct in the workplace." *Jones*, 2006 WL 680553, at *6. Statements by Dr. Chou in connection with Laps' conduct in the workplace to other members of the Lab may be protected, but the complaint does not provide enough information for Dr. Chou to make this determination.

Courts in this circuit routinely dismiss defamation claims where, as here, the plaintiff fails to allege specific information about the substance of the alleged defamatory statements, to whom they were made, and when. *See, e.g.*, *Jones*, 2006 WL 680553, at *6 (dismissing defamation claim that failed to identify "the recipients, the timing, or the context in which [the statements] were made"); *PAI Corp.*, 2007 WL 1229329, at *9 (dismissing defamation claim that failed to specify "when [the statements] were made and to whom they were made"); *White*, 2019 WL 1171163, at *22 (dismissing defamation claim for failing to specify "to whom [the statement] was made"); *Hardin*, 2018 WL 6331009, at *4 (dismissing defamation claim that failed to specifically identify "when [the statements] were made and to whom they were made"); *MacKinnon v. Logitech Inc.*, No. 15-cv-05231-TEH, 2016 WL 541068, at *5 (N.D. Cal. Feb. 11, 2016) (dismissing defamation claim that failed to specify "when [the statements] were made, or to whom they were made"); *Elias*, 2020 WL 11884714, at *2 (dismissing defamation claim that "fails to specifically allege the time, place, speaker, or listener of each allegedly defamatory statement"); *PMMR, Inc. v. Chaloner*, No. SA CV 14-1968, 2015 WL 13283060, at *7 (C.D. Cal. Feb. 12, 2015) (dismissing defamation claim that lacked "adequate specificity to enable the Court to determine what precisely Defendant is alleged to have said, to whom he allegedly said it, and whether he said it orally or in writing"). The Court should do the same here.

## II. THE SECTION 220 CLAIM FAILS AS A MATTER OF LAW.

Laps' claim for discrimination under Section 220 of the Education Code is not viable as a matter of law. Section 220 simply "does not apply to a postsecondary institution such as [Stanford]." *Karasek v. Regents of the Univ. of Cal.*, No. 15-cv-03717-WHO, 2015 WL 8527338, at *18 (N.D. Cal. Dec. 11, 2015).

Section 220 prohibits various kinds of discrimination in "educational institution[s]." Cal. Educ. Code § 220. The Code statutorily defines "educational institution" for purposes of Section 220 to mean "a public or private preschool, elementary, or secondary school or institution; the governing board of a school district; or any combination of school districts or counties recognized as the administrative agency for public elementary or secondary schools." *Id.* § 210.3; *see id.* § 210 ("The definitions in this article shall govern the use of the terms defined for purposes of this chapter."). Section 220 thus applies to preschools through secondary schools; it does not apply to postsecondary institutions. *Karasek*, 2015 WL 8527338, at *18.

California Education Code Section 66270, on the other hand, "provides substantially identical protections as section 220 but applies to 'any program or activity conducted by any *postsecondary educational institution* that receives, or benefits from, state financial assistance or enrolls students who receive state financial aid.'" *Id.* (quoting Cal. Educ. Code § 66270) (emphasis in original); *see also Sherman v. Regents of Univ. of Cal.*, No. 20-cv-06441-VKD, 2022 WL 1137090, at *11 n.3 (N.D. Cal. Apr. 18, 2022) (differentiating between Sections 220 and 66270). But Laps does not allege a violation of Section 66270. His claim is limited to an alleged violation of Section 220.

As in *Karasek*, because Section 220 does not apply to Stanford as a matter of law, Laps' Section 220 claim should be dismissed with prejudice.

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to dismiss the claim for defamation against Dr. Chou (Claim 12) and the claim for discrimination under California Education Code Section 220 against Stanford (Claim 14).

Respectfully submitted,

Dated: September 9, 2025   JENNER & BLOCK LLP

By:   /s/ *Reid J. Schar*
Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of Leland Stanford Junior University and Danny Hung-Chieh Chou*

**JENNER & BLOCK LLP**
525 Market Street, 29th Floor
San Francisco, CA 94105

11

NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. 5:25-cv-05767-SVK