UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAY LAPS,<br><br>   Plaintiff,<br><br>   v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>   Defendants. | Case No. 25-cv-05767-SVK<br><br>**ORDER RE PROTECTIVE ORDER AND ESI ORDER DISPUTES**<br><br>Re: Dkt. No. 42 |

The Court has reviewed the Parties' Joint Submission (Dkt. 42) and determines that the several disputes set forth therein can be resolved without oral argument. Civil L.R. 7-1(b). Having considered the nature of this action, this Court's model protective orders and relevant guidance under the Federal Rules of Civil Procedure, the Court rules as set forth in **Attachments A** and **B**. Additionally, the Court adopts its standard change to the model order, which is particularly relevant in this case; specifically, Section 6.3 shall be amended to read:

> **Judicial Intervention:** If the Parties cannot resolve a challenge without Court intervention, they shall follow the procedures for resolving discovery disputes set forth in Judge van Keulen's Civil and Discovery Referral Matters Standing Order and present the dispute by filing a joint statement directed to Judge van Keulen.

Defendant is to prepare the final Protective Order and ESI Order for signature by both sides and submission to the Court no later than **November 24, 2025**.

   **SO ORDERED.**

Dated: November 17, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

# ATTACHMENT A

**COURT RULING REGARDING THE PROTECTIVE ORDER**

| SECTION OF MODEL PO AND DISPUTE DESCRIPTION | PLAINTIFF'S POSITION & PROPOSED COMPROMISES | DEFENDANTS' POSITION & PROPOSED COMPROMISES | COURT |
|---|---|---|---|
| 2.4, 2.5, 2.9, 2.16, 5.2(a)-(c), 7.2, 7.3, 8, 9: HIGHLY-CONFIDENTIAL-ATTORNEYS' EYES ONLY Designation category | Plaintiff believes the Model Order's "Confidentiality" tier is sufficient, and that material requiring any AEO designation is not core to this discrimination case. Moreover, Defendants' proposals of an AEO tier would prevent counsel from conferring with Plaintiff. It would materially impede Plaintiff's case if Dr. Laps cannot review discovery bearing on Defendants' treatment of others and inform his counsel whether what is reflected in discovery is like or unlike his experience, and thus whether it evidences that Defendants treated Plaintiff differently due to this religion and national origin. Additionally, only Dr. Laps can help his counsel decipher the relevance of highly specialized scientific material, if any is produced at all. Preventing Plaintiff from seeing such material would materially impede his case.

Plaintiff has proposed a compromise permitting Defendants to designate the names of students, to the extent the document in which the name is contained is a FERPA Record, as AEO (but not the remainder of the content). Doing so would shift the burden of redacting names to Plaintiff's counsel (thus eliminating Defendants' burden concerns) while also protecting the privacy of third parties, and without | A "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation ("AEO Designation") is necessary and appropriate in this case as it may involve records covered by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, that contain student names and other personally identifiable information, as well as confidential research information the Plaintiff did not have access to or knowledge of prior to disclosure. The highly public and politicized nature of this lawsuit and the threats that already have been made against individuals named in the complaint raise serious concerns about the privacy and safety of non-party students whose names may appear in discovery materials. Courts have recognized that AEO designations are appropriate to protect the privacy of non-parties. Courts routinely issue protective orders limiting access to trade secrets and non-public confidential information to counsel and their experts.

Defendants are willing to meet and confer regarding any specific records Plaintiff's counsel wish to show Plaintiff. | The Court finds that it is appropriate to provide for AEO designation in the Protective Order under the circumstances of this case including the nature of asserted claims and defenses which may infringe upon third parties' right to privacy as well as the publicity, some of a threatening nature, this case has generated and is likely to continue to generate.

The Court balances allowing AEO with the public nature of these proceedings generally and, more specifically, the Plaintiff's need to be able to participate in this action. Accordingly, the Court warns the |

| | | | |
|---|---|---|---|
| | meaningfully interfering with Plaintiff's ability to confer with his counsel to prepare his case. | *See* Defs.' Position, Section A. | Parties that restrictions against over-designation will be enforced and that the Court expects full and good faith participation in meet and confer efforts challenging designations. |
| 5.1: "Practical" designation of parts of qualified materials. | Defendants seek to only identify when they are designating a portion of a record under the protective order, "[t]o the extent practical to do so." Plaintiff believes this revision essentially allows Defendants to designate even wider swaths of information that does not implicate Rule 26(c) without accountability, significantly compounding the issues with an AEO designation. Plaintiff believes that designating only those portions of material that are protectible is required by Rule 26(c) and the Northern District's Model Order. | Defendants propose to designate parts of documents as protected material "to the extent it is practical to do so." This language is taken verbatim from the Model Protective Order for Patents, Highly Sensitive Confidential Information, and/or Trade Secrets. It recognizes that designating line by line or page by page may be too burdensome for certain materials when many, if not most, lines or pages would be designated. Flexibility is needed to balance the demands of discovery against the needs of the litigants.<br><br>*See* Defs.' Position, Section D. | The Court will allow the "to the extent practical" language, with the same admonition as stated above. The Court further cautions the Parties that "practical" is a higher bar than "convenient." The requirement to designate only protected portions of a record remains, except in what should be very limited circumstances. |
| 5.3, 6.1, 6.2, 6.3: Redaction and Use of Pseudonyms | Defendants seek to redact all names contained in any discovery in this matter, whether students, staff, or employees/contractors. FERPA does not cover staff, employees, and contractors. Plaintiff believes redacting all names unjustifiably impedes his discovery rights, particularly his ability to discover potentially relevant | To protect the privacy and safety of individuals, Defendants propose redacting the name of the undergraduate mentioned in the Title IX Report about Plaintiff from produced materials and using the pseudonym used in the complaint. Defendants also propose that the parties be allowed to redact the names | The Court will allow redactions and use of pseudonyms as proposed by Defendants considering the circumstances of this case, as |

| | | | |
|---|---|---|---|
| | witnesses, requiring Plaintiff to go through the challenge procedure for every individual that may enable him to discover relevant material in this case. Doing so is not only an unjustifiable restraint on Plaintiff's discovery rights, it also requires Plaintiff to give Defendants multiple weeks of notice as to his litigation strategy for every potential witness or custodian. Plaintiff believes the Model Order's protections are sufficient. | of individuals who are not involved with the allegations or facts and circumstances underlying the complaint if Defendants believe in good faith that disclosure of the individual's name would result in annoyance, embarrassment, or oppression.<br><br>Redacting these names provides an additional layer of protection against inadvertent disclosure and will not interfere with Plaintiff's ability to develop his case. Plaintiff already knows the name of the undergraduate at issue in his complaint. And Plaintiff and his counsel do not need to know the names of unrelated individuals who may have filed a complaint or been accused of discrimination or harassment.<br><br>Redacting these names is important here given the serious threats already directed at individuals named in the complaint and the violation of privacy that would occur if personal, distressing circumstances were revealed.<br><br>The names in any complaints about the specific lab or individuals mentioned in Plaintiff's complaint would not be redacted (to the extent any such complaints exist).<br><br>Further, if Plaintiff contends disclosure of a particular name is necessary, the parties will meet and confer. If the parties cannot reach | articulated above.<br><br>Additionally, any prejudice to Plaintiff arising from redacted names not related to his claims is de minimis, although exceptions may arise. |

| | | | |
|---|---|---|---|
| | | agreement, Plaintiff can challenge the redaction under Section 6 of the Protective Order.<br><br>*See* Defs.' Position, Section B. | |
| 5.4: Period for Defendants to notify Plaintiff of FERPA notice transmission | Plaintiff believes Defendants should be able to notify him contemporaneously, and in all events within 24 hours, that they have sent a FERPA notice (i.e., that they have identified relevant discovery, and that discovery is delayed to allow the notice and challenge period to run). Plaintiff sees no reason that Defendants cannot provide him notice at the same time notices are sent to third parties. Plaintiff offered to agree to some additional period if there was good cause for one, but Defendants did not provide an alternative reason or need for one. | Defendants propose to notify Plaintiff promptly if they send a notice to a student implicated in a FERPA Record that is responsive to a discovery request. The notice will notify the student that they may seek protective action in a court filing and advise Plaintiff of the date the notice was sent.<br><br>Defendants' proposal is reasonable as it provides for timely and sufficient notice to Plaintiff of any FERPA notice as the student has 14 days from the date the Notice is sent to seek protection.<br><br>Plaintiff's proposal that Defendants be required to "advise Plaintiff contemporaneously with the transmission of the Notice, and in all events within 24 hours of transmission of the Notice" is unduly stringent and does not allow for any buffer period. There is no reason Plaintiff needs to be advised contemporaneously with the transmission of the Notice or within 24 hours.<br><br>*See* Defs.' Position, Section C. | Defendants will notify Plaintiff promptly, "and in all events within 24 hours, that they have sent a FERPA notice." |
| 5.4: Period for Defendants to produce responsive documents upon expiration of | Where production of discoverable information must be delayed for Defendants to provide FERPA notices and give third | Defendants propose that they produce responsive documents within 10 business days after the expiration of the 14-day | The Court **ORDERS** that the FERPA notice: |

| | | | |
|---|---|---|---|
| FERPA notice without challenge | parties an opportunity to challenge production, Plaintiff believes Defendants have necessarily identified the relevant records for production and set them aside. Thus, when the notice period concludes, Plaintiff requests that production be made within 3 business days, since all that is required is to direct a vendor to prepare production of the already identified records. Plaintiff believes the delays required by FERPA should be reduced to a minimum, and that Defendants requested 10 business days delays production of already delayed relevant discovery more than necessary. Plaintiff offered to compromise if Defendants provided a shorter period and good cause, but none was provided. | FERPA notice period under the Protective Order where a student does not seek protection from the Court.<br><br>A 10 business-day production period would allow for the 14-day FERPA notice period to expire, a brief period to receive any notice from the Court regarding a request for protection, followed by a few days for Defendants to prepare and complete the production. Plaintiff's counterproposal—3 days to produce documents following expiration of the notice period—does not allow for sufficient time for Defendants to be certain no objections have been received and prepare the documents for production.<br><br>*See* Defs.' Position, Section C. | 1. Direct a receiving party to FILE any objection with the Court on the public docket;<br>2. Inform a receiving party that they do not have to retain a lawyer to file an objection; that the objection may be in the form of a letter; and that they need only assert that they object to the production of their records; they need not provide additional details of those records.<br><br>Provided that the FERPA notice contains the information above, the Court will allow the 10 business-day turn-around for production of documents following expiration of the objection period. |

|  |  |  | Even with filing the objection on the public docket, there may still be delays by the Court between filing and appearance on the docket. |
|---|---|---|---|

# ATTACHMENT B

**COURT'S RULING REGARDING THE ESI ORDER**

| SECTION OF MODEL PO AND DISPUTE DESCRIPTION | PLAINTIFF'S POSITION & PROPOSED COMPROMISES | DEFENDANTS' POSITION & PROPOSED COMPROMISES | COURT |
|---|---|---|---|
| 8(c): Redaction format | Defendants seek to redact names of students, employees, and staff, and assert that applying a pseudonym to redactions is burdensome. Plaintiff has agreed to a minimally burdensome procedure (a log) for documents where only one name is redacted per page. Plaintiff is concerned that redaction of multiple names on a single page without identifying which redaction applies to which pseudonym makes the documents' contents incomprehensible when multiple names on a single page are redacted, and a log does not resolve this issue and makes conferral and briefing difficult. The combination impedes Plaintiff from preparing his case.<br><br>Plaintiff's position is that, where redaction of names is permitted by the Parties' protective order, Defendants must identify a pseudonym for their redactions and/or apply redactions in a manner that does not impede the readability of the document, conferral, or briefing. | Defendants propose to label the redacted names in-document using distinct pseudonyms, such as "Jane Roe," "Student 1," or "Employee 2," or to provide a log with redacted names and the assigned pseudonyms.<br><br>Flexibility in the format for redacting names and providing a list of assigned pseudonyms is needed in the event there are multiple redactions per document or a large volume of documents. In those cases, labeling in-document may be unduly time consuming and burdensome and delay production.<br><br>Plaintiff's proposal that a log may be provided only if one name is redacted on a page is unduly restrictive and may lead to unnecessary delays and burden.<br><br>*See* Defs.' Position, Section B. | The Court allows redactions of names as indicated in its accompanying rulings regarding the Protective Order. Redactions cannot, however, impede the comprehensibility of the document. Pseudonyms are to be provided in-document. If an instance arises where Producing Party has a good faith belief that the requirement is overly burdensome and that there is another format, which will not impede comprehensibility of the document, then the Parties shall meet and confer in good faith to address. |
| 8(c): Production of redacted names | Plaintiff is concerned that redaction prevents Plaintiff from identifying potential witnesses and discoverable information, preventing Plaintiff from preparing his case. Plaintiff's position is that, where redactions are permitted by the Protective | If Plaintiff contends disclosure of a particular name is necessary, the parties will meet and confer about the production of the true name of the student or employee. If the parties cannot reach an agreement, Plaintiff can challenge the | The Court's standard revision, provided in the accompanying Cover Order, simplifies the challenge procedure, which |

| | | | |
|---|---|---|---|
| | Order, they should not be an effectively separate category of designation requiring the full challenge procedure. In other words, the permissibility of a given redaction should be dealt with by the Protective Order, and confidentiality applied by proper designation, and where Defendants are permitted to redact names that cannot be designated under the Protective Order, the Parties ought to meet and confer to produce the name in an agreeable fashion when production of a certain name is requested. Requiring the challenge procedure for all redactions effectively converts redaction into an additional designation tier. Plaintiff believes the Model Order is sufficient as to designation tiers. | redaction under Section 6 of the Protective Order.<br><br>Only the name of the undergraduate at issue in Plaintiff's complaint and the names of individuals who are not involved with the allegations or facts and circumstances underlying the complaint may be redacted if Defendants believe in good faith that disclosure of the individual's name would result in annoyance, embarrassment, or oppression.<br><br>Any complaints about the specific lab or individuals mentioned in Plaintiff's complaint would not be redacted (to the extent anysuch complaints exist).<br><br>*See* Defs.' Position, Section B. | addresses this issue. |