# EXHIBIT B
Final ESI Order

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. SHAY LAPS,<br><br>                Plaintiff,<br><br>    v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>                Defendants. | Case No. 5:25-cv-05767-SVK<br><br>The Honorable Susan van Keulen<br><br>**ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

**1.   PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.   COOPERATION**

Plaintiff Dr. Shay Laps ("Plaintiff") and Defendants The Board of Trustees of The Leland Stanford Junior University (named as "The Leland Stanford Junior University") ("Stanford") and Danny Hung-Chieh Chou ("Dr. Chou") (collectively, "Defendants," together with Plaintiff, "the Parties") are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.   LIAISON**

The Parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in

this matter. The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.    PRESERVATION**

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

a)  The Parties will meet and confer about the types of ESI to be preserved in connection with non-custodial institutional documents and the applicable time period so as to minimize preservation burden without risk of loss of relevant ESI.

b)  The Parties will meet and confer about the time period for preservation of ESI for individual custodians whom the parties believe likely will have discoverable information about the claims and defenses in this lawsuit.

c)  The Parties shall collect and process ESI obtained from individual custodians in a manner that preserves the source native file and metadata without modification. To the extent reasonably practicable, the Parties will attempt to maintain the date and time shown in the document as it was last saved, not the date of collection or processing;

d)  Each Party may de-duplicate ESI globally at the "family" level. However, the family relationships between ESI (i.e., the association between an attachment and its parent document) must be maintained and will be reflected in the produced metadata (i.e., in the fields BegAttach and EndAttach).

**5.    SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods in order to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6.    PRODUCTION FORMATS**

The Parties agree to produce documents in ☐ PDF, ☒ TIFF, ☒ native, which may include Word, Excel, or PDF documents, among others, and/or ☐ paper or a combination thereof (check all that apply) file formats. If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

a)  Except as otherwise provided below, all ESI and hard-copy documents will be produced as a black-and-white single-page Group IV TIFF of at least 300 DPI resolution. Original document orientation should be maintained to the extent reasonably practicable, and the imaged data shall retain all attributes of the native or hard-copy file, such as document breaks. Produced TIFF images will show all

    text and images that are viewable in the native form in which the ESI was last saved, with the exception of redacted portions.

  b) The Parties agree to make reasonable efforts to produce certain documents as Medium Quality Color JPEG images if color is reasonably necessary to maintain legibility or to understand the meaning or context of the specific document.

  c) The producing Party will brand each TIFF or JPEG image in the lower right-hand corner with its corresponding Bates number, using a consistent font type and size. The Bates number must not obscure any part of the underlying image. TIFF and JPEG file names will be identical to the corresponding Bates numbered image.

  d) A single text file will be provided for each document. Electronic text must be extracted directly from the native electronic file unless the document requires redaction, is an image file, or is any other native electronic file that does not contain text to extract (*e.g.*, non-searchable PDFs). In these instances, and in the case of imaged hard-copy documents, a text file shall be created using OCR and shall be produced in lieu of an extracted text file. Each text file will be named using the Bates number of the first page of the document.

  e) The Parties agree to produce the following file types in native format: spreadsheet-application files (e.g., MS Excel), photos, audio files, video files, or any other ESI that cannot be reasonably converted to a TIFF or JPEG image for production. For each ESI file produced in native format, the producing Party shall produce a single-page TIFF slip-sheet indicating that a native file was produced.

  f) Each production will include an image load file as well as a Concordance format data (.dat) file with the metadata fields identified in Exhibit 1 for all documents in the production that are available and can reasonably be extracted using an automated process with the exception of the fields identified in Section 6(g). The load file must include NativeFileLink information for each native file that is included within the production.

  g) Each ESI file must be produced with at least each of the metadata fields set forth in Exhibit 1 that are available and can reasonably be extracted from the file using an automated process. The Parties are not obligated to manually populate any field in Exhibit 1 if such fields cannot be reasonably extracted using an automated process, with the exception of the following fields: (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, (f) CustodianAll, (g) Confidentiality, (h) Redacted (Y/N), (i) Redaction Type, and (j) NativeLink fields, which should be delivered regardless of whether the fields can be populated pursuant to an automated process.

  h) By December 15, 2025, February 15, 2026, April 15, 2026, June 15, 2026, and July 15, 2026, the Parties shall produce an overlay with updated values for CustodianAll, unless no CustodianAll values have been updated since the prior production of a CustodianAll overlay.

  i) Each production of documents shall include a standalone folder or directory entitled "NATIVES" that contains each natively produced file associated with that production.

  j) The Parties may use email thread suppression to avoid review and production of information contained within an existing email thread in another document being reviewed and produced. However, email thread suppression may not remove from production any unique branches and/or attachments contained within an email

thread. If a Party requests production of a particular suppressed thread, the Parties will cooperate to arrange for the mutually acceptable production of that thread.

## 7. PHASING

The Parties agree their initial productions of documents will be documents required to be produced under General Order 71 and agree to rolling productions of these documents beginning October 9, 2025 and to be completed by December 12, 2025, consistent with the Court's order on October 7, 2025 (Dkt. 39.). If a Party anticipates it will not be able to complete its production of its General Order 71 documents by December 12, 2025, it will notify the other Party and the Parties will meet and confer about an extension of the December 12, 2025 deadline. When a Party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the Parties agree to meet and confer about the phasing of ESI production consistent with the Court's order(s).

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category in the first instance, rather than individually, if appropriate. If a Party requests logging of particular individual communications, the Parties will cooperate to arrange for the mutually acceptable production of such information.

c) Any information that is redacted from ESI on any basis shall be labeled to show the redactions on the TIFF image. Defendants will label the redacted names in the documents using the pseudonym "Jane Roe" or distinct pseudonyms, such as "Student 1" or "Employee 2," unless an instance arises where Defendants have a good faith belief that doing so would be overly burdensome and that there is another format that will not impede comprehensibility of the document, in which case the Parties shall meet and confer in good faith about how to address the production. If a Party requests production of the true name of the student or employee, the Parties will meet and confer about the production of the true name. If the Parties cannot resolve the issue, they will follow the provisions in Section 6 of the Protective Order regarding challenging a redaction. Unredacted text should be searchable using OCR and the redaction label should also be OCR searchable.

9. **MODIFICATION**

This Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

Dated: November 24, 2025  _____*/s/ Kathleen M. Erskine*_____
                                                  Counsel for Plaintiff

Dated: November 24, 2025  _____*/s/ Reid J. Schar*_____
                                                 Counsel for Defendants

**IT IS SO ORDERED** that the forgoing Agreement is approved.

Dated: November 26, 2025      [signature: Susan van Keulen]
                                              UNITED STATES MAGISTRATE JUDGE

**Exhibit 1: ESI Metadata**

| Field Name[1] | Populated For *(All, All ESI, Email, Edoc, or Calendar)* | Field Description |
|---|---|---|
| BegBates | All | Beginning Bates Number of first page of a Document or file. |
| EndBates | All | Ending Bates Number of last page of a Document or file. |
| AttachCount | All | Identifies the number of attachments to an email or document (if present/applicable). |
| AttachName | All | The file name(s) of the attached items delimited with a semicolon. |
| BegAttach | All | First production Bates number of the first document of the family. (Documents that are part of Document families, i.e., containing parents or attachments should receive a value). |
| EndAttach | All | Last production Bates number of the last document of the family. (Documents that are part of Document families, i.e., containing parents or attachments should receive a value). |
| ParentBates | All | Beginning Bates Number for the parent item of a family.[2] |
| AttachBates | All | Beginning Bates Number of each "child" attachment.[3] |
| Confidentiality | All | Confidentiality designation (e.g., CONFIDENTIAL). |
| Custodian | All | Custodian name (e.g., Jane Doe). |

---

[1] Field Names can vary from system to system and even between different versions of systems. Thus, Parties are to be guided by these Field Names and Field Descriptions when identifying the metadata fields to be produced for a given document pursuant to this Order.

[2] This field will be populated in each document/record that is an attachment, i.e., "child," but the field would not be populated for documents/records that are not part of a family.

[3] This field can have more than one Bates Number listed depending on the number of attachments. It should be populated in each document/record that represents a "parent" document.

| Field Name[1] | Populated For (*All, All ESI, Email, Edoc, or Calendar*) | Field Description |
|---|---|---|
| CustodianAll | All | All custodians who were in possession of a de-duplicated document including the individual identified in the "Custodian" field. |
| TextPath | All | Relative path to the document level text file. |
| Redacted | All | If this Document has redactions (values: Y or N). |
| Redacted Type | All | Identifies the basis for redaction (e.g., privilege or PII). |
| ProdVolume | All | Identifies the unique production volume ID of the delivery (ABC001). |
| FileName | All ESI Items | Filename of the original source ESI as stored by the custodian. |
| Duplicate FILENAME | All ESI Items | File name of de-duplicate documents. |
| FileExt | All ESI Items | File extension. |
| FilePath | All ESI Items | The directory structure of the original file(s). Any container name is included in the path. |
| Duplicate FILEPATH | All ESI Items | File path of de-duplicated documents. |
| Hash Value | All ESI Items | The MD5 or SHA-1 hash value generated at the family level. |
| TimeZoneUsed | All ESI Items | Time zone used to process data during document collection and processing. |
| EmailSubject | Email | Subject line of email. |
| DateSent | Email | Date and time email was sent (format: MM/DD/YYYY). |
| TimeSent | Email | Time email was sent (format: HH:MM in 24-hour time). |
| DateReceived | Email | Date Email was received. |
| ReceiveTime | Email | Time email was received. |
| To | Email | Email addresses of all recipients on the "To" line of the email. |
| From | Email | The email address of the sender of the email. |

| Field Name[1] | Populated For (*All, All ESI, Email, Edoc, or Calendar*) | Field Description |
|---|---|---|
| CC | Email | Email addresses of all recipients on the "CC" line of the email. |
| BCC | Email | Email addresses of all recipients on the "BCC" line of the email. |
| DateCreated | Edoc | Date the document was created. |
| TimeCreated | Edoc | Time the document was created. |
| DateMod | Edoc | Date the document was last modified. |
| TimeMod | Edoc | Time the document was last modified. |
| Title | Edoc | Any value populated in the Title field of the document properties. |
| Subject | Edoc | Any value populated in the Subject field of the document properties. |
| Author | Edoc | Any value populated in the Author field of the document properties. |
| CalendarDateBegin | Calendar | Identifies the begin date of a calendar entry. |
| CalendarTimeBegin | Calendar | Identifies the begin time of a calendar entry. |
| CalendarDateEnd | Calendar | Identifies the end date of a calendar entry. |
| CalendarTimeEnd | Calendar | Identifies the end time of a calendar entry. |
| NativeFile | Documents produced in native format | If technologically possible for a Producing Party, Native File Link. |