Reuven L. Cohen (CA Bar No. 231915)
Email: rcohen@cohen-williams.com
Kathleen M. Erskine (Bar No. 223218)
Email: kerskine@cohen-williams.com
Talia Nissimyan (CA Bar No. 307576)
Email: tnissimyan@cohen-williams.com
Michael J. Fisher (CA Bar No. 354524)
Email: mfisher@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

*Attorneys for Plaintiff Dr. Shay Laps*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SHAY LAPS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY; DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>　　　　Defendants. | Case No. 5:25-cv-05767-SVK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS**<br><br>Judge: Hon. Susan van Keulen<br>Date:　May 12, 2026<br>Time:　10:00a.m.<br>Courtroom.:　　6 |

COHEN WILLIAMS LLP

MEMO. OF P'S & A'S ISO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Cohen Williams LLP ("CW"), counsel of record for Plaintiff Dr. Shay Laps ("Laps"), respectfully seeks an order permitting CW, including the above-referenced attorneys at CW (Reuven L. Cohen, Kathleen M. Erskine, Talia Nissimyan and Michael J. Fisher), to be relieved as counsel of record due to circumstances permitting withdrawal pursuant to the California Rules of Professional Conduct ("CRPC").

On April 1, 2026, Dr. Laps requested that CW seek a stay of this civil action to allow him to seek alternative counsel. In order to move this matter forward and meet imminent case deadlines, including those relating to case management and discovery, Dr. Laps must be represented by counsel able to work diligently on his case. Dr. Laps' request, and other reasons (which CW is precluded by its duty of confidentiality from divulging in greater detail), render it unreasonably difficult for CW to carry out its representation of Dr. Laps effectively. Accordingly, withdrawal is appropriate pursuant to CRPC 1.16(b)(4).

No prejudice will result from CW's withdrawal. Dr. Laps' request to secure alternative counsel impliedly requires CW to cease representing him, and CW seeks concurrently to obtain a stay to allow him to do so without prejudice to his case. Moreover, this matter is still in discovery, with several months remaining for alternative counsel to pick up where CW will leave off, and for Defendants to complete their own discovery. Neither will the administration of justice be harmed or unduly delayed given the time remaining before trial in February 2027. Finally, CW provided notice to all parties in advance of the instant motion and in compliance with Local Rule 11-5.

All circumstances permitting withdrawal with good cause are present. CW therefore respectfully requests permission to withdraw.

### II.   STATEMENT OF FACTS

#### A.   Dr. Laps' Request to Replace CW

On April 1, 2026, under circumstances that cannot be disclosed to protect the attorney-client privilege, Dr. Laps requested in writing that CW seek a stay of all proceedings to allow him to search for alternative representation. (Declaration of Reuven L. Cohen in Support of Motion to Withdraw as Counsel for Plaintiff Dr. Shay Laps ("Cohen Decl."), ¶ 3.) On April 2, 2026, CW informed Dr. Laps of its intent

MEMO. OF P'S & A'S ISO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

to request a stay of all proceedings and for CW to withdraw. (*Id.*, ¶ 5.) On April 3, 2026, Dr. Laps agreed to remain in contact for the purposes of any matter required to conclude CW's engagement. (*Id.*, ¶ 7.)

**B.    CW's Notice Pursuant to Local Rule 11-5(a)**

CW provided written notice, reasonably in advance of the instant motion, to the client and all other parties who have appeared in this case. As noted above, on April 2, 2026, written notice was provided to Dr. Laps of CW's intent to withdraw. (*Id.*, ¶ 5.) Additionally, also on April 2, CW provided written notice to all co-counsel of record. (*Id.*, ¶ 6.) Finally, on April 5, 2026, CW provided written notice to Defendants' counsel of record of CW's intent to file the instant motion. (*Id.*, ¶ 8.)

**C.    CW's Efforts to Avoid Prejudicing Dr. Laps**

CW has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Dr. Laps, including but not limited to providing the foregoing notice, in accordance with Local Rule 11-5(a) and CRPC 1.16(d). (Cohen Decl., ¶¶ 5-8.) In addition, at Dr. Laps' request and in order to avoid any possible prejudice to Dr. Laps, CW is separately moving for a temporary stay of this action until this motion is resolved and successor counsel for Dr. Laps appears in this action. (*Id.*, ¶ 10.) CW stands ready to turn over its file and assist in the transition as soon as these conditions are satisfied. (*Id.*)

**III.    <u>GOOD CAUSE EXISTS TO GRANT CW'S MOTION TO WITHDRAW</u>**

California Rules of Professional Conduct ("CRPC") govern attorney withdrawal. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). The CRPC permits withdrawal under certain circumstances. CRPC 1.16. Additionally, the Northern District of California's Civil Local Rules require notice to the client and counsel of record. Civil Local Rule 11-5(a). With notice, relief of Court, and compliance with the CRPC, withdrawal is appropriate. *See Booth v. Strategic Realty Tr., Inc.*, 2015 WL 12791526, at *1-3 (N.D. Cal. Jan. 8, 2015). Moreover, "when 'the duty not to reveal confidences prevents counsel from further disclosure and the court accepts the good faith of counsel's representations, the court should permit withdrawal." *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal. Oct. 8, 2019) (citing *Aceves v. Superior Ct.*, 51 Cal.App.4th 584, 592 (1996)).

**A.    Withdrawal Is Permitted Under the California Rules of Professional Conduct**

As noted above, Dr. Laps requested CW to seek a stay of this litigation to allow him to seek alternative counsel. (Cohen Decl., ¶ 3.) CRPC 1.16(b)(4) provides that "a lawyer may withdraw from

3

MEMO. OF P'S & A'S ISO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

representing a client if . . . the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." *Cf.* Mark L. Tuft, Ellen R. Peck and Kevin E. Mohr, California Practice Guide: Professional Responsibility & Liability 10:46 (The Rutter Group, 2020) ("A withdrawal motion may properly be based simply on a personality clash with the client.  The breakdown in the attorney-client relationship is ground for allowing the attorney to withdraw.") (citing *Estate of Falco v. Decker*, 188 Cal.App.3d 1004, 1014 (1987)).

Dr. Laps' desire to retain counsel to replace CW makes it unreasonably difficult for CW to effectively represent him.  (Cohen Decl., ¶ 4.)  Immediately impending deadlines, including Dr. Laps' discovery deadlines, require that Dr. Laps be represented by effective counsel focused on moving this case forward.  (*Id.*)  Those efforts must occur diligently and without delay in order to protect his interests.  (*Id.*)  Each of those tasks requires a stable attorney-client relationship, which is precluded by Dr. Laps' desire to obtain alternative counsel to CW.  (*Id.*)

For these and other reasons that CW is precluded from disclosing in greater detail by the attorney-client privilege, CW asserts in good faith the firm is unable to effectively represent Dr. Laps.  (Cohen Decl., ¶¶ 4, 9.)  Notwithstanding the limitations of the attorney-client privilege, CW's good faith statements are sufficient to establish these permissive grounds for withdrawal.  *Alvarez*, 2019 WL 7875050 at *2.

**B.    CW Has Satisfied Local Rule 11-5(a)'s Notice Requirements**

Local Rule 11-5(a) provides: "Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case."  CW provided written notice of its intent to withdraw as soon as reasonably possible to Dr. Laps, co-counsel, and to counsel for Defendants.  (*See infra* Part II.B.)  CW has therefore satisfied the duties of notice required by Local Rule 11-5(a).

**C.    CW Has Taken Reasonable Steps to Avoid Reasonably Foreseeable Prejudice to Dr. Laps**

Dr. Laps will not be prejudiced by CW's withdrawal to allow him to secure alternative counsel consistent with his request to do so.  CW has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Dr. Laps, including but not limited to providing the foregoing notice, in

MEMO. OF P'S & A'S ISO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

accordance with Local Rule 11-5(a) and CRPC 1.16(d).  (Cohen Decl., ¶¶ 5-6, 8.)  In addition, in order to avoid any possible prejudice to Dr. Laps, CW is separately moving for a stay of this action until this motion is resolved and successor counsel for Dr. Laps appears in this action.  (*Id.* ¶ 10.)  CW is also seeking to shorten time to hear the motion to stay, prior to the occurrence of several immediately impending case management events and Dr. Laps' discovery response deadline.  (*Id.*, ¶ 9.)  No motions are currently pending in this matter, and deadlines leave several months for completion of discovery and trial preparation.  (*Id.*, ¶ 10.)  Finally, CW stands ready to turn over its file and assist in the transition to new counsel as soon as these conditions are satisfied.  (*Id.*)

**D.      Absence of Prejudice to Defendants, Harm to the Administration of Justice, or Delay in Resolution of the Case**

As noted above, no motions are currently pending before the Court, and discovery is ongoing and does not close until July 15, 2026, and trial is set for February 27, 2027.  (*Id.*)  There is sufficient time in the schedule to permit the extension of time required to allow Dr. Laps to secure new counsel, who can then respond to Defendants' pending discovery requests in due course, and continue litigating this matter diligently.  CW's withdrawal therefore results in no prejudice to Defendants, harm to the administration of justice, or delay in resolution of the case.

**IV.      CONCLUSION**

Dr. Laps desires new counsel.  Consistent with the California Rules of Professional Conduct, he should be permitted to be represented by the counsel of his choice.  For the foregoing reasons, CW respectfully requests that the Court grant this motion, permitting Cohen Williams LLP, including Reuven L. Cohen, Kathleen M. Erskine, Talia Nissimyan and Michal J. Fisher, to withdraw as counsel of record for Dr. Laps.

Dated: April 6, 2026

**COHEN WILLIAMS LLP**

By: _____*/s/ Reuven L. Cohen*_____
Reuven L. Cohen (CA Bar No. 231915)
Email: rcohen@cohen-williams.com
Kathleen M. Erskine (Bar No. 223218)
Email: kerskine@cohen-williams.com
Talia Nissimyan (CA Bar No. 307576)
Email: tnissimyan@cohen-williams.com
Michael J. Fisher (CA Bar No. 354524)
Email: mfisher@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5162

*Attorneys for Plaintiff Dr. Shay Laps*

MEMO. OF P'S & A'S ISO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS