**THE LOUIS D. BRANDEIS CENTER
FOR HUMAN RIGHTS UNDER LAW**
Alyza D. Lewin (*admitted pro hac vice*)
L. Rachel Lerman (CA Bar No. 193080)
David M. Dince (*admitted pro hac vice*)
alyza@lewinlewin.com
rlerman@brandeiscenter.com
ddince@brandeiscenter.com
1776 Eye Street NW
Washington, DC 20006
Telephone: 202-559-9296

*Attorneys for Plaintiff Dr. Shay Laps*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAY SHAPS,<br><br>Plaintiff,<br><br>vs.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY; DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>Defendants. | Case No. 5:25-cv-05767-SVK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS**<br><br>Judge: Hon. Susan van Keulen<br>Date: May 12, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Louis D. Brandeis Center, Inc. d/b/a The Louis D. Brandeis Center for Human Rights Under Law (the "Brandeis Center"), counsel of record for Plaintiff Dr. Shay Laps, respectfully seeks an order permitting the Brandeis Center, including the above-referenced counsel of record (Alyza D. Lewin, L. Rachel Lerman, and David M. Dince),[1] to withdraw pursuant to Local Rule 11-5 and California Rules of Professional Conduct ("CRPC") 1.16.  Defendants do not oppose this motion.

On April 2, 2026, Cohen Williams LLP ("CW"), co-counsel to Dr. Laps, notified the Brandeis Center that CW intended to withdraw as counsel of record in this action and to file a motion to stay this action.   The Brandeis Center promptly discussed the circumstances leading up to CW's notice of its intent to withdraw with each of CW and Dr. Laps, and those discussions continued through April 5, 2026.  Based on those discussions, which cannot be divulged in greater detail consistent with the professional obligations of the Brandeis Center and counsel of record, the Brandeis Center determined that it cannot continue to represent Dr. Laps in this action because (among other reasons) the client has insisted that the Brandeis Center engage in conduct and take positions contrary to its own judgment under CRPC Rule 2.1, and because "the client by other conduct" has rendered it "unreasonably difficult for [the Brandeis Center] to carry out the representation effectively," such that withdrawal is warranted pursuant to CRPC Rule 1.16.

On April 5, 2026, the Brandeis Center advised Dr. Laps that the Brandeis Center intended to file this motion for leave to withdraw from its representation of Dr. Laps.  No prejudice will result to any party from the withdrawal of the Brandeis Center from its representation of Dr. Laps.  In connection with this motion, the Brandeis Center concurrently seeks to obtain a stay to enable Dr.

---

[1] Although Alyza Lewin is no longer with the Brandeis Center, she joins in this motion and has authorized the Brandeis Center to file this on her behalf.

Laps to secure new counsel without prejudice to his case.  Moreover, this matter is still in discovery, with several months remaining for new counsel to continue the representation of Dr. Laps, and for Defendants to complete their own discovery.  Neither will the administration of justice be harmed or unduly delayed given the time remaining before trial in February 2027.  Finally, the Brandeis Center provided notice to all parties in advance of the instant motion and in compliance with Local Rule 11-5, and we understand that counsel to Defendants do not oppose a stay to enable Dr. Laps to engage new counsel.

Accordingly, withdrawal is appropriate pursuant to CRPC 1.16.  All circumstances permitting withdrawal with good cause are present.  The Brandeis Center therefore respectfully requests permission to withdraw.

## II.    STATEMENT OF FACTS

### A.  The Brandeis Center discovers that CW intends to withdraw as co-counsel.

On April 2, 2026, CW, co-counsel to Dr. Laps, notified the Brandeis Center that CW intended to withdraw as counsel of record in this action and to file a motion requesting a stay of proceedings to enable Dr. Laps to engage new counsel.

### B.  The Brandeis Center promptly investigates the underlying circumstances leading up to CW's intent to withdraw.

The Brandeis Center promptly investigated the underlying circumstances leading up to CW's notice of its intent to seek a stay and to withdraw as counsel of record.  The Brandeis Center discussed those circumstances separately with each of CW and Dr. Laps.  In addition, the Brandeis Center requested and reviewed written communications between Dr. Laps and CW on which the Brandeis Center had not been copied.

The Brandeis Center continued to discuss substantive strategic and legal issues with Dr. Laps with respect to the prosecution of this action through Sunday, April 5, 2026.  The substance and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

details of those communications cannot be disclosed due to the professional obligations of the Brandeis Center and counsel of record, including the protection of the attorney-client privilege.  In the course of those communications, Dr. Laps insisted that the Brandeis Center engage in conduct and take positions contrary to the independent professional judgment of the Brandeis Center and counsel of record as required under CRPC 2.1.  In addition, in the course of those communications, it became overwhelmingly clear that the attorney-client relationship has been irreparably ruptured, and that the Brandeis Center cannot effectively carry out its representation of Dr. Laps.  *See* Declaration of David M. Dince in Support of Motion to Withdraw as Counsel for Plaintiff Dr. Shay Laps ("Dince Decl."), ¶¶ 5, 6.).

On Sunday, April 5, 2026, the Brandeis Center informed Dr. Laps of its intent to file a motion to withdraw and to seek a stay of proceedings to enable him to secure new counsel.  (*Id.*, ¶ 7.) On April 7, 2026, Dr. Laps advised the Brandeis Center that he intends to oppose this motion; however, there has been no resolution of the fundamental disagreements between Dr. Laps and the Brandeis Center.  (*Id.*)

**C.  The Brandeis Center's gives notice pursuant to Local Rule 11-5(a).**

As soon as it became clear that withdrawal was warranted, the Brandeis Center provided written notice, reasonably in advance of the instant motion, to the client and counsel to all other parties who have appeared in this case.  As noted above, on April 5, 2026, written notice was provided to Dr. Laps of the Brandeis Center's intent to withdraw. (*Id.*)  Additionally, on April 6, the Brandeis Center provided written notice to all counsel of record of its intent to file a motion to withdraw as counsel to Dr. Laps, and, on that basis, a motion to stay all proceedings to enable Dr. Laps to engage new counsel.  (*Id.*, ¶ 8.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

**D. The Brandeis Center is making all reasonable efforts to avoid prejudicing Dr. Laps.**

The Brandeis Center has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Dr. Laps, including but not limited to providing the foregoing notice, in accordance with Local Rule 11-5(a) and CRPC 1.16(d). (*Id.*, ¶¶ 7, 10.) In addition, the Brandeis Center separately is moving for a stay of this action until this motion is resolved and successor counsel for Dr. Laps appears in this action. (*Id.*) The Brandeis Center will turn over its case file and assist in the transition to new counsel. (*Id.*)

**III.    GOOD CAUSE EXISTS TO GRANT THE BRANDEIS CENTER'S MOTION TO WITHDRAW**

Pursuant to Local Rule 11-4, counsel of record must comply with the standards of professional conduct required of members of the State Bar of California, including the circumstances when withdrawal from representation is warranted and when it is permitted. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

Under Local Rule 11-5, the Court may relieve counsel of record from its representation of a party after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case.

CRPC 1.16 states the circumstances when withdrawal is mandated and when it is permissible. With notice, relief of Court, and compliance with the CRPC, withdrawal is appropriate. *See Booth v. Strategic Realty Tr., Inc.*, 2015 WL 12791526, at *1-3 (N.D. Cal. Jan. 8, 2015). Moreover, "when 'the duty not to reveal confidences prevents counsel from further disclosure and the court accepts the good faith of counsel's representations, the court should permit withdrawal.'" *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal. Oct. 8, 2019) (quoting *Aceves v. Superior Ct.*, 51 Cal.App.4th 584, 592 (1996)).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

**A. Withdrawal Is Warranted Under the California Rules of Professional Conduct**

As noted above, Dr. Laps has insisted that the Brandeis Center engage in conduct and take positions contrary to the independent professional judgment of the Brandeis Center. Those actions and fundamental disagreements over litigation strategy and legal issues between Dr. Laps and the Brandeis Center have led to an irreparable rupture in the attorney-client relationship. Due to those and other reasons, withdrawal from representation of Dr. Laps is warranted pursuant to CRPC 1.16.

Moreover, Dr. Laps' conduct has rendered it unreasonably difficult for the Brandeis Center to carry out its representation effectively. Under CRPC 1.16(b)(4), "a lawyer may withdraw from representing a client if . . . the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." *Cf.* Mark L. Tuft, Ellen R. Peck & Kevin E. Mohr, California Practice Guide: Professional Responsibility & Liability 10:46 (The Rutter Group, 2020) ("A withdrawal motion may properly be based simply on a personality clash with the client. The breakdown in the attorney-client relationship is ground for allowing the attorney to withdraw.") (citing *Estate of Falco v. Decker*, 188 Cal.App.3d 1004, 1014 (1987)).

As soon as those fundamental disagreements became apparent, the Brandeis Center notified Dr. Laps that it would seek to withdraw from its representation of him in this action. Those fundamental disagreements make it unreasonably difficult for the Brandeis Center to effectively represent him. (Dince Decl., ¶ 6.) Immediately impending deadlines, including Dr. Laps' discovery deadlines, require that Dr. Laps be effectively represented by counsel focused on moving this case forward. Those efforts must occur diligently and without delay in order to protect his interests. Each of those tasks requires a stable attorney-client relationship, and the attorney-client relationship between Dr. Laps and the Brandeis Center has been irreparably ruptured. (*Id.*, ¶¶ 5, 9.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

For these and other reasons that the Brandeis Center is precluded from disclosing in greater detail by the attorney client privilege, the Brandeis Center asserts in good faith that withdrawal is warranted under CRPC 1.16.  In light of the restrictions against disclosing client confidential information under CRCP 1.6 and Business and Professions Code Section 6068(e)(1), the Brandeis Center's good faith representations are sufficient to establish grounds for withdrawal.  *Alvarez*, 2019 WL7875050 at *2.

### B.  The Brandeis Center Has Satisfied Local Rule 11-5(a)'s Notice Requirements

Under Local Rule 11-5(a), "Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case."   The Brandeis Center provided written notice of its intent to withdraw as soon as reasonably possible to Dr. Laps, co-counsel, and Defendants' counsel. (*See infra* Part II.B.)  The Brandeis Center therefore has satisfied the duties of notice required by Local Rule 11-5(a).

### C.  The Brandeis Center Has Taken Reasonable Steps to Avoid Reasonably Foreseeable Prejudice to Dr. Laps

Dr. Laps will not be prejudiced by the Brandeis Center's withdrawal.  Due to the circumstances underlying this motion, the Brandeis Center cannot continue to effectively represent Dr. Laps in this action.  It therefore is in the best interests of Dr. Laps that he be permitted to engage new counsel to represent him in this action.

The Brandeis Center has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Dr. Laps, including but not limited to providing the foregoing notice in accordance with Local Rule 11-5(a) and CRPC 1.16(d).  (Dince Decl., ¶¶ 7, 10)  In addition, in order to avoid any possible prejudice to Dr. Laps, the Brandeis Center is separately moving for a stay of this action until this motion is resolved and successor counsel for Dr. Laps appears in this action.  (*Id.* ¶ 10.)  The

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

Brandeis Center is also seeking to shorten time to hear the motion to stay, prior to the occurrence of several immediately impending case management events and Dr. Laps' discovery response deadline. (*Id.*)  No motions are currently pending in this matter, and deadlines leave several months for completion of discovery and trial preparation.  (*Id.*)  Finally, the Brandeis Center stands ready to turn over its file and assist in the transition to new counsel.  (*Id.*)

### D. Withdrawal Will Not Cause Prejudice to Defendants, Harm to the Administration of Justice, or Delay in Resolution of the Case

As noted above, no motions are currently pending before the Court, discovery is ongoing and does not close until July 15, 2026, and trial is set for February 27, 2027.  (*Id.*)  There is sufficient time in the schedule to permit the extension of time required to allow Dr. Laps to secure new counsel, who can then respond to Defendants' pending discovery requests in due course, and continue litigating this matter diligently.  Additionally, on April 7, 2026, counsel for all Defendants communicated in writing that Defendants "do not oppose the motions to withdraw."  The Brandeis Center's withdrawal therefore results in no prejudice to Defendants, harm to the administration of justice, or delay in resolution of the case.

## IV.    CONCLUSION

For the foregoing reasons, the Brandeis Center respectfully requests that the Court grant this motion, permitting the Brandeis Center, including Alyza D. Lewin, David M. Dince, and L. Rachel Lerman, to withdraw as counsel of record for Dr. Laps.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS

DATED:      April 7, 2026                        Respectfully Submitted,

                                                 THE LOUIS D. BRANDEIS CENTER
                                                 FOR HUMAN RIGHTS UNDER LAW


                                       By:       */s/ David M. Dince*
                                                 Alyza D. Lewin (*admitted pro hac vice*)
                                                 L. Rachel Lerman (CA Bar No. 193080)
                                                 David M. Dince (*admitted pro hac vice*)
                                                 alyza@lewinlewin.com
                                                 rlerman@brandeiscenter.com
                                                 ddince@brandeiscenter.com
                                                 1776 Eye Street NW
                                                 Washington, DC 20006
                                                 Telephone: 202-559-9296

                                                 *Attorneys for Plaintiff Dr. Shay Laps*

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS