UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAY LAPS,

　　　　　　Plaintiff,

　　　v.

THE LELAND STANFORD JUNIOR
UNIVERSITY, et al.,

　　　　　　Defendants.

Case No.  25-cv-05767-SVK

**ORDER CONDITIONALLY
GRANTING PLAINTIFF'S
COUNSELS' MOTIONS TO
WITHDRAW AND GRANTING
MOTIONS TO STAY**

Re: Dkt. Nos. 54-55, 57-58

United States District Court
Northern District of California

　　　　Before the Court are motions filed by Plaintiff's counsels, the Louis D. Brandeis Center for Human Rights Law ("LBC") and Cohen Williams LLP ("CW"), seeking to withdraw as counsel. Dkt. 54 ("CW's Motion");  Dkt. 57 ("LBC's Motion").  To reduce any prejudice to Plaintiff, LBC and CW also filed motions to stay the case to give Plaintiff time to seek new counsel.  Dkts. 55, 58 (together, the "Motions to Stay").  All four motions were filed on April 6 and April 7, shortly before the case management conference set for April 14, 2026.  Dkts. 54, 55, 57, 58.  Accordingly, LBC and CW also moved to shorten time for consideration of the motions such that the Court would hear them "on the earliest date the Court can accommodate, or at the time for the scheduled Case Management Conference in this action."  Dkt. 56-1 at 4; 59-1 at 6.

　　　　In the Parties' joint case management statement, Defendants indicated that they "do not oppose the motions to withdraw or the motions to shorten time to hear the motions," and "do not oppose a short stay for Dr. Laps to obtain new counsel but believe any stay should be subject to reasonable time restrictions so that the case is not unduly delayed."  Dkt. 60 at 5-6.  Plaintiffs' counsel informed the Court, however, that "Plaintiff requested to communicate directly with the Court regarding the pending motions" and "opposes all pending motions."  *Id.* at 5.  Accordingly, the Court converted the case management conference into a sealed conference and ultimately

heard arguments from Plaintiff's counsel and Plaintiff himself on April 16, 2026. Dkts. 61-62. Thus, the Court has **GRANTED** LBC's and CW's motions to shorten time.

Having heard the Parties' arguments[1] on April 16, 2026, the Court **CONDITIONALLY GRANTS** CW's Motion and LBC's Motion, and **GRANTS** the Motions to Stay.

## I.     DISCUSSION

### A.     The Court Conditionally Grants CW's and LBC's Requests to Withdraw

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case ." Civil Local Rule 11–5(b). "The decision to permit counsel to withdraw is within the sound discretion of the trial court." *Robinson v. Delgado*, No. 02-cv-1538-NJV, 2010 WL 3259384, at *1 (N.D. Cal. Aug. 18, 2010) (citing *LaGrand v. Stewart,* 133 F.3d 1253, 1269 (9th Cir.1998)). In ruling on such a motion, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021); *see also Robinson*, 2010 WL 3259384, at *2 (same).

The Court heard from CW, LBC and Dr. Laps as to the reasons for withdrawal at the sealed hearing. As discussed during the hearing, the Court is persuaded that there is good cause to permit CW and LBC to withdraw as counsel in light of the "fundamental disagreements" they have had and the "irreparable rupture in the[ir] attorney-client relationship[s]." Dkt. 57-1 at 6; *see also* Dkt. 54-1 at 3-4. The first factor weighs heavily in favor of withdrawal.

The second factor relates to prejudice to other litigants. *See Williams v. Cnty. of Fresno*, 562 F. Supp. 3d at 1035 (E.D. Cal. 2021). Defendants do not oppose withdrawal, except insofar as they oppose a lengthy stay (which the Court discusses in connection with factor four, below), so this factor weighs in favor of withdrawal.

---

[1] The Court heard arguments from CW, LBC and Dr. Laps *ex parte* due to the confidential nature of the dispute over CW's and LBC's withdrawal. The Court afterwards gave Defendants an opportunity to be heard as to the Motions to Stay.

United States District Court
Northern District of California

The third factor, "harm … to the administration of justice." This factor may also broadly account for prejudice to Plaintiff, as Courts have considered whether "withdrawal of counsel would harm the administration of justice due to the added cost that the party would incur in finding substitute counsel" and whether "allowing counsel to withdraw at a late stage in the proceedings would harm the administration of justice in light of the fact that the other law firm was already familiar with the facts of the case." *See Eagle Eyes Traffic Indus. USA Holding LLC v. E-Go Bike LLC*, No. 21-CV-07097-TLT, 2025 WL 1479160, at *3 (N.D. Cal. Feb. 19, 2025) (collecting cases). The Court discussed these issues at the hearing. Although Plaintiff argued he will face added cost in finding substitute counsel and would need to devote time to familiarizing new counsel with the facts of his case, as the Court explained, these sources of prejudice can be effectively mitigated due to the early stage of the case. Unlike in *Eagle Eyes* and similar cases, where withdrawal was denied at late stages of the proceedings, specifically, "on the eve of the pretrial conference," here, fact discovery does not close until July 15, 2026 and trial is scheduled for February 23, 2027. *Contra Eagle Eyes*, 2025 WL 1479160, at *3; Dkt. 39. Accordingly, the Court finds that granting withdrawal, subject to the conditions set forth herein, would not cause harm to the administration of justice.

Finally, as to the fourth factor, the Court acknowledges that withdrawal will delay resolution of the case. As CW notes, the case is complex and "Dr. Laps must be represented by counsel able to work diligently on his case." *See* Dkt. 54-1 at 2. As discussed below, the Court issues a stay and extends pending case deadlines so that Plaintiff may seek replacement counsel. However, in cases where, as here, "significant discovery has already taken place" but "is not set to close for [several] months" and trial is not set for over a year, the *degree* of delay is not very large. *See Infoneuro Grp. v. Aetna Life Ins. Co.*, No. 16-CV-05083-ABJ, 2018 WL 6975140, at *3 (C.D. Cal. June 14, 2018). The Court expects that, given the time remaining in this case, the nature of the case, and the fact that Plaintiff's withdrawing counsel continue to believe that "Plaintiff's claims are meritorious [and] supported by existing facts," (Dkt. 60 at 4), Plaintiff will be able to find replacement counsel and the case will not be unduly delayed. Accordingly, this factor is not an impediment to withdrawal of counsel.

United States District Court
Northern District of California

Thus, the factors weigh in favor of granting the motion to withdraw.  In order to reduce prejudice to Plaintiff and aid in the administration of justice, the Court **CONDITIONALLY GRANTS** the Motion.  CW and LBC may withdraw subject to the following conditions:

- CW and LBC **shall** continue to accept service and shall promptly forward all served papers and notifications from the Court to Plaintiff until such time as new counsel files an appearance in this action pursuant to Civil L.R. 11-5(b);
- CW and LBC **shall**, consistent with their duties of professional responsibility under California rules, act diligently to facilitate the transition of their case file to new counsel, once retained.
- CW and LBC **shall**, as proffered on the record, cooperate as reasonably necessary to bring new counsel up to speed on all aspects of the litigation.

Upon appearance of new counsel or of Plaintiff, *pro se*, the Court will finalize the withdrawal of CW and LBC.

**B.      The Court Grants the Motions to Stay for a Limited Time**

"[T]he decision to grant a stay . . . is generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013)).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Indeed, courts regularly exercise their discretion to grant stays to permit litigants to seek alternative counsel. *E.g.*, *Bride v. Yolo Techs., Inc.*, No. 2:21-cv-06680-FWS-MBK, 2025 WL 2019944, at *4 (C.D. Cal. July 1, 2025);  *Lindsey v. Admiral Ins. Co.*, 804 F. Supp. 47, 52 (N.D. Cal. 1992);  *see also Carlson Produce, LLC v. Clapper*, No. 18-cv-07195-VKD, 2020 WL 533004, at *2 (N.D. Cal. Feb. 3, 2020).

The Court finds that there will be no hardship, damage, or inequity suffered by Defendants from entering a limited stay while Plaintiff seeks new counsel, and the "orderly course of justice" is supported by a limited stay.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (discussing the balancing of these factors).  Accordingly, the Court **STAYS** the case **until May 19, 2026** and **EXTENDS all subsequent case deadlines by 30 days**.

**II.      CONCLUSION AND INFORMATION AND INSTRUCTIONS FOR PLAINTIFF**

For the forgoing reasons, CW's and LBC's Motions to Withdraw are **CONDITIONALLY GRANTED**.  CW and LBC **shall** continue to accept service and shall promptly forward all served papers and notifications from the Court to Plaintiff until such time as new counsel files an appearance in this action pursuant to Civil L.R. 11-5(b);  **shall**, consistent with their duties of professional responsibility under California rules, act diligently to facilitate the transition of their case file to new counsel, once retained;  and **shall**, as proffered on the record, cooperate as reasonably necessary to bring new counsel up to speed on all aspects of the litigation.

The case is **STAYED until May 19, 2026**.  The Court **SETS** a case management conference by videoconference for **May 19, 2026 at 10:00 a.m. Pacific Time.**  The Clerk shall issue a Clerk's Notice, and a Zoom link will be emailed to Plaintiff (and, in an abundance of caution, conveyed to him by Plaintiff's counsel).

If new counsel has appeared, the Parties shall file a joint status report by **May 14, 2026**, with a new proposed schedule.  If Plaintiff has not yet found new counsel, Plaintiff and Defendants shall file separate status reports on that date, not to exceed three pages.  Plaintiff's status report shall explain the efforts and progress he has made toward retaining new counsel.  CW and LBC shall be responsible for filing Plaintiff's status report if Plaintiff remains unrepresented at that time.

Finally, the Court encourages Dr. Laps to seek free legal assistance from the Federal Pro Se Program located in the San Jose Courthouse.  The Federal Pro Se Program will not represent him in this action but can provide basic legal assistance at no cost.  He can schedule an appointment by calling (408) 297-1480 or emailing hsong@asianlawalliance.org.  He can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/.  The court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case;  he can access the guide online (https://cand.uscourts.gov/pro-se-handbook/).

////

////

**SO ORDERED.**

Dated: April 16, 2026

SUSAN VAN KEULEN
United States Magistrate Judge