Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

**JENNER & BLOCK LLP**
**525 Market Street, 29th Floor**
**San Francisco, CA 94105**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DR. SHAY LAPS,<br><br>                Plaintiff,<br><br>      v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>                Defendants. | Case No. 5:25-cv-05767-SVK<br><br>The Honorable Susan van Keulen<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTES**<br><br>Complaint Filed: July 10, 2025 |

Plaintiff Dr. Shay Laps and Defendants The Board of Trustees of The Leland Stanford Junior University (named as The Leland Stanford Junior University University) ("Stanford") and Danny Hung-Chieh Chou ("Dr. Chou") (collectively, "Defendants," together with Dr. Laps, the "Parties") submit this joint statement pursuant to Section 7(b) of the Court's Civil and Discovery Matters Standing Order to address (1) Dr. Laps' outstanding responses to Defendants' First Sets of Requests for Production ("RFPs"), (2) Dr. Laps' outstanding responses to Stanford's First Set of Interrogatories ("Interrogatories"), and (3) Dr. Laps' deposition. On June 26, 2026, the Parties met and conferred by videoconference and were unable to resolve these disputes. 43 days remain before fact discovery closes on August 14, 2026. *See* ECF No. 70. Trial is set for March 22, 2027. *Id.* The unresolved issues are: (1) setting a date certain by when Dr. Laps must respond to Defendants' RFPs and Stanford's Interrogatories; and (2) setting a date certain by when Dr. Laps must sit for a deposition.

Attached are (1) Dr. Laps' proposed order (**Exhibit A**); (2) Defendants' proposed order (**Exhibit B**); (2) Stanford's RFPs (**Exhibit C**); (3) Dr. Chou's RFPs (**Exhibit D**); (4) Stanford's Interrogatories (**Exhibit E**); and (5) the Notice of Deposition of Plaintiff Shay Laps (**Exhibit F**).

<div align="center">

**PLAINTIFF'S POSITION**

</div>

Defendant's position omits the reality that is confronting Plaintiff's counsel at this current moment. Plaintiff's current counsel substituted into this case after extensive e-discovery production had commenced. This Court already put in place specific ESI obligations on Plaintiff's previous representation along with Defendants' current representation with the ESI Order filed on November 26, 2025. Plaintiff's counsel was unaware, when first entering the case, that specialized ESI software would be required to meaningfully access, review, search, and organize the sheer volume and format of the documents transferred from Plaintiff's prior counsel. Furthermore, Defendants have produced documentation, presumably in response to Plaintiff's request for documents, that Counsel cannot access due to the encrypted nature and file type. This is not a matter of simply opening a small number of PDFs, or searching through a couple screenshots or emails; Rather, after receiving the case file from Cohen Williams, counsel discovered there were over 20,000 documents produced between the parties that needed to be reviewed and cataloged.

<div align="center">

1

</div>

<div style="margin-left:auto">

**JENNER & BLOCK LLP**
525 Market Street, 29th Floor
San Francisco, CA 94105

</div>

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Upon receiving the case transfer from Cohen Williams Plaintiff's counsel experienced difficulties accessing the documents and evidence produced as part of the initial discovery protocols established in General Order No. 71. Plaintiff's production included over 7000 documents with bate-stamps ranging from 1 to 7850. Defendant's document production consisted of 11000 documents ranging from 1 to 11300. The documents were organized with an individual identifying face page and the same documents were produced multiple times. After reviewing almost 6000 documents of the same documents, Plaintiff's counsel decided to reach out to Cohen Williams for clarity on the unusual way the documents have been sorted and managed.

On June 9 and again on June 10 Plaintiff's counsel conferred with several attorneys from Cohen Williams regarding counsel's inability to access the evidence in the transfer of the case file. Counsel from Cohen Williams provided the contact information for the e-discovery liaison they had been using in this matter believing that counsel's inability to access the documents stemmed from a lack of ESI software. Concurrently Plaintiff's counsel also conferred with Defense Counsel regarding the limitations and difficulties Counsel was facing with accessing the evidence. Specifically, Plaintiff's counsel informed Defense counsel that she was not able to review the documents that were transferred from Cohen Williams which has delayed Plaintiff counsel's ability to proceed any further in this case. Specifically, without reviewing the evidence already produced, Plaintiff's Counsel cannot effectively prepare, analyze, or strategize in this litigation which includes responding to Defendant's outstanding discovery.

**1. Plaintiff's Counsel has been diligent in obtaining ESI Software**

On June 11, 2026, Plaintiff's counsel contacted three ESI software administrators (Disco, Relativity and NextPoint) to initiate obtaining ESI capabilities. On June 15, 2026, Plaintiff's counsel had an initial phone call with a Nextpoint representative wherein an onboarding demonstration webinar was scheduled for June 23, 2026. At the same time, Plaintiff's Counsel was in communications with a Disco representative who scheduled an onboarding demonstration and webinar for June 25, 2026. Similarly, Plaintiff's counsel has been communicating with a Relativity representative to schedule an onboarding demonstration and webinar.

2

On June 26, 2026, Plaintiff's counsel finalized her agreement with ESI administrator Disco. Presently, Disco's Client Success team is in the process of coordinating an introductory meeting with the database platform to assist with creating new matters, uploading data, and utilizing all of Disco's e-discovery resources. Plaintiff's counsel reasonably believes that by July 6, 2026, this firm should have full ESI capabilities permitting counsel to effectively proceed with litigation.

**2.      Plaintiff's Counsel Requests A 30-Day Extension to Respond to Defendants' RFPs and Stanford's Interrogatories.**

Because counsel's firm has acquired the necessary ESI software, counsel can begin to properly access and organize the documents to give code-compliant responses and to ensure the parties can move forward in litigating this matter. However, given that the access to such software will not occur until the first week of July, Plaintiff requests and additional thirty (30) days to review the documents and serve code-compliant responses to Defendants' outstanding written discovery. Plaintiff's request is proportional to the problem presented. The case file and productions were partially accessible, but not the whole discovery record. There were whole folders of documents that were un-openable without the current ESI software. Plaintiff should not be penalized for the technical format and the volume of ESI inherited from prior counsel and Defendants' production under the existing ESI Order.

Defendants argue that Plaintiff's counsel should have inherited all work performed by prior counsel. That assumption is missing the context that ESI software used by Plaintiff's prior counsel has only just been obtained by Plaintiff's current counsel. Counsel **cannot** ethnically, let alone practically, certify discovery responses based only the assumptions that prior counsel's work was complete and sufficient. Our firm must be able to review **all** the underlying case materials in a usable format before finalizing responses.

**3.      Plaintiff Seeks A Modification Of The Scheduling Order.**

The existing scheduling order lists the fact discovery deadline as August 14, 2026, and the expert witness discovery deadline as November 13, 2026. Given the circumstances of Plaintiff having to obtain new counsel only four months before the fact-finding discovery deadline, along

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JOINT STATEMENT RE DISCOVERY DISPUTES                    CASE NO. 5:25-cv-05767-SVK

with diligent efforts to obtain proper ESI software, Plaintiff respectfully requests that the Court modify the scheduling order by extending the fact discovery deadline and any related trial deadlines by six months. This limited modification is warranted by good cause because Plaintiff's counsel has not been able to access the entire case file resulting in an incomplete case transfer.

**4.    Plaintiff Seeks A Protective Order Allowing For A Remote Deposition**

Plaintiff does not refuse to sit for deposition. Plaintiff is prepared to provide deposition availability after counsel has had a reasonable opportunity to review the ESI and evidence produced in this case. However, Plaintiff will be seeking a protective order permitting Dr. Laps's deposition to proceed remotely. Dr. Laps has reasonable safety concerns regarding traveling to the United States for an in-person deposition stemming from communications and perceived threats that were made toward Plaintiff, his father, and his family. Plaintiff will provide the factual basis for those concerns in the appropriate motion filing and supporting declaration. Plaintiff's request for a remote deposition is not an attempt to avoid testimony. Rather, it is a request that would permit Defendants to take Plaintiff's deposition remotely while alleviating legitimate safety concerns and reducing large economic exposure and travel costs.

## DEFENDANTS' POSITION

Dr. Laps filed this case in July 2025, but he has shown little interest in prosecuting it. Despite Defendants' best efforts to move the case along, Dr. Laps has put off responding to Defendants' discovery requests for more than four months and has refused to provide his availability for deposition.  The Court should put a stop to this unnecessary and unjustified delay and order that within seven days of the Court's ruling on these discovery disputes, Dr. Laps must (1) respond to Defendants' RFPs and Stanford's Interrogatories, and (2) provide his availability for in-person deposition, with the deposition to take place within thirty days of the Court's ruling.

**1.    Dr. Laps Should Be Ordered to Respond to Defendants' RFPs and Stanford's Interrogatories, Served Over Four Months Ago.**

On February 17, 2026, Stanford served its RFPs and Interrogatories; Dr. Chou served his RFPs the same day.  *See* Exhibits C, D, E.  On February 24, 2026, Defendants agreed to extend Dr. Laps' deadline to respond to the requests from March 19, 2026 to April 20, 2026.  But then,

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

4

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

on April 6, 2026, Dr. Laps filed a motion to stay to allow him to replace his counsel, Cohen Williams LLP and the Louis D. Brandeis Center for Human Rights Under Law, and seek new counsel.  The Court entered a stay on April 16, 2026—four days before Dr. Laps' response deadline.  *See* ECF No. 63.  The Court lifted the stay on May 18, *see* ECF No. 70, and granted Dr. Laps' prior counsel's motion to withdraw on May 21, 2026.  ECF No. 77.

As Dr. Laps had four days left to respond to the discovery before the stay, his responses were due four days after the stay was lifted, i.e., May 22, 2026.  On May 20, 2026, Defendants reached out to Dr. Laps' new counsel, Angela Hooper and Ameet Sharma, regarding the status of his responses and agreed to their request for a two-week extension to June 5, 2026.  Then, on June 3, 2026, Dr. Laps' new counsel sought another two-week extension to June 18, 2026.  Defendants agreed on the condition that Dr. Laps provide substantive responses and produce documents.  Dr. Laps' new counsel responded unambiguously: "We will provide substantive responses."

June 18 came and went, but Dr. Laps failed to serve responses or produce documents.  Dr. Laps offered no advance notice he would be unable to meet the deadline, and he did not request a further extension.  Instead, only after Defendants served a discovery letter on June 18 did Dr. Laps' new counsel confusingly indicate that Dr. Laps could not "produce documents responsive to [Defendants'] discovery requests, because we lack the ESI software required to encrypt the file [sic] accordingly."  Dr. Laps' new counsel did not provide any reason for failing to respond to Stanford's Interrogatories or propose a new deadline for the discovery responses.

Most recently—on June 23, 2026, again at the June 26, 2026 meet and confer, and in Dr. Laps' position statement above—Dr. Laps' new counsel has pinned the ongoing failure to respond on their lack of access to eDiscovery software.  But this argument is unconvincing for multiple reasons.  ***First***, Dr. Laps has had these requests since February.  Dr. Laps' prior counsel requested an initial 30-day extension "[g]iven their breadth and non-English materials that may be involved," affording them ample time to work on Dr. Laps' responses.  Dr. Laps' prior counsel then represented to the Court they had transferred Dr. Laps' case file directly to Dr. Laps on April 28, 2026, along with "a transition memo containing all information reasonably necessary to continuing Dr. Laps' representation and that any future counsel could use to get up to speed on all

<div align="center">5</div>

aspects of the litigation." ECF No. 76, at 2. Dr. Laps' prior counsel also reported that, on May 18, 2026, they had transferred Dr. Laps' case file and the transition memo to Dr. Laps' new counsel and corresponded with them "regarding specific aspects of the status of this litigation." *Id.* Dr. Laps' new counsel thus should have inherited all work his prior counsel did over the preceding months to collect documents and respond to Stanford's Interrogatories. Dr. Laps' counsel may be new to the case, but these requests are not new. ***Second***, on June 3, 2026, Dr. Laps' new counsel represented they had been able to review a sizeable amount of documents, apparently without eDiscovery software. They do not dispute this or explain why they apparently became unable to respond to Defendants' discovery requests unless and until they obtained eDiscovery software. Dr. Laps' new counsel further claims they cannot access certain documents "due to the encrypted nature and file type," *supra* at 1. But Defendants produced documents in a standard ESI format and in accordance with the ESI Order in this case. ECF No. 48. Although Dr. Laps' new counsel claims she needed to acquire "specialized ESI software," there is nothing unusual or bespoke about the software needed to review the document productions. ***Third***, it has been nearly ***seven weeks*** since Dr. Laps' new counsel appeared in this case. *See* ECF Nos. 68, 69. That is an unnecessarily long time to obtain software standard to civil litigation and demonstrates a lack of diligence, not a justification for further delay. Indeed, Dr. Laps' new counsel concedes that it took them nearly a month to even contact ESI vendors, let alone to obtain and set up the software (which they concede they still have not done). *See supra* at 2–3. ***Finally***, even to the extent eDiscovery software is necessary to review and produce *documents*, Dr. Laps has offered no reason why such software is necessary to respond to *interrogatories*—of which there are only five. *See* Exhibit E. Again, Dr. Laps' new counsel provides no answer above for this failure to respond.

Additionally, counsel's claim that there are "over 20,000 documents produced between the parties" is verifiably incorrect and overstates the number of produced documents by an order of magnitude. *Supra* at 1. In reality, 3,911 documents in total have been produced by all parties: Dr. Laps has produced 1,520 documents comprising 6,337 pages, and Defendants have produced 2,391 documents comprising 11,877 pages. Defendants previously explained to Dr. Laps' new counsel on June 11, 2026, that her impression that over 20,000 documents have been exchanged

JOINT STATEMENT RE DISCOVERY DISPUTES                     CASE NO. 5:25-cv-05767-SVK

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

was mistaken and likely due to the fact that certain documents are produced in multiple formats as the ESI Order requires: TIFF image files, extracted text files, and native files.  *See* ECF No. 48 (ESI Order) at 2–3.  Defendants further explained that "[w]hen loaded to an eDiscovery platform those components will be re-combined into the 2,391 documents we have produced to date."  In response, Dr. Laps' new counsel acknowledged: "After re-reading the ESI order, I noticed the specific format indicated" and "I am obtaining ESI software to comply with the ESI order."  Dr. Laps' new counsel now inexplicably retreats to the falsehood that "over 20,000 documents" have been produced, a clear misrepresentation of the scope of discovery in this matter.

The Court should put a stop to this unwarranted delay.  Dr. Laps has sought three extensions and failed to meet every one—the last without any notice and after promising "substantive" responses to the requests, Defendants' prerequisite for agreeing to the third extension.  Rules 33 and 34 forbid this.  Not only does Dr. Laps' delay evidence his disinterest in prosecuting the case he filed, it is prejudicing Defendants' ability to prepare their defenses.  Without Dr. Laps' responses and documents, Defendants cannot assess and develop key factual issues, prepare for Dr. Laps' deposition (which still has not been scheduled), or collect information for expert reports.  Crucially, Defendants cannot assess what additional discovery they will need to take before the close of fact discovery, which is fast approaching.

Defendants respectfully request the Court order Dr. Laps to respond to the outstanding RFPs and Interrogatories within seven days of the Court's ruling on this discovery dispute and provide substantive responses and produce responsive documents, not simply assert objections.

**2.    Dr. Laps Should Be Ordered to Sit for an In-Person Deposition.**

Defendants have been attempting to schedule Dr. Laps' deposition since November 2025, requesting dates on six separate occasions.  Defendants requested dates from Dr. Laps' prior counsel on November 14, 2025; November 25, 2025; January 26, 2026; February 13, 2026; and March 30, 2026.  Citing a variety of excuses, Dr. Laps repeatedly refused to provide his availability.  On May 21, 2026, after Dr. Laps retained new counsel, Defendants again requested that Dr. Laps provide his availability and proposed several dates in June and July.  Dr. Laps once again did not respond.  On June 4, Defendants went ahead and noticed Dr. Laps' deposition for

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JOINT STATEMENT RE DISCOVERY DISPUTES                    CASE NO. 5:25-cv-05767-SVK

July 7 and 8 in person in San Francisco.  *See* Exhibit F.  On June 18, only after Defendants inquired about the deposition did Dr. Laps' counsel indicate the deposition could not proceed on those dates, claiming they could not access "the documents previously exchanged" between the Parties. Dr. Laps' counsel did not propose any alternative dates or indicate when they would do so.

Dr. Laps provides no legitimate reason why he has refused to provide his availability.  The most recent purported excuse—Dr. Laps' new counsel's lack of access to eDiscovery software— is unpersuasive for the reasons discussed above with respect to Defendants' RFPs and Stanford's Interrogatories.  In reality, Dr. Laps is simply trying to avoid having to answer questions about his inflammatory and grossly inaccurate 78-page complaint and the numerous documents that directly undermine his meritless assertions.

And now, for the first time, Dr. Laps asserts that he plans to seek a protective order for a remote (rather than in-person) deposition.  But having brought this case, Dr. Laps cannot avoid sitting for deposition or complain about having to travel to the district where he filed his lawsuit. Dr. Laps offers no explanation for how bearing the costs for attending his own deposition in person in a case he filed would result in "large economic exposure," *supra* at 4, let alone "undue" expense, Fed. R. Civ. P. 26(c)(1).  Courts commonly reject this meritless argument because it is well established that as "a general rule the plaintiff will be required to make himself or herself available for examination in the district in which the suit was brought."  *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-3078-JSC, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015) (internal quotation marks omitted).  The Ninth Circuit has specifically directed that plaintiffs who "filed suit in the Northern District of California . . . should therefore expect to have to appear there" for a deposition.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).  Dr. Laps offers no reason why the Court should depart from the general rule or the Ninth Circuit's instruction. Moreover, Defendants understand German law imposes serious legal restrictions on depositions in Germany associated with U.S. legal proceedings, which Dr. Laps appears to be proposing.[1]

---

[1] *See, e.g.*, U.S. Consulate General, Frankfurt, Deposition Instructions (Mar. 2024), https://de.usembassy.gov/wp-content/uploads/sites/19/2024/03/Deposition-Instructions-2024.pdf ("Depositions taken without the prior approval of the German Ministry of Justice and/or without the involvement of the United States Mission to Germany are unauthorized and may lead to

JOINT STATEMENT RE DISCOVERY DISPUTES                    CASE NO. 5:25-cv-05767-SVK

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Dr. Laps also raises for the first time purported "safety concerns regarding traveling to the United States." But, as Dr. Laps admits, he has filed no motion, submitted no declaration, and identified no facts to support such concerns. The Parties have long proceeded on the assumption that Dr. Laps' deposition would be in-person. Indeed, one of Dr. Laps' first excuses for failing to offer deposition dates was he needed to resolve visa issues for his travel to the United States. On December 17, 2025, Dr. Laps' prior counsel informed Defendants they had been "informed that the B-1 visa is sufficient to allow him to travel to the United States." Dr. Laps' vague allusions to safety concerns should be set aside as baseless and unsupported by the record.

Defendants have been prepared to proceed with Dr. Laps' deposition for the last nine months, only to be met with delay after delay. Defendants are entitled to test Dr. Laps' allegations through an in-person deposition, and Dr. Laps' refusal to offer his availability again evidences his lack of interest in prosecuting his case and prejudices Defendants' ability to prepare their defenses. Defendants respectfully request that the Court order that Dr. Laps' deposition take place in person within thirty days of the Court's ruling on this discovery dispute and order Dr. Laps to provide dates for his deposition within seven days of the Court's ruling.

### 3. Dr. Laps' Procedurally Improper Request for A Six-Month Extension of Deadlines Should Be Denied.

Dr. Laps' request for a six-month extension of the fact discovery deadline, trial date, and all trial-related deadlines is not properly before the Court. *Supra* at 3-4. Under the Court's rules, the proper vehicle to request such an extension is a Motion to Change Time accompanied by a declaration in which Dr. Laps must "[s]et forth with particularity the reasons for the requested enlargement . . . of time." Civ. L.R. 6-3. Additionally, under Rule 16, Dr. Laps must establish good cause to modify a schedule. Fed. R. Civ. P. 16(b)(4). In any event, Defendants oppose Dr. Laps' request and respectfully request an opportunity to be heard on any modification to the deadlines set in this case.

---

criminal penalties against the participants."). To the extent the Court finds it necessary to address the legality of conducting a remote deposition under German law, Defendants respectfully request leave to submit additional briefing.

9

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Dated: July 2, 2026                           AMEET SHARMA, ATTORNEY-AT-LAW


                                    By:     /s/  *Angela Hooper*
                                            Ameet O'Rattan Sharma
                                            Angela Hooper
                                            757 Miller Avenue
                                            Chico, CA 95928
                                            Telephone:     (916) 932-8928
                                            ameet@omnifirms.com
                                            a.hooper@omnifirms.com


                                            *Attorney for Plaintiff Dr. Shay Laps*


Dated: July 2, 2026                           JENNER & BLOCK LLP


                                    By:     /s/  *Reid J. Schar*
                                            Reid J. Schar
                                            Laurie Edelstein
                                            525 Market Street, 29th Floor
                                            San Francisco, CA 94105-2708
                                            Telephone:     (628) 267-6800
                                            RSchar@jenner.com
                                            LEdelstein@jenner.com

                                            Marcie Isom Fitzsimmons
                                            Christina Shahkar
                                            GORDON REES SCULLY MANSUKHANI
                                            315 Pacific Avenue
                                            San Francisco, CA 94111
                                            Telephone:     (415) 986-5900
                                            misom@grsm.com
                                            cshahkar@grsm.com

                                            *Attorneys for Defendants*
                                            *The Board of Trustees of The Leland Stanford*
                                            *Junior University and Danny Hung-Chieh Chou*

JOINT STATEMENT RE DISCOVERY DISPUTES                    CASE NO. 5:25-cv-05767-SVK

**RULE 5-1 ATTESTATION**

I, Reid Schar, am the ECF user whose identification and password are being used to file this joint statement on behalf of the parties. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: July 2, 2026                                    By:      /s/  *Reid J. Schar*
                                                                         Reid J. Schar

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

11