# EXHIBIT D

## *Dr. Chou's First Set of RFPs to Dr. Laps*

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. SHAY LAPS,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>                    Defendants. | Case No. 5:25-cv-05767-SVK<br><br>The Honorable Susan van Keulen<br><br>**DEFENDANT DANNY HUNG-CHIEH CHOU'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF SHAY LAPS**<br><br>Action Filed:  July 10, 2025 |

PROPOUNDING PARTY:    Defendant Danny Hung-Chieh Chou

RESPONDING PARTY:    Plaintiff Shay Laps

SET NUMBER:        ONE

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and any order entered in or applicable to the above-referenced litigation, defendant Danny Hung-Chieh Chou, by and through his undersigned counsel, requests that plaintiff Shay Laps produce and permit inspection and copying of the following documents in plaintiff's possession, custody, or control.

Your responses to these requests for production ("Requests") (including any objections) must be served no later than 30 days after service of these requests pursuant to Federal Rule of Civil Procedure 34(b)(2)(A).  The production and inspection shall take place at the offices of Jenner & Block LLP, 525 Market Street, 29th Floor, San Francisco, CA 94105, unless other mutually agreeable arrangements are made between counsel of record.

These Requests are continuing in nature and require supplemental responses to the extent required by Federal Rule of Civil Procedure 26(e).

### DEFINITIONS

1.    "Complaint" means the First Amended Complaint that Shay Laps filed on January 22, 2026 (ECF No. 51) ("FAC").

2.    "Communication(s)" means and includes all written and oral communications, including the transmission or exchange of any kind of document as the term is defined below, including without limitation, face-to-face conversations, meetings, telephone conversations, voice-mail messages, electronic mail, mail, instant messaging, text messaging, WhatsApp, Signal, or other messaging platform, social media posts and direct messages, unified messaging, paging, and any other method of communication.

3.    "Document(s)" means all documents, electronically stored information, and tangible things as described in Federal Rule of Civil Procedure 34, including without limitation all writings and all other means of recording information and communications as the term is defined above, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports,

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, text messages, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate document within the meaning of this term. Document also includes any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents.

4.    "Person(s)" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

5.    "Relating" and all forms of the term used in these Requests means any logical or factual connection with the matter discussed and includes without limitation analyzing, concerning, consisting of, describing, discussing, embodying, evidencing, identifying, including, pertaining to, memorializing, mentioning, naming, negating, recording, referring, reflecting, showing, supporting, or summarizing.

6.    "Reflecting" and all forms of the term used in these Requests means any logical or factual connection with the matter discussed and includes without limitation analyzing, concerning, consisting of, describing, discussing, embodying, evidencing, identifying, including, pertaining to, memorializing, mentioning, naming, negating, recording, referring, regarding, showing, supporting, or summarizing.

7.    "Stanford" means The Leland Stanford Junior University, and all of its employees and agents or other persons acting on its behalf.

8.    "You" and "Your" mean plaintiff Shay Laps and all current and former persons authorized to act on your behalf.

CHOU'S FIRST SET OF REQUESTS FOR PRODUCTION                    CASE NO. 5:25-cv-05767-SVK

**JENNER & BLOCK LLP**
**525 Market Street, 29th Floor**
**San Francisco, CA 94105**

## INSTRUCTIONS

1.      All requested documents within your possession, custody, or control are to be produced regardless of where such documents are located.

2.      All documents should be produced in their entirety, including attachments or enclosures, drafts, and non-identical copies.

3.      If any document or category of documents is not produced in full, state with particularity the reason or reasons it is not being so produced, and describe, to the best of your knowledge, information, and belief, and with as much particularity as possible, the document or portion that is not being so produced.

4.      In construing these requests: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

5.      You must make a diligent search of your records, including but not limited to paper records, computerized records, electronic mail records, voicemail records, instant message records, SMS records, text message records, and records of meetings and telephone calls under control of you or your attorney(s), investigator(s), and/or other agent(s) or representative(s).

6.      In searching electronic databases, emails, or any other means of electronic storage, you must create search terms that will identify and isolate all responsive documents.

7.      Electronically stored information ("ESI") shall be produced in accordance with the Court's ESI Final Order dated November 26, 2025 (ECF No. 48).

8.      If you object to the production of any document responsive to these requests on any other ground, such objection must be fully and specifically stated, including the grounds for the objection.  If you object to any part of a request, documents responsive to the unobjectionable portion should be produced.

9.      If you contend that any document requested is subject to any privilege or protection and you intend to assert such privilege or protection, you must identify the nature of the privilege

4

**JENNER & BLOCK LLP**
525 Market Street, 29th Floor
San Francisco, CA 94105

or protection and set forth a sufficient factual and legal basis to establish that such privilege or protection is applicable to the requested document by providing a privilege log in accordance with the Court's ESI Final Order dated November 26, 2025 (ECF No. 48).

10.     Compliance with the above instructions is not to be construed as an admission that such privilege or protection is valid, and defendants reserve the right to challenge any purported claim of privilege or protection.

11.     In the event that any document called for has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including without limitation the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the document.

12.     Each of the following Requests shall be construed independently, and no Request shall limit the scope of any other Request.

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to the allegation in paragraph 100 of your complaint that Dr. Michael Rosen "proceeded to smear Dr. Laps to others at Stanford."

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to the allegation in paragraph 121 of your complaint that "Dr. Chou told at least one Stanford researcher that Dr. Laps' absence was due to a 'legal licensing' issue with Dr. Laps' work and that Dr. Laps would not be returning."

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the allegation in paragraph 315 of your complaint that "Dr. Chou made oral and/or written statements to researchers, staff, and/or Dr. Laps' colleagues at Stanford claiming Dr. Laps was absent from the Chou Lab due to 'legal licensing' issues with Dr. Laps' research."

CHOU'S FIRST SET OF REQUESTS FOR PRODUCTION                    CASE NO. 5:25-cv-05767-SVK

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to the allegation in paragraph 318 of your complaint that "Dr. Chou also made oral and/or written statements to Stanford staff and administrators claiming that Dr. Laps had committed sexual harassment."

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to the allegation in paragraph 322 of your complaint that "Dr. Chou also knew that the source of allegations against Dr. Laps was fabricated by individuals who did not claim to have been harassed."

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to the allegation in paragraph 323 of your complaint that "Dr. Chou made these statements in an effort to destroy Dr. Laps' reputation and prior history as an outstanding and supremely ethical researcher, in the hopes of tarnishing Dr. Laps' credibility at Stanford while investigations into Dr. Laps' claims of discrimination and retaliation were ongoing so as to cover up wrongdoing occurring under Dr. Chou's supervision and at the Chou Lab, to incentivize Dr. Laps to flee Stanford so as to moot the ongoing investigation of wrongdoing occurring under Dr. Chou's supervision and at the Chou Lab, and to harm or destroy Dr. Laps' career in academia, scientific research, and chemistry."

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to the allegation in paragraph 324 of your complaint that "Dr. Chou expressly aimed and specifically directed his statements to Dr. Laps' peers and Stanford researchers and staff, where Dr. Chou knew his statements and insinuations would be most damaging to Dr. Laps."

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to the allegation in paragraph 325 of your complaint that "the defamatory statements and insinuations of Dr. Chou were repeated in the Stanford and/or academic chemistry communities."

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to your claim for defamation against Dr. Chou.

**JENNER & BLOCK LLP**
525 Market Street, 29th Floor
San Francisco, CA 94105

6

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to the statement in your opposition to defendants' motion to dismiss that you have additional information regarding your defamation claim against Dr. Chou, including the "identity, date, and circumstances of which [you are] aware further detailing Dr. Chou's defamation." ECF No. 37 at 22.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the "additional instance of defamation" referenced in your opposition to defendants' motion to dismiss. ECF No. 37 at 22.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to any reputational harm you purportedly have suffered as a result of the conduct or actions alleged in your complaint.

Dated: February 17, 2026                    JENNER & BLOCK LLP


By:    /s/ *Reid J. Schar*
       Reid J. Schar (Bar No. 238948)
       Laurie Edelstein (Bar No. 164466)
       525 Market Street, 29th Floor
       San Francisco, CA 94105-2708
       Telephone: (628) 267-6800
       RSchar@jenner.com
       LEdelstein@jenner.com

       Marcie Isom Fitzsimmons (Bar No. 226906)
       Christina Shahkar (Bar No. 356982)
       GORDON REES SCULLY MANSUKHANI
       315 Pacific Avenue
       San Francisco, CA 94111
       Telephone: (415) 986-5900
       misom@grsm.com

       *Attorneys for Defendants*
       *The Board of Trustees of The Leland Stanford*
       *Junior University and Danny Hung-Chieh Chou*

7

**JENNER & BLOCK LLP**
**525 Market Street, 29th Floor**
**San Francisco, CA 94105**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, I served the foregoing **DEFENDANT DANNY HUNG-CHIEH CHOU'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF SHAY LAPS** on counsel of record for Plaintiff via electronic mail, as follows:

**COHEN WILLIAMS LLP**
Reuven L. Cohen (rcohen@cohen-williams.com)
Kathleen M. Erskine (kerskine@cohen-williams.com)
Talia Nissimyan (tnissimyan@cohen-williams.com)
Michael Fisher (mfisher@cohen-williams.com)
724 South Spring Street, 9th Floor
Los Angeles, CA 90014

**THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW**
L. Rachel Lerman (rlerman@brandeiscenter.com)
David M. Dince (ddince@brandeiscenter.com)
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on February 17, 2026, in San Francisco, California.

By: */s/ Nicole Widra*
Nicole Widra

CHOU'S FIRST SET OF REQUESTS FOR PRODUCTION                    CASE NO. 5:25-cv-05767-SVK