Ameet O'Rattan Sharma (SBN 354399)
Angela Hooper (SBN 334269)
**AMEET SHARMA, ATTORNEY-AT-LAW**
757 Miller Ave
Chico, CA 95928
Phone: (916) 932-8928
Email: ameet@omnifirms.com
Email: a.hooper@omnifirms.com

Attorney for Plaintiff
DR. SHAY LAPS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DR. SHAY LAPS,<br><br>       Plaintiff,<br><br>     v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY, and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>       Defendants. | Case No.: 5:25-CV-05767-SVK<br><br>The Honorable Susan van Keulen<br><br>**PLAINTIFF DR. SHAY LAPS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO EXTEND SCHEDULING ORDER**<br><br>Date:        July 17, 2026<br>Time:       9:00 AM<br>Location:   Courtroom 6<br><br>Action Filed:   July 10, 2025 |

PLAINTIFF DR. SHAY LAPS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO EXTEND SCHEDULING ORDER

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff seeks a six-month extension because current counsel substituted into a complex federal civil rights and employment case after extensive ESI production had already occurred, then discovered that the transferred file could not be meaningfully accessed or reviewed without specialized ESI software. Counsel has acted diligently. After conferring with prior counsel and Defendants, counsel contacted DISCO, Relativity, and Nextpoint, and finalized a contract with DISCO (the same company used by previous counsel Cohen Williams) so the file could be reviewed in a usable format. The current schedule does not allow counsel to have a fair opportunity to review the many thousands of documents and be able to produce code-complaint discovery responses. The relief sought is ex parte because the harm that Plaintiff would incur if such relief were not granted is immediate and irreparable.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Court's current scheduling order sets the fact discovery deadline for August 14, 2026, the expert discovery deadline for November 13, 2026, and trial for March 22, 2027. *See* ECF No. 70. The Court previously entered an ESI Order on November 26, 2025. Plaintiff's current counsel substituted in after that ESI protocol and substantial production had occurred. After receiving the transferred file from Cohen Williams, counsel discovered more than 20,000 documents. Plaintiff's production exceeded 7,000 documents and Defendants' exceeded 11,000 documents. When the files were given from Cohen Williams to current counsel, some of these documents were in the form of viewable PDFs and WORD docs. However, there was an extensive amount of documents in the firm of .OPT and .DAT files types.[1] These files are unviewable unless you are using specialized software.

On June 9 and June 10, 2026, Plaintiff's counsel conferred with Cohen Williams regarding counsel's inability to access and review the file. Prior counsel provided contact information for the e-discovery liaison. On June 11, 2026, counsel contacted DISCO, Relativity, and Nextpoint. Counsel then participated in vendor calls and communications to confirm which software would be the best.

---

[1] .DAT files are used for metadata and links to natives and text. .OPT files are used for images and page order. See link

PLAINTIFF DR. SHAY LAPS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION TO EXTEND SCHEDULING ORDER

Ultimately, counsel decided to purchase DISCO as it was the software previously used by Cohen Williams in this case. However, that agreement could not be finalized until June 26, 2026 as DISCO requires certain onboarding processes and consultations to confirm which contract would be best for our firm.

The parties met and conferred by videoconference on June 26, 2026 regarding outstanding written discovery and Dr. Laps' deposition, but did not resolve the disputes. In the Joint Statement Regarding Discovery Disputes, Plaintiff's position seeks a 30 day extension to meaningfully respond to the outstanding discovery requests from Defendants. Plaintiff does not seek to refuse to engage in the discovery process. The truth is very much the opposite. Plaintiff seeks a schedule that allows current counsel to review the ESI so that Plaintiff can respond having viewed the full discovery record and make code-compliant responses.

**III.     ARGUMENT**

**A.     <u>Good Cause Exists Granting An Extension Of Six Months To The Scheduling Order.</u>**

Federal Rules of Civil Procedure Rule 16(b)(4) permits modification of a scheduling order for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The good-cause inquiry focuses on the diligence of the party seeking modification. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). A schedule may be modified when it cannot reasonably be met despite the moving party's diligence. *Id* at p. 609; Fed. R. Civ. P. 16 advisory committee notes (1983 amendment). Federal Rules of Civil Procedure Rule 6 also permits the Court, for good cause, to extend time when the request is made before the original time or its deadline expires. Fed. R. Civ. P. 6(b)(1)(A).

Plaintiff satisfies these standards. Current counsel inherited an ESI record that could not be meaningfully accessed in its existing form. Counsel cannot ethically certify discovery responses or prepare Plaintiff for deposition based on assumptions about prior counsel's work or an incomplete review of the documents. Counsel promptly conferred with prior counsel, informed Defendants of the access limitation, contacted three ESI vendors, and finalized with DISCO for access to the documents. The existing deadlines cannot reasonably be met despite those diligent efforts.  This Court further dictates the requirements for a filing of any Motion to Change time in Local Rule 6-3 *Motion to*

PLAINTIFF DR. SHAY LAPS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO EXTEND SCHEDULING ORDER

*Change Time*. N.D. Cal. Loc. R. 6-3. Plaintiff's motion, supporting declaration, and proposed order is in compliance with the local rule.

**B.      Denying An Extension Will Irreparably Prejudice Plaintiff And Ex Parte Relief Is Required.**

Denying relief would force Plaintiff to complete discovery without a meaningful opportunity to review the complete ESI record in a usable format. That would impair counsel's ability to verify responsive documents, evaluate Defendants' production, prepare for depositions, and ultimately prepare for trial.

Local Rule 7-2 *Notice and Supporting Paper* requires "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after the filing of the motion." N.D. Cal. Civ. L.R. 7-2 (a). Since Judge Keulen's standing orders dictate that civil motions in this Court are to be heard on Tuesdays at 10:00 AM, the soonest date parties could have a hearing if this were to be a regularly set motion would be August 11, 2026 at 10:00 AM. That date is a mere three days before the fact discovery deadline. Courts recognize that ex parte relief may be appropriate for routine procedural orders that cannot be obtained through regular noticed motion practice where an imminent deadline and the opposing party's refusal to stipulate make ordinary procedures inadequate. See *Lofton v. United States*, No. 2:23-cv-09105-SPG-AS, 2025 U.S. Dist. LEXIS 14277, at *3-4 (C.D. Cal. Jan. 24, 2025); *Home v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013); *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989). Plaintiff did not create this deadline problem from the use of bad faith tactics nor out of any incompetence. Rather, it arose from counsel's substitution and inheriting documents in form that could not be opened without proper ESI software.

**IV.    CONCLUSION**

Given the foregoing facts, Plaintiff respectfully request that this Court grant Plaintiff's Ex Parte Application and extend the scheduling order by six months including the fact discovery and expert witness cutoffs, along with the trial date and any related pretrial deadlines.

PLAINTIFF DR. SHAY LAPS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO EXTEND SCHEDULING ORDER

DATED: July 10, 2026

AMEET SHARMA, ATTORNEY-AT-LAW

/s/Angela Hooper

Ameet Sharma
Angela Hooper
Attorneys for Plaintiff
Dr. Shay Laps

PLAINTIFF DR. SHAY LAPS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION TO EXTEND SCHEDULING ORDER