Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. SHAY LAPS,<br><br>Plaintiff,<br><br>v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>Defendants. | Case No. 5:25-cv-05767-SVK<br><br>The Honorable Susan van Keulen<br><br>**DECLARATION OF REID J. SCHAR IN SUPPORT OF DEFENDANTS' POSITION IN JOINT STATEMENT RE DEPOSITION DISPUTES AND PROTECTIVE ORDER**<br><br>Action Filed: July 10, 2025 |

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**DECLARATION OF REID J. SCHAR**

I, Reid J. Schar, declare as follows:

1. I am a member in good standing of the State Bar of California and admitted to practice before this Court. I am a partner at the law firm of Jenner & Block LLP ("Jenner"), counsel of record for Defendants The Board of Trustees of The Leland Stanford Junior University (named as "The Leland Stanford Junior University") ("Stanford") and Danny Hung-Chieu Chou ("Dr. Chou") (collectively, "Defendants"). I make this declaration in support of the Defendants' Position in the Parties' Joint Statement Regarding Deposition Disputes and Protective Order. I have personal knowledge of the facts set forth below and, if called upon to do so, I could and would testify competently to the matters set forth below.

2. Plaintiff's Complaint was filed on July 10, 2025. To date, Dr. Laps has not noticed or taken any depositions in this matter.

3. Despite Defendants' repeated efforts to schedule Dr. Laps' deposition, Dr. Laps has not yet appeared for a deposition. Defendants contacted Dr. Laps' prior counsel, Cohen Williams LLP and the Louis D. Brandeis Center for Human Rights Under Law, on November 14, 2025; November 25, 2025; January 26, 2026; February 13, 2026; and March 30, 2026 about dates for Dr. Laps' deposition. Dr. Laps did not provide his availability for deposition in response to any of these requests.

4. During the course of Defendants' attempts to schedule Dr. Laps' deposition, Defendants' counsel and Dr. Laps' prior counsel discussed several times whether Dr. Laps would be able to obtain a visa to enter the United States to attend his deposition. Attached as **Exhibit A** is a true and correct copy of email correspondence between counsel for Defendants and Dr. Laps' prior counsel, dated November 25 to December 3, 2025.

5. On December 17, 2025, Dr. Laps' prior counsel confirmed that Dr. Laps' existing B-1 visa was sufficient to allow him to travel to the United States for his deposition. Attached as **Exhibit B** is a true and correct copy of email correspondence between counsel for Defendants and Dr. Laps' prior counsel, dated December 11 to December 18, 2025.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

6. Until the filing of the present joint statement, Dr. Laps had never raised any "risk of denied entry and possible deportation due to overlap-related restrictions between his work visa and the duration of his stay outside the United States." That statement is inconsistent with the confirmation his prior counsel provided stating that Dr. Laps' existing B-1 visa was sufficient to allow him to travel to the United States for his deposition. *See* **Exhibit B**.

7. Dr. Laps' prior counsel raised several issues with Defendants' document production, and the parties exchanged letters about these issues. Defendants either resolved the issues through subsequent document productions or through the parties' meet and confer efforts. A true and correct copy of correspondence sent to Dr. Laps' current counsel on August 7, 2026, attaching Defendants' letters responding to Dr. Laps' discovery letters, is attached as **Exhibit C**.

8. On May 21, 2026, after Dr. Laps retained new counsel, Angela Hooper and Ameet Sharma, Defendants again requested that Dr. Laps provide his availability for his deposition and proposed several dates in June and July. Dr. Laps once again did not respond.

9. On June 4, 2026, Defendants went ahead and served a notice of deposition on Dr. Laps for July 7 and 8 in San Francisco. Prior to serving this notice, I had discussed with Dr. Laps' prior counsel the need for a two-day deposition, especially in the event Dr. Laps would request a Hebrew interpreter. Dr. Laps' prior counsel communicated they were amenable to this proposal, and until this filing, neither Dr. Laps nor his current counsel voiced objection to this proposal.

10. Only after Defendants asked Dr. Laps to confirm whether he would appear on July 7 and 8 did Dr. Laps' counsel indicate the deposition could not proceed on those dates, claiming they could not access the documents the parties had previously exchanged. Dr. Laps' counsel did not propose any alternative dates or indicate when they would do so.

11. On July 15, 2026, following entry of the Court's order requiring Dr. Laps to appear for deposition by August 28 (ECF No. 82), I emailed Ms. Hooper and Mr. Sharma and asked for Dr. Laps' availability for an in-person deposition before August 28. Ms. Hooper responded the same day and proposed that Dr. Laps appear remotely from Brussels, Belgium.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

12. On July 16, 2026, Ms. Hooper provided a rough draft of Dr. Laps' portion of the present joint discovery statement, proposing that Dr. Laps appear for deposition remotely from the U.S. Embassy in Brussels on August 26 and 27, 2026.

13. On July 17, 2026, I asked whether Dr. Laps would be available to appear in person for his deposition on those dates in the event the Court denied his request for a protective order. The same day, Ms. Hooper responded, noting she would "confirm with Dr. Laps one more time before we schedule his in-person deposition for the 26th or 27th." Ms. Hooper also asked for Dr. Chou's availability for deposition. This was the first time Dr. Laps' counsel had inquired about Dr. Chou's availability for deposition. A true and correct copy of this email correspondence is attached as **Exhibit D**.

14. Dr. Laps has not noticed Dr. Chou's deposition.

15. On July 22, 2026, I met and conferred via teleconference with Ms. Hooper and Mr. Sharma. During the meet and confer, I offered for Dr. Laps to attend his deposition in person in one of Jenner's other offices in the United States, namely, in Los Angeles, New York City, Chicago, or Washington, D.C. I also identified that Belgium is nine hours ahead of Pacific Time and asked whether the U.S. Embassy would be able to accommodate Dr. Laps staying beyond regular business hours for his deposition or whether Ms. Hooper and Mr. Sharma were proposing the deposition take place overnight on Pacific Time during regular business hours in Belgium. Mr. Sharma responded that he and Ms. Hooper would need to ask the U.S. Embassy, as this was not a question they had asked.

16. On July 28, 2026, Defendants served an amended notice of Dr. Laps' deposition for August 26 and 27, 2026 in San Francisco. A true and correct copy of the amended deposition notice is attached as **Exhibit E**.

17. On July 29, 2026, I sent an email to Ms. Hooper and Mr. Sharma, following up on our July 22, 2026 discussion, including whether Dr. Laps had considered Defendants' proposal that he attend his deposition in Los Angeles, New York City, Chicago, or Washington, D.C.

18. Ms. Hooper responded on July 31, 2026, but did not address Defendants' proposal. Ms. Hooper's email attached Dr. Laps' responses to Stanford's First Set of Requests for

Production and Stanford's First Set of Interrogatories. However, Dr. Laps did not provide responses or produce documents responsive to Dr. Chou's First Set of Requests for Production. Dr. Laps did not provide his responses to Dr. Chou's First Set of Requests for Production until August 3, 2026, after I inquired about them.

19. Ms. Hooper's July 31, 2026 email raised for the first time several purported deficiencies in Defendants' document production. Dr. Laps' counsel had not raised these deficiencies to Defendants previously, and the parties have not met and conferred about them. A true and correct copy of this email correspondence is attached as **Exhibit F**.

20. Defendants have been diligently searching for and producing documents required by General Order 71 and documents responsive to Dr. Laps' requests for production. To date, Defendants have produced 2,391 responsive documents across seven productions. Of these, 1,580 are documents for which Dr. Laps is a custodian. Defendants' review is ongoing and additional responsive, non-privileged documents will be promptly produced as they are reviewed and identified.

21. As part of their ongoing review, Defendants have collected and produced documents from Dr. Chou's Stanford email address, and personal mobile phone and tablet.

22. With respect to the specific requests for production ("RFPs") mentioned in Dr. Laps' portion of the parties' joint statement, Defendants have proceeded in accordance with their responses and objections to Dr. Laps' RFPs. A true and correct copy of Stanford's Responses & Objections to Plaintiff Shay Laps' First Set of Requests for Production, served on March 19, 2026, is attached as **Exhibit G**.

23. Stanford has produced documents responsive to RFP No. 16 ("All DOCUMENTS and COMMUNICATIONS RELATING TO any complaint reported to STANFORD by any person concerning conduct by PLAINTIFF."); RFP No. 18 ("All COMMUNICATIONS, including but not limited to emails, Slack messages, text messages, WhatsApp messages, and any other messaging services, between, on the one hand, CHOU, Dr. Babajide Ojo, and/or Dr. Michael Rosen, and, on the other hand, the Stanford Title IX Office, RELATING TO any complaint reported to STANFORD by any person concerning conduct by PLAINTIFF."); RFP No. 19 ("All



JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

COMMUNICATIONS, including but not limited to emails, Slack messages, text messages, WhatsApp messages, and any other messaging services, between CHOU, Dr. Babajide Ojo, and/or Dr. Michael Rosen RELATING TO a complaint concerning alleged conduct by PLAINTIFF on August 14, 2024."); RFP No. 31 ("All COMMUNICATIONS between, on the one hand, CHOU, and, on the other hand, any other person, concerning PLAINTIFF."). Other documents Defendants produced pursuant to General Order 71 before Dr. Laps issued his RFPs may also be responsive to one or more of these RFPs.

24. Stanford has not produced documents responsive to RFP No. 22 ("All video footage recorded by STANFORD's visual surveillance system inside 1701 Page Mill Road, Palo Alto, CA 94303 on August 14, 2024."), because no responsive, non-privileged documents were located following a diligent search and reasonable inquiry.

25. Stanford has not produced documents responsive to RFP No. 27 ("All DOCUMENTS and COMMUNICATIONS upon which Defendants intend to rely to depose PLAINTIFF."), because Stanford reserved the right to depose Dr. Laps about any documents or information produced in discovery in this matter.

26. With respect to Dr. Laps' complaint that Defendants have not produced communications between Dr. Chou and prospective employers to which Dr. Laps had applied, Defendants have not located any such communications in the course of their collection and review, including within Dr. Chou's custodial documents.

27. Dr. Laps' document production reveals he did not receive certain employment offers for a variety of reasons. For example, in May 2025, Dr. Laps was rejected from a position with Professor Oliver Seitz of the University of Berlin. Professor Seitz wrote: "This would be your fourth Postdoc. Even a third Postdoc would be difficult to justify." A true and correct copy of a document produced by Dr. Laps that captures this exchange, labeled LAPS_005846, is attached as **Exhibit H**. Dr. Laps has also repeatedly blamed his former Israeli professors for his misfortune, claiming they were sabotaging his career because they are Arab Israelis rather than Jewish Israelis.

28. With respect to Dr. Laps' complaint about his requests for surveillance footage, this is presumably covered by Dr. Laps' RFP No. 22 to Stanford, which calls for "All video footage recorded by STANFORD's visual surveillance system inside 1701 Page Mill Road, Palo Alto, CA 94304 on August 14, 2024." As noted above, Stanford stated in its responses to RFP No. 22 that "no responsive, non-privileged documents concerning the requested footage were located following a diligent search and reasonable inquiry." We believe the "still photographs" described in "Plaintiff's Position" refer to images included in a report that Defendants produced (marked as STANFORD_00010891). This document is responsive to Dr. Laps' RFP No. 21, which calls for "DOCUMENTS sufficient to identify how STANFORD's visual surveillance system inside 1701 Page Mill Road, Palo Alto, CA 94304 operated on August 14, 2024, including but not limited to the location of all video recording devices within the interior of the building located at 1701 Page Mill Road, Palo Alto, CA 94304."

29. Later on July 31, 2026, Ms. Hooper provided a second draft of Dr. Laps' portion of the present joint discovery statement. In this draft, Dr. Laps requested an extension of the deposition deadline to September 25, 2026, because the U.S. Embassy in Brussels indicated it could not accommodate his remote deposition prior to September 10, 2026.

30. On August 7, 2026, Ms. Hooper provided a third draft of Dr. Laps' portion of the present joint discovery statement, as well as a declaration from Dr. Laps and another declaration from herself. In this draft and his declaration, Dr. Laps modified his request for a remote deposition and sought permission to attend the deposition from an unspecified location in Belgium instead of the U.S. Embassy in Brussels.

31. Dr. Laps' new proposed date for his deposition, September 21, is Yom Kippur, the holiest day of the Jewish calendar. Dr. Laps did not inquire whether Defendants were available on this date, and several of Defendants' counsel (including me) will be unavailable that day in observance of Yom Kippur.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 14th day of August 2026 in Milly Valley, California.

/s/ *Reid J. Schar*
Reid J. Schar

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

# EXHIBIT A

**From:** Schar, Reid J.
**To:** Kathleen Erskine
**Cc:** Talia Nissimyan; Ramsey, Alexander R.; Edelstein, Laurie J.; Michael Fisher
**Subject:** RE: Laps Deposition
**Date:** Wednesday, December 3, 2025 11:37:14 AM

Katy,

I'll send a zoom invite to this group for whomever would like to join.

Reid

**From:** Kathleen Erskine <kerskine@cohen-williams.com>
**Sent:** Wednesday, December 3, 2025 11:31 AM
**To:** Schar, Reid J. <RSchar@jenner.com>
**Cc:** Talia Nissimyan <tnissimyan@cohen-williams.com>; Ramsey, Alexander R. <ARamsey@jenner.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>; Michael Fisher <mfisher@cohen-williams.com>
**Subject:** Re: Laps Deposition

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Yes, I can do 2:00 tomorrow. Let me know if you'd like me to send an invite and invite this group or just call you directly.

Kathleen M. Erskine
Cohen Williams LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5166
Cell: 310-980-7207
Fax: 213-232-5167
kerskine@cohen-williams.com
www.cohen-williams.com/

On Wed, Dec 3, 2025 at 10:57 AM Schar, Reid J. <RSchar@jenner.com> wrote:

> Katy,
>
> Would between 1 and 2:30 pm tomorrow afternoon work?
>
> Reid
>
> **From:** Kathleen Erskine <kerskine@cohen-williams.com>
> **Sent:** Wednesday, December 3, 2025 10:21 AM
> **To:** Schar, Reid J. <RSchar@jenner.com>
> **Cc:** Talia Nissimyan <tnissimyan@cohen-williams.com>; Ramsey, Alexander R. <ARamsey@jenner.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>; Michael Fisher <mfisher@cohen-williams.com>

**Subject:** Re: Laps Deposition

**External Email - <u>Do Not Click</u>** Links or Attachments Unless You Know They Are Safe

Hi, Reid -

Further to our emails below, we've got more information now, and I think it would make sense for us to discuss what we've learned to complete our discussion regarding Dr. Laps's deposition. Please let me know what your schedule is like tomorrow for a call.

Regards,
Katy

Kathleen M. Erskine
Cohen Williams LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5166
Cell: 310-980-7207
Fax: 213-232-5167
kerskine@cohen-williams.com
www.cohen-williams.com/

On Tue, Nov 25, 2025 at 8:04 AM Kathleen Erskine <kerskine@cohen-williams.com> wrote:

> Hi, Reid -
>
> Thanks for your email. We are consulting with immigration counsel regarding the legal requirements applicable to Dr. Laps's return to the United States and whether he may return more than once, given that he may need to appear for both a deposition and a mediation in this case. We have not yet heard back, but I will let you know as soon as we have the information we'll need to be able to assess whether the dates you're targeting will be feasible. Given the holiday this week, I'm hoping that we'll have the information for you early next week.
>
> Regards,
> Katy

Kathleen M. Erskine
Cohen Williams LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5166
Cell: 310-980-7207
Fax: 213-232-5167
kerskine@cohen-williams.com
www.cohen-williams.com/

On Tue, Nov 25, 2025 at 7:53 AM Schar, Reid J. <RSchar@jenner.com> wrote:

Katy,

Following up on our conversation last week, please let us know the dates in January we discussed (Jan 26 -29) that will work for Dr. Laps' deposition. Please let us know as well if you have been able to confirm that Dr. Laps will be able to travel to California for his deposition.

Reid

---

**Reid J. Schar**

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 923 2629 | Tel
+1 312 956 7198 | Mobile

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708 | jenner.com
+1 628 267 6858 | Tel
RSchar@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

---

# EXHIBIT B

**From:** Schar, Reid J.
**To:** Kathleen Erskine
**Cc:** misom@grsm.com; Edelstein, Laurie J.; tnissimyan@cohen-williams.com; Michael Fisher; Reuven Cohen
**Subject:** RE: Laps v. Stanford --- Laps Deposition
**Date:** Thursday, December 18, 2025 5:10:09 PM

---

Katy,

Thank you for the update on the scheduling of Dr. Laps' deposition. Please let us know whether February 24 and 25 work for Dr. Laps' deposition.

To answer your questions about defendants' GO 71 production, we performed a diligent search and reasonable inquiry for documents responsive to each of the document categories identified in Part 2, Section 2 of G.O. 71, and all responsive non-privileged documents that were located were produced. We will be providing a privilege log within the next week for responsive documents withheld as privileged. As we previously stated, our production on December 12, 2025 did not include documents that may be covered by FERPA. Because the fall quarter for Stanford ended on December 12, 2025, and it is not reasonable to expect students to respond to a FERPA Notice over their break, we will be sending FERPA notices on January 5, 2026 when the students return and winter quarter begins.

Reid

---

**From:** Kathleen Erskine <kerskine@cohen-williams.com>
**Sent:** Wednesday, December 17, 2025 3:49 PM
**To:** Schar, Reid J. <RSchar@jenner.com>
**Cc:** misom@grsm.com; Edelstein, Laurie J. <LEdelstein@jenner.com>; tnissimyan@cohen-williams.com; Michael Fisher <mfisher@cohen-williams.com>; Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** Re: Laps v. Stanford --- Laps Deposition

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Hi Reid,

Thanks for your email and for your patience. Since we last spoke, we sought additional advice regarding whether a prior visa that Dr. Laps obtained in 2019, which states that it expires in 2029, would obviate the need for him to apply for a new B-1 visa, or whether it was superseded by the J-1 visa he subsequently obtained and which he terminated early. We are informed that the B-1 visa is sufficient to allow him to travel to the United States.

In terms of scheduling, my February trial will not be continued after all. Therefore,

either Reuven Cohen or Marc Williams will defend Dr. Laps's deposition, and both are going to be out of the country the week of January 26, returning in the second week of February. Can you suggest potential dates in that time frame?

On a related matter, Defendants' Friday filing of their "Proposal for a Rolling Document Production" and GO 71 production have caused some uncertainty that we'd like to clear up. The filing appears contrary to what the Court directed at our October 7 Case Management Conference in a number of ways. During that conference, Defendants asked Magistrate Judge van Keulen for the opportunity to make rolling productions into the future and without a deadline; the Court rejected the request, stating that the GO 71 production "needs a deadline." Defendants wanted 120 days; the court rejected it and ordered 60. Defendants raised concern about their ability to meet this timeline, but the Court was not amenable, and directed that Defendants must "get in and identify the documents that impact claims and defenses" and "get those along to production, so that Plaintiff can look at them and have a more efficient round of RFPs." The Court offered that a "modest extension" in the ballpark of a few days would be something the parties could work out amongst ourselves and submit a joint stipulation following a meet and confer -- which the Court was clear it would "expect" in this circumstance -- "but [the Court] want[s] a meaningful deadline." Defendants asked again to delay, should the protective order remain pending; the Court was clear that too "should not hold up production."

Defendants did not ask to meet and confer or request any extension of time to make further rolling productions, , so we were surprised at your unilateral filing. Defendants stated that only "non-privileged documents" responsive to GO 71 were produced, but we did not receive a privilege log with Defendants' production. Will you be providing one?

Defendants' filing also states that the production would include responsive documents "with the exception" of those protected by FERPA, but Defendants have not notified Plaintiff of any FERPA notifications (which is required under the Protective Order "promptly, and in all events within 24 hours.").

We had understood from my email exchange with Laurie that Defendants would be meeting their GO 71 obligations on 12/12. But it seems that if that was accurate, no filing would have been necessary. Are Defendants claiming to have met those obligations, or not? Are Defendants withholding documents responsive to GO 71, and if so, on what grounds? Did Defendants' diligent search and reasonable inquiry identify FERPA records requiring notification? If so, why has notification not been made?

We appreciate that later discovery may uncover documents that are technically responsive to GO 71 -- this is not a serious issue if Defendants are confident their process was diligent, reasonable, defensible and timely completed. Either Defendants performed adequate searches for this material, reviewed it, produced what was responsive or identified a lawful basis to withhold what was responsive, or they have not.

As I am sure you can appreciate, Dr. Laps's deposition and Defendants' production issues are linked; we will expect to have the ability to prepare our client prior to his deposition, which includes being able to review all GO 71 responsive documents.

We would appreciate your clarifying that all appropriate GO 71 searches were performed, all responsive documents have been produced, that if any responsive privileged documents have been withheld, we will receive a privilege log within the next week, and also clarification regarding the representation in Friday's filing documents that Defendants' GO 71 production excludes documents that may be covered by FERPA.

Thank you,
Katy

Kathleen M. Erskine
Cohen Williams LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5166
Cell: 310-980-7207
Fax: 213-232-5167
kerskine@cohen-williams.com
www.cohen-williams.com/

On Wed, Dec 17, 2025 at 8:40 AM Schar, Reid J. <RSchar@jenner.com> wrote:

Katy,

Following up on our prior calls and the email below. Thank you.

Reid

**From:** Schar, Reid J. <RSchar@jenner.com>
**Sent:** Thursday, December 11, 2025 4:11 PM
**To:** kerskine@cohen-williams.com
**Cc:** misom@grsm.com; Edelstein, Laurie J. <LEdelstein@jenner.com>; tnissimyan@cohen-williams.com; Michael Fisher <mfisher@cohen-williams.com>
**Subject:** Laps v. Stanford --- Laps Deposition

Katy,

I am following up on our call from last Thursday. Please let us know if the dates in January that we discussed (January 26-29) will work for Dr. Laps' in-person deposition. We also

understood from our call last week that Dr. Laps would be applying for a visa with the Berlin Consulate to ensure entry into the United States. Can you confirm that this is in process?

Thanks.

Reid

---

**Reid J. Schar**

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 923 2629 | Tel
+1 312 956 7198 | Mobile

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708 | jenner.com
+1 628 267 6858 | Tel
RSchar@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

---

# EXHIBIT C

# EXHIBIT C

525 MARKET STREET, 29TH FLOOR SAN FRANCISCO, CA 94105-2737

JENNER&BLOCK LLP

August 7, 2026

Reid Schar
Tel +1 312 923 2629
RSchar@jenner.com

**VIA EMAIL**

Angela Hooper
Ameet Sharma
757 Miller Avenue
Chico, CA 95928
a.hooper@omnifirms.com
ameet@omnifirms.com

Re: ***Laps v. The Leland Stanford Junior University, et al.*, Case No. 25-cv-5767 (N.D. Cal.)**

Dear Counsel:

We write in response to your August 6, 2026 letter. Nothing in your letter bears on the issue actually in dispute between the parties: the scheduling of Dr. Laps' deposition the Court ordered to take place by August 28, 2026. The purported deficiencies your letter identifies are either speculative (as you concede) or were resolved months ago, and none provides a basis to delay Dr. Laps' court-ordered deposition.

With respect to purported communications between Dr. Chou and various labs to which Dr. Laps applied for postdoctoral positions, your letter is based entirely on speculation derived from a flawed premise. You claim that "[a]lmost every opportunity [to which Dr. Laps applied] ended at the reference stage." But Dr. Laps' produced documents show the opposite: most of the labs to which he applied either had no postdoc positions available (*e.g.*, LAPS_001238, LAPS_001786, LAPS_001769, LAPS_006188, LAPS_006199) or did not respond to Dr. Laps at all (*e.g.*, LAPS_006076, LAPS_006078, LAPS_006123, LAPS_006130, LAPS_006137, LAPS_006157, LAPS_006164, LAPS_006169, LAPS_006178, LAPS_006182, LAPS_006196). None of Dr. Laps' produced communications about his job applications indicates that any lab reached out to Dr. Chou for a reference check, and only a few reflect that Dr. Laps provided Dr. Chou as a reference — perhaps not surprising given Dr. Laps had recently and repeatedly defamed Dr. Chou by accusing him of antisemitism. If Dr. Laps has additional documents showing that a lab reached out to Dr. Chou or that Dr. Laps provided Dr. Chou as a reference, he must produce them pursuant to General Order ("G.O.") 71, part 1, section 2.h.

Defendants' review to date further confirms that your contention that such communications "presumably" exist is baseless. Defendants have identified no communications between Dr. Chou and *any* of these prospective employers concerning Dr. Laps. Defendants are not withholding any documents; Defendants have not located any such documents after a reasonable search and diligent inquiry.

You also refer back to the January 2026 letters from Dr. Laps' prior counsel as evidence of additional deficiencies in Defendants' productions, although you do not specify any you believe are unresolved. The issues raised in those letters are not only irrelevant to Dr. Laps' deposition but were addressed months ago. Defendants responded to the January 5, 2026 letter during the parties' January 20, 2026 meet and confer and in a January 26, 2026 letter, and responded to the January 30, 2026 letter in a February 13, 2026 letter. Copies of both responses are enclosed. We presume you already have these letters as part of the case file and are surprised you did not acknowledge them in yesterday's letter.

Defendants also resolved many of the issues Dr. Laps' prior counsel raised related to Defendants' first production (*i.e.*, the G.O. 71 production on December 12, 2025) in Defendants' subsequent six productions—among other things, Defendants corrected the typical technical collection and processing issues often identified and resolved following an initial production, produced responsive documents from Dr. Chou's email and mobile phone data, and re-produced the Slack data as individual JSON/RSMF files as Dr. Laps requested. Your letter does not acknowledge, much less engage with, that record.

None of these claimed deficiencies are relevant to Dr. Laps' deposition, which the Court ordered to take place by August 28, 2026 and which is currently noticed for August 26 and 27, 2026 in San Francisco. As we stated in our August 1, 2026 email, Dr. Laps will be deposed based on his personal knowledge. The purported deficiencies in Defendants' document production have no bearing on *Dr. Laps'* knowledge of the events and allegations underlying his complaint. If Dr. Laps does not know something when asked, he can say that. Meanwhile, consistent with their discovery obligations, Defendants have already produced over 1,500 documents for which Dr. Laps is a custodian (as indicated in the CustodianAll field), which he can use to prepare for his deposition. Dr. Laps does not need and is not entitled to Defendants' "complete production" before being deposed, and you provide no authority supporting such a sweeping assertion. To the contrary, it is well established that a party cannot stonewall its opponent's discovery requests solely because the party has not "obtained to its satisfaction other discovery." *Kern Strike Advisory, LLC*, 2025 WL 1723146, at *1 (C.D. Cal. Jan. 2, 2025).

As we have previously explained, Defendants are continuing to collect, review, and produce documents responsive to Dr. Laps' requests for production and will continue to produce documents on a rolling basis. We are willing to meet and confer about any specific issues you have with our production. But again, none of the issues you raise in your letter excuses Dr. Laps from complying with the Court's order that he appear for his deposition by August 28, 2026.

Accordingly, Defendants do not agree to your proposals. The Court has ordered Dr. Laps to appear for his deposition by August 28, 2026, and his deposition remains noticed for August 26 and 27, 2026 in San Francisco, although you still have not confirmed that Dr. Laps will attend in person should the Court deny your request for a protective order to allow the deposition to proceed remotely. To the extent fees and costs are incurred and Dr. Laps does not comply with the court order, we reserve all rights related to the recovery of such fees and costs.

Sincerely,

Reid Schar

525 MARKET STREET, 29TH FLOOR SAN FRANCISCO, CA 94105-2737

JENNER&BLOCK LLP

January 26, 2026

Reid Schar
Tel +1 312 923 2629
RSchar@jenner.com

**VIA EMAIL**

Kathleen Erskine
Talia Nissimyan
Michael Fisher
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
kerskine@cohen-williams.com
tnissimyan@cohen-williams.com
mfisher@cohen-williams.com

Re: ***Laps v. The Leland Stanford Junior University, et al.*, Case No. 25-cv-5767 (N.D. Cal.): January 20, 2026 Meet and Confer**

Dear Counsel:

This letter memorializes our discussion on January 20, 2026 about the issues raised in your January 5, 2026 letter concerning Stanford's and Dr. Chou's G.O. 71 document production.

As we explained on the call, while investigating some of the questions you raised, we discovered issues with the collection and processing of documents for production. As a result of these issues, documents and metadata were inadvertently excluded from our G.O. 71 production on December 12, 2025. Neither our firm nor our clients were aware of these issues at the time the production was made. To our knowledge, no data was lost and the problem was limited to collection and processing. We have been working diligently to ensure all materials responsive to G.O. 71 are produced as quickly as possible. The production we made on January 20, 2026 included some G.O. 71 materials and updated metadata; we are continuing to search, review, and double-check the data, and will make additional productions, as necessary, in short order.

We also discussed several more specific concerns you raised.

**1. Emails Where Dr. Laps Was Not a Sender or Recipient**

We clarified on the call that our search for responsive documents was not limited to Dr. Laps' email box. We produced a number of emails where Dr. Laps was neither a sender nor recipient. Additionally, the metadata for many of the emails for which he was a sender or recipient

indicates that there were multiple custodians—meaning that even though we may only have produced one copy of the email, we collected it from more than one custodian.

We also explained that to ease the burden of your review, we tried to produce only the most inclusive emails instead of all of the lesser included emails, as permitted under Section 6(j) of the ESI Order. Additionally, some emails discussing Dr. Laps' complaints or the complaints made about him were withheld pending the FERPA notice process. Others were withheld because they are privileged. It is possible that due to the issues with our initial production we may produce additional internal emails about Dr. Laps, but these other reasons likely explain why you expected more emails than you received.

**2. Emails Involving Mr. Gurza and Ms. Truong**

G.O. 71.a.ii calls for the production of all communications "among or between" the Plaintiff's supervisor and/or the Defendants' "human resources representatives" concerning the factual allegations or claims at issue in this lawsuit. You asked why communications with Mr. Gurza and Ms. Truong were not included in the production. We explained that we did not consider Mr. Gurza and Ms. Truong to fall within the scope of GO 71.a.ii because they were not the human resources representatives responsible for handling Dr. Laps' appointment or the complaints by and about him. They work for Stanford University's human resources group, not the School of Medicine's human resources group, and they did not have any substantive involvement in the issues in this litigation. In any event, you have now served broader RFPs that will presumably capture the few communications they are on that mention Dr. Laps.[1]

**3. Slack Messages**

As discussed, Slack messages have been preserved, collected, and reviewed beyond those originating from Dr. Laps' Slack account. Several responsive Slack messages were withheld from Stanford's and Dr. Chou's G.O. 71 production because those messages implicated FERPA, and they will be produced with the other withheld FERPA materials. As we discussed, Slack messages are collected as single documents containing all individual messages (potentially spanning years), rather than as individual documents for each message. We initially withheld entire Slack chains that contained FERPA-protected information because our vendor could not extract relevant portions; we've since worked with them on that process and were able to include some responsive excerpts in the January 20, 2026 production.

With respect to "attachments" to Slack messages, we did not withhold attachments. As we discussed, documents shared in Slack messages are not true "attachments" as would be the case,

[1] Your letter also mentions an email between Dr. Chou and Ms. Murphy referenced in STANFORD_00000790-791. That email was inadvertently omitted from the initial production due to the issues mentioned above and was produced on January 20, 2026.

for example, with email. A Slack user uploads documents to Slack which then may be shared with other Slack users or not. A document shared via Slack does not share a parent/child relationship with the Slack chain for ESI processing purposes. This means that although documents shared via Slack have been collected and reviewed for responsiveness, there is no easy way to connect the uploaded Slack documents to chains on which they are shared. We can investigate and identify shared documents, but it is a cumbersome process that takes time. The documents attached to the chain referenced in your letter are non-responsive photographs and handwritten notes. If there are particular Slack chains referencing shared documents that you would like us to help identify, please let us know.

**4. Email PDFs Not Produced in Native Format**

Consistent with the ESI Order, we produced emails (and all documents) in native format. As we noted, the single email to which you refer to in your letter, STANFORD_00000870, was obtained from Dr. Laps' Stanford personnel file, where it had been saved as a standalone PDF.[2]

**5. Confidentiality Designations**

The G.O. 71 production was not "mass-designated confidential." Most of the documents included in the production are personnel files, communications regarding research efforts, and communications including personally identifiable information, and thus were appropriately designated confidential. As discussed, we made these determinations on a document-by-document basis. Additionally, please note:

- Slipsheets in the production are marked confidential where the underlying native file is confidential;

- The photographs of black plastic card readers were designated as "Confidential" out of an abundance of caution to avoid potentially disclosing information regarding Stanford's security systems;

- The document reflecting Dr. Laps' "Research Strategy" was marked "Confidential," as opposed to "Highly Confidential – Attorneys' Eyes Only" because Dr. Laps already has seen it. This designation is consistent with the Protective Order's definition of "Highly Confidential – Attorneys' Eyes Only," which includes "trade secret or other confidential research, development, or commercial information **to which the Receiving Party [*i.e.*, Plaintiff] did not have access or knowledge of prior to disclosure by the Designating Party**." Protective Order § 2.9 (emphasis added).

---

[2] Plaintiff's G.O. 71 production also contains emails produced in PDF format. *E.g.*, LAPS_001088. We assume this was for the same reason: these were emails saved as standalone PDF documents.

**6. Privilege Log**

We provided a categorical privilege log as Section 8(b) of the ESI Order expressly allows. We construe Plaintiff's complaints about the categorical log as a request for an itemized log. We will provide one by Friday, February 6.

**7. Plaintiff's G.O. 71 Production, Disclosures, and Deposition**

We also discussed on the call a few discrete issues relating to Plaintiff's G.O. 71 production and witness disclosure. We observed that Plaintiff's production did not appear to include any documents discussing Plaintiff's "income and benefits" from his employment at the University of Freiburg. *See* G.O. 71.h. You agreed to go back and discuss this issue with Dr. Laps. You also agreed to check whether LAPS_001320 was produced in the form in which it was obtained or whether it was rendered incorrectly by your vendor. Additionally, we explained that Rabbi Feldman's counsel told us that Rabbi Feldman will not be a witness in this matter, and you agreed to get back to us on whether you would be withdrawing him from your disclosures. Finally, you assured us that Dr. Laps intends to appear for his deposition and stated that you would get back to us with his and your availability.

We are happy to further discuss these issues.

Sincerely,

Reid Schar

525 MARKET STREET, 29TH FLOOR SAN FRANCISCO, CA 94105-2737

JENNER&BLOCK LLP

February 13, 2026

Reid Schar
Tel +1 312 923 2629
RSchar@jenner.com

**VIA EMAIL**

Kathleen Erskine
Talia Nissimyan
Michael Fisher
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
kerskine@cohen-williams.com
tnissimyan@cohen-williams.com
mfisher@cohen-williams.com

Re: ***Laps v. The Leland Stanford Junior University, et al.*, Case No. 25-cv-5767 (N.D. Cal.)**

Dear Counsel:

We write in response to your letter dated January 30, 2026.

**1. Dr. Laps' Physical Condition**

We appreciate you notifying us of Dr. Laps' physical condition. We would like a better understanding of what Dr. Laps' condition means for his deposition, the upcoming mediation, and the case schedule generally. Specifically:

- Is a March deposition date in California possible?
- If March is not possible, please let us know when Dr. Laps will be available for his deposition and whether you anticipate the deposition taking place over multiple days with more limited sessions to accommodate Dr. Laps' inability to sit for long periods of time?
- Does Dr. Laps plan to attend the mediation on March 27?
- When did Dr. Laps' spinal injury occur, and do you have an update on whether he will require surgery, when that surgery is expected to occur, and how long after the surgery he expects to be unavailable?

We understand the situation may be dynamic.

**2. Plaintiff's Income and Benefits Documents**

Your letter notes that Dr. Laps' benefits "are determined by public Collective Bargaining Agreement(s)." However, Plaintiff's February 2, 2026 document production did not include copies of any of these agreements. Based on your representation, these documents are responsive to G.O. 71.h. Please produce them.

**3. Slack Messages**

We discussed our production of Slack messages during the January 20, 2026 call and in our January 26, 2026 letter to address your unsupported concerns that Stanford was withholding Slack messages and/or attachments. Your characterization of our conversation is inaccurate, and we object to your twisting of our discussion to support some sort of claim that our firm or our vendor improperly manipulated the messages or altered the metadata before producing the Slack messages. We understand that Slack data can be exported either as TXT files or as JSON files, as explained in the links you sent.[1] In our experience, when Slack messages are exported as JSON files of individual messages, it is burdensome for the parties to reconstruct the messages into a usable conversation format. Instead of doing that, we exported and processed the Slack messages as TXT files, which preserves the full chains. We then excerpted and produced full discussions from those longer chains that were responsive to G.O. 71. Although unclear, your letter seems to contend we should have exported the Slack data as JSON files, and that if we had exported the Slack data as JSON files, the attachments would have a parent-child relationship to the individual messages. To address what we understand to be a request for JSON files, we will re-export the previously produced Slack communications as JSON files, and we will export the Slack data as JSON files going forward.[2]

**4. Document Production**

We also object to your insinuation that we engaged in some type of unspecified misconduct in connection with Defendants' G.O. 71 production. It is common for issues to arise when collecting and producing massive amounts of data from a large institution. You brought a concern to our attention, and we promptly addressed it. Defendants' prior productions contained the remaining documents responsive to G.O. 71 that were located during Defendants' diligent search and reasonable inquiry. We are now in the process of collecting and reviewing documents and data

[1] As noted by one of the articles your letter cited, Slack data can be exported either as JSON files or as TXT files. *See* https://slack.com/help/articles/220556107-How-to-read-Slack-data-exports.
[2] To display the JSON files for review and production, the JSON files will be converted to the Relativity Short Message Format (RSMF) during processing.

in connection with your requests for production. As we work through those requests, it is possible, as it is with any ongoing document collection and production process, that we will identify and produce additional documents that one might argue fall within the categories listed in G.O. 71. We do not agree that Dr. Laps can refuse to be deposed indefinitely while you continue to "assess" the G.O. 71 production and analyze it for alleged deficiencies or to wait for all document production to be completed.

With respect to your inquiry about documents withheld pending FERPA notices, Defendants produced the documents previously withheld pursuant to FERPA. To date, Defendants have not sent out any additional FERPA notifications.

Finally, a native version of the PDF document previously produced as STANFORD_00000870 is included in Vol. 004, as STANFORD_00003897. A version of this email that Dr. Laps forwarded to himself is also included in Vol. 004, as STANFORD_00004010.

Sincerely,

Reid Schar

# EXHIBIT D

**From:** Angela Hooper
**To:** Schar, Reid J.
**Cc:** Derek Adams; misom@grsm.com; cshahkar@grsm.com; Edelstein, Laurie J.; Ramsey, Alexander R.; Ameet Sharma; Julian Stewart
**Subject:** Re: Laps v. Stanford --- Shay Laps Deposition
**Date:** Monday, July 20, 2026 6:35:22 PM

---

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

How does 11 tomorrow work?

On Mon, Jul 20, 2026 at 11:06 AM Schar, Reid J. <RSchar@jenner.com> wrote:

> Angela,
>
> We would like to meet and confer related to the issues in the joint statement. At your earliest convenience, please provide us with your availability over the next few days for a call and we will set up a Zoom.
>
> Reid
>
> ---
>
> **From:** Angela Hooper <a.hooper@omnifirms.com>
> **Sent:** Friday, July 17, 2026 10:12 AM
> **To:** Schar, Reid J. <RSchar@jenner.com>
> **Cc:** Derek Adams <d.adams@omnifirms.com>; misom@grsm.com; cshahkar@grsm.com; Edelstein, Laurie J. <LEdelstein@jenner.com>; Ramsey, Alexander R. <ARamsey@jenner.com>; Ameet Sharma <ameet@omnifirms.com>; Julian Stewart <j.stewart@omnifirms.com>
> **Subject:** Re: Laps v. Stanford --- Shay Laps Deposition
>
> **External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**
>
> Good morning,
>
> I plan to submit the joint statement as soon as possible so that we can get a definitive decision from the court.

Let me confirm with Dr. Laps one more time before we schedule his in-person deposition for the 26th or 27th.

Can you get me dates for Dr. Chou's deposition? Preferably early August. We can schedule the deposition conveniently close to his residence.

Thank you.

On Fri, Jul 17, 2026 at 10:01 AM Schar, Reid J. <RSchar@jenner.com> wrote:

> Angela,
>
> Because the Court may deny Dr. Laps' request for a remote deposition, we need to also plan for the in-person deposition currently ordered. We would like to begin the process so we can timely make arrangements such as choosing a court reporter. We see in your draft that you propose August 26 and 27, 2026, for a remote deposition. If the Court denies Dr. Laps' request, are those dates he can also appear for an in-person deposition?
>
> Also, could you let us know when you intend to file the joint statement? Do you intend to file on August 14 or do you intend to file earlier? The earlier we can obtain a decision from the court on this issue the easier planning will be for all parties.
>
> We are happy to meet and confer with you on these and any other issues.
>
> Reid
>
> ---
>
> **From:** Angela Hooper <a.hooper@omnifirms.com>
> **Sent:** Thursday, July 16, 2026 3:07 PM
> **To:** Schar, Reid J. <RSchar@jenner.com>
> **Cc:** Derek Adams <d.adams@omnifirms.com>; misom@grsm.com; cshahkar@grsm.com;

Edelstein, Laurie J. <LEdelstein@jenner.com>; Ramsey, Alexander R. <ARamsey@jenner.com>; Ameet Sharma <ameet@omnifirms.com>; Julian Stewart <j.stewart@omnifirms.com>
**Subject:** Re: Laps v. Stanford --- Shay Laps Deposition

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Reid,

Enclosed is a rough draft of our joint discovery statement regarding the intention to seek a protective order for Dr. Lap's remote deposition.

We will update several areas as we continue to meet and confer on this issue. We are still awaiting a response from the US Embassy in Brussels regarding our request to have an oath administered for a voluntary deposition. Once I confirm with the Embassy their availability, I will send you proposed back to back dates.

Thank you.

On Wed, Jul 15, 2026 at 4:26 PM Angela Hooper <a.hooper@omnifirms.com> wrote:

> Good afternoon Reid,
>
> Pursuant to the court's order, we are preparing a joint statement outlining our position and the good cause for requesting a remote deposition for Dr. Laps. For the remote deposition, Dr. Laps will travel to Brussels, Belgium where an oath can be administered, allowing you to perform the deposition remotely without any of the concerns you raised regarding Germany's oath administration. This will be more cost effective for Dr. Laps, and will alleviate his safety concerns regarding travel to the US.
>
> We will provide you with a rough draft of our position in the joint statement to you by tomorrow; this draft will be subject to change.
>
> Thank you.

On Wed, Jul 15, 2026 at 4:19 PM Schar, Reid J. <RSchar@jenner.com> wrote:

Angela,

In light of the Court's order, which requires Dr. Laps to appear for deposition as presently noticed, please provide Dr. Laps' availability before August 28 for his deposition in San Francisco. We need to lock those dates in even if Dr. Laps plans to move for a protective order for a remote deposition because the Court could deny the motion for a protective order.

Also, for planning purposes, please let us know by July 31, 2026 if Dr. Laps plan to move for a protective order for a remote deposition.

We are happy to meet and confer on any issues regarding the deposition.

Best,

Reid

**Reid J. Schar**

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 923 2629 | Tel
+1 312 956 7198 | Mobile

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708 | jenner.com
+1 628 267 6858 | Tel
RSchar@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

--

Angela Hooper, Esq.

757 Miller Avenue
Chico, CA 95928

Office: 916-932-8928

Cell: 530-680-4689

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure**-** To comply with Treasury Department regulations, we inform you that, unless expressly stated otherwise in this email or in any attachment to it or in a subsequent written communication from the Law Firm to you, any tax advice in this email or any attachment is not intended to be and cannot be used for the purpose of (1) avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law or (2) promoting, marketing, or recommending to another party any transaction, arrangement, or other matter.

--

Angela Hooper, Esq.

757 Miller Avenue
Chico, CA 95928

Office: 916-932-8928

Cell: 530-680-4689

> Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.
>
> IRS Circular 230 Disclosure**-** To comply with Treasury Department regulations, we inform you that, unless expressly stated otherwise in this email or in any attachment to it or in a subsequent written communication from the Law Firm to you, any tax advice in this email or any attachment is not intended to be and cannot be used for the purpose of (1) avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law or (2) promoting, marketing, or recommending to another party any transaction, arrangement, or other matter.

--

Angela Hooper, Esq.

757 Miller Avenue
Chico, CA 95928

Office: 916-932-8928

Cell: 530-680-4689

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

> IRS Circular 230 Disclosure**-** To comply with Treasury Department regulations, we inform you that, unless expressly stated otherwise in this email or in any attachment to it or in a subsequent written communication from the Law Firm to you, any tax advice in this email or any attachment is not intended to be and cannot be used for the purpose of (1) avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law or (2) promoting, marketing, or recommending to another party any transaction, arrangement, or other matter.

--

Angela Hooper, Esq.

757 Miller Avenue
Chico, CA 95928
Office: 916-932-8928
Cell: 530-680-4689

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure**-** To comply with Treasury Department regulations, we inform you that, unless expressly stated otherwise in this email or in any attachment to it or in a subsequent written communication from the Law Firm to you, any tax advice in this email or any attachment is not intended to be and cannot be used for the purpose of (1) avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law or (2) promoting, marketing, or recommending to another party any transaction, arrangement, or other matter.

# EXHIBIT E

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

The Honorable Susan van Keulen

**DEFENDANTS' AMENDED NOTICE OF DEPOSITION OF DR. SHAY LAPS**

Date: August 26 and 27, 2026
Time: 9:00 a.m.
Location: JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**TO PLAINTIFF AND HIS COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou ("Defendants"), by and through their attorneys, will take the deposition of Plaintiff Dr. Shay Laps at the office of Jenner & Block LLP, 525 Market Street, 29th Floor, San Francisco, CA 94105, commencing at 9:00 a.m. Pacific Time on August 26 and 27, 2026, and continuing from day to day (excluding Saturdays, Sundays, and legal holidays) until completed. The deposition will be taken upon oral examination before a court reporter authorized to administer oaths under the laws of the State of California.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(3), the deposition will be videotaped and recorded by an officer duly qualified to administer oaths, and will be recorded stenographically, through the instant visual display of testimony and/or by videotape. Defendants reserve the right to use the recorded testimony at trial. The deposition will be taken in accordance with and for all purposes permissible under the Federal Rules of Civil Procedure.

Dated: July 28, 2026 JENNER & BLOCK LLP

By: */s/ Reid J. Schar*

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2026, I served the foregoing **NOTICE OF DEPOSITION OF DR. SHAY LAPS** on counsel of record for Plaintiff via electronic mail, as follows:

Angela M. Hooper
Ameet Sharma Attorney at Law
757 Miller Avenue
Chico, CA 95928
a.hooper@omnifirms.com
ameet@omnifirms.com

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on July 28, 2026, in San Francisco, California.

By: *<u>/s/ Nicole Widra</u>*

# EXHIBIT F

**From:** Angela Hooper
**To:** Schar, Reid J.
**Cc:** ameet@omnifirms.com; Derek Adams; misom@grsm.com; cshahkar@grsm.com; Edelstein, Laurie J.; Ramsey, Alexander R.; Julian Stewart
**Subject:** Re: Laps v. Stanford --- Shay Laps Deposition
**Date:** Friday, July 31, 2026 9:50:15 AM
**Attachments:** Laps Resp Interrogs Set One Signed.pdf
Laps Resp RFP Set One Signed.pdf

---

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Good morning Reid,

Enclosed are Dr. Laps' responses to the Defendant's discovery.

I am combining the records into a folder using my ESI software and will send a link here shortly.

We have updated our joint discovery statement. There have been a few new developments, and we have added new issues that we would like the Court to address.

After reviewing the document production, we believe that Defendants failed to produce responsive documents to requests nos. 16, 18, 19, 22, and 31. These documents are central to the Plaintiff's defamation claim. We know that these documents exist, yet they have not been produced. For example, Dr. Laps applied to over 50+ postdoctoral positions with other universities. Many of the applications reached the reference stage, at which time the hiring individual customarily reaches out to Dr. Laps' previous PI, Danny Chou. After this occurred, every single application was denied despite the process showing ultimate potential up to that point. Communications between Danny Chou and the prospective employers have not been produced. Additionally, regarding the alleged "sexual misconduct" report, we have not received any other email communications, WhatsApp messages, internal messages, or other correspondence from Dr. Rosen. Additionally, regarding the alleged "sexual misconduct" report, we have not received any other email communications, WhatsApp messages, or internal correspondence from Dr. Ojo, Danny Chou, Heather Tran, or a person named Ying that must exist. Additionally we have not received all communications—email, WhatsApp, internal, or otherwise—from Chou, Ojo, Terra Lin, Rosen, other Chou Lab members... regarding Dr. Laps - whether he is specifically identified or just implicated. Moreover, the still pictures of the lab that were produced are from a date in April 2026 - We specifically requested video footage for August 14, 2024 at 3:00 pm. What is the relevance of a still shot from 2026?

This document production was due a while ago - and due to prior counsel's withdrawal - these discovery issues had fallen by the wayside. These issues must be resolved prior to Dr. Lap's deposition. Furthermore, Dr. Chou's deposition must occur before Dr. Laps' deposition. This should be the order in which these depositions occur, otherwise Dr. Laps will be prejudiced into testifying to events that are strictly within Defendant's possession that have been withheld to this point. We should have these documents before Dr. Laps provides two days of testimony.

Dr. Laps will require a Hebrew interpreter for his deposition. I have received communication from Brussels' US Embassy and they have no availability prior to August 28, 2026, which is another reason we need to postpone Dr. Laps' deposition.

We are finalizing our second draft of the joint statement and will send it to you by end of day. I plan on submitting the statement to the court next week so these issues can be addressed sooner rather than later. Let me know if that timing works for you.

Thank you.

On Wed, Jul 29, 2026 at 9:22 AM Schar, Reid J. <RSchar@jenner.com> wrote:

> Angela,
>
> As it has been a week since our meet and confer, we write to follow up on the following outstanding items:
>
> 1. Has the Embassy in Brussels or the Netherlands agreed to accommodate Dr. Laps' deposition? If so, have they provided hours during which a deposition must take place?
> 2. Is Dr. Laps willing to sit for an in-person deposition in Jenner's offices in Los Angeles, Chicago, New York, or Washington D.C. in lieu of requesting a remote deposition?
> 3. Will Dr. Laps need an interpreter for his deposition?
> 4. When do you plan to file the joint statement and share an updated version of your portion?
>
> Please provide an update as soon as possible and no later than this Friday, July 31. Thank you.
>
> Reid

**Reid J. Schar**

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 923 2629 | Tel
+1 312 956 7198 | Mobile

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708 | jenner.com
+1 628 267 6858 | Tel
RSchar@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

--
Angela Hooper, Esq.

757 Miller Avenue
Chico, CA 95928
Office: 916-932-8928
Cell: 530-680-4689

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure**-** To comply with Treasury Department regulations, we inform you that, unless expressly stated otherwise in this email or in any attachment to it or in a subsequent written communication from the Law Firm to you, any tax advice in this email or any attachment is not intended to be and cannot be used for the purpose of (1) avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law or (2) promoting, marketing, or recommending to another party any transaction, arrangement, or other matter.

# EXHIBIT G

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

The Honorable Susan van Keulen

**DEFENDANT THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY'S RESPONSES AND OBJECTIONS TO PLAINTIFF SHAY LAPS' FIRST SET OF REQUESTS FOR PRODUCTION**

Action Filed: July 10, 2025

PROPOUNDING PARTY: Plaintiff Shay Laps

RESPONDING PARTY: Defendant The Board of Trustees of the Leland Stanford Junior University (named as The Leland Stanford Junior University)

SET NUMBER: ONE

Pursuant to Federal Rule of Civil Procedure 34(b)(2), defendant The Board of Trustees of the Leland Stanford Junior University (named as The Leland Stanford Junior University) ("Stanford") responds and objects to plaintiff Shay Laps' First Set of Requests for Production as follows:

**PRELIMINARY STATEMENT**

Stanford's responses are based on documents and information known or reasonably available to Stanford at the time of these responses and represent a diligent and good faith effort to respond to the plaintiff's document requests based on Stanford's investigation to date.

Stanford's responses are not intended to and shall not preclude Stanford from relying upon facts, information, and documents uncovered during ongoing discovery and investigation related to this action. As discovery is ongoing and continuing with respect to each of the categories of information sought by the document requests, without assuming a duty to do so, Stanford reserves the right to supplement and/or amend these responses at any time up to and including the trial of this action.

No response shall be deemed to constitute an agreement or concession that the subject matter is relevant to this action, and all responses are provided without waiving, or intending to waive, any objection as to relevance, privilege, or admissibility. Stanford reserves its right to challenge the competency, relevancy, materiality, and admissibility at trial, or any subsequent proceeding, of this or any other action, of any information it provides in response to these document requests.

In stating that Stanford will comply by producing non-objectionable, non-privileged, responsive documents, Stanford is not representing that such documents exist. Rather, Stanford is representing that if after a diligent search and reasonable inquiry such documents exist, they will be produced. Stanford will produce the documents on a rolling basis.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

## GENERAL OBJECTIONS

1. Stanford objects to the Requests and will not produce information responsive to them to the extent they purport to impose obligations and require procedures beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of the Northern District of California.

2. Stanford objects to the Requests to the extent they are vague, ambiguous, or incomprehensible.

3. Stanford objects to the Requests to the extent they are overbroad in scope or time period.

4. Stanford objects to the Requests to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence or relevant to any party's claims or defenses in this action.

5. Stanford objects to the Requests to the extent they seek information that is not proportional to the needs of the case.

6. Stanford objects to the Requests and will not produce information responsive to them to the extent they seek information which, if produced, would violate any right of privacy guaranteed by law to Stanford, present or former employees of Stanford, or any third party.

7. Stanford objects to the Requests and will not produce information responsive to them to the extent they purport to require the production of information that is not presently within Stanford's possession, custody, or control, is publicly available, is equally available to plaintiff, or is duplicative of information already produced in the litigation. Stanford is under no obligation to search for or produce information not in Stanford's possession, custody, or control, and does not take on any obligation to do so.

8. Stanford objects to the Requests to the extent they seek documents or information that come within the scope of the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the joint litigation privilege, the settlement privilege, or any other applicable privilege or immunity. Stanford intends to and does claim all applicable privileges with respect to all such information. Inadvertent production of such information will not constitute a waiver of any privilege or of any other ground for objection to provision of such information.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Inadvertent production also will not waive Stanford's right to object to the use of any such information in this or any other proceeding.

9. Stanford objects to the Requests to the extent they seek the production of documents containing confidential information. To the extent it is required to do so, Stanford produces such documents subject to the Protective Order (ECF No. 47) entered in this matter.

10. Stanford reserves the right to assert additional objections as appropriate and to supplement these objections if Stanford deems necessary. Stanford undertakes no obligation, however, to supplement or amend other than may be required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and any order of the Court in this matter.

11. All of the foregoing objections are incorporated into each response below as though fully set forth. Although in certain responses Stanford has restated one or more of the general objections, all of the general objections are intended to be and are set forth as part of the response to each request.

## OBJECTIONS TO DEFINITIONS

1. Stanford objects to plaintiff's definitions to the extent they purport to alter the plain, ordinary meaning of words and impose undue burden. Any response, production of documents, or provision of information in response to the Requests incorporating the definitions is not intended to provide, and shall not be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

2. Stanford objects to the definition of the terms "STANFORD," "YOU," and "YOUR" and to any definition or request that incorporates those definitions, because they are vague, ambiguous, overly broad, and unduly burdensome.

3. Stanford objects to the definition of "COMMUNICATION" to the extent it invades the privacy rights of the persons transmitting the "COMMUNICATION" and/or requires the production of information that is not within Stanford's possession, custody, or control. Stanford is under no obligation to search for or produce information not in Stanford's possession, custody, or control, and does not take on any obligation to do so.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

4. Stanford objects to the definition of "DOCUMENT" to the extent it purports to impose obligations greater than those imposed by the Federal Rules of Civil Procedure, the Court's Guidelines for the Discovery of Electronically Stored Information, or the Order Re: Discovery of Electronically Stored Information entered in this case on November 26, 2025 (ECF No. 48) (the "ESI Order"). Stanford will construe "DOCUMENT" according to its meaning under the Federal Rules of Civil Procedure and Federal Rules of Evidence, and subject to the Court's Guidelines for the Discovery of Electronically Stored Information and the ESI Order.

5. Stanford objects to the definition of "ELECTRONIC RECORDS" to the extent it purports to impose obligations greater than those imposed by the Federal Rules of Civil Procedure, the Court's Guidelines for the Discovery of Electronically Stored Information, or the ESI Order. Stanford will construe "ELECTRONIC RECORDS" according to its meaning under the Federal Rules of Civil Procedure and Federal Rules of Evidence, and subject to the Court's Guidelines for the Discovery of Electronically Stored Information and the ESI Order.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS evidencing STANFORD's compliance with Title VI's mandate that educational institutions prevent discrimination and/or harassment on the basis of Jewish and/or Israeli identity, including but not limited to all such certifications STANFORD reported to the U.S. Department of Education and all reports submitted in connection with such certifications from July 10, 2023 to February 26, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request because it is overly broad, disproportionate, and unduly burdensome insofar as it seeks "[a]ll DOCUMENTS evidencing Stanford's compliance" with Title VI's mandate to "prevent discrimination and/or harassment on the basis of Jewish and/or Israeli identity" during an extended period of time and without making

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request because the terms "evidencing," "compliance," "certifications," and "reports" render the request vague and ambiguous as to the scope and types of materials sought. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce its policies and procedures relating to Title VI compliance.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS RELATING TO charges investigated by the U.S. Department of Education concerning discrimination and/or harassment on the basis of Jewish and/or Israeli identity where STANFORD was the responding party from July 10, 2023 to February 26, 2025, including but not limited to formal complaints and STANFORD's responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the term "charges" as vague and ambiguous. Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request because it is overly broad in that it seeks documents relating to the entire university. Stanford objects to this request because it is overly broad as to time. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Stanford responds that it searched for documents and communications related to any investigation by the Department of Education of complaints of discrimination or harassment on the basis of a complainant's Jewish or Israeli identity made by postdoctoral scholars within the Stanford School of Medicine between April 1,

2024 and February 26, 2025 and no responsive, non-privileged documents were identified following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to identify the charge number of every investigation undertaken by the U.S. Department of Education concerning discrimination and/or harassment on the basis of Jewish and/or Israeli identity where STANFORD was the responding party from July 10, 2023 to February 26, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the term "charge number" as vague and ambiguous. Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request because it is overly broad in that it seeks documents relating to the entire university. Stanford objects to this request because it is overly broad as to time. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Stanford responds that it searched for documents and communications related to any investigation by the Department of Education of complaints of discrimination or harassment on the basis of a complainant's Jewish or Israeli identity made by postdoctoral scholars within the Stanford School of Medicine between April 1, 2024 and February 26, 2025 and no responsive, non-privileged documents were identified following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting STANFORD's organizational structure in place from July 10, 2023 to February 26, 2025 for the processing and investigation of complaints of discrimination and/or harassment on the basis of a complainant's Jewish or Israeli identity, including

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

DOCUMENTS sufficient to identify all decisionmakers responsible for such processing and investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request because it is overly broad, unduly burdensome, and disproportionate insofar as it seeks "[a]ll DOCUMENTS reflecting" Stanford's university-wide organizational structure for processing and investigating complaints of discrimination and/or harassment on the basis of Jewish or Israeli identity during an extended time period and without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to the terms "organizational structure," "processing," "decisionmakers," "complaints," and "investigation" as vague and ambiguous. Stanford objects to this request as overly broad as to time. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce documents sufficient to show the job titles and organizational structure of departments typically responsible for investigating complaints of discrimination or harassment on the basis of a complainant's protected characteristics made by postdoctoral scholars within the Stanford School of Medicine between April 1, 2024 and February 26, 2025.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS RELATING TO STANFORD's processing and investigation of any complaint of discrimination and/or harassment on the basis of a complainant's Jewish or Israeli identity reported to STANFORD from July 10, 2023 to February 26, 2025, including but not limited to the protection of claimants against retaliation, preservation of evidence, interview of witnesses, and/or communication of findings.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request because it is overly broad in that it seeks documents relating to the entire university. Stanford objects to this request because it is overly broad as to time. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications located following a diligent search and reasonable inquiry related to the investigation of complaints of discrimination or harassment on the basis of a complainant's Jewish or Israeli identity made by postdoctoral scholars within the Stanford School of Medicine between April 1, 2024 and February 26, 2025, where such investigation was conducted by the departments typically responsible for investigating complaints of discrimination or harassment on the basis of a complainant's protected characteristics.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS considered by STANFORD in drafting the ANTISEMITISM REPORT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request as overly broad, unduly burdensome, and disproportionate because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS considered" by Stanford in drafting the Antisemitism Report without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request because the terms "considered by" and "drafting" render the request vague and ambiguous

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

as to the scope and types of materials sought. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of third parties.

Based on the foregoing objections, Stanford will not comply with this request as written.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any complaint PLAINTIFF reported to STANFORD, including DOCUMENTS sufficient to identify any case numbers or titles STANFORD assigned to the complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the terms "complaints" and "reported" as vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications relating to any complaints plaintiff reported to Stanford in which he alleged conduct in violation of any law or Stanford policy that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any complaint PLAINTIFF reported to CHOU, including but not limited to CHOU's investigation of such complaint and escalation of such complaint to any PERSON at STANFORD and responses received thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Stanford objects to the terms "complaint," "reported," "escalation," and "investigation" as vague and ambiguous. Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications relating to any complaints plaintiff reported to Dr. Chou in which plaintiff alleged conduct in violation of any law or Stanford policy that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS RELATING TO STANFORD's processing and investigation of any complaint PLAINTIFF reported to STANFORD, including but not limited to investigative files, lists of witnesses interviewed, DOCUMENTS considered, DOCUMENTS provided by any witness to interviewers, witness interview transcripts, witness interview statements, investigative reports/summaries, and/or policies considered or relied upon by investigators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the terms "processing," "investigation," "investigative files," and "complaint" as vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications relating to any complaints plaintiff reported to Stanford in which he alleged conduct in violation of any law or Stanford policy that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any complaint reported to STANFORD by any person from July 10, 2023 to February 26, 2025 alleging any conduct in violation of any law or STANFORD policy by any individual employed by or associated with the CHOU LAB, any CHOU LAB MEMBER, or occurring in the CHOU LAB.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request because the terms "COMMUNICATIONS RELATING TO," "complaint," and "reported" render the request vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications relating to complaints plaintiff reported to Stanford alleging violations of law or Stanford policy by Terra Lin and/or Dr. Chou and complaints reported to Stanford alleging violations of law or Stanford policy by plaintiff that are located following a diligent search and reasonable inquiry. No other responsive, non-privileged documents have been identified following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS between or including any CHOU LAB MEMBER, including but not limited to emails, Slack messages, text messages, WhatsApp messages, and any other messaging services, that relate to PLAINTIFF from April 1, 2024 to February 26, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request as overly broad, unduly burdensome,

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

and disproportionate because it requests "[a]ll COMMUNICATIONS" between or including any Chou Lab member that relate to plaintiff during an extended period of time and without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request because the phrase "COMMUNICATIONS . . . that relate to PLAINTIFF" is vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of the Chou Lab members and/or requires the production of information that is not within Stanford's possession, custody, or control.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications between or including any Chou Lab member that mention plaintiff from April 1, 2024 to February 26, 2025 that are within Stanford's possession, custody, or control and are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO STANFORD's retention policy/policies applicable to COMMUNICATIONS exchanged between any CHOU LAB MEMBER, including but not limited to emails, Slack messages, text messages, WhatsApp messages, and any other messaging services, in effect from April 1, 2024, to February 26, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request as overly broad, unduly burdensome, and disproportionate because it seeks "[a]ll DOCUMENTS RELATING" in any way to any retention policies applicable to any communications exchanged between any Chou Lab member in effect from April 1, 2024 to February 26, 2025. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce responsive, non-privileged documents sufficient to show Stanford retention policies applicable to communications between Chou Lab members in effect from April 1, 2024 to February 26, 2025 that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any complaint reported to STANFORD by any person from July 10, 2023 to February 26, 2025 concerning conduct by or involving CHOU, Dr. Babajide Ojo, Dr. Michael Rosen, or Meagan Todaro Coffman, including but not limited to complaints of retaliatory conduct by such persons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to the terms "complaint" and "reported to" as vague and ambiguous. Stanford objects to this request as overly broad, unduly burdensome, and disproportionate because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" relating in any way to any "complaint" reported by any person about the referenced individuals during an extended time period and without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications relating to complaints plaintiff reported to Stanford in which he alleged violations of law or Stanford policy by Dr. Chou and/or Dr. Babajide Ojo that are located following a diligent search and reasonable inquiry. No other responsive, non-privileged documents have been identified following a diligent search and reasonable inquiry.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting STANFORD's organizational structure in place from July 10, 2023 to February 26, 2025 for the processing and investigation of Title IX complaints, including DOCUMENTS sufficient to identify all decisionmakers responsible for such processing and investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the terms "processing," "organizational structure," "investigation," "decisionmakers," and "complaints" as vague and ambiguous. Stanford objects to this request as overly broad, unduly burdensome, and disproportionate because it requests "[a]ll DOCUMENTS reflecting" Stanford's organizational structure in place from July 10, 2023 to February 26, 2025 for the processing and investigation of Title IX complaints, during an extended time period and without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request because it is overly broad as to time. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce responsive, non-privileged documents sufficient to show the job titles and organizational structure of departments responsible for investigating Title IX complaints at Stanford between April 1, 2024 and February 26, 2025.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS reflecting STANFORD's internal rules, memoranda, and/or operating procedures regarding the taking and processing of complaints of sex-based discrimination under Title IX, including but not limited to the protection of claimants against retaliation, preservation of evidence, interview of witnesses, communication of findings, and/or confidentiality protections.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**RESPONSE TO REQUEST OR PRODUCTION NO. 15:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the terms "processing," "taking," "operating procedures," and "complaints" as vague and ambiguous. Stanford objects to this request as overly broad, unduly burdensome, and disproportionate because it requests "[a]ll DOCUMENTS reflecting" Stanford's internal rules, memoranda, and/or operating procedures regarding the taking and processing of complaints of sex-based discrimination under Title IX, regardless of the time period and without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request because it is overly broad as to time. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce responsive, non-privileged documents sufficient to show Stanford's internal rules and procedures for the submission and investigation of complaints of sex-based discrimination under Title IX between April 1, 2024 and February 26, 2025 that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any complaint reported to STANFORD by any person concerning conduct by PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the terms "complaint" and "reported" as vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or attorney the work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications relating to any formal complaint

reported to Stanford by any person concerning conduct by plaintiff that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the AUGUST 20, 2024 ROSEN EMAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications relating to the August 20, 2024 Rosen email that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 18:**

All COMMUNICATIONS, including but not limited to emails, Slack messages, text messages, WhatsApp messages, and any other messaging services, between, on the one hand, CHOU, Dr. Babajide Ojo, and/or Dr. Michael Rosen, and, on the other hand, the Stanford Title IX Office, RELATING TO any complaint reported to STANFORD by any person concerning conduct by PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the terms "complaint" and "reported" as vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of Dr. Chou, Dr. Babajide Ojo, and Dr. Michael Rosen and/or requires the production of information that is not within Stanford's possession, custody, or control.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications between Dr. Chou, Dr. Babajide Ojo, and/or Dr. Michael Rosen on the one hand and the Stanford SHARE Title IX Office on the other hand relating to any complaint reported to Stanford by any person concerning conduct by plaintiff that are within Stanford's possession, custody, or control and are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS, including but not limited to emails, Slack messages, text messages, WhatsApp messages, and any other messaging services, between CHOU, Dr. Babajide Ojo, and/or Dr. Michael Rosen RELATING TO a complaint concerning alleged conduct by PLAINTIFF on August 14, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the term "complaint" as vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of Dr. Chou, Dr. Babajide Ojo, and Dr. Michael Rosen and/or requires the production of information that is not within Stanford's possession, custody, or control.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications between Dr. Chou, Dr. Babajide Ojo, and/or Dr. Michael Rosen relating to any complaint concerning alleged conduct by plaintiff on August 14, 2024 that are within Stanford's possession, custody, or control and are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS, including but not limited to emails, Slack messages, text messages, WhatsApp messages, and any other messaging services, between any CHOU LAB MEMBER RELATING TO a complaint concerning conduct by PLAINTIFF on August 14, 2024.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the term "complaint" as vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request as overly broad because it seeks communications without making any attempts to limit the request to a relevant time period. Stanford objects to this request to the extent it invades the privacy rights of the Chou Lab members and/or requires the production of information that is not within Stanford's possession, custody, or control.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications sent or received between any Chou Lab member relating to a complaint concerning conduct by plaintiff on August 14, 2024 that are within Stanford's possession, custody, or control and are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to identify how STANFORD's visual surveillance system inside 1701 Page Mill Road, Palo Alto, CA 94304 operated on August 14, 2024, including but not limited to the location of all video recording devices within the interior of the building located at 1701 Page Mill Road, Palo Alto, CA 94304.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request as vague and ambiguous as to the type of material sought. Stanford objects to the terms "operated," "video recording devices," and "visual surveillance system" as vague and ambiguous. Stanford objects to this request to the extent that producing the documents sought would disclose confidential information about Stanford's security systems.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce responsive, non-privileged documents sufficient to identify how Stanford's video security cameras inside 1701 Page Mill Road, Palo Alto, CA 94304 operated on August 14, 2024 that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 22:**

All video footage recorded by STANFORD's visual surveillance system inside 1701 Page Mill Road, Palo Alto, CA 94304 on August 14, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to the term "visual surveillance system" as vague and ambiguous. Stanford objects to this request to the extent producing the documents sought would disclose confidential information about Stanford's security systems. Stanford objects to this request to the extent it seeks information that would disclose confidential, proprietary, or trade secret information.

Subject to and without waiving the foregoing objections, Stanford responds that no responsive, non-privileged documents were located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO STANFORD's retention policy for video footage recorded by STANFORD's visual surveillance system inside 1701 Page Mill Road, Palo Alto, CA 94304 in effect from July 10, 2023 to February 26, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Stanford objects to the term "visual surveillance system" as vague and ambiguous. Stanford objects to this request to the extent that producing the documents sought would disclose confidential information about Stanford's security systems. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce responsive, non-privileged documents related to the retention of video footage recorded by video security cameras inside 1701 Page Mill Road, Palo Alto, CA 94304 on August 14, 2024 that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS RELATING TO STANFORD's retention or non-retention of video footage recorded by STANFORD's visual surveillance system at 1701 Page Mill Road, Palo Alto, CA 94304 on August 14, 2024, including but not limited to requests that STANFORD retain such footage, STANFORD's consideration of and/or investigation of its ability to retain such footage, any attempts STANFORD made to retain such footage, and any spoliation of such footage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to the terms and phrases "consideration of and/or investigation of its ability to retain such footage," "visual surveillance system," and "attempts" as vague and ambiguous. Stanford objects to this request to the extent that producing the documents sought would disclose confidential information about Stanford's security systems. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications in which plaintiff mentions video

footage recorded by video security cameras at 1701 Page Mill Road, Palo Alto, CA 94304 on August 14, 2024 that are located following a diligent search and reasonable inquiry. No other responsive, non-privileged documents or communications have been identified following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 25:**

All COMMUNICATIONS between, on the one hand, any STANFORD employee, and, on the other hand, any person employed by or in any way affiliated with the JDRF, that relate to PLAINTIFF, including but not limited to PLAINTIFF's research aims for the JDRF fellowship and proposal for the JDRF fellowship.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the terms and phrases "relate to," "research aims," and "in any way affiliated with" as vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications between relevant Stanford employees on the one hand and persons Stanford understands to have been employed by or acting on behalf of the JDRF on the other hand that relate to plaintiff's application for funding from the JDRF that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS, including but not limited to emails, Slack messages, text messages, WhatsApp messages, and any other messaging services, between, on the one hand, PLAINTIFF, and, on the other hand, each STANFORD employee identified in the Initial Disclosures served by Defendant on PLAINTIFF on October 9, 2025.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request as overly broad, unduly burdensome, and disproportionate because it seeks "[a]ll COMMUNICATIONS" with the employees identified in defendants' Initial Disclosures, regardless of time period and without making any attempt to limit the request to materials that relate to the claims or defenses in this case.

Based on the foregoing objections, Stanford will not comply with this request as written.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS upon which Defendants intend to rely to depose PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Based on the foregoing objections, Stanford will not comply with this request. Stanford reserves the right to depose plaintiff about any documents or information produced in discovery in this matter.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any work PLAINTIFF performed at STANFORD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request because it is overly broad and unduly

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

burdensome. Stanford objects to the phrase "RELATING TO any work PLAINTIFF performed" as vague, ambiguous, and overly broad. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it requires the production of information that is not within Stanford's possession, custody, or control.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications discussing scientific work plaintiff performed in the Chou Lab and/or the Bogyo Lab that are within Stanford's possession, custody, or control and are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING TO PLAINTIFF's job performance at STANFORD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the phrase "RELATING TO PLAINTIFF'S job performance" as vague and ambiguous. Stanford objects to this request because it is overly broad and unduly burdensome. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged documents and communications discussing plaintiff's job performance that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS RELATING TO PLAINTIFF's employability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to the phrase "RELATING TO PLAINTIFF's employability" as vague and ambiguous. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Based on the foregoing objections, Stanford will not comply with this request as written.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS between, on the one hand, CHOU, and, on the other hand, any other person, concerning PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request as overly broad because it seeks communications without making any attempts to limit the request to a relevant time period. Stanford objects to this request because the phrase "COMMUNICATIONS . . . concerning PLAINTIFF" is vague and ambiguous. Stanford objects to this request to the extent it invades the privacy rights of Dr. Chou and/or requires the production of information that is not within Stanford's possession, custody, or control.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications from July 10, 2023 to February 26, 2025 between Dr. Chou on the one hand and any other person on the other hand mentioning plaintiff that are within Stanford's possession, custody, or control and are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS between, on the one hand, CHOU, and, on the other hand, any other person, concerning the Jewish people, Judaism, or Israel.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to the phrase "concerning the Jewish people, Judaism, or Israel" as vague and ambiguous. Stanford objects to this request as overly broad because it seeks "[a]ll COMMUNICATIONS" between Dr. Chou and any other person concerning "the Jewish people, Judaism, or Israel" regardless of the time period and without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications between Dr. Chou on the one hand and any other person on the other hand between July 10, 2023 and February 26, 2025 concerning Jewish people, Judaism, or Israel that are within Stanford's possession, custody, or control and are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between, on the one hand, CHOU, and, on the other hand, any other person, concerning any ethnic group or religion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to the phrase "concerning any ethnic group or religion" as vague, ambiguous, and overly broad. Stanford objects to this request as overly broad, unduly burdensome, and disproportionate because there are thousands of religions and ethnic groups on this planet, yet the request seeks "[a]ll COMMUNICATIONS" between Dr. Chou and any other person concerning "any ethnic group or religion," regardless of the time period and

without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine.

Based on the foregoing objections, Stanford will not comply with this request as written.

**REQUEST FOR PRODUCTION NO. 34:**

All COMMUNICATIONS between, on the one hand, Terra Lin, and, on the other hand, any other person, concerning PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request as overly broad because it seeks communications without making any attempt to limit the request to a relevant time period. Stanford objects to this request because the phrase "COMMUNICATIONS . . . concerning PLAINTIFF" is vague and ambiguous. Stanford objects to this request to the extent it invades the privacy rights of Terra Lin and/or requires the production of information that is not within Stanford's possession, custody, or control.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications from July 10, 2023 to February 26, 2025 between Terra Lin on the one hand and any other person on the other hand mentioning plaintiff that are within Stanford's possession, custody, or control and are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between, on the one hand, Terra Lin, and, on the other hand, any other person, concerning the Jewish people, Judaism, or Israel.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to the phrase "concerning the Jewish people, Judaism, or Israel" as vague and ambiguous. Stanford objects to this request as overly broad because it seeks "[a]ll COMMUNICATIONS" between Terra Lin and any other person concerning "the Jewish people, Judaism, or Israel," regardless of the time period and without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of Terra Lin and/or requires the production of information that is not within Stanford's possession, custody, or control.

Subject to and without waiving the foregoing objections, Stanford will produce all responsive, non-privileged communications between Terra Lin on the one hand and any other person on the other hand between July 10, 2023 and February 26, 2025 concerning the Jewish people, Judaism, or Israel that are located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 36:**

All COMMUNICATIONS between, on the one hand, Terra Lin, and, on the other hand, any other person, concerning any ethnic group or religion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Stanford incorporates by reference the Preliminary Statement, General Objections, and applicable specific objections to plaintiff's defined terms set forth above as if fully stated here.

Stanford objects to this request because it seeks documents that are not relevant to the claims or defenses in this case. Stanford objects to the phrase "concerning any ethnic group or religion" as vague, ambiguous, and overly broad. Stanford objects to this request as overly broad, unduly burdensome, and disproportionate because there are thousands of religions and ethnic groups on this planet, yet the request seeks "[a]ll COMMUNICATIONS" between Terra Lin and

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

any other person concerning "any ethnic group or religion," regardless of the time period and without making any attempt to limit the request to materials that relate to the claims or defenses in this case. Stanford objects to this request to the extent it seeks documents or information that come within the scope of the attorney-client privilege and/or the attorney work product doctrine. Stanford objects to this request to the extent it invades the privacy rights of Terra Lin and/or requires the production of information that is not within Stanford's possession, custody, or control.

Based on the foregoing objections, Stanford will not comply with this request as written.

Respectfully submitted,

Dated: March 19, 2026

JENNER & BLOCK LLP

By: /s/ *Reid J. Schar*

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2026, I served the foregoing **DEFENDANT THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY'S RESPONSES AND OBJECTIONS TO PLAINTIFF SHAY LAPS' FIRST SET OF REQUESTS FOR PRODUCTION** on counsel of record for plaintiff via electronic mail, as follows:

**COHEN WILLIAMS LLP**
Marc S. Williams (mwilliams@cohen-williams.com)
Reuven L. Cohen (rcohen@cohen-williams.com)
Kathleen M. Erskine (kerskine@cohen-williams.com)
Talia Nissimyan (tnissimyan@cohen-williams.com)
Michael Fisher (mfisher@cohen-williams.com)
Jenna Pacitti (jpacitti@cohen-williams.com)
724 South Spring Street, 9th Floor
Los Angeles, CA 90014

**THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW**
L. Rachel Lerman (rlerman@brandeiscenter.com)
David M. Dince (ddince@brandeiscenter.com)
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 19, 2026 in Chicago, Illinois.

By: */s/ Cheryl Kras*

# EXHIBIT H

האוניברסיטה העברית בירושלים
THE HEBREW UNIVERSITY OF JERUSALEM

Shay Laps <shay.laps@mail.huji.ac.il>

# Re: Postdoc application letter

**O. Seitz** <oliver.seitz@chemie.hu-berlin.de> Tue, May 6, 2025 at 9:36 AM
To: Shay Laps <shay.laps@mail.huji.ac.il>

Dear Shay,

sorry for my late response. I wasn't really sure if you were still interested in my labs.

I don't think that the Humboldt Fellowship will work. This would be your fourth Postdoc. Even a third Postdoc would be difficult to justify. Unfortunately, I do not have any other suggestions.

Regards,

Oliver Seitz

Am 06.05.2025 um 02:38 schrieb Shay Laps:

Dear Prof. Seitz,

I hope this message finds you well.
I am reaching out to you again as we had in my view a very good, interesting and open conversation, and I believe we both expressed interest in exploring ways to collaborate.
The Humboldt Fellowship could be a suitable avenue for me, if you still find it appropriate. I am also open for other suggestions. I would greatly appreciate your sincere thoughts and guidance.

With deep appreciation,
Shay

-------- Original message --------
From: Shay Laps <shaylaps@stanford.edu>
Date: 4/26/25 8:31 AM (GMT-07:00)
To: "Prof. O.Seitz" <oliver.seitz@chemie.hu-berlin.de>
Cc: shay.laps@mail.huji.ac.il
Subject: Re: Postdoc application letter

Dear Professor Seitz,

I hope you are well.

Following our fascinating conversation,
I am writing to politely inquire whether you might had the time to consult about my application with Ashraf.

It would be a great honor for me to learn from a scientist and a person of your caliber if you wish to continue our discussion.

Additionally, I would like to inform you that moving forward I will be using the following email address: shay.laps@mail.huji.ac.il

Thank you for your time and consideration.

Sincerely,
Shay

On Feb 28, 2025 8:28 AM, "Prof. O.Seitz" <oliver.seitz@chemie.hu-berlin.de> wrote:

> Dear Shay,
>
> thanks for the verification. You were writing that I should treat your application confidential. This is a but unusual. I would, of course, love to contact Ashraf and Norman.  Not ok? If not, then we should schedule a zoom where you could explain the background.

From looking at your cv I got the expression that you would be a good candidate for an Alexander-von-Humboldt-Fellowship. Would that be of interest to you?

Bests,

Oliver

Am 27.02.2025 um 10:48 schrieb Shay Laps:

> Dear Prof. Seitz,
> Thank you. I can verify it's safe to open. I appreciate your time.
> Best,
> Shay
>
> On Feb 27, 2025 1:42 AM, "Prof. O.Seitz" <oliver.seitz@chemie.hu-berlin.de> wrote:
>
> > Dear Dr. Laps,
> >
> > I received your email. Before I am opening the attachments I would like to ask you for verification.
> >
> > Greetings,
> >
> > Oliver Seitz
> >
> > Am 27.02.2025 um 08:44 schrieb Shay Laps:
> >
> > > Dear Prof. Seitz,
> > >
> > > I am interested in exploring and developing peptidic-DNA based antimicrobial agents, with a focus on Cys rich miniproteins.
> > >
> > > I have a PhD in chemical biology and knowledge and experience in organic chemistry, DNA nanotechnology and peptide/protein biochemistry.
> > > I have a significant experimental background in peptides and proteins synthesis, modification and characterization, including techniques such as: LC-MS analysis, SPPS and various protein activity assays. I am currently a postdoc fellow at Stanford School of Medicine.
> > >
> > > I would appreciate your time considering my application to work under your experienced advisory.
> > >
> > > Please find attached my updated CV and a recent letter of recommendation on my skills and performance from Prof. Aaron Ciechanover of my PhD institute, the Nobel laureate of Chemistry for 2004.
> > >
> > > I would like to kindly ask you for the confidentiality of my application at this stage.
> > >
> > > Sincerely,
> > > Dr. Shay Laps