United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY, et al.,

Defendants.

Case No. 25-cv-05767-SVK

**ORDER RE PLAINTIFF LAPS' DEPOSITION; ORDER RE DEFENDANTS' DOCUMENT PRODUCTION**

Re: Dkt. No. 85

On July 14, 2026, the Court ordered that Plaintiff Laps must appear for deposition no later than August 28, 2026. Dkt. 82 ("Prior Order"). The Court further allowed Plaintiff to move for a protective order upon a showing of good cause for a remote deposition. *Id*. Plaintiff now makes that request in a Joint Discovery Submission. Dkt. 85. Plaintiff also raises additional issues regarding the timing of Plaintiff's deposition, the sequencing of depositions and Defendants' document production. Defendants oppose Plaintiff's request for a remote deposition and further delay and challenge and defend their production to date. In light of the litigation history between the Parties, with which the Court is very familiar, the Joint Submission and the relevant law, the Court determines that the disputes regarding the deposition may be resolved without oral argument. Civ. L.R. 7-1(b). The Court further determines that, due to an apparent break down in the ability to communicate effectively, the dispute regarding Defendants' document production will benefit from further meet and confer between the Partes as directed below.

For the reasons set forth below, Plaintiff's request for a remote deposition is **DENIED** and **Plaintiff's deposition will proceed as ORDERED in Dkt. 82; specifically it will proceed no later than August 28, 2026, in San Francisco.** The Court had not previously focused on the length of the deposition, which is noticed for two business days. In consideration of Plaintiff's

need for a translator balanced with consideration for Plaintiff's travel and accommodations, the deposition will **not exceed 10 hours,** which may be taken over two days, efficiently arranged to minimize impact on Plaintiff's travel.

In the Prior Order, the Court gave Plaintiff leave to move for a protective order as to the *location* of the deposition. Dkt. 82 at 2. The Court required that any such request set forth a specific date "no later than August 28th" and a "specific location." *Id.* Plaintiff's request now before the Court does not satisfy these requirements. First, Plaintiff seeks yet another lengthy extension for the date of the deposition until September 25, 2026. Second, although Plaintiff "proposes" September 21, 2026, he does so without having conferred with defense counsel. Third, Plaintiff fails to confirm a location, other than "Brussels," which is not at all specific, particularly as Plaintiff appears to complain about the cost of a deposition at the U.S. Embassy in Brussels and suggests that it may take place at an unnamed hotel. Additionally, Plaintiff makes no mention of whether a remote deposition would take place during business hours in Belgium or in California, where defense counsel resides. In short, Plaintiff's request that his deposition proceed remotely fails to conform with this Court's Prior Order and is therefore **DENIED**.

Even setting aside the foregoing fatal flaws, Plaintiff's arguments for a remote deposition are not persuasive and raise concerns of a continuing effort by Plaintiff to delay this action. First and foremost, Plaintiff brought this suit in the Northern District of California, and precedent weighs heavily in favor of Plaintiff sitting for deposition in the District where he chose to file. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015) (cleaned up); *see Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). The time and expense of traveling to California were known to Plaintiff at the time of filing suit, and yet he selected this forum. Plaintiff's immigration concerns appear to have been addressed, and resolved, by previous counsel. Dkt. 85-2, Exhibits A, B. Plaintiff's fears of returning to the United States, as set forth in the record, all arise out of incidences at Stanford. The deposition will take place in counsel's office in San Francisco unless Plaintiff accepts one of the other cities offered by Defendants. Plaintiff need only travel from the airport, to a hotel, to counsel's office, never passing through or near Stanford and never encountering any other individuals involved in the

United States District Court
Northern District of California

action. In sum, none of Plaintiff's proffered reasons amount to good cause for a remote deposition outside of the venue where Plaintiff filed suit.

Plaintiff suggests that the Court should allow further delay of Plaintiff's deposition until Defendant Chou has been deposed, but in doing so fails to offer any credible support as to why this request should be granted, particularly as Plaintiff has not yet even noticed Chou's deposition.

Finally, Plaintiff complains of deficiencies in Defendants' document production that should be resolved before Plaintiff is deposed. Defendant replies that this issue has been raised for the first time in the Joint Submission, without the requisite meet and confer. Defense counsel also avers that production issues were addressed and resolved with Plaintiff's prior counsel. Dkt. 85-2, ¶7. It may be that this issue arises out of the change in Plaintiff's counsel; it may also be the case that Defendants' document production is deficient in certain respects. Under either scenario, the proper means of addressing are clearly set forth in this Court's Civil & Discovery Referral Matters Standing Order. The Parties must first engage in robust meet and confer efforts and, if unable to resolve, bring the issue to the Court's attention in a joint statement, accompanied by a summary chart that sets forth the specific disputed requests, responses and proposed compromises of both sides. The vague and general descriptions of requested documents provided by Plaintiff, without reference to Defendants' responses – at least some of which appear to aver that there are no responsive documents – are not sufficient to bring the matter to the Court's attention and will not delay the deposition. **However, in deposition, Defendant may not use as an exhibit any responsive document that has not been produced**. To constructively address Plaintiff's concerns of Defendants' production today, the Parties are to engage in robust meet and confer efforts; if they are unable to resolve these concerns, counsel with full authority to negotiate and compromise will appear for an in-person discovery hearing on September 8, 2026 at 11 a.m..

////

////

////

////

////



United States District Court
Northern District of California

Counsel must be prepared to remain at court for the full business day to meet and confer and resolve all outstanding disputes as directed by the Court.

**SO ORDERED.**

Dated: August 18, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California