Ameet Sharma (SBN 354399)
Angela Hooper (SBN 334269)
**AMEET SHARMA, ATTORNEY-AT-LAW**
757 Miller Ave
Chico, CA 95928
Phone: (916) 932-8928
Email: ameet@omnifirms.com
Email: a.hooper@omnifirms.com

Attorneys for Plaintiff
Dr. Shay Laps

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY; DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No.: 5:25-cv-05767-SVK

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DR. SHAY LAPS; MEMORANDUM OF POINTS AND AUTHORITIES**

Judge: Hon. Susan van Keulen
Date: September 29, 2026
Time: 10:00 a.m.
Dept: 6

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on September 29, 2026, at 10:00 am, or as soon as the matter may be heard, before the Honorable Susan van Keulen in Courtroom 6 of the United States District Court for the Norther District of California, located at 280 South 1st Street, San Jose, CA, 95113, the law firm of Ameet Sharma, Attorney-at-Law ("the Firm") including the overreferenced attorneys at the Firm (Ameet O'Rattan Sharma and Angela M. Hooper), will and hereby do move pursuant to Local Rule 11-5 for an order permitting their withdrawal as counsel for Plaintiff Dr. Shay Laps ("Dr. Laps").

Good cause exists for leave to withdraw for the reasons set for below in the Memorandum of Points and Authorities and the Declaration of Ameet Sharma ("Sharma Decl."), along with any additional information counsel may provide or the Court may require before or in connection with the hearing in this motion. This motion is made in good faith and pursuant to Local Rule 11-5, as well as California Rule of Professional Conduct 1.16, which governs the withdrawal of attorneys, on the grounds that the Rule regarding professional conduct of an attorney do permit withdrawal in this circumstance. Cal. Rules Prof. Conduct, rule 1.16.

This motion is made following reasonable advance notice to Dr. Laps on August 20, 2026, and again on August 21, 2026, and that the Firm would seek leave of Court to withdraw as his counsel on the stated grounds below. In addition, pursuant to Local Rule 11-5(a), the Firm sent written notifications on August 20, 2026, to counsel for Defendants indicating its intent to seek leave to withdraw as counsel for Dr. Laps. (See Sharma Decl., at ¶ 4.) This motion is further based on the attached Memorandum of Points and Authorities, Declaration of Ameet Sharma, the pleadings and papers on file in this action, and any and all documents before the Court at the time of hearing.

DATED: August 21, 2026

**AMEET SHARMA, ATTORNEY-AT-LAW**

*/s/Ameet Sharma*

Ameet Sharma
Angela Hooper
Attorneys for Plaintiff
Dr. Shay Laps

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Firm respectfully moves to withdraw as counsel for Dr. Laps because Under California Rules of Professional Conduct ("CRPC") rule 1.169(a). Mandatory withdrawal conditions now exist. Further conditions allowing withdrawal under 1.16(b) also exist. On or about August 20, 2026, Attorneys Ameet Sharma and Angela Hooper engaged in a video call with Client. During the conversation (which is protected by the attorney-client privilege), conditions triggering permissible and mandatory withdrawal occurred. This withdrawal was orally communicated to the client.

On or about August 21, 2026, Sharma and Hooper further researched appropriate next actions and bring this present motion. As required under Rule 1.16(c), and in reconciliation with Local Rule 11-5, our firm moves to withdraw.

### II. STATEMENT OF FACTS

On August 18, 2026, the Court entered its Order re Plaintiff Laps' Deposition; Order re Defendants' Document Production. (Dkt. 86.) The Court denied Plaintiff's request for a remote deposition and ordered that the deposition proceed in San Francisco no later than August 28, 2026. (*Id*., at 1-2.) After entry of that Order, The Firm and the client engaged in substantive conversations regarding the significance and importance of the Court's Order. The substance and circumstances of those communications are protected by the attorney-client privilege and the Firm's duty of confidentiality and therefore are not set forth here. As stated in the accompanying declaration, it is the Firm's good-faith conclusion that circumstances arising from those communications and the attorney-client relationship render it unreasonably difficult for the Firm to carry out the representation effectively, and that mandatory withdrawal is required. (Sharma Decl., at ¶ 3.) Statements made by the client have created an incurable conflict of interest that further requires the immediate withdrawal of counsel. On August 21, 2026, counsel advised Dr. Laps they would be seeking to withdraw as counsel. (*Id*., at ¶ 4.) On August 20, 2026, The Firm provided written notice to Defendants with its intent to seek withdrawal. (*Id*., at ¶ 4.) On August 21, 2026, the Firm provided Dr. Laps with written notice confirming that the Firm was seeking mandatory withdrawal.

To mitigate impact of the withdrawal the Firm is concurrently moving for a limited stay of 30 days, or until substitute counsel appears, whichever occurs first, and for all presently scheduled dates and deadlines to be continued by 30 days. The Firm will also facilitate an orderly transfer of the client records to the client or to another Firm of his choosing.

## III. LEGAL STANDARD

Civil Local Rule 11-5(a) provides that counsel may not withdraw until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared. The conduct of attorneys practicing before this Court is governed by the standards of professional conduct required of members of the State Bar of California. Civil L.R. 11-4(a)(1); *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). CRPC 1.16(a) stats a "lawyer shall not represent a client or, where representation has commenced, **shall** withdraw from representation" (emphasis added) upon one of the conditions described subsequently. CRPC1.16(b)(4) permits withdrawal when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." The case law around factors when a permissible withdrawal exists is moot because of conditions of mandatory withdrawal.

## IV. ARGUMENT

### A. Withdrawal Is Mandatory Under the California Rules of Professional Conduct.

The Firm's good-faith assessment is that circumstances arising from confidential communications with Dr. Laps during the August 20 video call trigger at least two (2) of the 4 conditions described under CRPC Rule 1.16(a). The Firm has no discretion in continuing representation and must withdraw. Consistent with requirements of Local Rule 11-5 we request our motion to withdraw be granted.

### B. Withdrawal is permitted under CRPC Rule 1.16(b), but in light of the CRPC 1.16(a) discussion, permissible withdrawal is moot.

In the interest of saving the Court's time but reserving for the sale of disclosure, we advise the Court there are several arguments under CRPC Rule 1.16(b) that support withdrawal. However, the Court need not expend time and resources considering them because a mandatory withdrawal

condition exists. While an attorney owes a duty of loyalty to their client, this ethical obligation is strictly limited by an equally solemn duty to comply with the law, court orders, and standards of professional conduct. *See Chaleff v. Superior Court*, 69 Cal.App. 3d 721(1977); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 130 S. Ct. 1605 (2010).

**C. <u>The Firm Has Provided the Notice Required by Civil Local Rule 11-5.</u>**

The Firm therefore has provided advance written notice to the client and the parties appearing in this action as required by Civil Local Rule 11-5(a).

**D. <u>The Relevant Equities Favor Withdrawal, and the Requested Limited Stay Satisfies CRPC Rule 1.16(d).</u>**

There are currently no motions pending before the Court, and discovery is ongoing. The relief for a brief stay of the proceedings is tailored to permit an orderly transition and is a "reasonable [step] to avoid reasonably foreseeable prejudice to the rights of the clients…" as required under CRPC 1.16(d). The current scheduling Order leaves fact discovery open through November 13, 2026 and sets trial for June 21, 2027. (Dkt. 82 at 3.) A 30-day Stay is limited and tailored. There is sufficient time in the schedule to permit the extension of time required to allow Client to obtain new counsel or appear *pro se.* This Court previously recognized that a limited stay may appropriately mitigate prejudice when counsel withdraws and a litigant needs an opportunity to obtain new counsel. (Dkt. 63, at 4.)

**V. CONCLUSION**

For the foregoing reasons, Ameet Sharma, Attorney-at-Law (Attorneys Ameet Sharma and Angela Hooper) respectfully requests that the Court grant the motion and permit the Firm to withdraw as counsel of record for Plaintiff Dr. Shay Laps.

DATED: August 21, 2026

**AMEET SHARMA, ATTORNEY-AT-LAW**

*/s/Ameet Sharma*

Ameet Sharma
Angela Hooper
Attorneys for Plaintiff
Dr. Shay Laps