Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

The Honorable Susan van Keulen

**DEFENDANTS' RESPONSE TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW, MOTION TO STAY ACTION, AND MOTION TO SHORTEN TIME**

Defendants The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou ("Defendants") respectfully submit this response to Dr. Laps' counsel's motion to withdraw (ECF No. 88), motion to stay the action (ECF No. 89), and motion to shorten time to hear the motion to withdraw and motion to stay (ECF No. 90).

**A. <u>Motion to Withdraw (ECF No. 88)</u>**

Defendants take no position on Dr. Laps' counsel's motion to withdraw, though Defendants note the concerning sequence of events that led Dr. Laps' counsel to invoke California Rule of Professional Conduct 1.16(a), and led Dr. Laps' counsel to note that two of the four subparts of Rule 1.16(a) were triggered by a call they had with Dr. Laps on August 20, 2026. Defendants request the Court's urgent guidance with respect to whether Dr. Laps' deposition, which is scheduled for August 26 and 27, should proceed. Defendants also request the Court order Dr. Laps to provide proof that, as of August 20, 2026, he had purchased an airline ticket to attend his deposition in New York (as further explained below).

On Tuesday, August 18, 2026, the Court issued an order requiring Dr. Laps to appear for his deposition in person before August 28, 2026. ECF No. 86. The following day, Wednesday, August 19, 2026, Dr. Laps' counsel informed Defendants that Dr. Laps would appear for his deposition in New York, pursuant to the Court's order providing that the deposition "will take place in counsel's office in San Francisco unless Plaintiff accepts one of the other cities offered by Defendants." *Id.* at 2; *see* Schar Decl. ¶ 3. Defendants thereafter began arranging for Dr. Laps' deposition to take place in person in New York on August 26 and 27, including preparing a revised deposition notice, reserving accommodations and flights to New York, and arranging for a court reporter, videographer, and interpreter—incurring expenses in the process. Schar Decl. ¶ 4.

On Thursday morning, August 20, 2026, Dr. Laps' counsel informed Defendants that they were withdrawing their demand to have the deposition in New York and would be submitting an application to withdraw as counsel. *Id.* ¶ 5. At the same time, however, Dr. Laps' counsel conveyed that Dr. Laps "demanded" his counsel inform Defendants *and* the Court that he had purchased a ticket to New York and would appear on August 26, 2026, in New York for his deposition. *Id.*; *see* Schar Decl. Ex. A.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Based on correspondence from Dr. Laps' counsel and their recently filed motion to withdraw and motion to shorten time, Defendants understand that Dr. Laps' counsel is not planning to represent Dr. Laps at the deposition. *Id.* ¶ 6; ECF No. 90 (Mot. to Shorten Time), at 3 ("The August 28 deadline is only days away. If the withdrawal and stay motions cannot be considered until the ordinary notice hearing date, Dr. Laps and the Firm will be required to proceed through a deposition while the Firm is simultaneously seeking to terminate representations that, if continued, would violate the California Rules of Professional Conduct."). Unless and until the withdrawal is granted, however, Dr. Laps remains represented, and Defendants are prohibited by the California Rules of Professional Conduct from engaging with him directly. *See* Cal. R. Prof. Conduct 4.2, 4.3. At this time, Dr. Laps has not agreed to appear pro se, and the motion to withdraw has not been "accompanied by simultaneous appearance of substitute counsel." Civ. L.R. 11-5(b); *see* Schar Decl. ¶ 7. None of the motions or supporting declarations clarify whether Dr. Laps intends to appear pro se.

In light of Dr. Laps' stated intention to appear for his deposition in New York next week, the time-sensitive nature of the situation, Defendants' counsel's imminent scheduled travel to New York, and travel costs that will not be recoupable unless cancelled imminently, Defendants respectfully request direction from the Court as soon as possible regarding whether Dr. Laps' deposition should proceed in New York on August 26 and 27, as ordered, given the current motion to withdraw and what appears to be Dr. Laps' intent to appear for deposition even without counsel in attendance. Schar Decl. ¶¶ 4–5.[1]

Defendants also request that Dr. Laps be ordered to provide proof that, as of August 20, 2026, he had, in fact, purchased a plane ticket to New York to attend his deposition, as he directed his counsel to communicate to both Defendants' counsel and the Court. Given Dr. Laps' counsel's

[1] Defendants note that a Hebrew interpreter has been hired for Dr. Laps' deposition in New York based on Dr. Laps' stated need for an interpreter during his deposition. If the interpreter is not cancelled by 10:00 am EDT on Monday, August 24, the cost of the interpreter will not be refundable. Schar Decl. ¶ 8. Accordingly, if the deposition does not proceed next week based on Dr. Laps' conduct, which has triggered a withdrawal request under California Rule of Professional Conduct 1.16(a), Defendants will seek to recover from Dr. Laps costs for the interpreter as well any other non-recoupable costs tied to Dr. Laps' deposition that he required occur New York.

communication that they were withdrawing their demand that Dr. Laps be deposed in New York, but that Dr. Laps nevertheless "demanded" his counsel inform Defendants *and* the Court that he had purchased a ticket to New York and would appear on August 26, 2026, in New York for his deposition, Dr. Laps should be ordered to demonstrate that the communication he demanded be made to Defendants' counsel and the Court was a truthful statement.[2]

**B. Motion for Stay (ECF No. 89)**

Defendants oppose another stay of this action. This is now the second time in under five months that counsel for Dr. Laps has sought to withdraw from representing him. *See* ECF Nos. 54, 57. The first time, the Court granted Dr. Laps a 30-day stay for him to obtain new counsel and extended all case deadlines by 30 days. ECF No. 63, at 4–5. On July 14, 2026, on Dr. Laps' request, the Court further extended all deadlines by approximately 90 days "in light of the transition to [Dr. Laps'] new counsel." ECF No. 82, at 3. Now, with less than a week before his Court-ordered deposition, another stay request has been filed. Defendants should not be forced to shoulder the burden and expense of defending this action across yet another stay, particularly given the invocation of California Rule of Professional Conduct 1.16(a). In addition, based on the communications noted above with Dr. Laps' counsel, it is not clear Dr. Laps wants a stay, particularly given his stated intent to appear in New York for his deposition next week.

Although Defendants take no position on the motion to withdraw, another stay is not warranted.

**C. Motion to Shorten Time (ECF No. 90)**

Defendants join the motion to shorten time and respectfully request the Court's urgent attention to the pending motions and urgent guidance as to whether Dr. Laps' deposition should proceed as scheduled.

---

[2] Given Defendants' effort to submit this filing as quickly as possible in order to obtain the Court's guidance, Defendants may seek additional process, including an evidentiary hearing, related to the representations Dr. Laps "demanded" be made through counsel to Defendants and to the Court. Defendants reserve all rights to argue that any communications by Dr. Laps with his counsel for the purpose of misleading Defendants and/or the Court are not privileged communications due to the crime-fraud exception. Defendants further reserve all rights to seek sanctions related to any conduct by Dr. Laps that was meant to mislead Defendants and/or the Court.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Dated: August 21, 2026

JENNER & BLOCK LLP

By: /s/ *Reid J. Schar*

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105