United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DR. SHAY LAPS,

Plaintiffs,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY; DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767

**ORDER FOLLOWING HEARING ON PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND MOTION TO STAY ACTION**

Re: Dkt. Nos. 88, 89

At a hearing held on August 27, 2026, the Court heard from Plaintiff, Plaintiff's counsel, and Defendants' counsel regarding a Motion to Withdraw as Counsel for Plaintiff Dr. Shay Laps (Dkt. 88) as well as a concurrently filed Motion to Stay Action (Dkt. 89). For the reasons stated on the record, the Court **GRANTS** Plaintiff's counsel's Motion to Withdraw under California Rule of Professional Conduct 1.16(a) **CONDITIONALLY**.

## I. Motion to Withdraw and Motion to Stay

For the convenience of the Parties and the Court, the Court's instructions to the Parties regarding the Motions to Withdraw and Stay are repeated (and, in places, elaborated) below.

- A status conference is to be held by videoconference on **September 29, 2026 at 11:00 a.m. Pacific Time** to discuss next steps to be taken in this case.
- Plaintiff has **until** the status conference held on **September 29** to locate new counsel. If new counsel has not yet appeared, Plaintiff is to submit a statement as to efforts to retain counsel no later than **September 24, 2026**.
- In order to allow Plaintiff time to seek new counsel, the Court further **STAYS** the

case **until September 29, 2026** and **EXTENDS all discovery response deadlines by 30 days**. The Court notes that this marks a slight change to the timeline set forth at the hearing.

In order to reduce prejudice to Plaintiff and aid in the administration of justice, the Court **CONDITIONALLY GRANTS** Plaintiff's counsel's Motion to Withdraw. Plaintiff's counsel may withdraw subject to the following conditions:

- Plaintiff's counsel is to remain counsel of record until new counsel has made an appearance on behalf of Plaintiff or until after the **September 29** status conference has taken place. Depending upon the status of the case on September 29, Plaintiff's counsels' conditional withdrawal may be extended.
- Plaintiff's counsel **shall** continue to accept service and shall promptly forward all served papers and notifications from the Court to Plaintiff until such time as new counsel files an appearance in this action or Plaintiff appears *pro* se pursuant to Civil L.R. 11-5(b).
- Plaintiff's counsel **shall**, consistent with their duties of professional responsibility under California rules, act diligently to facilitate the transition of their case file to new counsel, once retained, or to Plaintiff should he proceed with the case *pro se*.
- If Plaintiff has failed to locate new counsel by September 29, Plaintiff's counsel **shall** appear at the Status Conference to discuss the transition of case materials to Plaintiff. The Court acknowledges that this marks a change to what was ordered at the hearing.
- Plaintiff's counsel **shall** file a waiver of costs and fees by September 3, 2026, as discussed at the hearing.
- Plaintiff's counsel **shall** continue engaging in robust meet and confer efforts with Defendants' counsel regarding Defendants' most recent document production to ensure that either Plaintiff's new counsel or Plaintiff appearing *pro se* will have access to the documents that have thus far been produced in this action.

Upon appearance of new counsel or of Plaintiff, *pro se*, the Court will finalize the



United States District Court
Northern District of California

withdrawal of Plaintiff's counsel, Mr. Sharma and Ms. Hooper.

**II. Attorney-Client Privilege**

The Court acknowledges that, at the hearing, Plaintiff expressed a willingness to waive his attorney-client privilege to allow for a more robust discussion of the circumstances giving rise to the present Motions. The Court did not accept this waiver of privilege, for reasons discussed on the record and repeated here:

1. The Court strongly cautions Plaintiff against waiving attorney-client privilege without first consulting counsel or the Legal Help Center (information below) in order to fully understand the potentially significant consequences of waiving this privilege.
2. The Court notes that any waiver of attorney-client privilege was unnecessary here as the record before the Court was sufficient to decide these Motions.

**III. Conclusion**

For the foregoing reasons, Plaintiff's Motion to Withdraw is **CONDITIONALLY GRANTED**, pursuant to the above conditions. Furthermore, the case is **STAYED** until September 29, 2026. The Court **SETS** a status conference by videoconference for September 29, 2026 at 11:00 a.m. Pacific Time. While the Clerk will issue a Clerk's notice and email a Zoom link to Plaintiff, out of an abundance of caution, Plaintiff's counsel is also to convey this link to Plaintiff.

Finally, the Court again encourages Dr. Laps to seek free legal assistance from the Federal Pro Se Program located in the San Jose Courthouse. The Federal Pro Se Program will not represent him in this action but can provide basic legal assistance at no cost. He can schedule an appointment by calling (408) 297-1480 or emailing hsong@asianlawalliance.org. He can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/. The

////

////

////

////

////

court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case; he can access the guide online (https://cand.uscourts.gov/pro-se-handbook/).

**SO ORDERED.**

Dated: August 27, 2026

SUSAN VAN KEULEN
United States Magistrate Judge