Jerome M. Marcus (admitted *pro hac vice*)
Lori Lowenthal Marcus (admitted *pro hac vice*)
Jesse S. Wenger (admitted *pro hac vice*)
Marc H. Kushner (admitted *pro hac vice*)
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 880-0100
jmarcus@deborahproject.org
lorilowenthalmarcus@deborahproject.org
jwenger@deborahproject.org
mkushner@deborahproject.org

Mark Javitch (Bar No. 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave.
Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

*Attorneys for Plaintiff Dr. Shay Laps*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. SHAY LAPS,<br><br>Plaintiff,<br><br>v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>Defendants. | Case No. 5:25-cv-05767-SVK<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Susan van Keulen<br>Date: December 22, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6, 4th Floor |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 22, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Susan van Keulen, United States Magistrate Judge, in Courtroom 6 of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California 95113, The Deborah Project and its attorneys of record, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, and Marc H. Kushner, together with Plaintiff's local counsel, Javitch Law Office and its attorney of record, Mark Javitch (collectively, "Withdrawing Counsel"), will and hereby do move for an order granting them leave to withdraw as counsel of record for Plaintiff Dr. Shay Laps ("Dr. Laps" or "Plaintiff").

RELIEF REQUESTED

Withdrawing Counsel request an order (1) permitting them to withdraw as counsel of record for Dr. Laps pursuant to Civil Local Rules 11-4(a)(1) and 11-5 and California Rule of Professional Conduct 1.16(b)(4), (b)(10), and (c); (2) conditioning withdrawal, pursuant to Civil Local Rule 11-5(b), on Withdrawing Counsel's continued acceptance of service of papers for forwarding purposes unless and until Dr. Laps appears through new counsel or *pro se*; and (3) vacating Dr. Laps's deposition, currently scheduled for December 8 and 9, 2026, in New York, New York, and ordering that Dr. Laps's deposition be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order (Dkt. 129), so that neither Dr. Laps nor Defendants are prejudiced while Dr. Laps retains successor counsel.

GROUNDS FOR THE MOTION

Good cause exists for withdrawal. Circumstances have arisen in the representation that render it unreasonably difficult for Withdrawing Counsel to carry out the representation effectively, within the meaning of California Rule of Professional Conduct 1.16(b)(4). Withdrawing Counsel also believe in good faith that the Court will find the existence of other good cause for withdrawal within the meaning of Rule 1.16(b)(10). Withdrawing Counsel are bound by California Business and Professions Code section 6068(e)(1) and California Rule of Professional

Conduct 1.6 and therefore describe these circumstances only in general terms. They will provide additional information to the Court in camera if the Court determines that further substantiation is needed.

Withdrawing Counsel gave Dr. Laps written notice, reasonably in advance, of their intent to seek leave to withdraw. On November 16, 2026, Dr. Laps advised Withdrawing Counsel in writing that he intends to seek new counsel. Withdrawing Counsel gave written notice of their intent to withdraw to all counsel for Defendants The Leland Stanford Junior University and Danny Hung-Chieh Chou on November 16, 2026. (Declaration of Jerome M. Marcus (“Marcus Decl.”), ¶¶ 8-11.) Withdrawing Counsel have notified Dr. Laps of the forwarding condition under Civil L.R. 11-5(b). (*Id.* ¶ 10.) Withdrawal will not unduly prejudice any party, harm the administration of justice, or delay resolution of this case. Under the Amended Case Management Order (Dkt. 129), fact discovery remains open through February 19, 2027, and trial is set for October 12, 2027. (Marcus Decl. ¶ 13.) Completing Dr. Laps’s deposition no later than January 29, 2027 will allow successor counsel a reasonable opportunity to appear and prepare, will preserve Defendants’ ability to obtain his testimony three weeks before fact discovery closes, and will require no change to any other deadline in the Amended Case Management Order. (*Id.* ¶¶ 4, 14.)

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Jerome M. Marcus, the [Proposed] Order, the Proof of Service, the pleadings and records on file in this action, and any further evidence or argument the Court may permit at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The Deborah Project and its attorneys of record, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, and Marc H. Kushner, together with Plaintiff's local counsel, Javitch Law Office and its attorney of record, Mark Javitch (collectively, "Withdrawing Counsel"), ask the Court for leave to withdraw as counsel of record for Plaintiff Dr. Shay Laps. Withdrawing Counsel appeared for Dr. Laps after the Court permitted his prior counsel, Cohen Williams LLP and The Louis D. Brandeis Center for Human Rights Under Law, and his successor counsel, Ameet Sharma, Attorney-at-Law, to withdraw. Withdrawing Counsel have since represented Dr. Laps through the current phase of fact discovery. That work included organizing the parties' document productions and preparing for Dr. Laps's deposition. (Marcus Decl. ¶ 2.)

Circumstances have now arisen that render it unreasonably difficult for Withdrawing Counsel to carry out the representation effectively. Withdrawing Counsel's duty of confidentiality prevents them from describing those circumstances in detail. Withdrawal is permitted under California Rule of Professional Conduct 1.16(b)(4) and (b)(10). Withdrawing Counsel gave Dr. Laps written notice, reasonably in advance, of their intent to withdraw, and Dr. Laps has advised them in writing that he intends to seek new counsel. Withdrawing Counsel also gave written notice to all counsel for Defendants. (*Id.* ¶¶ 8-11.)

The timing of this Motion requires attention to one near-term event. Dr. Laps's deposition is scheduled for December 8 and 9, 2026, in New York. Withdrawing Counsel therefore ask the Court to address the deposition in a way that protects both sides: the December 8 and 9, 2026 dates should be vacated, and Dr. Laps's deposition should be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order. Dr. Laps should not have to sit for a two-day deposition while he is between counsel, and Defendants will obtain his testimony three weeks before fact discovery closes on February 19, 2027. No other deadline needs to change, and trial remains set for October 12, 2027. (Dkt. 129; Marcus Decl. ¶¶ 13-14.)

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether this Motion should be granted;
2. Whether the Court permits The Deborah Project, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, Marc H. Kushner, Javitch Law Office, and Mark Javitch to withdraw as counsel of record for Dr. Laps, subject to the Civil L.R. 11-5(b) forwarding condition;
3. Whether Dr. Laps's deposition currently scheduled for December 8 and 9, 2026 should be vacated, and completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order.

## III. STATEMENT OF FACTS

### A. Procedural Posture

Dr. Laps filed this action on July 10, 2025, asserting federal and state claims against The Leland Stanford Junior University and Associate Professor Danny Hung-Chieh Chou. (Dkt. 1.) In April 2026, Dr. Laps's original counsel, Cohen Williams LLP, and his co-counsel, The Louis D. Brandeis Center for Human Rights Under Law, each moved to withdraw. (Dkts. 54, 57.) On April 16, 2026, the Court conditionally granted counsels' Motions to Withdraw and stayed the case until May 19, 2026. (Dkt. 63.) On August 21, 2026, Dr. Laps's successor counsel, Ameet Sharma, Attorney-at-Law, moved to withdraw. (Dkt. 88.) On August 27, 2026, the Court conditionally granted successor counsel's Motion to Withdraw as Counsel for Plaintiff Dr. Shay Laps and stayed the case until September 29, 2026. (Dkt. 96.) Withdrawing Counsel appeared for Dr. Laps on October 19, 2026. (Dkt. 111; Marcus Decl. ¶ 2.)

After a status conference on October 27, 2026, the Court entered an Amended Case Management Order on November 2, 2026. (Dkt. 129.) That order sets the close of fact discovery for February 19, 2027; expert disclosures for March 12 and April 2, 2027; the close of expert discovery for April 23, 2027; a further case management conference for May 11, 2027; and trial for October 12, 2027. (*Id.*) In consultation with Dr. Laps, Withdrawing Counsel scheduled his deposition with Defendants for December 8 and 9, 2026, in New York. (Marcus Decl. ¶ 4.)

**B. Circumstances Requiring Withdrawal**

In November 2026, circumstances arose in the representation that, in Withdrawing Counsel's professional judgment, render it unreasonably difficult to carry out the representation effectively. (Marcus Decl. ¶ 5.) Those circumstances involve confidential attorney-client communications. They are limited to the relationship between Dr. Laps and Withdrawing Counsel. They do not involve any other client, matter, or party. They have resulted in a breakdown of the attorney-client relationship that cannot be repaired. (*Id.* ¶ 6.) Withdrawing Counsel cannot say more without disclosing information protected by California Business and Professions Code section 6068(e)(1) and California Rule of Professional Conduct 1.6. They will provide additional detail to the Court in camera if the Court considers it necessary. (*Id.* ¶ 7.)

**C. Notice to Dr. Laps and to Defendants**

Withdrawing Counsel gave Dr. Laps written notice of their intent to seek leave to withdraw during the week of November 9, 2026. They confirmed that intent in writing on November 16, 2026. (Marcus Decl. ¶ 8.) Withdrawing Counsel also asked Dr. Laps whether he intended to retain new counsel or to represent himself. That same day, Dr. Laps responded in writing that he intends to seek new counsel. (*Id.* ¶ 9.) Withdrawing Counsel have informed Dr. Laps of the Civil L.R. 11-5(b) condition, which allows papers to continue to be served on Withdrawing Counsel for forwarding purposes unless and until he appears through new counsel or *pro se*. (*Id.* ¶ 10.) On November 16, 2026, Withdrawing Counsel gave all counsel of record for Defendants written notice of their intent to withdraw. (*Id.* ¶ 11.)

**D. Steps Taken to Avoid Prejudice to Dr. Laps**

Withdrawing Counsel will promptly release Dr. Laps's complete client file to him or to successor counsel. That file includes the electronic database of the parties' discovery productions that Withdrawing Counsel assembled. (Marcus Decl. ¶ 12.) Withdrawing Counsel will cooperate with successor counsel on the transition and will forward any papers served on them while the Civil L.R. 11-5(b) condition remains in effect. (*Id.*)

## IV. LEGAL STANDARD

Every attorney practicing in this Court must "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California." Civil L.R. 11-4(a)(1). Those standards include the California Rules of Professional Conduct. *See id.*

Under Civil Local Rule 11-5(a), counsel "may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). If withdrawal is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, the Court may grant leave subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or *pro se*. Civil L.R. 11-5(b).

California Rule of Professional Conduct 1.16(b) permits a lawyer to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," Cal. R. Prof. Conduct 1.16(b)(4), or if the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal. Cal. R. Prof. Conduct 1.16(b)(10). Where a tribunal's rules require permission, the lawyer may not terminate the representation without it. Cal. R. Prof. Conduct 1.16(c). Before withdrawing, the lawyer must take reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel. Cal. R. Prof. Conduct 1.16(d). A lawyer seeking leave to withdraw must also continue to honor the duty of confidentiality under Business and Professions Code section 6068(e)(1) and Rule 1.6. *See* Cal. Bus. & Prof. Code § 6068(e)(1); Cal. R. Prof. Conduct 1.6(a).

Whether to grant a motion to withdraw lies within the Court's discretion. Courts in this Circuit commonly weigh "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *U.S. Equal Emp. Opportunity Comm'n v. Mariscos El Puerto, Inc.*, 822 F. Supp. 3d 1122, 1124 (D. Nev. 2026) (quoting *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

## V. ARGUMENT

**A. Withdrawal Is Permitted Under Rule 1.16(b)(4) and (b)(10).**

Withdrawing Counsel's request rests on a ground the Rules of Professional Conduct expressly recognize. Circumstances in the representation have made it unreasonably difficult for Withdrawing Counsel to represent Dr. Laps effectively, and the attorney-client relationship has broken down beyond repair. (Marcus Decl. ¶ 6.) California courts give trial courts broad discretion to permit withdrawal in order to protect the client's interests, and they recognize that a complete breakdown of the relationship can justify withdrawal. *See Est. of Falco*, 188 Cal. App. 3d 1004, 1014, 233 Cal. Rptr. 807 (1987). In deciding whether to permit withdrawal on that basis, the court's concern is "the effects the rift would have on" the client's legal representation, not "who caused the breakdown." *Id.* As the Court of Appeal has explained, "[i]f attorney and client cannot agree, how can they litigate together?" *Rus, Miliband & Smith v. Conkle & Olesten*, 113 Cal. App. 4th 656, 673, 6 Cal. Rptr. 3d 612 (2003).

Those effects are significant here. In the coming weeks Dr. Laps must prepare for and sit for a two-day deposition. Over the following months he must complete fact discovery and expert disclosures. Each of those tasks requires a working relationship between client and counsel. (Marcus Decl. ¶¶ 13-14.) Dr. Laps has confirmed in writing that he intends to retain new counsel. (Marcus Decl. ¶ 9.) Withdrawal will therefore allow him to proceed with counsel of his choosing. Javitch Law Office has served as Dr. Laps's local counsel in association with The Deborah Project. Once The Deborah Project withdraws, Javitch Law Office's continued role as local counsel would serve no purpose, and Dr. Laps's successor counsel should be free to choose local counsel of their own. (Marcus Decl. ¶ 3.) Withdrawing Counsel also believe in good faith that the Court will find other good cause for withdrawal under Rule 1.16(b)(10). *See* Cal. R. Prof. Conduct 1.16(b)(10).

**B. Withdrawing Counsel Have Described the Grounds as Fully as Their Duty of Confidentiality Permits.**

Withdrawing Counsel may not reveal client confidences to support this Motion. Rule 1.6 prohibits a lawyer from revealing information protected by Business and Professions Code section 6068(e)(1) without the client's informed consent, subject to an exception that does not apply here. Cal. R. Prof. Conduct 1.6(a)–(b). California courts have resolved how withdrawal motions should

proceed under that constraint. When "the duty not to reveal confidences prevented counsel from further disclosure and the court accepted the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal." *Aceves v. Superior Ct.*, 51 Cal. App. 4th 584, 592, 59 Cal. Rptr. 2d 280 (1996).

This rule does not authorize a "rubber stamp." Counsel must "describe the general nature, as fully as possible but within the confines of privilege." *Id.* at 592–93. Counsel's disclosure in *Aceves* was sufficient because it identified the parties to the conflict, said that it had caused a complete breakdown of the relationship, and gave the court "meaningful information about the general nature of the conflict." *Id.* at 593. By contrast, a motion that gives the court not the slightest inkling of the nature of the problem falls short. *See Manfredi & Levine v. Superior Ct.*, 66 Cal. App. 4th 1128, 1135–1136, 78 Cal. Rptr. 2d 494 (1998).

Withdrawing Counsel's showing satisfies this standard. *See Aceves*, 51 Cal. App. 4th at 592–93. The Marcus Declaration states that the circumstances (1) are confined to the relationship between Dr. Laps and Withdrawing Counsel; (2) do not involve any other client, matter, or party to this action; (3) have produced a breakdown of the attorney-client relationship that cannot be repaired; and (4) cannot be described further without disclosing confidential communications. (Marcus Decl. ¶ 6.) Withdrawing Counsel make these representations in good faith as officers of the Court. They will provide additional information in camera if the Court concludes that more is needed. (Marcus Decl. ¶ 7.)

**C. Withdrawing Counsel Have Complied with Civil Local Rule 11-5.**

Civil L.R. 11-5(a) requires written notice, reasonably in advance, to the client and to all other parties who have appeared. Civil L.R. 11-5(a). Withdrawing Counsel have satisfied that requirement. They gave Dr. Laps written notice of their intent to withdraw during the week of November 9, 2026, and confirmed it in writing on November 16, 2026. Dr. Laps then confirmed in writing that he intends to seek new counsel. (Marcus Decl. ¶¶ 8-9.) Withdrawing Counsel gave written notice to all counsel of record for Defendants on November 16, 2026. (Marcus Decl. ¶ 11.)

No successor counsel has yet appeared, and Dr. Laps has not agreed to proceed *pro se*. Withdrawing Counsel therefore ask the Court to impose the forwarding condition authorized by

Civil L.R. 11-5(b). Under that condition, papers may continue to be served on Withdrawing Counsel for forwarding purposes unless and until Dr. Laps appears through new counsel or *pro se*. When the condition is imposed, counsel must notify the party of it. Civil L.R. 11-5(b). Withdrawing Counsel have done so. (Marcus Decl. ¶ 10.) The condition ensures that Dr. Laps will continue to receive every filing and discovery paper while he retains new counsel. It also gives Defendants a reliable means of service during that period.

**D. Withdrawing Counsel Have Taken Reasonable Steps to Avoid Prejudice to Dr. Laps.**

Rule 1.16(d) requires reasonable steps to avoid foreseeable prejudice, "such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d). Withdrawing Counsel have taken those steps. They gave Dr. Laps advance notice. They will promptly release the complete client file, including the electronic discovery database, consistent with Cal. R. Prof. Conduct 1.16(e)(1). They will cooperate with successor counsel and forward all papers served on them under the Civil L.R. 11-5(b) condition. (Marcus Decl. ¶ 12.)

The one event that could cause prejudice in the near term is the December 8–9, 2026 deposition. Without interim relief, Dr. Laps could face two days of examination in New York while between counsel, or the deposition could go forward without the preparation that Withdrawing Counsel can no longer effectively provide. Withdrawing Counsel therefore ask the Court to vacate the December 8 and 9, 2026 deposition dates and to order that Dr. Laps's deposition be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order. That window gives successor counsel a reasonable opportunity to appear and prepare Dr. Laps while preserving Defendants' ability to take his testimony three weeks before fact discovery closes on February 19, 2027. (Marcus Decl. ¶¶ 13-14.) Withdrawing Counsel do not ask the Court to modify any other deadline in the Amended Case Management Order.

**E. Withdrawal Will Not Prejudice Defendants, Harm the Administration of Justice, or Unduly Delay the Case.**

The remaining factors in the withdrawal analysis are prejudice to other litigants, harm to the administration of justice, and delay. *See Mariscos El Puerto*, 822 F. Supp. 3d at 1124. Each favors withdrawal here. Courts are cautious about permitting withdrawal in the lead-up to trial and other important litigation events. *See id.* That concern is absent here. Fact discovery remains open for more than three months. Dispositive motions are not due until May 2027, and trial is nearly eleven months away, on October 12, 2027. (Dkt. 129.) Withdrawing Counsel know of no pending motion that withdrawal would disrupt. The only scheduling adjustment requested is a short, defined rescheduling of a single deposition, to be completed no later than January 29, 2027, within the existing fact-discovery period; every other date in the Amended Case Management Order remains unchanged. (Marcus Decl. ¶¶ 13-14.) The special concerns that arise when withdrawing counsel represents a corporation, which "may appear in federal court only through licensed counsel," are absent here. *Mariscos El Puerto*, 822 F. Supp. 3d at 1125 (quoting *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993)). Dr. Laps is an individual, and the Civil L.R. 11-5(b) framework itself contemplates that he may appear *pro se*. *See* Civil L.R. 11-5(b). The Civil L.R. 11-5(b) condition will also keep communications and service flowing during the transition.

**VI. CONCLUSION**

For these reasons, Withdrawing Counsel respectfully ask the Court to grant the Motion; permit The Deborah Project, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, Marc H. Kushner, Javitch Law Office, and Mark Javitch to withdraw as counsel of record for Dr. Laps, subject to the Civil L.R. 11-5(b) forwarding condition; and vacate Dr. Laps's deposition currently scheduled for December 8 and 9, 2026, and order that Dr. Laps's deposition be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order (Dkt. 129).

Dated: November 17, 2026

**THE DEBORAH PROJECT**
By: /s/ *Jerome M. Marcus*
Jerome M. Marcus (admitted *pro hac vice*)
Lori Lowenthal Marcus (admitted *pro hac vice*)
Jesse S. Wenger (admitted *pro hac vice*)
Marc H. Kushner (admitted *pro hac vice*)
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 880-0100
jmarcus@deborahproject.org
lorilowenthalmarcus@deborahproject.org
jwenger@deborahproject.org
mkushner@deborahproject.org

**JAVITCH LAW OFFICE**

By: /s/ *Mark Javitch*
Mark Javitch (Bar No. 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave.
Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

*Attorneys for Plaintiff Dr. Shay Laps*

## ATTESTATION

I, Jerome M. Marcus, am the ECF user whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

/s/ *Jerome M. Marcus*
Jerome M. Marcus