Jerome M. Marcus (admitted *pro hac vice*)
Lori Lowenthal Marcus (admitted *pro hac vice*)
Jesse S. Wenger (admitted *pro hac vice*)
Marc H. Kushner (admitted *pro hac vice*)
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 880-0100
jmarcus@deborahproject.org
lorilowenthalmarcus@deborahproject.org
jwenger@deborahproject.org
mkushner@deborahproject.org

Mark Javitch (Bar No. 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave.
Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

*Attorneys for Plaintiff Dr. Shay Laps*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

**DECLARATION OF JEROME M. MARCUS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS**

Judge: Hon. Susan van Keulen
Date: December 22, 2026
Time: 10:00 a.m.
Courtroom: 6, 4th Floor

**DECLARATION OF JEROME M. MARCUS**

I, Jerome M. Marcus, declare as follows:

1. I am an attorney admitted to practice before this Court *pro hac vice* and the President of The Deborah Project. I am counsel of record for Plaintiff Dr. Shay Laps ("Dr. Laps") in this action. I submit this declaration under Civil Local Rule 7-5 in support of the Motion to Withdraw as Counsel of Record filed by The Deborah Project, me, Lori Lowenthal Marcus, Jesse S. Wenger, and Marc H. Kushner, and Plaintiff's local counsel, Javitch Law Office and Mark Javitch (collectively, "Withdrawing Counsel"). I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify competently to them.

2. Withdrawing Counsel appeared on behalf of Dr. Laps in this action on October 19, 2026, after the Court permitted Dr. Laps's prior counsel to withdraw. (Dkt. 111.) Since then, Withdrawing Counsel have represented Dr. Laps in fact discovery. Among other things, we assembled the parties' document productions in an electronic database and prepared for Dr. Laps's deposition.

3. Mark Javitch of Javitch Law Office has served as Dr. Laps's local counsel in this action in association with The Deborah Project. Mr. Javitch joins in the Motion, and he has authorized me to file it on his behalf and to sign it electronically on his behalf. The circumstances described in paragraphs 5 and 6 below apply equally to Javitch Law Office's representation, and Javitch Law Office's role as local counsel would not continue once The Deborah Project withdraws.

4. In consultation with Dr. Laps, Withdrawing Counsel scheduled Dr. Laps's deposition with Defendants' counsel for December 8 and 9, 2026, in New York, New York, and informed Defendants of those dates. I have been advised by Defendants' counsel that an interpreter has been arranged for the deposition.

5. In November 2026, circumstances arose in the representation that, in my professional judgment, render it unreasonably difficult for Withdrawing Counsel to carry out the representation of Dr. Laps effectively. I make this statement in good faith.

6. I am bound by California Business and Professions Code section 6068(e)(1) and California Rule of Professional Conduct 1.6, and I cannot describe these circumstances in detail without revealing confidential attorney-client communications. Within those limits, I can state the following: (a) the circumstances are confined to the relationship between Dr. Laps and Withdrawing Counsel; (b) they do not involve any other client or matter of Withdrawing Counsel, and they do not involve any party to this action other than Dr. Laps; and (c) they have resulted in a breakdown of the attorney-client relationship that, in my professional judgment, cannot be repaired.

7. If the Court determines that further substantiation is necessary, I will provide additional information to the Court in camera, in a manner that does not waive Dr. Laps's attorney-client privilege or disclose his confidential information to Defendants.

8. During the week of November 9, 2026, I notified Dr. Laps in writing that Withdrawing Counsel intended to seek leave to withdraw. On November 16, 2026, I confirmed that intent to Dr. Laps in writing. I also told him that we wished to file this Motion as soon as possible so that he could proceed with new counsel or on his own behalf, and I asked whether he intended to seek new counsel or represent himself.

9. On November 16, 2026, Dr. Laps responded in writing that he intends to seek new counsel. As of the date of this declaration, no successor counsel has appeared or contacted Withdrawing Counsel on Dr. Laps's behalf, and Dr. Laps has not stated that he will appear *pro se*.

10. On November 17, 2026, I notified Dr. Laps in writing, by email to the address he has used to communicate with Withdrawing Counsel throughout the representation, that the Court may grant leave to withdraw subject to the condition under Civil Local Rule 11-5(b) that papers may continue to be served on Withdrawing Counsel for forwarding purposes unless and until he appears through new counsel or *pro se*. I also told him that Withdrawing Counsel will promptly forward to him any papers served on us while that condition remains in effect.

11. On November 16, 2026, I gave written notice of Withdrawing Counsel's intent to file this Motion, by email, to counsel of record for Defendants The Leland Stanford Junior

University and Danny Hung-Chieh Chou, including Reid J. Schar and Laurie Edelstein of Jenner & Block LLP.

12. Withdrawing Counsel have taken reasonable steps to avoid prejudice to Dr. Laps. In addition to the notice described above, we will promptly release Dr. Laps's complete client file to him or to successor counsel, including the electronic database of the parties' discovery productions. We will cooperate with successor counsel to ensure an orderly transition, and we will forward all papers served on us while the Civil L.R. 11-5(b) condition remains in effect.

13. Under the Amended Case Management Order entered November 2, 2026 (Dkt. 129), fact discovery closes on February 19, 2027; initial expert disclosures are due March 12, 2027; rebuttal expert disclosures are due April 2, 2027; expert discovery closes on April 23, 2027; a further case management conference is set for May 11, 2027; and trial is set to begin on October 12, 2027. To my knowledge, no motion is currently pending in this action.

14. Dr. Laps's deposition dates of December 8 and 9, 2026, fall before the December 22, 2026 hearing date noticed for this Motion. In my judgment, requiring Dr. Laps to prepare for and sit for a two-day deposition while he is between counsel would risk prejudice to him. Withdrawing Counsel therefore request that the December 8 and 9, 2026 deposition dates be vacated and that Dr. Laps's deposition be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order. That date is three weeks before fact discovery closes on February 19, 2027. In my judgment, completing the deposition within that window, after successor counsel has had a reasonable opportunity to appear and prepare, would avoid prejudice to Dr. Laps without impairing Defendants' ability to obtain his testimony or requiring changes to any other deadline in the Amended Case Management Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2026, at Merion Station, Pennsylvania.

/s/ Jerome M. Marcus

Jerome M. Marcus