Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com
cshahkar@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

The Honorable Susan van Keulen

**DEFENDANTS' RESPONSE TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**

Defendants The Board of Trustees of The Leland Stanford Junior University (named as The Leland Stanford Junior University) and Danny Hung-Chieh Chou (collectively, "Defendants") respectfully submit this response to Dr. Laps' counsel's motion to withdraw (ECF No. 132).

Defendants do not oppose the motion to withdraw. However, this is the ***fourth*** group of counsel to move to withdraw in the last eight months, and the circumstances of this most recent motion to withdraw highlight that Dr. Laps is abusing the administration of justice and has no intention of being deposed in this case. This case should be dismissed with prejudice now and Dr. Laps should be ordered to pay monetary sanctions. At a minimum, Dr. Laps should be ordered to sit for his deposition on the currently noticed dates with any failure to attend leading to dismissal of this case with prejudice.

**A. Background**

Defendants have been attempting to move this case forward and schedule Dr. Laps' deposition for over a year. Dr. Laps filed a complaint that baselessly accuses a large number of people of engaging in a discriminatory, retaliatory conspiracy. These individuals have a significant interest in clearing their names and getting this meritless case dismissed. But each time Dr. Laps' deposition has come to a head, Dr. Laps has taken actions that have led his counsel to move to withdraw. Dr. Laps' actions also have forced Defendants to incur fees and costs in preparing for and arranging and re-arranging his deposition.

**1. First and Second Set of Counsel: Cohen Williams and the Louis D. Brandeis Center for Human Rights Under Law**

Dr. Laps was initially represented by Cohen Williams LLP ("CW") and the Louis D. Brandeis Center for Human Rights Under Law ("LBC"). ECF No. 1. Defendants requested dates for Dr. Laps' deposition from CW and LBC ***five times*** between November 2025 and March 2026. ECF No. 85-2 ¶ 3 (listing dates). Dr. Laps never provided his availability in response to any of those requests. *Id.* On March 30, 2026, Defendants asked Dr. Laps to provide his availability for deposition and indicated that if he did not do so by April 6, 2026, Defendants would proceed with noticing Dr. Laps' deposition. *See* Schar Decl. ¶ 2 & Ex. A. Dr. Laps did not provide his availability by April 6, 2026. Instead, on April 6 and 7, 2026, both CW and LBC moved to

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

withdraw as counsel for Dr. Laps and moved to stay the case. ECF Nos. 54, 55, 57, 58. No deposition of Dr. Laps occurred. The Court entered a stay on April 16, 2026. ECF No. 63.

**2. Third Set of Counsel: Angela Hooper and Ameet Sharma**

On May 15, 2026, Angela Hooper filed a notice of appearance on behalf of Dr. Laps. ECF No. 68. Ms. Hooper was joined in representing Dr. Laps by Ameet Sharma. ECF No. 67. On May 21, 2026, Defendants again requested that Dr. Laps provide his availability for a deposition and proposed several dates in June and July. ECF No. 85-2 ¶ 8. Dr. Laps once again did not respond, and on June 4, Defendants noticed Dr. Laps' deposition for July 7 and 8, 2026 in San Francisco. *Id.* ¶¶ 8–9. Ms. Hooper and Mr. Sharma offered various excuses why the deposition could not proceed on those dates, including that they could not access the documents the parties had previously exchanged. *Id.* ¶ 10. They did not propose any alternative dates for Dr. Laps' deposition. *Id.*

The parties raised the issue of Dr. Laps' deposition as a discovery dispute, in which Dr. Laps for the first time asserted that he would seek to appear remotely for his deposition rather than in person. ECF No. 78. Dr. Laps also stated (again for the first time) that he had "safety concerns regarding traveling to the United States," although he identified no facts to support such concerns. *Id.* at 10.

On July 15, 2026, the Court ordered Dr. Laps to appear for deposition by August 28, 2026. ECF No. 82. That same day, Defendants contacted Ms. Hooper and asked for Dr. Laps' availability for an in-person deposition before August 28. ECF No. 85-2 ¶ 11. Ms. Hooper thereafter proposed that Dr. Laps appear remotely for deposition. Defendants objected. *Id.* ¶ 15. To address Dr. Laps' stated "safety concerns," Defendants proposed that Dr. Laps attend his deposition in person in a different city in which Jenner & Block LLP has an office, namely Los Angeles, New York, Chicago, or Washington, D.C. *Id.* On July 28, 2026, Defendants served an amended notice of Dr. Laps' deposition for August 26 and 27, 2026 in San Francisco. *See* ECF No. 85-2, Ex. E. On August 14, 2026, the parties filed another joint statement regarding Dr. Laps' deposition. ECF No. 85. Dr. Laps re-raised his safety concerns and also argued he had immigration concerns with traveling to the United States, even though CW and LBC had previously confirmed that Dr. Laps'

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

existing B-1 visa was sufficient to allow him to travel to the United States for his deposition. *Id.* at 6, 11; ECF No. 85-2 ¶¶ 4–6. Dr. Laps also demanded his deposition occur after Dr. Chou's deposition, even though Dr. Chou's deposition had not been noticed and Dr. Laps did not even raise his intent to take Dr. Chou's deposition until three days after the Court ordered Dr. Laps to appear for his deposition by August 28, 2026. ECF No. 85, at 9; ECF No. 85-2 ¶ 13.

On August 17, 2026, the Court denied Dr. Laps' request to attend his deposition remotely and ordered that his deposition "will proceed as ORDERED," and "specifically it will proceed no later than August 28, 2026." ECF No. 86 (emphasis omitted). Ms. Hooper confirmed on August 19, 2026 that she, Mr. Sharma, and Dr. Laps would attend the deposition. ECF No. 91-1 ¶ 3. Dr. Laps invoked the Court's order permitting him to be deposed in a city besides San Francisco where Jenner & Block LLP has an office and chose New York despite its inconvenience for Defendants and defense counsel. *Id.* Defendants thereafter began making arrangements for the deposition in New York, including booking flights and accommodations, reserving a court reporter and videographer to appear in New York, communicating with a Hebrew interpreter to determine if the interpreter could attend in person in New York, and preparing a revised deposition notice. *Id.* ¶ 4. Defendants incurred costs and fees in the process of making these arrangements. *Id.*

Then, on August 20, 2026, Ms. Hooper emailed Defendants indicating she and Mr. Sharma would be moving to withdraw as counsel. *Id.* ¶ 5. The motion to withdraw, filed the following day, indicated the withdrawal was mandatory under California Rule of Professional Conduct 1.16(a) and had been triggered by a conversation with Dr. Laps on August 20, 2026. ECF No. 88; ECF No. 88-1 ¶ 3. On August 24, 2026, the Court ordered Dr. Laps' deposition be taken off-calendar. ECF No. 92. Because the deposition was taken off-calendar after the deadline to cancel the Hebrew interpreter's services without incurring a fee, Defendants were required to pay a late cancellation fee. *See* ECF No. 91-1 ¶ 8; Schar Decl. ¶ 3.

On August 27, 2026, following a hearing, the Court conditionally granted Ms. Hooper and Mr. Sharma's request to withdraw and stayed the case for 30 days. ECF No. 96. On September 29, 2026, the Court continued the conditional withdrawal until October 27, 2026, to allow Dr. Laps

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

additional time to obtain new counsel; maintained the stay of the case; and continued all discovery response deadlines by an additional 30 days. ECF No. 106.

**3. Fourth Set of Counsel: The Deborah Project and Mark Javitch**

On October 19, 2026, roughly two months after Ms. Hooper and Mr. Sharma moved to withdraw, Mark Javitch appeared on behalf of Dr. Laps, and the Court thereafter granted pro hac vice status to attorneys from the Deborah Project. ECF Nos. 111, 115, 122, 123. The parties met and conferred and corresponded by email, and collectively agreed that Dr. Laps' deposition would proceed in early December 2026 in New York, with Defendants proposing December 8 and December 9, 2026. Schar Decl. ¶ 4 & Ex. B; ECF No. 132-1 (Marcus Decl.) ¶ 4. At an October 27, 2026 status conference, Dr. Laps' counsel unequivocally represented to the Court that the deposition would proceed on December 8 and 9, 2026 in New York. On November 2, 2026, the Court entered an amended case management order, setting the close of fact discovery for February 19, 2027. ECF No. 129.

Following the October 27, 2026 status conference, Defendants once again began making arrangements to take Dr. Laps' deposition in New York on the confirmed December dates. Schar Decl. ¶ 6. On October 29, 2026, Defendants served on Dr. Laps another amended notice of deposition for December 8 and 9, 2026, in New York. Schar Decl., Ex. C. And on November 9, Dr. Laps' counsel confirmed Dr. Laps would need an interpreter. *Id.*, Ex. D. Defendants booked flights and accommodations, reserved a court reporter and videographer to appear in New York, and arranged for a Hebrew interpreter to attend in person in New York. *Id.* ¶ 6; ECF No. 132-1 (Marcus Decl.) ¶ 4. Defendants have incurred costs and fees in the course of making these arrangements. Schar Decl. ¶ 6.

Then, on November 16, 2026, less than three weeks after filing their appearances, Dr. Laps' counsel from the Deborah Project informed Defendants that they would be seeking to withdraw from representing Dr. Laps. *Id.* ¶ 7. Dr. Laps' counsel also wrote that it was his "understanding that Dr. Laps does not intend to appear for deposition on December 8." *Id.*, Ex. E.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**B. Request for Relief**

The pattern here is undeniable: Dr. Laps has no intention of complying with his obligation to sit for his properly noticed deposition, and he has likely never intended to comply with that obligation. Under the Federal Rules and Ninth Circuit precedent, this type of conduct is sanctionable, including dismissal of the case. *See* Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 37(b)(2)(A) (listing available discovery sanctions); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (repeated late cancellations constitute "failure to appear" for depositions); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167–69 (9th Cir. 1994) (affirming dismissal of complaint for repeated failures to attend scheduled depositions).

Dr. Laps' conduct has once again "brought the progress of these proceedings to a halt" and "threatened to interfere with the rightful decision of the case." *Wilson v. Zenith Am. Sols., Inc.*, 2023 WL 3579320, at *3 (N.D. Cal. Feb. 23, 2023) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). He has prejudiced Defendants' ability to "proceed with fundamental discovery," *Deshazier v. Williams*, 2007 WL 3010578, at *5 (E.D. Cal. Oct. 15, 2007), and he has consumed an inordinate amount of the Court's time and resources, *Wilson*, 2023 WL 3579320, at *2 (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Based on Dr. Laps' conduct to date, the Court should order this case to be dismissed with prejudice and order Dr. Laps to pay monetary sanctions for the fees and costs Defendants have incurred in preparing for and arranging his deposition.[1] *See, e.g.*, *Hays v. John Deere Landscapes, Inc.*, 2013 WL 4764974, at *3–4 (N.D. Cal. Sept. 5, 2013) (dismissing case with prejudice and imposing monetary sanctions after plaintiff, among other things, failed to appear for multiple scheduled depositions); *Wilson*, 2023 WL 3579230, at *2–4 (similar). At minimum, the Court should order Dr. Laps to appear in person for his deposition in New York on December 8 and 9, as presently noticed, and to dismiss the case and impose monetary sanctions if he does not appear. *See McColm v. Foremost Ins. Co.*, 2011 WL 1667173, at *2 (N.D. Cal. May 3, 2011).

[1] Defendants can provide a calculation of these fees and costs if the Court imposes monetary sanctions. Schar Decl. ¶ 8.

Dr. Laps' counsel's proposal that the deposition be taken off-calendar and the Court order Dr. Laps to be deposed by January 29, 2027 should be denied. The Court should not reward Dr. Laps' continued misconduct by allowing him additional time to delay his deposition, especially until only a few weeks before the close of fact discovery. Dr. Laps is capable of being deposed *pro se*.

Dated: November 18, 2026

JENNER & BLOCK LLP

By: /s/ *Reid J. Schar*

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com
cshahkar@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou*