**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION**

**DR. SHAY LAPS, Plaintiff,**
**v.**
**THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Defendants.**

**Case No. 5:25-cv-05767-SVK**

**PLAINTIFF'S RESPONSE TO THE MOTION OF HIS COUNSEL TO WITHDRAW (DKT. 132; EXHIBIT 6), TO DEFENDANTS' RESPONSE (DKT. 136; EXHIBIT 7), AND REQUEST FOR INDEPENDENT LEGAL REPRESENTATION, COMPLETION OF DISCOVERY, MODIFICATION OF THE ORDER OF DEPOSITIONS, AND A PROTECTIVE ORDER**

## TO THE HONORABLE COURT:

It appears that the time has come to lift the curtain on yet another dark performance in the theater of American justice in the United States.

In the land of unlimited rights, the court of justice reveals itself as a slaughterhouse for vulnerable victims.

The dishonorable attorneys who masqueraded as my legal representatives are revealing themselves, one after another, to be ravenous wolves disguised in sheep's clothing. Every single attorney I retained, without exception, conspired to enrich themselves at my expense through fraud and deceit. They collaborated fully with the Defendant behind my back, seized control of the flow of attorneys considering representing me, as though they were the main valve determining whom to let through, under what conditions of admission, and whom to block. All the "successful bidders" in the Defendant's tender extorted me from the very first moment and attempted to intimidate me into satisfying the Defendant.

This began with an aggressive document-discovery process accompanied by threats from attorneys Talia Nissimyan, Reuven Cohen, their firm's staff, and the Brandeis Center, warning me against making any change whatsoever, however insignificant, or even moving folders or documents.

All my devices were physically taken from me and held for an extended period. Everything was conducted under time pressure and demands for complete transparency, under threats that costs would be imposed, portions of my claims would be dismissed, and more.

They stripped me of every secret of my life, from the day I was born until the present. As though I were one of the hijackers responsible for the September 11, 2001 terrorist attacks, rather than a victim of severe antisemitic violence seeking his day in court. These personal materials are now circulating among dozens of attorneys.

Not one of them objected to, pressured, or threatened the Defendant in this regard, while not a single one of its witnesses has completed, or even begun, providing what the law requires of them. Nor has the Court compelled the Defendant to fulfill its obligations in this respect.

The Defendant inundated my attorneys with vast quantities of meaningless documents while, I maintain, unlawfully concealing substantial amounts of evidence relevant to this case. Devices and documents were not collected at all from officials and other individuals with relevant knowledge and involvement. This

creates a significant concern that important information may be deleted before it is preserved and produced. (See Exhibit 2, Dkt. 105.)

The disproportionate preoccupation with my deposition, while nothing else in the proceedings is functioning, reeks of manifestly improper procedures.

The Deborah Project required me, in advance, to sign a notice acknowledging that it was operating under a conflict of interest, and then exploited the trust I placed in it to betray me. Its interpretation of my consent to grant it somewhat broader latitude of action, as though I had authorized it to sell my interests, constitutes betrayal and professional and ethical degradation of the lowest conceivable order!

Attorneys Lori Marcus and Mark Javitch did not contact me even once.

Jerome Marcus blatantly ignored me, failed to answer my inquiries and questions, did not share his plans with me, and did nothing with my requests.

There is no parallel to such a method of legal representation anywhere in the legal profession.

Attorney Jerome invented some tale about his plan to question several academics in Israel associated with me during his most recent visit there. I wondered why he was interested in questioning professors from the Technion or the Hebrew University when those at Stanford were of no interest to him.

Naturally, he did nothing about this peculiar initiative that he himself had proposed. If he had done something, he should have shared his findings. If he had done nothing, he should have informed me accordingly.

Contempt and bullying drip like the sweat of a boxer in the final round from this insolent group of attorneys who pretend to represent me while doing everything to please the Defendant's counsel, funnel millions of dollars into their coffers at my expense, and leave me a few dollars for travel expenses.

At the same time, with the clear objective of weakening and exhausting me — the mildest conjecture among all the possibilities — outside the courtroom, and under the precise direction, implemented with astonishing accuracy by all my previous representatives, of attorney Reid Schar, or one of the process engineers at Jenner & Block who prescribe the methodology for all these impostors, attorney Jerome arranged, entirely on his own initiative, a two-week journey for me between Germany, New York, and Philadelphia, including a full stay in the United States, at my own expense, although he had originally undertaken to finance the entire proceeding.

This arrangement was calculated to exhaust me physically, mentally, and financially, notwithstanding his full awareness of my psychological condition, as detailed in the psychiatric expert opinion he received from me and read. This confidential opinion will be furnished separately for the Court's review only if the Court requests it.

To disregard such an undertaking and then accuse me of being misleading or evading deposition is an act of insolence and a breach of agreement that only a bully, confident that the Court is deep in his pocket, would dare commit.

I found no humanity in any of the attorneys held in esteem by the American Jewish community.

Anyone reading the wording of his message would surely wonder what relationship existed between its author and its recipient. Its threatening tone would be inappropriate in any normal relationship between human beings, or even animals, under any conceivable relationship structure.

For reasons I cannot understand, the Honorable Court has consistently refused to open the private attorney-client correspondence for examination in every instance of withdrawal by my attorneys.

This conduct gravely harms me and destroys my ability to recruit attorneys, even in the Court's own assessment, since the Court itself denied my request for legal assistance on the basis of precisely this undisclosed allegation.

I am thus deprived of the ability to establish the justice of my position and my good faith throughout my dealings with this bullying band of impostors, whose confidence in defaming me rests on the Court's conduct and their knowledge that the Court will protect their secrets.

I shall disclose that I was threatened that unless I purchased a nonrefundable airline ticket by ten o'clock in the morning, the organization representing me would withdraw.

This incident, together with everything I have experienced at the hands of the Defendant and throughout these proceedings, will be submitted to United States law-enforcement authorities in a formal criminal complaint against all persons directly or indirectly involved in the Defendant's actions and against those who masqueraded as my legal representatives, given my perception that the Honorable Court has found neither reason nor obligation to examine these matters and take the action required.

Because this process is unfair, and the Defendant is playing on an empty field, where I am not genuinely represented and those supposedly standing beside me are money-hungry attorneys eyeing the funds laid upon the Defendant's table — as periodically reported in the public media, including publications detailing how the money is distributed between the predators and the sheep — I maintain that my representatives' eagerness rests upon prior arrangements with the Defendant, and no participant in this feast has any genuine interest in me. (See Exhibit 8.)

I have therefore decided, as stated, to submit complaints to law-enforcement authorities in the United States against each and every employee of the Defendant involved in these events, and against each and every attorney who masqueraded as my representative and caused me damage far greater than can be imagined.

The harm is not confined to me or to my colleagues in the scientific community. It extends to public confidence in law enforcement and the judicial system of the United States.

As part of these complaints, I shall also request an investigation into the connections of the Asian Law Alliance, which operates the Honorable Court's legal-assistance program — a program that refused to assist me in any respect whatsoever.

When the program attempted to present itself as making a considerable effort, it referred me to the Google search engine. (See Exhibit 3.)

According to information available to me in publicly accessible publications, this organization has deep and binding ties to Jenner & Block, counsel for the Defendant. All parties involved in this litigation are aware of these circumstances while concealing from me the suspected blatant and undisclosed conflicts of interest arising from overlapping board memberships.

Information concerning a network of reciprocal donations among the parties involved should likewise have been disclosed to those being represented and deserves investigation, so that the American public may learn whether the hands of those involved are clean. See the available information concerning the NPT Fund. (See Exhibit 5.)

## 1. ORIGIN OF THE DEMAND TO TAKE MY DEPOSITION

The record must be set straight.

The entire affair concerning my deposition was born in sin, through the indifferent consent — or, worse, the initiative — of the Brandeis Center, attorney Kenneth Marcus, and his agents and hired hands at Cohen Williams, who purported to represent me but never intended, from the outset, to conduct my lawsuit genuinely as a lawsuit is defined by law.

These individuals, masquerading as my representatives, agreed to the Defendant's demands without examining their implications for my most fundamental interests.

They did so without consulting me or asking my opinion, and certainly without attempting to mount a proper legal challenge to the issue, even after I had expressed my rational position regarding the order of depositions, the scandalous scope of document discovery, and the conditions under which my deposition would be taken.

That same Kenneth Marcus, having, in my understanding, extracted sufficient benefits from the representation, abandoned me and continues to supervise my attempts to recruit attorneys, employing bullying leverage such as threats concerning participation in the division of attorney-fee proceeds, and, naturally, imposing conditions through others on the continued conduct of the legal proceedings before they advance to later stages.

From that point onward, I did not encounter a single representative who firmly opposed the arrangement imposed upon me. Nor did those who followed attach proper weight to my objections and concerns.

I have never received a notice summoning me to a deposition. For two weeks, Jerome Marcus gave me no response whatsoever, including no update as to whether any decision had been made or what had happened to the discovery deadlines. I agreed in principle to make myself available, but no final deposition date was coordinated with me. Jerome Marcus was retained to provide full legal representation in the prosecution of my case, not merely to arrange my deposition to the Defendant's satisfaction. Yet, in practice, arranging my deposition according to the Defendant's demands became virtually the sole focus of his representation, while my requests, the advancement of my claims, the outstanding discovery obligations, and my fundamental interests as his client were neglected.

Thus arose an absurd situation: a Catholic marriage to an agreement entered into by an attorney with whom I no longer have a representation agreement or any relationship of trust, and who no longer bears any responsibility whatsoever for conducting the case. Yet that agreement continues to serve as an instrument by which the Defendant imposes its demands, designed to conceal information held in its computers and evade the reach of the law.

The Defendant, which exerted pressure upon my representatives and influenced their conduct in order to impair my right to obtain and maintain adequate professional representation, repeatedly seeks to enjoy the rotten fruits of that failed conduct, for which it bears responsibility from beginning to the present day.

Worse still, it dares to claim that I do not wish to testify, while the band of impostors supposedly charged with defending my position applauds it with puzzling encouragement and approval.

Attorney Reid Schar reneged on his agreement to conduct the deposition in New York and caused its postponement through his own actions and judgment.

Attorney Reid Schar makes a mockery of the Court and prevents his client from disclosing all the information relevant to the lawsuit under the Court's closed eye.

In doing so, he attempts to run down the procedural timetable without allowing the Plaintiff to present further evidence supporting his claims and establishing the serious misconduct of Schar's client.

This is not a refusal on my part to testify. It is a refusal to undermine a fair fact-finding process in a federal court by accepting the Defendant's dictates and deposition arrangements agreed upon by attorneys in whom I have lost all confidence.

Another puzzling detail deserves to be added to the picture emerging before the Court when events that appear unrelated are considered together.

A hearing was scheduled before the Labor Court in Freiburg, Germany, for November 16, 2026, in proceedings I was compelled to bring against the university that invited me to continue my postdoctoral research and, immediately upon my arrival, changed its mind, according to its representatives, because of my lawsuit and dispute with the Defendant.

With evident reluctance, the German university agreed not to send me away immediately but prevented me from participating in research or having any opportunity to advance my plans.

I was informed that attorney Reid Schar had sought access to individuals at that university, and from the information university personnel were able to provide me, it is quite clear that information was conveyed, and not on research-related matters.

Remarkably, the Defendant in Germany requested that the hearing be postponed specifically to December 10, 2026, so that even if I had surrendered to the threats of my representatives and their associates, I could not have attended both events.

Since a deposition scheduled by agreement does not take precedence over a court summons to attend a hearing, it is also clear that no unconditional consent could have been given on my behalf.

The circumstances described above raise a question that cannot be ignored: Is the matter of my deposition a trap designed to attribute responsibility and blame to me, just as the Defendant attempted from the very first day of its campaign against me?

The Defendant has sought to impugn my research integrity, my personal integrity, my conduct toward women, and my alleged danger to the public. Before the Court, it now seeks to portray me as a liar who disregards procedures and decisions that were themselves born in sin.

The summons to the hearing is identified as Exhibit 4.

I ask the Court to put the Defendant's counsel in his place and bring to an end the desperate attempt to portray my opposition to an improper procedure as evasion of the truth-seeking process.

Under the circumstances, there is no justification for compelling me to give my deposition at this stage, certainly not before my future representatives have examined the order of depositions and the conditions governing them.

I request that the Court order my deposition postponed until all witnesses for the Defendant have completed their discovery obligations and their depositions have been taken.

## 2. COMPLETION OF DOCUMENT DISCOVERY — A PREREQUISITE FOR MEANINGFUL PROCEEDINGS

Before addressing the order of depositions, the Defendant must fulfill its document-discovery obligations.

I request that the Court order the Defendant, within thirty days, to produce all digital and other information subject to discovery under the law, insofar as it is relevant to the claims in the Complaint and is within the Defendant's possession, custody, or control.

This includes email correspondence, the organization's internal Slack platform, WhatsApp communications, paper and electronic document folders mentioning my name or affairs, or containing any reference to communications with laboratories around the world; research-funding foundations involved in research proposals in which I participated at any stage; and internal correspondence among the Defendant's institutional personnel.

The requested search period begins one full year before the date of my arrival at Stanford University and extends through the completion of discovery, which shall not precede the present date.

The request encompasses all relevant information concerning the events described in the Complaint, including material from devices, computers, telephones, email accounts, messaging applications, institutional systems, and private accounts used for activities relating to my affairs.

It applies to relevant information under the Defendant's control concerning all individuals identified in the Complaint, not merely materials the Defendant chooses to disclose.

I request production of correspondence, documents, recordings, records of decisions, reports, complaints, internal investigations, and communications among those involved, together with a specification of any material withheld and the reasons for withholding it.

After completion of document discovery, I request that the Court expressly order the depositions of the relevant witnesses under oath upon written questions, pursuant to Federal Rule of Civil Procedure 31. These shall be sworn depositions conducted through an authorized deposition officer, not informal responses transmitted by counsel. I request a Court order specifying the witnesses, the procedure, and the dates for their testimony.

Only thereafter should the order of further depositions, including my own, be considered.

There is no value whatsoever in legal proceedings in which the Defendant holds the information, controls its flow, determines the order of depositions, and subsequently accuses the Plaintiff of failing to cooperate.

Without an order requiring full and fair discovery, these proceedings will have no meaningful value as an instrument for establishing the truth.

## 3. MODIFICATION OF THE ORDER OF DEPOSITIONS

I request that the previous arrangement be vacated and the order of depositions reconsidered.

I suspect that the Defendant's purpose is not to obtain testimony in good faith, but to harass me, exhaust me physically, psychologically, and financially, and place its witnesses in a position where they may learn my account in advance and coordinate their testimony accordingly.

The Defendant must not be permitted to question me first and discover the details of the information in my possession — beyond the information it has already accumulated through dirty stratagems and directly from the detailed complaints I submitted during my employment there and from the Complaint itself — before disclosing all its documents and the accounts of the individuals involved on its behalf.

No information could be more valuable for revealing the truth than the information already in the Defendant's possession.

What does it need to seek from me if it truly desires justice?

No person or organization knows its own actions better than itself.

Alternatively:

I request that my future representatives be permitted to examine the order of depositions freely, unencumbered by any improper agreements previously entered into with impostors holding licenses to practice law, and to seek the depositions of the relevant individuals before my own.

Should the Court subsequently order that my deposition be taken, I request that it be limited to one day, with no more than five hours of questioning, under conditions appropriately considerate of an honest Plaintiff, preventing deliberate harassment and exhaustion — rather than an interrogation conducted as though I were a terrorist operative or a murderer.

## 4. REQUEST FOR INDEPENDENT LEGAL REPRESENTATION BY A PUBLICLY EMPLOYED ATTORNEY

After my accumulated experience with the law firms and organizations that purported to represent me, I can no longer place confidence in solutions offered through those same professional circles.

I request that the Court provide me with legal representation through a salaried attorney who is a public employee within the judicial system or the California Department of Justice, whose livelihood does not depend on Jenner & Block or any entity associated with the Defendant.

I seek an attorney whose professional independence, personal safety, and employment security will not be exposed to pressure from the Defendant or persons connected with it.

It is not sufficient to refer me once again to the Asian Law Alliance, which purports to provide legal assistance while a conflict of interest exists between its services and the objectives of the Defendant's law firm, which is involved in its activities through a senior employee serving on the organization's board.

If the Court lacks authority to appoint a state-employed attorney to the requested position, I demand that it examine another independent public mechanism within its authority that would ensure the provision of representation, accompanied by guarantees of independence from the Defendant and its counsel.

This is a request to make the practical possibility of a fair trial a reality, after the private representation and assistance offered to me have failed repeatedly.

## 5. RENEWED REQUEST FOR A PROTECTIVE ORDER

I renew my demand for a protective order, following the Defendant's conduct, which, I maintain, has demonstrated that it will stop at nothing in its campaign against me.

These are not abstract fears but a succession of serious events I have experienced, some of which are documented in materials filed or provided during these proceedings.

Professor Danny Chou accused me of attempted murder and of posing a security threat when he expelled me from the university and locked its gates against me. He set out these grounds in writing to the university administration, which initially endorsed his actions.

In addition, Professor Chou, together with Professor Michael Rosen and in collaboration with Dr. Babjide Ojo and Heather Tran, orchestrated a false allegation of sexual harassment.

To reinforce the fabricated accusation, Professor Chou also brought in Terra Lin, another complainant alleging sexual harassment. Upon later examination of the details of her allegation, it emerged that, according to her, I had once looked at her mouth in a manner that caused her discomfort.

These are alleged incidents that I categorically deny and maintain never occurred.

Heather Tran continued disseminating the allegation for months after the handling of her complaint had concluded in Office 9, with a determination that no basis had been found for her complaint.

One recipient of this alleged dissemination was Professor Michael Hewitt, who was warned about me as though I posed a danger to women on campus.

Such accusations alone are sufficient to endanger my liberty, lead to my arrest, destroy my reputation, and eliminate my prospects of continuing my life as a law-abiding person and attempting to develop a scientific career.

Through these actions, they made me fair game and endangered my life, given the possibility that members of a complainant’s family or friends might attack me in revenge and anger over the alleged acts.

I also regard the Defendant’s requests to depose my father as an act of pure harassment and intimidation, with no apparent legal benefit whatsoever.

Accordingly, I shall request permission to question the parents involved in the crimes committed against me, beginning with the university president, known to be a friend of attorney Joe Grundfest, who masqueraded as an independent external representative and extracted every detail of information from me. Upon realizing that the case was well founded, he threatened that they would go after my family and my father unless I signed a waiver.

As stated, the operational methods of Jenner & Block and the Defendant are transparent and unmistakable.

I shall also request that the Honorable Court permit me to question the complainants’ parents in order to assist the Court in determining where the complainants acquired the confidence to fabricate false accusations against an honest man who had never harmed them.

The Court should discover whether evil is inherent in human nature from birth or acquired in the workplace.

Likewise, the wife and parents of Professor Michael J. Rosen shall be summoned. He performed remarkable feats through his authority and position to invent a malicious false accusation whose unequivocal purpose was to destroy a human being.

His exercise of judgment warrants examination as to its soundness, particularly given that he reports to the world the results of research purportedly representing the next frontier of medical science, on papers adorned with the Stanford University logo.

These are only some of the acts I attribute to persons acting on behalf of the Defendant.

They explain my genuine fear of any unprotected contact with them, all the more so the prospect of being questioned for two days in the offices of the Defendant's attorneys.

Especially grave is the threat I attribute to the faculty dean, Meagan Todero Coofman, who made it clear to me that she would have no difficulty generating further testimony against me of the same kind, in unlimited numbers.

I regard that statement as an explicit threat to manufacture additional false accusations, not as an incidental or meaningless remark.

In my view, it reflects an industry devoted to manufacturing false accusations, operating with the efficiency of an industrial production line.

The false-accusation factories of Stanford and Jenner & Block operate, in my perception, with the efficiency of Ford's factories during their period of prosperity.

In light of all these events, I maintain that I should not be compelled to appear at the Defendant's offices without close security protection at the Defendant's expense, and certainly not without competent and honest legal representation, on the assumption that no security, health, or legal risk exists.

The Defendant's claims about the urgency of bringing the case to an end are incomprehensible, as though complete victory were already in its pocket and only the Plaintiff stood in the way of the vindication that weighs so heavily upon its employees.

These are individuals who report to their offices every morning, receive their salaries in their bank accounts every month, publish scientific articles, and have experienced no disruption to their routines, except for improvements in employment conditions enjoyed by some of them.

They are the ones who offered a paltry sum when they had an opportunity to end the matter quickly through mediation, after having defamed me.

They prevented my professional development, dragged my name through the mud by corrupt means, and pursue me to workplaces to which I apply.

The Defendant's retaliatory actions continue with even greater intensity, including harassment and continuing damage to my good name. The Defendant has before it a scientific manuscript that I wrote concerning the research I conducted while at Stanford. Not only has it taken no action to advance that paper toward publication, but, I maintain, it has actively obstructed my own attempts to secure its publication.

And now they claim that they wish to end the proceedings because of the burden on their reputations and consciences, but are being delayed by the Plaintiff?

I request that the Court give the expert opinions, documents, and events upon which I rely its fullest and most serious consideration and examine the issuance of a protective order safeguarding my safety, well-being, and rights.

Specifically, I request protection against harassment, threats, unwanted contact with the individuals against whom I have complained, and any use of the deposition process to fabricate additional accusations against me or exert improper pressure upon me.

Should my deposition subsequently be required, I request that it take place at a neutral location, under safe conditions, and subject to clear restrictions established by the Court.

## 6. OPPOSITION TO DISMISSAL AND MONETARY SANCTIONS

At every opportunity, the Defendant seeks dismissal of the entire Complaint or portions thereof.

It is well known that this is a conventional practice in the professional methodology taught in law faculties, even at inexpensive colleges.

But to transform the repeated withdrawals of my legal representatives into grounds for such an underhanded request is a complete inversion of the foundational principles of the honorable legal profession.

For months, I have been forced to deal with attorneys collaborating with the Defendant’s counsel while leaving me without genuine legal protection.

These are attorneys who conclude deals before they have even entered into representation agreements with me.

Attorney Mark Javitch, with whom I was in contact before the Deborah Project became involved, was interested only in the evidence in my possession, exactly like a long succession of attorneys who approached me with offers of representation and whom I classified as emissaries of Reid Schar because of a highly distinctive and peculiar pattern of conduct.

The second matter he demanded to know was whether I would be available to give a deposition in San Francisco on December 7, 2026.

It was rather strange to hear an attorney who had not yet signed a representation agreement and was not familiar with the case ask such a question at such an early stage of the discussion.

I rejected attorney Mark because of his conspicuous proximity to the Defendant and his refusal, like the other impostors, to provide information, as well as his lack of integrity, loyalty, credibility, and trustworthiness.

Then, to my astonishment, I discovered him listed as my representative in the case under the agreement with the Deborah Project.

I had neither been consulted nor even informed that he was joining the representation.

The methods employed by him and by the Deborah Project have been widely discussed in private channels, and what was said certainly reflected what subsequently became apparent to me.

As for the manner and methods by which the Defendant manages the legal representatives of those who sue it, this is not the place to elaborate.

Nevertheless, the Defendant now seeks to exploit the resulting circumstances to have my Complaint dismissed and costs imposed upon me.

I request that these demands be rejected outright and that the Defendant be confronted with the gravity of its conduct in these proceedings, which concern acts that are impermissible in any civilized society that values life.

I should not automatically be held responsible for decisions made by attorneys who withdrew from representing me.

Through their conduct, they effectively declared that they bear no responsibility for, and do not themselves believe in, the steps they took or failed to take.

Nor should I be punished for refusing to accept a procedure that I do not consider fair or safe.

## 7. REQUESTS FOR RELIEF

1) Deny the Defendant's request to dismiss the Complaint, whether in whole or in part, and likewise deny its request for monetary sanctions.

2) Vacate the dates of December 8–9, 2026, scheduled for my deposition, and order that my deposition shall not be taken until the Defendant has completed discovery and the relevant witnesses and other persons involved, as listed in Exhibit 1, have given their sworn depositions upon written questions pursuant to Rule 31, under an express Court order, and until my future legal representatives have been afforded the opportunity to examine the necessity, order, and conditions of my deposition.

3) Order the Defendant, within thirty days, to complete production of all relevant digital and other information in its possession, custody, or control, beginning one full year before the date of my arrival at Stanford and continuing through the present date, in accordance with its legal obligations, including communications among the persons listed in Exhibit 1. Require the preservation of relevant material from the devices and records of officials with knowledge of the events.

4) Order the sworn depositions of relevant witnesses upon written questions pursuant to Federal Rule of Civil Procedure 31, establishing their dates and the procedure by Court order, and order completion of document discovery pursuant to Rules 26 and 34.

5) Modify the order of depositions so that the Defendant is not afforded an unfair procedural advantage by taking my deposition before disclosing its evidence and before the accounts of its witnesses have been examined.

6) Should my deposition subsequently be required, limit the examination to five hours on a single day, under conditions ensuring an orderly and safe proceeding.

7) Provide me with independent public legal representation through a salaried attorney employed by the State of California, or examine another independent public solution within the Court's authority, ensuring freedom from dependence upon the Defendant and its law firms.

8) Issue a protective order safeguarding me against harassment, threats, and harm to my safety, and direct that any future deposition take place at a neutral location under protected conditions.

9) Order the withdrawing attorneys to deliver to me immediately my complete client file and all information in their possession, including the electronic discovery database, and to waive any claims of any kind, particularly financial claims, arising in the future from the brief and damaging engagement between us.

10) Postpone and adjust the timetable for all future proceedings, particularly the deadlines for document discovery and depositions, so that the repeated withdrawals and negligent representation do not cause further loss of my rights, and certainly not on the basis of artificial and tendentious pressure exerted by the Defendant.

## 8. CONCLUSION

Your Honor,

I request that the Court give all my requests its fullest attention, seriousness, and sense of responsibility.

This is no longer an ordinary dispute over a deposition date.

This is the case of a man who came to the United States to pursue scientific research and found himself the victim of severe persecution, confronting a cruel institution with no interest in exposing or correcting wrongs and crimes committed within its premises and beyond, under its responsibility and at its initiative.

After turning to the judicial system to obtain his day in court, he discovered that even this possibility was becoming almost impracticable, and that his expectation of receiving justice was steadily being taken away from him.

The Defendant possesses the resources, documents, witnesses, and a continuous legal advisory apparatus, while I am repeatedly forced to struggle for the very existence of legal representation.

There is no justification for requiring me to entrust my safety and future to the very system whose misconduct I ask the Court to recognize and remedy through fair compensation and corrective action.

I demand full discovery, independent representation, protection against harm, and a genuine judicial examination.

Without these conditions, the trial loses its meaning and is transformed from a process for establishing the truth into a mechanism for exhausting and punishing the victim who brought the action.

I leave the decision as to how these proceedings should advance to the Honorable Court, as it sees fit and in the fullness of its wisdom, with the expectation that it will assume full responsibility for protecting my rights.

**Respectfully submitted,**

DR. SHAY LAPS
Plaintiff

## EXHIBIT 1 — WITNESSES AND DISCOVERY CUSTODIANS

1. Danny Hung-Chieh Chou
2. Heather Tran
3. Terra Lin
4. Michael Rosen
5. Babjide Ojo
6. Phil Lin
7. Yankun Dao
8. Ghazal Masraweh
9. Ying Zhu
10. Margaret Murphy
11. Meagan Todero Coofman
12. Miranda Tuttle
13. Peter Dunkly
14. Ellen Waxman
15. Linda Boxer
16. Jackie Butterfield
17. Rosan Gompertz
18. Michael Hewitt
19. Matt Bogyo
20. Joe Grundfest
21. David Cornfield
22. Lawrence Marshall
23. Johnathan Levin
24. Soffie Kleppner
25. Dawn Freeman
26. Cai Xiong

I respectfully inform the Honorable Court in respect to its order of August 27, 2026, Dkt. 96 that, as of the date of filing this document, September 22, 2026, my efforts to secure appropriate legal counsel have been unsuccessful. It should be noted that I am fully committed to continuing these efforts. I attach for the Court's review representative screenshots documenting dozens of law firms to which I have reached out during the past month, in addition to hundreds of attorneys whom I contacted during the preceding months. Among them also non-profit organizations that are advocating against antisemitism on campuses. In conducting this search, I have relied on legal databases, referrals and recommendations received through the Federal Pro Se Assistance service, my own independent research, as well as recommendations and referrals from others. In addition, I have published advertisements in social media and the professional *Daily Journal* seeking legal representation in this lawsuit, with no outcomes.

On September 14, I submitted to my attorneys, Ms. Hooper and Mr. Sharma, a request that they file a reasoned motion seeking the appointment of counsel by the Honorable Court, together with the grounds supporting such request (Dkt. 105). As a chemist and scientist, I do not regard proceeding pro se in this action against Stanford University, an institution with vastly greater resources, as a preferred option. It appears to me that doing so would place me at a legal disadvantage. I therefore respectfully request the assistance of the Honorable Court in appointing counsel who is resilient to pressure and who possesses the motivation and ability to litigate against the opposing party with no fear but from the law. I simultaneously respectfully request additional time to locate and secure legal counsel.

In light of the hearing that took place on August 27, 2026, in which counsel for Defendant Mr. Reid Schar argued that Defendant should not be required to bear the burden of additional delays in this action caused by myself and further stated that Defendant would seek dismissal of the action, and with reference to that similar position as stated on August 21, 2026 Dkt. 91, at page 3, lines 3, and on August 14, 2026 Dkt. 85, at page 8, lines 9, I respectfully wish to remind Defendant that this is a bilateral proceeding in which Defendant is likewise a party obligated to comply with the rules of law and professional ethics. The attempts to paint me as one that using tactics to delay the action that I by myself brought, are manipulative and incorrect. However, the tactics behind the attempts to have me deposed first in this action, together with the failure to provide responsive information of significant value to the case as required by the discovery process in California and by orders of this Honorable Court, constitutes, in my view, a disregard for the judicial process and an attempt to impair the fair administration of justice.

I provided my previous attorneys Cohen William together with the Brandeis Center, pursuant to their instructions, with all of my devices in physical form. Data was extracted from those devices encompassing my entire life history. The opposing party has refused to cooperate with the discovery process under similar standard and has, in practice, impeded the ability of this case to move forward. I understand from my previous attorneys, Cohen Williams and the Brandeis Center, that there were concerns regarding the potential deletion of data, that there were concerns regarding collection from personal devices of Prof. Danny Chou and others, which were reflected in counsel Defendant's declaration dated from August 14, 2026 Dkt. 85-2 Exhibit B page 23&24, acknowledging that there had been failures in the process of collecting information, some of which Defendant claimed had been resolved. Defendant itself asserts that it has been collecting documents on a rolling basis, on its own determination, for approximately ten months up to date. Who authorized this?

Moreover, on August 19, 2026, seven working days before my scheduled deposition, and following this Honorable Court's order Dkt. 86 that I could not be questioned about documents that had not been produced, counsel for Defendant Mr. Schar sent a file that he claimed contained more than 6,000 documents (hearing dated August 27, 2026). According to Attorney

Hooper, many of the documents could not be opened. If indeed relevant, where were these documents until that very day? The Honorable Court issued an order to solve the problem associated with this specific production, Dkt. 96. In my communication with Ms. Hooper on September 14, 2026 in which I asked about the lack of responsiveness to attorneys attempting to contact her firm to consider representation in this case, and about the status of this most recent production, Ms. Hooper provided me with a link that she represented contained the corrected and updated production transmitted by Defendant on September 01, 2026. Upon my review, the file contained 87 original pages, 430 duplicate pages and 517 pages in total. All with no relevancy or importance. I again contacted Ms. Hooper and requested that she accurately inform the Honorable Court of the actual status of the production and provided with my statement as follows:

"*To the honorable Court, contrary to the representation made by Defendant's counsel Mr. Reid Schar, at the hearing that took place on August 27, 2026, where he claimed that over 6,000 documents were produced, the actual production consists of:*

*- 87 original pages/slides*

*- 430 duplicate pages/slides*

*- 517 pages/slides received in total.*

*Thus, out of the approximately 6,000 documents represented as having been produced, only 87 original pages were actually received in 37 separate files, along with an additional 430 pages that are duplicates of those 87 original pages.*

*Moreover, all of the documents received are chemistry related published along the years scientific articles, which no attorney need to read. I would therefore respectfully request that Defendant focus its production on the actual underlying data and communications, including emails, incoming and outgoing communications, drafts, deleted items, Slack communications, both internal group communications and personal/direct communications, and other electronically stored information belonging to or associated with the following Stanford affiliated individuals:*

*Danny Chou, Heather Tran, Terra Lin, Michael Rosen, Babjide Ojo and all other members of the Rosen lab, Phil Lin, Yankun Dao and all other members of the Chou lab, Ghazal Masraweh, Ying Zhu, Margaret Murphy, Meagan Todero Coofman, Miranda Tuttle from Office IX, Peter Dunkly, Ellen Waxman, Linda Boxer, Jackie Butterfield, Rosan Gompertz, Michael Hewitt, Matt Bogyo, Joe Grundfest, David Cornfield, Lawrence Marshall, Johnathan Levin and the involved president office team, Soffie Kleppner, Dawn Freeman, and Cai Xiong.*

*The requested materials should cover the period from one year prior to my arrival including the recruitment process there through the present. Thus: April 01, 2023- September 16, 2026.*

*I respectfully request that the Honorable Court establish a final and last deadline for the production of all materials identified above, so that subpoenas can be prepared and served as soon as possible, without further delay to all of the mentioned above relevant defendant affiliated as part of the discovery process.* "

Several hours later, I was informed by Ms. Hooper that the file that was sent to me was only partial production and that thousands of additional documents had not yet been provided to me. The following day, I was provided with a link containing a file of documents which, according to Ms. Hooper, contained files that neither her or I can read due to format of production (which is similar issue to that one already ruled by the Honorable Court that need to be solved), and some of which had been produced as individual PDF pages, making the documents difficult to

search and review. I requested confirmation that the entire production had been produced by Defendant as required by applicable law and the Honorable Court final ESI order Dkt. 48 including the formats, metadata, custodians and attachments.

To my astonishment, this production file contained 21,595 individual PDF documents in addition to the other type of files that could not be reviewed by my attorneys. In my unprofessional point of view, this constitutes an attempt to exhaust and burden me and/or my counsel and a disregard for the judicial process. My review of the materials indicates continuous duplication of documents that repeatedly appear both within the file and in prior production sets; scientific articles in the field of chemistry that are publicly available throughout the Internet and do not serve the claims in this action; blank pages; hundreds of pages containing emails that cannot be read; purportedly official documents without signatures and without any link or reference to their source in contrast to any proper process and administration; emails containing truncated or incomplete threads; letters that appear as though they were delivered by "carrier pigeon", without the corresponding emails relevant to their transmission; and, above all, the omission of communications of significant value involving individuals acting on behalf of Defendant that should have been included. It appears to me, to the extent that my legal understanding permits me to assess the matter, that Defendant may attempt in the future to rely upon this production if the Court permits it to do so. The delay, by the Defendant, is not merely technical. It materially impairs my ability to obtain fair proceedings. My attorneys have not considered themselves prepared to subpoena witnesses in this action without the relevant documents, while the rolling production continues. The situation reached the point where counsel for Defendant Mr. Schar took advantage of the circumstances that Defendant itself had created and, unilaterally, scheduled my deposition through a newly retained attorney, Ms. Hooper, who had not yet received access to the vendor platform for reviewing the exist documents and who was still in the initial and intensive process of learning the case, and was requesting  from him for time to get into this case, thereby allowing Defendant's counsel to determine the order of depositions as he saw fit. This was given further significance by this Honorable Court's ruling dated August 18, 2026 Dkt. 86, which stated that, because Defendant had never been presented with a request to schedule witnesses, there was no basis for changing the order of depositions. Stanford University and all individuals involved on its behalf have destroyed the scientific career and personal life of an Israeli and Jewish scientist who served as an Officer in the IDF, after I came to the United States of America to fulfill the dream of my life, a dream for which I had worked for many years. I arrived with the knowledge and capabilities to perform meaningful research, and hatred, antisemitism, and unchecked retaliation destroyed my world.

This Honorable Court will ultimately need to be exposed to the evidence through the course of this litigation, and, in my humble unprofessional view, a proper discovery process is therefore of importance.

My good name and professional reputation have been damaged. I am unable to obtain depositions from individuals who are critically important to the relevant facts without the required production of documents on timely manner. I possess substantial and material information of clear evidentiary and legal significance to all the claims in this lawsuit. Nevertheless, this information cannot contain all of the information in Defendant's possession, and they are required to provide it. This information is highly relevant to this proceeding, particularly where Defendant is attempting to distort the record and present as partial a picture as possible in order to conceal and cover up relevant facts. Requiring me to testify with my eyes effectively tied constitutes prejudice to my ability to litigate this action and requires the intervention of this Honorable Court. I therefore respectfully request that this Honorable Court consider restoring this case to its proper procedural course and order as follows:

1. A final deadline for Defendant's document production.

Set a final date for completion of Defendant's document production in this action, encompassing all relevant documents from April 2023 through September 2026, approximately one year from the time of my arrival and, preceding that, the recruitment process through the present.

2. Declaration regarding the completeness and integrity of the production.

Require a declaration from counsel for Defendant Mr. Reid Schar confirming that the document-production process was conducted in accordance with the Court's order; that no documents or data were lost/deleted; and that documents were collected from all devices and personal accounts of the individuals involved, as mentioned above, including WhatsApp, SMS, email, Slack, and similar sources. I further respectfully request that the vendor allegedly involved in addressing failures in the document-collection process submit a declaration regarding the integrity of the collection process and specifically address the concerns regarding possible loss of data.

3. Production concerning relevant individuals and their deposition.

Order the production of documents relating to the mentioned above individuals and, thereafter, order that they be deposed at an early stage as the next step in this action, and order that my deposition take place only after all of them have provided documents and testified, or at a minimum after deposition of Defendant Prof. Danny Chou. This would allow the opposing party to make appropriate use of the additional time I require to secure legal counsel, complete the discovery process, and prepare all witnesses for their depositions accordingly. Consistent with this Honorable Court's ruling dated January 20, 2026 Dkt. 50 Page 8, line 8 and page 10, line 5, Dkt. 50, these discovery components include also the testimony of the relevant individuals of the Defendant identified above, and in particular, the testimony of Prof. Danny Chou. I therefore respectfully request that the Honorable Court order that Prof. Danny Chou and all of the mentioned above be deposed first in this action to be scheduled as soon as possible upon new legal representation appearance on my behalf.

In my humble view, the dispute concerning discovery and the examination of specific documents, if such documents would still remain unproduced, can properly proceed only after this request has been addressed and provided that Defendant represents that it has completed its production as described above and does not possess additional responsive information.

Respectfully submitted,

DATED: September 22, 2026

*Your signature*

Shay Laps

Shay Laps

# Appendix

**Helen Enri...** 6 days ago
to me

Thank you!

This is to confirm that that the ad will start on 9/17-9/23.

Please click the link tomorrow Daily Journal classifieds

Hide quoted text

**Helen Enriquez**

Classified Sales Advertising & Subscription Departments

**Daily Journal Corporation** | 915 E. 1st Street, Los Angeles, CA 90012

Phone: (213) 229-5445 | helen_enriquez@dailyjournal.com

Daily Journal classifieds | Subscribe | Submit a news tip | Write an article

Daily Journal *The Daily Journal has more journalists covering the California legal profession than any other publication.*



**ste...** Yesterday

to me

Dr, Laps:

I am unable to take on your case at this time. I wish you the best going forward.

Stephen R. Jaffe

stephen.r.jaffe@jaffetriallaw.com
**THE JAFFE LAW FIRM**
**+1 (415) 618-0100**

SFA LAW

100 W. Broadway, Suite 1200 | Glendale, CA 91210
Tel: 323.303.3533 | Fax: 323.303.3534

September 21, 2026

***Sent Via Email: shaylaps100@gmail.com***

Dear Mr. Laps:

Thank you for contacting our firm regarding your potential employment action. Unfortunately, we will not be able to prosecute your case and we are declining professional responsibility for the matter.

Please note that the law limits the time within which individuals may file a lawsuit. Allowing too much time to pass may forever bar you from asserting your claim. The statute of limitations period for employment-related cases is complex, and an individualized analysis of your particular situation is required.

It is imperative that you contact another attorney immediately and seek legal advice with respect to your rights in this matter. You may wish to contact the Los Angeles County Bar Referral Service at (213) 627-2727.

In declining to take your case, we are not expressing an opinion about the merits of your position, and our decision not to accept this representation should not be interpreted as an adverse opinion about the merits of your case. Another lawyer may reach a different conclusion or may wish to take the case, but you should seek additional counsel before the deadline expires.

We wish you the best of success and hope that you call on this firm again should the need ever arise. Again, thank you for the opportunity to speak with you on this matter.

Respectfully,

Shahane

Shahane A. Martirosyan

---

**Leah Klein** Wed, Sep 16, 3:16 PM (6 days ago)
to me

Dr. Laps,
I hope this email finds you well. After reviewing your case in great detail, unfortunately, at this point Shurat HaDIn does not have the resources available to represent you. We wish you much success in your case and if you can be of any further assistance, please let us know.
Regards,

•••

Leah

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 8 of 56

# Update Regarding Your Case Evaluation

Inbox

K | P

**Keller Postman** Aug 27

to me

Keller | Postman
ATTORNEY-CLIENT COMMUNICATION

Dear Shay,

Thank you for reaching out to Keller Postman and giving us the opportunity to review your situation.

Based on the information you provided, it does not appear that we will be able to assist you with your legal matter. However, this does not mean that you don't have a valid claim. Every firm has its own criteria for evaluating cases, and we strongly encourage you to seek a second opinion with another attorney or law firm.

If you have other legal matters in the future, we would be happy to assist you in any way we can.

Thank you again for considering Keller Postman.

**Regarding your legal matter** Inbox

**Stephen J. Ge...** Aug 27

to me

Dear Dr. Laps,

We are sorry but we will not be able to represent you in this matter. To ensure your legal rights are protected, you should contact other counsel at the earliest possible opportunity. Your state or local bar association may be able to offer a referral. We must mention that your e-mail to Brad Pauley does not create, and we do not have, an attorney-client relationship with you.

Thank you for your interest in our firm.

**Stephen J. Gergely**
Legal Assistant

sgergely@horvitzlevy.com

HORVITZ & LEVY LLP

**Horvitz & Levy LLP**
Business Arts Plaza
3601 W. Olive Ave., 8th Fl.
Burbank, CA 91505
818.995.0800
horvitzlevy.com

Your Case Inquiry Inbox

**Ben Crump La...** Aug 28

to me

Thank you for reaching out to Ben Crump Law Firm and sharing information about your situation. After reviewing the details provided, we regret to inform you that we are unable to assist with your matter, and we will take no further action on your behalf.

Please know that this decision does not necessarily mean you do not have a valid legal claim. We strongly encourage you to seek a second opinion by contacting another attorney or reaching out to your state bar association for a referral.

We also must advise you that there are strict deadlines—known as statutes of limitations—that apply to legal claims. Failing to file a lawsuit or resolve your claim within the required timeframe may result in the loss of your legal rights.

We sincerely appreciate you considering our firm and wish you the best moving forward.

Sincerely,

Ben Crump Law Firm

800-859-9999 Telephone
800-770-3444 Fax
BenCrump.com
Facebook Instagram Twitter linkedin bencrump.com

This message (including its attachments) is for the designated recipient only and

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 11 of 56

## Pacific Legal Foundation Response to Shay Laps Inbox

**Meghan Hixon** Sep 4
to me

Dear Dr. Laps:

Thank you for submitting your potential case to Pacific Legal Foundation.
A senior attorney has reviewed the information you presented us, and has determined that we cannot assist you.

Consequently, PLF recommends that you continue to consult a private attorney to advise you of your rights and possible remedies.
As you probably know, some legal rights are controlled by very short time limits and must be pursued promptly but, since we do not represent you, we cannot provide you with legal advice.

Pacific Legal Foundation receives hundreds of requests for assistance each year.
We review each request to determine whether our involvement would be appropriate. The Foundation provides
assistance only where we have identified a case that presents an ideal opportunity to establish a significant legal precedent that could be applied in other cases to help other individuals.
Other important factors are whether the case is consistent with our policy goals and priorities, the amount of time and expense that would be involved in participating, and the amount of resources we have available at any given time.
Because we are funded entirely by charitable contributions, we do our best to ensure that our donors' contributions are dedicated to those very special cases in which we believe we can provide a significant public benefit. Unfortunately, this means that we

# Leigh Law Group - Notice of Non-Representation Inbox

**Office Admin** Sep 11
to me

Hello,

Thank you for contacting the Leigh Law Group regarding your case. Following review of your intake details, our attorneys determined that our firm is unable to take your case on at this time.

You should continue to seek out legal representation as there may be a statute of limitations or another time period that affects your case. To aid your search for representation, we've included two attorney referral service links below that are great tools for finding potential counsel:

http://www.calbar.ca.gov/Public/Need-Legal-Help/Lawyer-Referral-Service
http://lawyers.findlaw.com/

Thank you for contacting our firm. Please feel free to reach out to us should you have a future matter you'd like us to consider.

***Please check your spam folder for our emails***

Kind regards,
Leigh Law Group, P.C.

**Asusena Cisneros**
Legal Assistant
San Francisco (main office)
582 Market Street, Suite 905
San Francisco, CA 94104

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 13 of 56

**Muna Moh...** 5 days ago

to me

Dear Shay Laps,

Thank you for contacting Relman Colfax concerning your claim. I am sorry to inform you that we will not be able to provide you with representation.

Please keep in mind that our decision is not a determination of the merits of your case. We receive many more requests for assistance than we can take on. We regret that we cannot represent all of the worthy and deserving individuals who come to us for help.

We wish you every success in finding representation and achieving a satisfactory resolution of your claim.

Best,

Muna Mohamed

Paralegal

Relman Colfax

Thank you for your submission to Hadsell Stormer Renick & Dai, LLP

Inbox

Clio

4 days ago

to me

Dear Shay,

We have determined, unfortunately, that this office will not be able to take your case. We recommend that you consult with other attorneys. We want to emphasize that the fact that

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 15 of 56

Younessi Law: Declination of Legal Services Inbox

Ge... 3 days ago
to me

Hello Shay,

Thank you for inquiring with our office about a potential legal claim. After careful review and consideration, we have concluded that it is not feasible for this law firm to represent you.

forever, from pursuing your action.

Kind Regards,

Gema Pitones
*Intake Specialist*
3435 Wilshire Blvd, #2200
Los Angeles, CA 90010
(844) 777-7777
gpitones@younessilaw.com

Dear Attorney Sir Vick, I hope my email finds
you well. I have filed a lawsuit against the

**Kevin Vick** Aug 26
to me

Dr. Laps,

Thank you for your inquiry, but we don't handle plaintiff's side defamation or employments lawsuits. We have decided not to represent you, and we are not your attorneys. There may be deadlines approaching for you to act, so it would be good for you to seek other counsel to avoid prejudicing your rights.

Best,

Kevin Vick

**Kevin L. Vick**

**Jassy Vick Carolan LLP** | **310-870-7048** | kvick@jassyvick.com

**355 S. Grand Ave., Suite 2450** | **Los Angeles, CA 90071**

jassyvick.com

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 17 of 56



**Anne...** 2:15 AM

to me

Dear Dr. Shay,

I am retiring from the practice of law after finishing my current cases, so I will not be able to represent you.

Sincerely,
Anne Weills

Show quoted text

--

Anne Butterfield Weills
Siegel, Yee, Brunner & Mehta

Unfortunately, we do not have a referring attorney for you.

Thank you for letting us review the case. Best of luck and take care.

--

Maria Ruiz, Intake Specialist
EMPLOYMENT RIGHTS LAWYERS, APC

EMPLOYMENT RIGHTS LAWYERS, APC

6300 Wilshire Blvd., Suite 708
Los Angeles, CA 90048
(424) 777- 0964 (office)
(310) 500 - 7425 (Direct)
www.employmentrightslawye

Hi Dr. Laps,

Thanks so much for reaching out. Unfortunately we are not taking new matters that are in active litigation at this time. I'm so sorry we can't help and wish you the best of luck.

Best,

Katie

**Kathryn L. Bain**

pronouns: she, her, hers

Bain Mazza & Debski LLP

kbain@bmdlegal.com

**Navruz Avloni** Apr 19
to me

Dr. Laps,

Thank you for reaching out and I'm sorry to hear about your experience. Unfortunately, given our capacity, I'm currently not taking on new litigation cases.

I wish you all the best.

Navruz Avloni, Esq.
(she, her, hers)
Avloni Law
582 Market Street, Suite 1905
San Francisco, CA 94104
Phone: (415) 524-2218
Direct: (415) 306-8857
Email: navruz@avlonilaw.com
Website: www.avlonilaw.com

AVLONI
LAW

## Re: ALERT: Contact Received From Your FindLaw Website

Inbox

**rutger rutgerl...** Apr 29
to me

Dear Dr. Laps,
I appreciate your inquiry. I do not accept cases that have already been prepared and litigated. I would recommend you try CELA.org for referral opportunities.
Best,
Rutger Heymann

THE LAW OFFICES OF
RUTGER HEYMANN

**Omri Ben-Ari** Apr 20
to me

Shalom Shay,

Thank you for your email. I am very sorry to hear this is happening to you. May I ask how you obtained my contact information?

Unfortunately, your case is outside my wheelhouse. I do not take on cases involving government or public entity defendants.

I wish you the best of luck with your case.

**Omri A. Ben-Ari**
Senior Attorney

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 22 of 56

**VIA ELECTRONIC MAIL**

**RE: EVALUATION OF YOUR POTENTIAL LAWSUIT**

Dear Shay Laps:

Thank you for contacting the Lanier Law Firm. Unfortunately, we do not feel we are able to represent you in this case at this time and must, therefore, decline the opportunity. We want to assure you that our decision with regard to your case is not intended by us to be a comment on its merit. Indeed, we have made our decision with what we know is only a limited amount of the information about your case.

We encourage you to seek representation and counsel from other attorneys. Another attorney may be in a better position to take on a new case, such as yours. However, you should do so immediately because the law requires that lawsuits for harms, damages, personal injury, and wrongful death be filed within a relatively short period of time or the claim can no longer be brought. This period (typically called a statute of limitations) varies from state to state and may be as short as one year from the date you were injured or one year from the date your cause of action accrued.

Please be advised that The Lanier Law Firm, PC has not filed any lawsuit on your behalf, nor will the firm take any further action in connection with your potential claim. Again, thank you for allowing our firm to review and consider this matter. Please feel free to contact us should you need assistance regarding some other matter in the future.

Sincerely,

The Lanier Law Firm

Stephanie Drymond
Office Services Support
p: 713-659-5200
10940 West Sam Houston Pkwy N, Suite 100
Houston • Texas • 77064
www.LanierLawFirm.com

**Elizabeth Weber** May 1
to me

Dr. Laps,

I do not have the capacity to take on your case. Good luck in your search for legal representation.

Warm Regards,
Elizabeth Weber, Esq.

**Law Office of Elizabeth C. Weber**
849 E. Stanley Blvd, Suite 128
Livermore, CA 94550
(408) 290-3130
elizabethweberlaw.com

**Benjamin Miles** Apr 19
to me

Oh wow, I'm so sorry to hear that. Thank you for reaching out. Unfortunately, federal lawsuits are not within my expertise. I don't have much experience in federal courts. I'm based in Los Angeles and am trying to keep my litigation local, near me.

Regardless, I'm probably not the right fit for that type of case. I wish I was.

I wish you all the best.

שבוע טוב

**Benjamin Miles**
*Managing Attorney*

**Miles Law Group, PC**
T: +1 323.493.8676 | E: Bmiles@laborlawpros.com
LaborLawPros.com

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 24 of 56

Dr. Laps,

I read your complaint and your treatment by Stanford was/is horrifying.

I am very aware of the sanctioned campus Jew hatred – and how our institutions have been captured by the Marxist colonial framework (while ignoring the most aggressive of colonizers – the Saracens and their progeny) is so anti-intellectual and ahistorical as to be absurd.

I have passed your complaint on to a former associate of mine who works at the firm that represented the UCLA professor - Gordon Klein - who was hounded because he refused to extend test taking time for minority students). The attorney's name is Tad McMahon.

Thanks for thinking of our firm – curious as to how you came to request my assistance.

Wishing you all of the best,

Tim

THE RYAN FIRM

A Professional Law Corporation

**Timothy M. Ryan**

Founder & President

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 25 of 56

**Katie Bain** Apr 29

to me

Hi Dr. Laps,

Thanks so much for reaching out. Unfortunately we are not taking new matters that are in active litigation at this time. I'm so sorry we can't help and wish you the best of luck.

Best,

Katie

**Kathryn L. Bain**

pronouns: she, her, hers

Bain Mazza & Debski LLP

kbain@bmdlegal.com

www.bmdlegal.com

BAIN MAZZA & DEBSKI
EMPLOYMENT AND PERSONAL INJURY LAWYERS

Bay Area Office
570 El Camino Real #150-108
Redwood City, CA 94063
P: (650) 376-0036
F: (650) 763-3933

Las Vegas Office
10300 W. Charleston Blvd., Ste. 13-191
Las Vegas, NV 89135
P: (702) 919-1090
F: (650) 763-3933

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 26 of 56

Dear Shay:

Dear Shay:

Thank you for contacting our firm regarding your legal matter. Based on the information you provided our firm has determined that we are unable to assist you or represent you in this matter. This letter is not intended to be an opinion concerning the merits of your case, nor are we expressing an opinion as to whether you should take further action in this matter. We are merely indicating that we will be unable to represent you

Best regards,

**Claudia Glade**

**Legal Intake Specialist**

**J.D. Graduate 2008**

Empire College School of Law

Pronouns: she/her/hers (what's this?)

WBS & J

WINER, BURRITT, SCOTT & JACOBS, LLP

Hi Dr Laps,

Your case is very interesting and important and I wish I could help. However, I cannot take on such a complex case against such a powerful Defendant on a contingent basis.

Best regards,

Stanley R. Apps
Office of Stanley R. Apps,
Attorney at Law
4424 Bellingham Avenue
Studio City, CA 91604
(310) 709-3966
stan@appsatlaw.com



**Jesse Franklin...** Apr 18
to me

Dr. Laps,

Thank you for following up. Based on my review, I cannot offer representation in this case. As a boutique firm, we have limited bandwidth, and I wish you the best in the case.

Thanks,
Jesse

**Jesse D. Franklin-Murdock**
Partner
Sweigart Murdock, LLP
**CA:** 1160 Battery St., Ste. 100, San Francisco, CA 94111
**HI:** 500 Ala Moana Blvd., Ste. 7400, Honolulu, HI 98613
Tel.: (415) 873-0123
Cell: (808) 256-9845
www.sm-llp.com

Z

**Zachary Mccort** May 2

to me

Mr. Laps:

Unfortunately, we are unable to assist you with your case. However, we would refer you to JML Law. JML Law practices employment law and handles discrimination cases such as yours. Their phone number is 818-610-8800 or you may send them a message by going on their website.

I wish you the best of luck in finding counsel.

WOHLNER
KAPLON
CUTLER
HALFORD
ROSENFELD
& LEVY

**Zach McCort (Associate)** | Wohlner Kaplon Cutler Halford Rosenfeld & Levy | 16501 Ventura Blvd., Suite 304, Encino, CA 91436 | direct: 818.501.8030 ext. 323 | mobile: 818.689.2324 | fax: 818.501.5306 | zmccort@wkclegal.com|
www.wkclegal.com

**Gretchen Nels...** May 4

to me, info, Stuart,...

Dear Dr. Laps:
Thank you for reaching out to the firm regarding your case. Unfortunately, we are not able to assist you on this matter. Our schedule and case load are such that we are not able to provide the time necessary given the nature of those claims and the status of the case. We wish you all the best on your matter.
Respectfully
Gretchen Nelson

Gretchen M. Nelson
Nelson & Fraenkel LLP
601 So. Figueroa Street
Suite 2050
Los Angeles, California 90017
Telephone: Direct: 213-943-6075
Main: 213-622-6469
Telecopier: 213-622-6019
Cell: 213-910-3271
Email: gnelson@nflawfirm.com
url: www.nflawfirm.com

**Please consider the environment before printing this email**

**The content of this email may contain confidential privileged information. If you are not the intended recipient please delete the email immediately and contact the author.**

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 31 of 56

**Skinne...** May 4

to me

Dr. Laps,
Since your lawsuit has already been filed, unfortunately we aren't able to offer you representation.
Sincerely,
Tom Skinner
Attorney

**Skinner Law Group APC**
1654 The Alameda, Suite 100
San Jose, CA 95126
Tel 408.813.9240

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 32 of 56


Thomas Ingras... May 1

to me

Good evening.

We are unable to assist you with this matter; I wish you the best.

**William Jhaver...** May 1

to me, Sofia

Dear Shay,

Thank you for reaching out, and I'm sorry to hear about this. Our firm doesn't have resources available to offer to assist you, but a great source for finding an employment lawyer is www.CELA.org, which has a "find a lawyer" directory – all of the attorneys there focus on representing employees. Wishing you the best of luck,

Bill Jhaveri-Weeks

Show quoted text

**Helmer, Leslie** May 1
to me

I am sorry, I cannot help. Good luck.

**Leslie H. Helmer | Ogletree Deakins**
400 South Hope Street, Suite 1200 | Los Angeles, CA 90071 | Telephone: 213-438-5848 | Mobile: 310-487-0360
leslie.helmer@ogletree.com | www.ogletree.com | Bio

---

**From:** Shay Laps <shayke100@gmail.com>
**Sent:** Thursday, April 30, 2026 3:27 PM
**To:** Helmer, Leslie <leslie.helmer@ogletree.com>
**Subject:** Employment

***[Caution: Email received from external source]***

**Serena Warner** May 1

to me

Good morning Dr. Laps.

I'm sorry to read about your stressful situation. We are a defense firm though and it sounds like you are in need of a plaintiff side employment firm. You may want to loo at Super Lawyers of Northen California, that could be a good resource for you to find the kind of attorney you are looking for in your area. https://attorneys.superlawyers.com/california .

Serena

**Serena Warner**

**Partner/Attorney**

**Office** 916.564.6100 ext. 235

**Email** swarner@akk-law.com

**Web** https://akk-law.com

601 University Avenue, Suite 150 |

Sacramento, CA 95825

**This office is receiving the electronic service of notices and documents in all civil actions until further notice**



**Cynthia Flynn** May 2

to me

Hi Dr. Shay,

Thanks so much for reaching out. Unfortunately, this does not sound like something our firm can help with - we don't focus on this area of law. We wish you the best of luck. Have a great weekend.

Cynthia Flynn, Esq.
PARTNER
**HACKLER FLYNN & ASSOCIATES, APC**
*Business Law I Employment Law*
**Address:** 388 Cordova Street, Suite 100C, Pasadena, CA 91101
**Office:** 323.247.7030 I **Fax:** 323.319.9242
Cindy@HacklerFlynnLaw.com I www.HacklerFlynnLaw.com

D **Deedee Bitran** Apr 27
to me, Michael

Dr. Laps,

I wanted to reach back out to thank you for contacting StandWithUs Saidoff Law. We are grateful that you took the initiative to bring this matter to our attention. I am so sorry you dealt with such a difficult work environment. We appreciate the opportunity to learn more about your situation and the seriousness of the concerns you have raised. After careful consideration, we regret to inform you that we are not able to offer representation in your matter. This decision is not a reflection on the merits of your claims but is due to internal considerations and the current workloads of our attorneys.

We recognize that this is an important and challenging situation, and we encourage you to continue seeking legal counsel to explore your options. Although we are not currently representing you and your legal matter in our system will be closed for now, we want you to know that we are here for you if you experience antisemitism in the future and need assistance. If anything additional arises in the future, please file an incident report with us so we can assess and assist. Report An Incident - StandWithUs

To stay informed about our latest news and events, we encourage you to sign up for our newsletter and visit our website. Additionally, stay connected by following our updates on Facebook, X, and Instagram.

Sincerely,
Deedee

**Deedee Bitran**
Senior Counsel & Director of Pro Bono, StandWithUs Saidoff Law

Dear Shay:

Thank you for your letter. Regrettably, we have a conflict of interest in this case and are unable to assist you. Luckily, there is no shortage of employment attorneys in California. We wish you success in locating a good law firm to assist you. We appreciate you having reached out to us.

With warm regards,

Rebecca Bond
Business Litigation & Employment Law

(619) 793-4827
10-4 Monday-Thursday
San Diego Biz Law APC

P

**Paul Thies** May 2
to me

Good Evening Dr. Laps,

Thanks for reaching out to us. Unfortunately, this is not the type of case we work on, and we are unable to represent you in this matter. Best of luck to you.

Sincerely,
Paul

**Paul Thies** • Senior Counsel | Attorney at Law
**YOUNG · MINNEY · CORR LLP**
t 916.646.1400 c 925.519.0027 w ymclegal.com

Show quoted text

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 40 of 56

Yidu Sun May 1
to me

Dear Dr. Laps,

Thank you for your email.

Unfortunately, our firm does not handle these kinds of cases.

If you need a referral, I may have someone I can refer you to.

We wish you the best in your search for representation.

Thank you.

Yidu Sun
Associate

LIMNEXUS LLP
CELEBRATING 40 YEARS

707 Wilshire Boulevard 46th Floor
Los Angeles CA 90017 USA
Main: +1.213.955.9500 x 1006
Direct: +1.213.784.1893

LimNexus.com

*IMPORTANT: This message and any attached documents may contain information that is confidential and/or Attorney-Client Privileged Communication or Attorney Work Product. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message. Thank you.*

Yidu Sun
Associate

LIMNEXUS LLP
CELEBRATING 40 YEARS

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 41 of 56

**Ed Gregory** May 1
to me

Hello Dr. Laps,

I no longer practice in those areas.

You may want to try Santa Clara County Bar Association's lawyer referral service.

sccba.com/lawyer-referral

Good luck,

Ed Gregory

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 42 of 56

**Dean Adams** May 1

to me

Good evening Dr. Laps,

I regret to inform you that we would not be able to assist with your case. It may be helpful for you to reach out to the San Diego Lawyer Referral and Information Service at https://www.sdcba.org/?pg=MainLRIS for assistance in locating an attorney to assist with your case. Please note, there may be legal deadlines and other timelines affecting your case and time may be of the essence in locating an attorney to assist with your matter.

I hope this information is helpful.

Sincerely,

Dean

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 43 of 56

Hi Dr. Laps,
Thank you very much for contacting our firm and providing information regarding your potential claims. I've seen the publicity around your case related to the Brandeis Center's filing and I'm sorry you have to find new counsel. Unfortunately, we are not in a position to represent you in this matter.

If you are interested in pursuing your claims, we encourage you to act promptly in reaching out to other attorneys who may be able to assist you. You may contact the California Employment Lawyers Association (CELA); lawyers specializing in the representation of employees. CELA maintains a website (cela.org) which includes a comprehensive member list searchable by geographic region.

Please note that your potential legal claims are subject to strict deadlines ("statutes of limitation"). Failure to file your claim within the applicable deadline will likely result in a judge or arbitrator finding that you have waived your right to bring that claim.

I'm sorry that you have had to deal with such a difficult situation. Although we will not be representing you in this matter, I wish you all the best for a successful outcome.

Best,
Michelle

**MICHELLE G. LEE** | PARTNER
*Pronouns: she/her/hers*

**RUDY EXELROD ZIEFF & LOWE LLP**
351 California Street, Suite 700, San Francisco, California 94104
Direct: 415.814.6551 | rezlaw.com | mgl@rezlaw.com
**recognized leaders in employee representation**

*This e-mail message is intended to be confidential and may be legally privileged. If you are not the intended recipient of this message, you are hereby notified that any unauthorized review, use, disclosure or distribution is strictly prohibited.*

**Jason Torc...** 5 days ago

to me, Susan

Shay,

I'm connecting you here with my partner Susan. I'd like the two of you to talk.

As I explained, I want to make sure that if we engage here that we have the time and resources available to handle it well.

I'll connect with Susan after you and she talk, and we'll talk to our managing partner about whether this is something we can do.

- Jason

Get Outlook for Mac

**Jason Torchinsky**
Partner • Washington, DC

M 202.302.6768
O 202.737.8808
Bio • LinkedIn

DC • VA • FL • AZ • NY • TN • UT
holtzmanvogel.com

PRIVILEGED AND CONFIDENTIAL
This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 45 of 56



Update On Your Inquiry To Kingsley Szamet Inbox

Marisleysis Dor... Apr 7
to me, intake, 1e1e...

KINGSLEY SZAMET
EMPLOYMENT LAWYERS

Hi Shay,

Thanks for reaching out to Kingsley Szamet Employment Lawyers and for the time you spent sharing your situation. After careful consideration, we are not able to take on your matter. Our firm is currently accepting only a limited number of new cases, and - even where claims may have merit - we can only commit to a small caseload at a time. This is a capacity decision, not a determination about your claims.

We understand it can be disappointing to hear that we cannot represent you. However, this decision ensures you

**Law Office...** 6 days ago
to David, me, Rich...

Thanks, David. Richard, it's nice to meet you.
Are you available to discuss on Monday / Tuesday afternoon?

Thanks,

Arkady

**Law Office of A. Itkin**
*Offices in San Francisco & Sacramento*

Law Office of A. Itkin
57 Post Street, Suite 812
San Francisco, CA 94104
Tel. 415-640-6765
Fax. 415-422-9367

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Hide quoted text

On Thu, May 7, 2026 at 1:07 PM David Dince <ddince@brandeiscenter.com> wrote:

> Arkady - I am adding Richard Rosen, the Brandeis Center's Vice -President of Legal Advocacy, to this email. He will be available to discuss this case with you.
>
> David
>
> David M Dince
> Director of Litigation
> New York Senior Counsel
> Brandeis Center
> Ddince@brandeiscenter.com
> (917)509-1203

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 47 of 56

Shay, Your Case Has Just Been Posted Inbox

LegalMatch Apr 27

to me

Unsubscribe

Hi Shay,

Welcome to LegalMatch! Your free membership includes the following benefits:

- Unlimited lawyer-client matching and case rewrites
- Access to client reviews of attorneys who respond to your case
- Expertly drafted guides for *How to Prepare for Your Case*
- Checklist of *What Documents to Collect* so you can

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/26 Page 48 of 56



**Benjamin Cintz** Apr 9

to me

Hi Shay,

I am semi-retired and presently I am not taking on litigated matters in Federal court. Therefore, I am not in a position to represent you.

Here are the links to two law firms I am aware of that may be interested in the issues raised in the complaint you filed in Federal court.

https://www.sm-llp.com/

https://www.dhillonlaw.com/

I know Jesse D. Franklin-Murdock at Sweigart Murdock, LLP from when he worked at The Dhillon law firm. I believe that when Jesse was there he worked with John-Paul S. Deol, who is the head of the Dhillon law firm's Employment Law practice.

Here are the links to two firms in the Bay Area who represent employees in wrongful termination and discrimination lawsuits.

https://www.cpmlegal.com/

https://www.lawless-lawless.com/

I wish you the best in your search for legal representation.

Sincerely,

Ben

Law Offices of Benjamin Cintz
3565 El Camino Real, Suite 7
Palo Alto, CA 94306

Direct: 650.326.0620
Mobile: 415.810.4216
Fax: 415.480.1404

*This message originates from the Law Offices of Benjamin Cintz and may contain*

**LRIS** Apr 30

to me

Dear Mr. Laps,

Unfortunately, there are no earlier appointments available at this time. We are currently going through our backlog and your call has been scheduled for May 26th at 1 pm PDT.

In the meantime, you may be able to find immediate assistance by contacting one or more of the resources listed below:

The State Bar of California Lawyer Referral Services:
https://www.calbar.ca.gov/sites/default/files/portals/0/documents/lrs/Certified-Legal-Referral-Services.pdf

LRSConnect:
http://lrsconnect.org/get-legal-help/

Law Help:
https://www.lawhelp.org/
https://www.lawhelpca.org/

We do still intend to call you and discuss how we may be able to help you with your legal issue, but encourage you to use the resources above, if your issue is time sensitive.

We wish you the best of luck in resolving your matter.

Best regards,

Veronica
Legal Intern
?THIS ELECTRONIC COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND SHOULD BE READ ONLY BY ITS INTENDED RECIPIENT.

**************************************************
IMPORTANT NOTICE TO EMAIL RECIPIENTS:

DO NOT read, copy, or disseminate this communication unless you are the intended addressee.

This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call California Lawyers

**Adela Cojab** May 1

to me, Ben, Lydia

Dear Shay,

Thank you again for reaching out to NJAC: The National Jewish Advocacy Center and for meeting with our team. One of our senior leaders carefully reviewed the information you provided and notes from our meeting.

Unfortunately, we are unable to take on the case at this moment. As we discussed on our intake call, we have limited bandwidth and a narrow scope.

We strongly encourage you to seek out other qualified counsel as soon as possible if you want to pursue your case. There will be deadlines or time-sensitive requirements in your matter. If you are unsure where to turn, you may wish to contact your local bar association, which often provides referral services to help connect individuals with attorneys who may be able to assist.

We appreciate the trust you placed in us by reaching out, and we regret that we cannot be of direct assistance. We wish you the best in resolving your legal matter.

Sincerely,

NJAC: The National Jewish Advocacy Center

Adela Cojab

Adela@NJACLaw.org

# Automatic reply: Finding a lawyer

Inbox

**LRS** Apr 19

to me

THIS IS AN AUTOMATIC REPLY

Thank you for contacting the Office of Professional Competence at the State Bar of California. We will respond to your email as soon as possible. In the meantime, here are some answers to frequently asked questions:

Is the State Bar a Lawyer Referral Service?
No. The State Bar of California is a regulatory agency and cannot give any legal advice or refer you to a specific attorney.

Where can I find a Lawyer Referral Service?

For a complete list of certified lawyer referral services by county and other information visit http://www.calbar.ca.gov/Public/Need-Legal-Help/Lawyer-Referral-Service

How do I file a complaint against Lawyer Referral Service?
Submit a complaint online: https://www.surveymonkey.com/r/lrscomplaint

How do I file a complaint against an attorney?
Call the State Bar's multilingual intake hotline at 1-800-843-9053 or submit a complaint online:

- Attorney Complaint Forms
- Unauthorized practice of law complaint forms
- Resolving Fee Disputes

Note that discipline issues are handled by the Office of Chief Trial Counsel. If you would like to have the attorney's conduct investigated for disciplinary purposes, you will need to file a complaint with that office.

Interested in becoming a certified Lawyer Referral Service?
Please allow 48 hours for a response with application information. You can also review certification requirements at http://www.calbar.ca.gov/Access-to-Justice/About-the-Office-of-Access-Inclusion/LRS-Provider-Certification.

# Laps - Referral

Inbox

**Assistant ALB** May 4

to me, Amber

Hi Shay,

Thank you for reaching out to our firm and we are sorry about your troubles with work time. Due to current commitments, we cannot take on your case at this time. We recommend reaching out to Hillary Benham Baker (https://benhambaker.com/) , who handles cases more similar to yours. She can be reached at 415-373-5333 or through her Contact form: (https://benhambaker.com/contact). We hope this helps and wish you luck with your case!

*Please note that we do not represent you until you have entered into a fee agreement signed by a partner in our firm. Until that time, you should be aware that there are deadlines called statutes of limitation which apply to every lawsuit. Missing such deadlines could forever bar you from pursuing your claims. You should seek representation as soon as possible to ensure that you do not miss any deadlines. We do not monitor statutes of limitations on your behalf prior to being formally retained.*

All the best,
**Cate Elam**
Legal Assistant to Amber Bissell, Esq.
Law Offices of Amber Lee Bissell
She/Her/Hers

2181 Greenwich Street
San Francisco, CA 94123
Phone: (415) 651-2788
assistant@amberleelaw.com
www.AmberLeeLaw.com



Irene Caruso Apr 6
to me

Good afternoon,

Thank you for your email to our office, but given our current caseload and the limited number of cases we select, we are unable to represent you at this present time.

We wish you well.

**Irene Caruso**
Administrative Assistant

212 257 6800
85 Fifth Avenue
New York, NY 10003
**wigdorlaw.com**

\

# Declination of Representation – Shay Laps

Inbox

**John Blonde** Apr 21

to me, Info

Good morning, Dr. Laps—Please see the attached letter. Thank you.

**John Blonde | Kaplan Martin LLP**

Chief of Staff to Roberta Kaplan

1133 Avenue of the Americas | Suite 1500

New York, NY 10036

W: (212) 316-9500 | M: (929) 667-5867

jblonde@kaplanmartin.com

Dear Shay,

Thank you for contacting McKenzie Scott PC regarding your potential case. **Unfortunately, we are unable to represent you in this matter.** Please understand this is not an evaluation of the possible merits of your case. Because we are not your attorneys, we have not made this evaluation.

**We encourage you to seek the services of another attorney as soon as possible.** Lawsuits are usually time-sensitive matters. This means that the law requires you to take legal action within a certain period of time after you sustain a loss or become aware of any action that might cause damage to you. The permissible times to file a legal action and take other steps to protect your rights vary depending on all of the circumstances and potential defendants (and can be **as short as 6 months** from when you are injured/have your rights violated). If you wish to pursue this matter further, we encourage you to contact another attorney without delay in order to preserve whatever rights you may have.

We recommend reaching out to your local bar association to see if they have referrals to attorneys who may be able to assist you. We do appreciate you consulting with us regarding this matter and regret that we can not help you with it. If you have legal needs in the future, we hope you will consider reaching out to us again to see if we can be of service.

Thank you and best of luck.

Sincerely,
McKenzie Scott PC

**Nina Ng-Lara**
1350 Columbia Street, Ste. 600
San Diego, California 92101
O: (619) 794-0451
D: (619) 361-1389
she/her/hers

McKENZIE SCOTT

Case 5:25-cv-05767-SVK Document 105 Filed 09/22/25 Page 56 of 56

Non-Representation Letter Inbox

Xinyue Liu Apr 20
to me, Tamara

Hello Shay,
Thank you for choosing Workplace Justice Advocates to review your workplace situation. Unfortunately, due to the increase in workload, we will not able to represent you in this matter. Please note that this does not mean that you do not have a case, only that **we will not be able to act as your attorneys**.

**You may find seek assistance from Department of Industrial Relations: https://www.dir.ca.gov/dlse/howtoreportviolationtobofe.htm.**

**You may also find additional qualified attorneys with the California Employment Lawyers Association:** https://www.cela.org

Please also note that there may be important deadlines applicable to your claims. Thus, if you still wish to pursue your claim, please contact another attorney immediately.

**You may find the following links helpful:**

California non-discrimination laws (Department of Fair Employment and Housing): http://www.dfeh.ca.gov/

Federal non-discrimination laws (Equal Employment Opportunity Commission): http://www.eeoc.gov/

**EXHIBIT 3** ASIAN LAW ALLIANCE CORRESPONDENCE

Gmail Shay Laps <shayke100@gmail.com>

## Shay against Stanford University

**Haohao Song** <hsong@asianlawalliance.org> Wed, Oct 14, 2026 at 1:24 AM
To: Shay Laps <shayke100@gmail.com>

I am sorry my program does not provide court reporter services. You can try to run an internet search for court reporter services in this district.

Sincerely,

**Haohao Song**

Federal Pro Se Program

United States District Court

280 South 1st Street, Room 2070

San Jose, CA 95113

Phone: (408) 297-1480

Asian Law Alliance
*Working for Justice, Dignity and Equality*

STATEMENT OF CONFIDENTIALITY: This message is being sent by a legal organization. The contents of this email message and any attachments are confidential and are intended solely for the addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by reply email and delete this message and its attachments, if any. Email is covered by the Electronic Communications Privacy Act, 18 USC 2510-2521 and is legally privileged.

---

**From:** Shay Laps <shayke100@gmail.com>
**Sent:** Tuesday, October 13, 2026 10:29 AM
**To:** Haohao Song <hsong@asianlawalliance.org>
**Subject:** [EXTERNAL]Re: [EXTERNAL]Shay against Stanford University

Thank you for your response.

Do you know if I can get a court reporter service from the Federal Pro Se Program? Or you can kindly assist me with locating?

Thank you very much for your time,

Shay

On Tue, Oct 13, 2026, 6:46 PM Haohao Song <hsong@asianlawalliance.org> wrote:

Hi Dr. Laps,



I am not a deposition officer. What you are looking for is called court reporter.

Sincerely,

**Haohao Song**

Federal Pro Se Program

United States District Court

280 South 1st Street, Room 2070

San Jose, CA 95113

Phone: (408) 297-1480

Asian Law Alliance

*Working for Justice, Dignity and Equality*

STATEMENT OF CONFIDENTIALITY: This message is being sent by a legal organization. The contents of this email message and any attachments are confidential and are intended solely for the addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by reply email and delete this message and its attachments, if any. Email is covered by the Electronic Communications Privacy Act, 18 USC 2510-2521 and is legally privileged.

---

**From:** Shay Laps <shayke100@gmail.com>
**Sent:** Sunday, October 11, 2026 4:53 AM
**To:** Haohao Song <hsong@asianlawalliance.org>
**Subject:** [EXTERNAL]Shay against Stanford University

Dear Mr. Song,

I hope you are doing well.

I would like to ask whether, given that I am representing myself pro se, you would be able to serve as a court officer for the purpose of taking the defendant's deposition in advance through written questions.

Thank you very much for your time and assistance.

Respectfully,

Dr. Shay Laps

# EXHIBIT 4

---

## GERMAN LABOR COURT HEARING DOCUMENTS

Case No. 11 Ca 278/26
Arbeitsgericht Freiburg im Breisgau

Request of 9 November 2026 to reschedule the hearing
Court order of 10 November 2026 setting the hearing for 10 December 2026

Dr. Fettweis & Sozien
Rechtsanwälte Partnerschaft mbB

Arbeitsgericht Freiburg im Breisgau
Habsburgerstraße 103
79104 Freiburg im Breisgau

**Per beA**

Rechtsanwälte

Dr. Karola Fettweis - 1994

Dr. Michael Krenzler - 2019

Dr. Matthias Schwarz *
Fachanwalt für Medizinrecht
Fachanwalt für Steuerrecht

Dr. Ekkehard A. Armbruster *
Fachanwalt für Handels- und Gesellschaftsrecht
Fachanwalt für Bau- und Architektenrecht

Dr. Peter H. M. Rambach *
Fachanwalt für Arbeitsrecht

Dr. Wolfgang Zimmermann *
Fachanwalt für Erbrecht
Fachanwalt für Familienrecht
Zertifizierter Testamentsvollstrecker (AGT)

Petra Straub
Fachanwältin für Arbeitsrecht

Dr. Catharina Graf *
Fachanwältin für Familienrecht
Fachanwältin für Medizinrecht

Dr. Virgilia Rumetsch
Fachanwältin für Medizinrecht

Dr. Till Rau

* Partner nach PartGG

Freiburg, den 09. November 2026
**000479-26/gc/5 (bitte angeben)**
Telefon: 0761-20299-35 (Sekretariat: Carina Greschek)

**11 Ca 278/26**

In der Rechtssache

**Dr. Shay Laps**

gegen

**Land Baden-Württemberg (Albert-Ludwigs-Universität Freiburg)**

vertreten wir das beklagte Land.

Unter Bezugnahme auf das Telefonat mit der Geschäftsstelle, Frau Ruth, vom 9.11.2026 **beantragen** wir,

**den Gütetermin vom 16.11.2026, 9:30 Uhr zu verlegen.**

Der Unterzeichner hat am Terminstag zwischen 9:30 und 12:00 Uhr bereits einen anderen, länger feststehenden und nicht verlegbaren Termin wahrzunehmen. Einer Verlegung auf den **10.12.2026 zwischen 9:00 und 12:00 Uhr** stünde unsererseits nicht entgegen.

Dr. Peter H.M. Rambach
Rechtsanwalt
Fachanwalt für Arbeitsrecht

Dr. Fettweis & Sozien
Rechtsanwälte Partnerschaft mbB
Schreiberstraße 10
79098 Freiburg

Telefon 07 61- 20 29 90
Telefax 07 61- 20 29 920
E-Mail: info@fettweis.eu
www.fettweis.eu

Sitz Freiburg
AG Freiburg PR700230

# Arbeitsgericht Freiburg

Aktenzeichen : 11 Ca 278/26

Verfügung d. Vorsitzenden vom 10.11.2026

1. Der Termin vom 16.11.2026, 09:30 Uhr in Freiburg wird verlegt auf

| Wochentag | Datum, Uhrzeit | Ort der Sitzung, Saal |
|---|---|---|
| Donnerstag | 10.12.2026, 09:00 Uhr | Arbeitsgericht Freiburg, Habsburgerstr. 103, 79104 Freiburg, 3. OG, Saal III |

Die Terminsverlegung erfolgt auf Antrag d. Bekl.Vertr.

2. Zu diesem neuen Termin wird hiermit geladen.

D. Vorsitzende:

Dr. Böckenförde-Wunderlich

Informationen zum Schutz personenbezogener Daten bei deren Verarbeitung durch die Justiz nach Artikel 13 und Artikel 14 der Europäischen Datenschutz-Grundverordnung finden sich auf der Internetseite des Gerichts (www.arbg-freiburg.de) unter dem Menüpunkt "Service" / "Informationen zum Datenschutz in der Justiz". Auf Wunsch übersenden wir diese Informationen auch an Verfahrensbeteiligte in Papierform.

EXHIBIT 5






# Stanford–Brandeis Donor Connections

# (Selected Examples)

*Reported philanthropic relationships*

| Donor / Funding Entity | Recipient | Reported Year(s) / Aggregate Amount |
|---|---|---|
| Stanford University | Silicon Valley Community Foundation | 2024 — $16,938,472 |
| Silicon Valley Community Foundation | Louis D. Brandeis Center | 2024 — $25,000 |
| National Philanthropic Trust (NPT) | Stanford University | 2024 — $366,362,375 |
| National Philanthropic Trust (NPT) | Louis D. Brandeis Center | 2019–2024 — $8.1M total |
| Koum Family Foundation | Stanford University | 2020 — $9.7M total across 2 grants |
| Koum Family Foundation | Louis D. Brandeis Center | 2022–2024 — $1.8M total across 3 grants |

Case 5:25-cv-05767-SVK Document 132 Filed 11/17/26 Page 1 of 12 PageID #: 1418

Jerome M. Marcus (admitted *pro hac vice*)
Lori Lowenthal Marcus (admitted *pro hac vice*)
Jesse S. Wenger (admitted *pro hac vice*)
Marc H. Kushner (admitted *pro hac vice*)
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 880-0100
jmarcus@deborahproject.org
lorilowenthalmarcus@deborahproject.org
jwenger@deborahproject.org
mkushner@deborahproject.org

Mark Javitch (Bar No. 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave.
Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

*Attorneys for Plaintiff Dr. Shay Laps*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: Hon. Susan van Keulen
Date: December 22, 2026
Time: 10:00 a.m.
Courtroom: 6, 4th Floor

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 22, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Susan van Keulen, United States Magistrate Judge, in Courtroom 6 of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California 95113, The Deborah Project and its attorneys of record, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, and Marc H. Kushner, together with Plaintiff's local counsel, Javitch Law Office and its attorney of record, Mark Javitch (collectively, "Withdrawing Counsel"), will and hereby do move for an order granting them leave to withdraw as counsel of record for Plaintiff Dr. Shay Laps ("Dr. Laps" or "Plaintiff").

RELIEF REQUESTED

Withdrawing Counsel request an order (1) permitting them to withdraw as counsel of record for Dr. Laps pursuant to Civil Local Rules 11-4(a)(1) and 11-5 and California Rule of Professional Conduct 1.16(b)(4), (b)(10), and (c); (2) conditioning withdrawal, pursuant to Civil Local Rule 11-5(b), on Withdrawing Counsel's continued acceptance of service of papers for forwarding purposes unless and until Dr. Laps appears through new counsel or *pro se*; and (3) vacating Dr. Laps's deposition, currently scheduled for December 8 and 9, 2026, in New York, New York, and ordering that Dr. Laps's deposition be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order (Dkt. 129), so that neither Dr. Laps nor Defendants are prejudiced while Dr. Laps retains successor counsel.

GROUNDS FOR THE MOTION

Good cause exists for withdrawal. Circumstances have arisen in the representation that render it unreasonably difficult for Withdrawing Counsel to carry out the representation effectively, within the meaning of California Rule of Professional Conduct 1.16(b)(4). Withdrawing Counsel also believe in good faith that the Court will find the existence of other good cause for withdrawal within the meaning of Rule 1.16(b)(10). Withdrawing Counsel are bound by California Business and Professions Code section 6068(e)(1) and California Rule of Professional

Conduct 1.6 and therefore describe these circumstances only in general terms. They will provide additional information to the Court in camera if the Court determines that further substantiation is needed.

Withdrawing Counsel gave Dr. Laps written notice, reasonably in advance, of their intent to seek leave to withdraw. On November 16, 2026, Dr. Laps advised Withdrawing Counsel in writing that he intends to seek new counsel. Withdrawing Counsel gave written notice of their intent to withdraw to all counsel for Defendants The Leland Stanford Junior University and Danny Hung-Chieh Chou on November 16, 2026. (Declaration of Jerome M. Marcus ("Marcus Decl."), ¶¶ 8-11.) Withdrawing Counsel have notified Dr. Laps of the forwarding condition under Civil L.R. 11-5(b). (*Id.* ¶ 10.) Withdrawal will not unduly prejudice any party, harm the administration of justice, or delay resolution of this case. Under the Amended Case Management Order (Dkt. 129), fact discovery remains open through February 19, 2027, and trial is set for October 12, 2027. (Marcus Decl. ¶ 13.) Completing Dr. Laps's deposition no later than January 29, 2027 will allow successor counsel a reasonable opportunity to appear and prepare, will preserve Defendants' ability to obtain his testimony three weeks before fact discovery closes, and will require no change to any other deadline in the Amended Case Management Order. (*Id.* ¶¶ 4, 14.)

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Jerome M. Marcus, the [Proposed] Order, the Proof of Service, the pleadings and records on file in this action, and any further evidence or argument the Court may permit at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Deborah Project and its attorneys of record, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, and Marc H. Kushner, together with Plaintiff's local counsel, Javitch Law Office and its attorney of record, Mark Javitch (collectively, "Withdrawing Counsel"), ask the Court for leave to withdraw as counsel of record for Plaintiff Dr. Shay Laps. Withdrawing Counsel appeared for Dr. Laps after the Court permitted his prior counsel, Cohen Williams LLP and The Louis D. Brandeis Center for Human Rights Under Law, and his successor counsel, Ameet Sharma, Attorney-at-Law, to withdraw. Withdrawing Counsel have since represented Dr. Laps through the current phase of fact discovery. That work included organizing the parties' document productions and preparing for Dr. Laps's deposition. (Marcus Decl. ¶ 2.)

Circumstances have now arisen that render it unreasonably difficult for Withdrawing Counsel to carry out the representation effectively. Withdrawing Counsel's duty of confidentiality prevents them from describing those circumstances in detail. Withdrawal is permitted under California Rule of Professional Conduct 1.16(b)(4) and (b)(10). Withdrawing Counsel gave Dr. Laps written notice, reasonably in advance, of their intent to withdraw, and Dr. Laps has advised them in writing that he intends to seek new counsel. Withdrawing Counsel also gave written notice to all counsel for Defendants. (*Id.* ¶¶ 8-11.)

The timing of this Motion requires attention to one near-term event. Dr. Laps's deposition is scheduled for December 8 and 9, 2026, in New York. Withdrawing Counsel therefore ask the Court to address the deposition in a way that protects both sides: the December 8 and 9, 2026 dates should be vacated, and Dr. Laps's deposition should be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order. Dr. Laps should not have to sit for a two-day deposition while he is between counsel, and Defendants will obtain his testimony three weeks before fact discovery closes on February 19, 2027. No other deadline needs to change, and trial remains set for October 12, 2027. (Dkt. 129; Marcus Decl. ¶¶ 13-14.)

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether this Motion should be granted;
2. Whether the Court permits The Deborah Project, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, Marc H. Kushner, Javitch Law Office, and Mark Javitch to withdraw as counsel of record for Dr. Laps, subject to the Civil L.R. 11-5(b) forwarding condition;
3. Whether Dr. Laps's deposition currently scheduled for December 8 and 9, 2026 should be vacated, and completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order.

## III. STATEMENT OF FACTS

### A. Procedural Posture

Dr. Laps filed this action on July 10, 2025, asserting federal and state claims against The Leland Stanford Junior University and Associate Professor Danny Hung-Chieh Chou. (Dkt. 1.) In April 2026, Dr. Laps's original counsel, Cohen Williams LLP, and his co-counsel, The Louis D. Brandeis Center for Human Rights Under Law, each moved to withdraw. (Dkts. 54, 57.) On April 16, 2026, the Court conditionally granted counsels' Motions to Withdraw and stayed the case until May 19, 2026. (Dkt. 63.) On August 21, 2026, Dr. Laps's successor counsel, Ameet Sharma, Attorney-at-Law, moved to withdraw. (Dkt. 88.) On August 27, 2026, the Court conditionally granted successor counsel's Motion to Withdraw as Counsel for Plaintiff Dr. Shay Laps and stayed the case until September 29, 2026. (Dkt. 96.) Withdrawing Counsel appeared for Dr. Laps on October 19, 2026. (Dkt. 111; Marcus Decl. ¶ 2.)

After a status conference on October 27, 2026, the Court entered an Amended Case Management Order on November 2, 2026. (Dkt. 129.) That order sets the close of fact discovery for February 19, 2027; expert disclosures for March 12 and April 2, 2027; the close of expert discovery for April 23, 2027; a further case management conference for May 11, 2027; and trial for October 12, 2027. (*Id.*) In consultation with Dr. Laps, Withdrawing Counsel scheduled his deposition with Defendants for December 8 and 9, 2026, in New York. (Marcus Decl. ¶ 4.)

**B. Circumstances Requiring Withdrawal**

In November 2026, circumstances arose in the representation that, in Withdrawing Counsel's professional judgment, render it unreasonably difficult to carry out the representation effectively. (Marcus Decl. ¶ 5.) Those circumstances involve confidential attorney-client communications. They are limited to the relationship between Dr. Laps and Withdrawing Counsel. They do not involve any other client, matter, or party. They have resulted in a breakdown of the attorney-client relationship that cannot be repaired. (*Id.* ¶ 6.) Withdrawing Counsel cannot say more without disclosing information protected by California Business and Professions Code section 6068(e)(1) and California Rule of Professional Conduct 1.6. They will provide additional detail to the Court in camera if the Court considers it necessary. (*Id.* ¶ 7.)

**C. Notice to Dr. Laps and to Defendants**

Withdrawing Counsel gave Dr. Laps written notice of their intent to seek leave to withdraw during the week of November 9, 2026. They confirmed that intent in writing on November 16, 2026. (Marcus Decl. ¶ 8.) Withdrawing Counsel also asked Dr. Laps whether he intended to retain new counsel or to represent himself. That same day, Dr. Laps responded in writing that he intends to seek new counsel. (*Id.* ¶ 9.) Withdrawing Counsel have informed Dr. Laps of the Civil L.R. 11-5(b) condition, which allows papers to continue to be served on Withdrawing Counsel for forwarding purposes unless and until he appears through new counsel or *pro se*. (*Id.* ¶ 10.) On November 16, 2026, Withdrawing Counsel gave all counsel of record for Defendants written notice of their intent to withdraw. (*Id.* ¶ 11.)

**D. Steps Taken to Avoid Prejudice to Dr. Laps**

Withdrawing Counsel will promptly release Dr. Laps's complete client file to him or to successor counsel. That file includes the electronic database of the parties' discovery productions that Withdrawing Counsel assembled. (Marcus Decl. ¶ 12.) Withdrawing Counsel will cooperate with successor counsel on the transition and will forward any papers served on them while the Civil L.R. 11-5(b) condition remains in effect. (*Id.*)

## IV. LEGAL STANDARD

Every attorney practicing in this Court must "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California." Civil L.R. 11-4(a)(1). Those standards include the California Rules of Professional Conduct. *See id.*

Under Civil Local Rule 11-5(a), counsel "may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). If withdrawal is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, the Court may grant leave subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or *pro se*. Civil L.R. 11-5(b).

California Rule of Professional Conduct 1.16(b) permits a lawyer to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," Cal. R. Prof. Conduct 1.16(b)(4), or if the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal. Cal. R. Prof. Conduct 1.16(b)(10). Where a tribunal's rules require permission, the lawyer may not terminate the representation without it. Cal. R. Prof. Conduct 1.16(c). Before withdrawing, the lawyer must take reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel. Cal. R. Prof. Conduct 1.16(d). A lawyer seeking leave to withdraw must also continue to honor the duty of confidentiality under Business and Professions Code section 6068(e)(1) and Rule 1.6. *See* Cal. Bus. & Prof. Code § 6068(e)(1); Cal. R. Prof. Conduct 1.6(a).

Whether to grant a motion to withdraw lies within the Court's discretion. Courts in this Circuit commonly weigh "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *U.S. Equal Emp. Opportunity Comm'n v. Mariscos El Puerto, Inc.*, 822 F. Supp. 3d 1122, 1124 (D. Nev. 2026) (quoting *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

## V. ARGUMENT

**A. Withdrawal Is Permitted Under Rule 1.16(b)(4) and (b)(10).**

Withdrawing Counsel's request rests on a ground the Rules of Professional Conduct expressly recognize. Circumstances in the representation have made it unreasonably difficult for Withdrawing Counsel to represent Dr. Laps effectively, and the attorney-client relationship has broken down beyond repair. (Marcus Decl. ¶ 6.) California courts give trial courts broad discretion to permit withdrawal in order to protect the client's interests, and they recognize that a complete breakdown of the relationship can justify withdrawal. *See Est. of Falco*, 188 Cal. App. 3d 1004, 1014, 233 Cal. Rptr. 807 (1987). In deciding whether to permit withdrawal on that basis, the court's concern is "the effects the rift would have on" the client's legal representation, not "who caused the breakdown." *Id.* As the Court of Appeal has explained, "[i]f attorney and client cannot agree, how can they litigate together?" *Rus, Miliband & Smith v. Conkle & Olesten*, 113 Cal. App. 4th 656, 673, 6 Cal. Rptr. 3d 612 (2003).

Those effects are significant here. In the coming weeks Dr. Laps must prepare for and sit for a two-day deposition. Over the following months he must complete fact discovery and expert disclosures. Each of those tasks requires a working relationship between client and counsel. (Marcus Decl. ¶¶ 13-14.) Dr. Laps has confirmed in writing that he intends to retain new counsel. (Marcus Decl. ¶ 9.) Withdrawal will therefore allow him to proceed with counsel of his choosing. Javitch Law Office has served as Dr. Laps's local counsel in association with The Deborah Project. Once The Deborah Project withdraws, Javitch Law Office's continued role as local counsel would serve no purpose, and Dr. Laps's successor counsel should be free to choose local counsel of their own. (Marcus Decl. ¶ 3.) Withdrawing Counsel also believe in good faith that the Court will find other good cause for withdrawal under Rule 1.16(b)(10). *See* Cal. R. Prof. Conduct 1.16(b)(10).

**B. Withdrawing Counsel Have Described the Grounds as Fully as Their Duty of Confidentiality Permits.**

Withdrawing Counsel may not reveal client confidences to support this Motion. Rule 1.6 prohibits a lawyer from revealing information protected by Business and Professions Code section 6068(e)(1) without the client's informed consent, subject to an exception that does not apply here. Cal. R. Prof. Conduct 1.6(a)–(b). California courts have resolved how withdrawal motions should

proceed under that constraint. When "the duty not to reveal confidences prevented counsel from further disclosure and the court accepted the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal." *Aceves v. Superior Ct.*, 51 Cal. App. 4th 584, 592, 59 Cal. Rptr. 2d 280 (1996).

This rule does not authorize a "rubber stamp." Counsel must "describe the general nature, as fully as possible but within the confines of privilege." *Id.* at 592–93. Counsel's disclosure in *Aceves* was sufficient because it identified the parties to the conflict, said that it had caused a complete breakdown of the relationship, and gave the court "meaningful information about the general nature of the conflict." *Id.* at 593. By contrast, a motion that gives the court not the slightest inkling of the nature of the problem falls short. *See Manfredi & Levine v. Superior Ct.*, 66 Cal. App. 4th 1128, 1135–1136, 78 Cal. Rptr. 2d 494 (1998).

Withdrawing Counsel's showing satisfies this standard. *See Aceves*, 51 Cal. App. 4th at 592–93. The Marcus Declaration states that the circumstances (1) are confined to the relationship between Dr. Laps and Withdrawing Counsel; (2) do not involve any other client, matter, or party to this action; (3) have produced a breakdown of the attorney-client relationship that cannot be repaired; and (4) cannot be described further without disclosing confidential communications. (Marcus Decl. ¶ 6.) Withdrawing Counsel make these representations in good faith as officers of the Court. They will provide additional information in camera if the Court concludes that more is needed. (Marcus Decl. ¶ 7.)

**C. Withdrawing Counsel Have Complied with Civil Local Rule 11-5.**

Civil L.R. 11-5(a) requires written notice, reasonably in advance, to the client and to all other parties who have appeared. Civil L.R. 11-5(a). Withdrawing Counsel have satisfied that requirement. They gave Dr. Laps written notice of their intent to withdraw during the week of November 9, 2026, and confirmed it in writing on November 16, 2026. Dr. Laps then confirmed in writing that he intends to seek new counsel. (Marcus Decl. ¶¶ 8-9.) Withdrawing Counsel gave written notice to all counsel of record for Defendants on November 16, 2026. (Marcus Decl. ¶ 11.)

No successor counsel has yet appeared, and Dr. Laps has not agreed to proceed *pro se*. Withdrawing Counsel therefore ask the Court to impose the forwarding condition authorized by

Civil L.R. 11-5(b). Under that condition, papers may continue to be served on Withdrawing Counsel for forwarding purposes unless and until Dr. Laps appears through new counsel or *pro se*. When the condition is imposed, counsel must notify the party of it. Civil L.R. 11-5(b). Withdrawing Counsel have done so. (Marcus Decl. ¶ 10.) The condition ensures that Dr. Laps will continue to receive every filing and discovery paper while he retains new counsel. It also gives Defendants a reliable means of service during that period.

**D. Withdrawing Counsel Have Taken Reasonable Steps to Avoid Prejudice to Dr. Laps.**

Rule 1.16(d) requires reasonable steps to avoid foreseeable prejudice, "such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d). Withdrawing Counsel have taken those steps. They gave Dr. Laps advance notice. They will promptly release the complete client file, including the electronic discovery database, consistent with Cal. R. Prof. Conduct 1.16(e)(1). They will cooperate with successor counsel and forward all papers served on them under the Civil L.R. 11-5(b) condition. (Marcus Decl. ¶ 12.)

The one event that could cause prejudice in the near term is the December 8–9, 2026 deposition. Without interim relief, Dr. Laps could face two days of examination in New York while between counsel, or the deposition could go forward without the preparation that Withdrawing Counsel can no longer effectively provide. Withdrawing Counsel therefore ask the Court to vacate the December 8 and 9, 2026 deposition dates and to order that Dr. Laps's deposition be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order. That window gives successor counsel a reasonable opportunity to appear and prepare Dr. Laps while preserving Defendants' ability to take his testimony three weeks before fact discovery closes on February 19, 2027. (Marcus Decl. ¶¶ 13-14.) Withdrawing Counsel do not ask the Court to modify any other deadline in the Amended Case Management Order.

**E. Withdrawal Will Not Prejudice Defendants, Harm the Administration of Justice, or Unduly Delay the Case.**

The remaining factors in the withdrawal analysis are prejudice to other litigants, harm to the administration of justice, and delay. *See Mariscos El Puerto*, 822 F. Supp. 3d at 1124. Each favors withdrawal here. Courts are cautious about permitting withdrawal in the lead-up to trial and other important litigation events. *See id.* That concern is absent here. Fact discovery remains open for more than three months. Dispositive motions are not due until May 2027, and trial is nearly eleven months away, on October 12, 2027. (Dkt. 129.) Withdrawing Counsel know of no pending motion that withdrawal would disrupt. The only scheduling adjustment requested is a short, defined rescheduling of a single deposition, to be completed no later than January 29, 2027, within the existing fact-discovery period; every other date in the Amended Case Management Order remains unchanged. (Marcus Decl. ¶¶ 13-14.) The special concerns that arise when withdrawing counsel represents a corporation, which "may appear in federal court only through licensed counsel," are absent here. *Mariscos El Puerto*, 822 F. Supp. 3d at 1125 (quoting *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993)). Dr. Laps is an individual, and the Civil L.R. 11-5(b) framework itself contemplates that he may appear *pro se*. *See* Civil L.R. 11-5(b). The Civil L.R. 11-5(b) condition will also keep communications and service flowing during the transition.

**VI. CONCLUSION**

For these reasons, Withdrawing Counsel respectfully ask the Court to grant the Motion; permit The Deborah Project, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, Marc H. Kushner, Javitch Law Office, and Mark Javitch to withdraw as counsel of record for Dr. Laps, subject to the Civil L.R. 11-5(b) forwarding condition; and vacate Dr. Laps's deposition currently scheduled for December 8 and 9, 2026, and order that Dr. Laps's deposition be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order (Dkt. 129).

Dated: November 17, 2026

**THE DEBORAH PROJECT**

By: /s/ *Jerome M. Marcus* _______
Jerome M. Marcus (admitted *pro hac vice*)
Lori Lowenthal Marcus (admitted *pro hac vice*)
Jesse S. Wenger (admitted *pro hac vice*)
Marc H. Kushner (admitted *pro hac vice*)
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 880-0100
jmarcus@deborahproject.org
lorilowenthalmarcus@deborahproject.org
jwenger@deborahproject.org
mkushner@deborahproject.org

**JAVITCH LAW OFFICE**

By: /s/ *Mark Javitch* ____________
Mark Javitch (Bar No. 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave.
Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

*Attorneys for Plaintiff Dr. Shay Laps*

**ATTESTATION**

I, Jerome M. Marcus, am the ECF user whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

/s/ *Jerome M. Marcus* _______
Jerome M. Marcus

Jerome M. Marcus (admitted *pro hac vice*)
Lori Lowenthal Marcus (admitted *pro hac vice*)
Jesse S. Wenger (admitted *pro hac vice*)
Marc H. Kushner (admitted *pro hac vice*)
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 880-0100
jmarcus@deborahproject.org
lorilowenthalmarcus@deborahproject.org
jwenger@deborahproject.org
mkushner@deborahproject.org

Mark Javitch (Bar No. 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave.
Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

*Attorneys for Plaintiff Dr. Shay Laps*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

**DECLARATION OF JEROME M. MARCUS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS**

Judge: Hon. Susan van Keulen
Date: December 22, 2026
Time: 10:00 a.m.
Courtroom: 6, 4th Floor

**DECLARATION OF JEROME M. MARCUS**

I, Jerome M. Marcus, declare as follows:

1. I am an attorney admitted to practice before this Court *pro hac vice* and the President of The Deborah Project. I am counsel of record for Plaintiff Dr. Shay Laps ("Dr. Laps") in this action. I submit this declaration under Civil Local Rule 7-5 in support of the Motion to Withdraw as Counsel of Record filed by The Deborah Project, me, Lori Lowenthal Marcus, Jesse S. Wenger, and Marc H. Kushner, and Plaintiff's local counsel, Javitch Law Office and Mark Javitch (collectively, "Withdrawing Counsel"). I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify competently to them.

2. Withdrawing Counsel appeared on behalf of Dr. Laps in this action on October 19, 2026, after the Court permitted Dr. Laps's prior counsel to withdraw. (Dkt. 111.) Since then, Withdrawing Counsel have represented Dr. Laps in fact discovery. Among other things, we assembled the parties' document productions in an electronic database and prepared for Dr. Laps's deposition.

3. Mark Javitch of Javitch Law Office has served as Dr. Laps's local counsel in this action in association with The Deborah Project. Mr. Javitch joins in the Motion, and he has authorized me to file it on his behalf and to sign it electronically on his behalf. The circumstances described in paragraphs 5 and 6 below apply equally to Javitch Law Office's representation, and Javitch Law Office's role as local counsel would not continue once The Deborah Project withdraws.

4. In consultation with Dr. Laps, Withdrawing Counsel scheduled Dr. Laps's deposition with Defendants' counsel for December 8 and 9, 2026, in New York, New York, and informed Defendants of those dates. I have been advised by Defendants' counsel that an interpreter has been arranged for the deposition.

5. In November 2026, circumstances arose in the representation that, in my professional judgment, render it unreasonably difficult for Withdrawing Counsel to carry out the representation of Dr. Laps effectively. I make this statement in good faith.

6. I am bound by California Business and Professions Code section 6068(e)(1) and California Rule of Professional Conduct 1.6, and I cannot describe these circumstances in detail without revealing confidential attorney-client communications. Within those limits, I can state the following: (a) the circumstances are confined to the relationship between Dr. Laps and Withdrawing Counsel; (b) they do not involve any other client or matter of Withdrawing Counsel, and they do not involve any party to this action other than Dr. Laps; and (c) they have resulted in a breakdown of the attorney-client relationship that, in my professional judgment, cannot be repaired.

7. If the Court determines that further substantiation is necessary, I will provide additional information to the Court in camera, in a manner that does not waive Dr. Laps's attorney-client privilege or disclose his confidential information to Defendants.

8. During the week of November 9, 2026, I notified Dr. Laps in writing that Withdrawing Counsel intended to seek leave to withdraw. On November 16, 2026, I confirmed that intent to Dr. Laps in writing. I also told him that we wished to file this Motion as soon as possible so that he could proceed with new counsel or on his own behalf, and I asked whether he intended to seek new counsel or represent himself.

9. On November 16, 2026, Dr. Laps responded in writing that he intends to seek new counsel. As of the date of this declaration, no successor counsel has appeared or contacted Withdrawing Counsel on Dr. Laps's behalf, and Dr. Laps has not stated that he will appear *pro se*.

10. On November 17, 2026, I notified Dr. Laps in writing, by email to the address he has used to communicate with Withdrawing Counsel throughout the representation, that the Court may grant leave to withdraw subject to the condition under Civil Local Rule 11-5(b) that papers may continue to be served on Withdrawing Counsel for forwarding purposes unless and until he appears through new counsel or *pro se*. I also told him that Withdrawing Counsel will promptly forward to him any papers served on us while that condition remains in effect.

11. On November 16, 2026, I gave written notice of Withdrawing Counsel's intent to file this Motion, by email, to counsel of record for Defendants The Leland Stanford Junior

University and Danny Hung-Chieh Chou, including Reid J. Schar and Laurie Edelstein of Jenner & Block LLP.

12. Withdrawing Counsel have taken reasonable steps to avoid prejudice to Dr. Laps. In addition to the notice described above, we will promptly release Dr. Laps's complete client file to him or to successor counsel, including the electronic database of the parties' discovery productions. We will cooperate with successor counsel to ensure an orderly transition, and we will forward all papers served on us while the Civil L.R. 11-5(b) condition remains in effect.

13. Under the Amended Case Management Order entered November 2, 2026 (Dkt. 129), fact discovery closes on February 19, 2027; initial expert disclosures are due March 12, 2027; rebuttal expert disclosures are due April 2, 2027; expert discovery closes on April 23, 2027; a further case management conference is set for May 11, 2027; and trial is set to begin on October 12, 2027. To my knowledge, no motion is currently pending in this action.

14. Dr. Laps's deposition dates of December 8 and 9, 2026, fall before the December 22, 2026 hearing date noticed for this Motion. In my judgment, requiring Dr. Laps to prepare for and sit for a two-day deposition while he is between counsel would risk prejudice to him. Withdrawing Counsel therefore request that the December 8 and 9, 2026 deposition dates be vacated and that Dr. Laps's deposition be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order. That date is three weeks before fact discovery closes on February 19, 2027. In my judgment, completing the deposition within that window, after successor counsel has had a reasonable opportunity to appear and prepare, would avoid prejudice to Dr. Laps without impairing Defendants' ability to obtain his testimony or requiring changes to any other deadline in the Amended Case Management Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2026, at Merion Station, Pennsylvania.

/s/ Jerome M. Marcus

Jerome M. Marcus

Jerome M. Marcus (admitted *pro hac vice*)
Lori Lowenthal Marcus (admitted *pro hac vice*)
Jesse S. Wenger (admitted *pro hac vice*)
Marc H. Kushner (admitted *pro hac vice*)
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 880-0100
jmarcus@deborahproject.org
lorilowenthalmarcus@deborahproject.org
jwenger@deborahproject.org
mkushner@deborahproject.org

Mark Javitch (Bar No. 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave.
Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

*Attorneys for Plaintiff Dr. Shay Laps*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. SHAY LAPS,<br><br>Plaintiff,<br><br>v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>Defendants. | Case No. 5:25-cv-05767-SVK<br><br>**[PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS**<br><br>Judge: Hon. Susan van Keulen<br>Date: December 22, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6, 4th Floor |

The Court has considered the Motion to Withdraw as Counsel of Record for Plaintiff Dr. Shay Laps filed by The Deborah Project, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, Marc H. Kushner, Javitch Law Office, and Mark Javitch ("Withdrawing Counsel"), the supporting papers, the record in this action, and any argument presented. The Court finds that Withdrawing Counsel have shown good cause for withdrawal under Civil Local Rules 11-4(a)(1) and 11-5 and California Rule of Professional Conduct 1.16, and that they provided written notice reasonably in advance to Plaintiff and to all other parties who have appeared. Accordingly, IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED. The Deborah Project, Jerome M. Marcus, Lori Lowenthal Marcus, Jesse S. Wenger, Marc H. Kushner, Javitch Law Office, and Mark Javitch are relieved as counsel of record for Plaintiff Dr. Shay Laps, subject to the condition in Paragraph 2.

2. Pursuant to Civil Local Rule 11-5(b), because withdrawal is not accompanied by the simultaneous appearance of substitute counsel or Plaintiff's agreement to appear *pro se*, papers in this action may continue to be served on Withdrawing Counsel for forwarding purposes unless and until Plaintiff appears through new counsel or files a notice that he will proceed *pro se*. Withdrawing Counsel shall promptly forward to Plaintiff all papers served on them while this condition remains in effect.

3. Within thirty (30) days of the date of this Order, Plaintiff shall either (a) cause successor counsel to file a notice of appearance or (b) file a notice that he will represent himself, stating his mailing address, email address, and telephone number for service.

4. Withdrawing Counsel shall serve a copy of this Order on Plaintiff by email and by international courier within two (2) court days and shall file proof of that service. Withdrawing Counsel shall promptly release Plaintiff's client file to Plaintiff or his successor counsel upon request.

5. The deposition of Plaintiff currently scheduled for December 8 and 9, 2026, is VACATED. Plaintiff's deposition shall be completed on a date agreed by the parties, or set by the Court, no later than January 29, 2027, within the fact-discovery period set by the Amended Case Management Order (Dkt. 129).

6. Except as stated in Paragraph 5, all dates in the Amended Case Management Order (Dkt. 129) remain in effect.

IT IS SO ORDERED.

Dated: _________________, 2026

_________________________________
HON. SUSAN VAN KEULEN
United States Magistrate Judge

Jerome M. Marcus (admitted *pro hac vice*)
Lori Lowenthal Marcus (admitted *pro hac vice*)
Jesse S. Wenger (admitted *pro hac vice*)
Marc H. Kushner (admitted *pro hac vice*)
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
Telephone: (610) 880-0100
jmarcus@deborahproject.org
lorilowenthalmarcus@deborahproject.org
jwenger@deborahproject.org
mkushner@deborahproject.org

Mark Javitch (Bar No. 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave.
Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

*Attorneys for Plaintiff Dr. Shay Laps*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. SHAY LAPS,<br><br>Plaintiff,<br><br>v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>Defendants. | Case No. 5:25-cv-05767-SVK<br><br>**PROOF OF SERVICE OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS**<br><br>Judge: Hon. Susan van Keulen<br>Date: December 22, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6, 4th Floor |

I, Jerome M. Marcus, declare as follows:

1. I am over the age of eighteen and not a party to this action. I am an attorney with The Deborah Project, and my business address is P.O. Box 212, Merion Station, PA 19066.

2. On November 17, 2026, I served true and correct copies of the following documents:

(a) NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS; MEMORANDUM OF POINTS AND AUTHORITIES;

(b) DECLARATION OF JEROME M. MARCUS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS;

(c) [PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF DR. SHAY LAPS; and

(d) this PROOF OF SERVICE.

3. Service on Plaintiff Dr. Shay Laps:

[X] BY ELECTRONIC MAIL: I sent the documents to Dr. Laps at his personal email address, which Withdrawing Counsel have used to communicate with him throughout the representation. The email address is omitted from this public filing to protect Dr. Laps’s privacy and will be provided to the Court upon request.

4. Service on Defendants: The documents were filed through the Court’s CM/ECF system, which sends notice of electronic filing to all counsel of record for Defendants The Leland Stanford Junior University and Danny Hung-Chieh Chou who are registered CM/ECF users.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2026, at Merion Station, Pennsylvania.

/s/ Jerome M. Marcus

Jerome M. Marcus

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com
cshahkar@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. SHAY LAPS,<br><br>Plaintiff,<br><br>v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,<br><br>Defendants. | Case No. 5:25-cv-05767-SVK<br><br>The Honorable Susan van Keulen<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW** |

Defendants The Board of Trustees of The Leland Stanford Junior University (named as The Leland Stanford Junior University) and Danny Hung-Chieh Chou (collectively, "Defendants") respectfully submit this response to Dr. Laps' counsel's motion to withdraw (ECF No. 132).

Defendants do not oppose the motion to withdraw. However, this is the ***fourth*** group of counsel to move to withdraw in the last eight months, and the circumstances of this most recent motion to withdraw highlight that Dr. Laps is abusing the administration of justice and has no intention of being deposed in this case. This case should be dismissed with prejudice now and Dr. Laps should be ordered to pay monetary sanctions. At a minimum, Dr. Laps should be ordered to sit for his deposition on the currently noticed dates with any failure to attend leading to dismissal of this case with prejudice.

### A. Background

Defendants have been attempting to move this case forward and schedule Dr. Laps' deposition for over a year. Dr. Laps filed a complaint that baselessly accuses a large number of people of engaging in a discriminatory, retaliatory conspiracy. These individuals have a significant interest in clearing their names and getting this meritless case dismissed. But each time Dr. Laps' deposition has come to a head, Dr. Laps has taken actions that have led his counsel to move to withdraw. Dr. Laps' actions also have forced Defendants to incur fees and costs in preparing for and arranging and re-arranging his deposition.

#### 1. First and Second Set of Counsel: Cohen Williams and the Louis D. Brandeis Center for Human Rights Under Law

Dr. Laps was initially represented by Cohen Williams LLP ("CW") and the Louis D. Brandeis Center for Human Rights Under Law ("LBC"). ECF No. 1. Defendants requested dates for Dr. Laps' deposition from CW and LBC ***five times*** between November 2025 and March 2026. ECF No. 85-2 ¶ 3 (listing dates). Dr. Laps never provided his availability in response to any of those requests. *Id.* On March 30, 2026, Defendants asked Dr. Laps to provide his availability for deposition and indicated that if he did not do so by April 6, 2026, Defendants would proceed with noticing Dr. Laps' deposition. *See* Schar Decl. ¶ 2 & Ex. A. Dr. Laps did not provide his availability by April 6, 2026. Instead, on April 6 and 7, 2026, both CW and LBC moved to

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

withdraw as counsel for Dr. Laps and moved to stay the case. ECF Nos. 54, 55, 57, 58. No deposition of Dr. Laps occurred. The Court entered a stay on April 16, 2026. ECF No. 63.

**2. Third Set of Counsel: Angela Hooper and Ameet Sharma**

On May 15, 2026, Angela Hooper filed a notice of appearance on behalf of Dr. Laps. ECF No. 68. Ms. Hooper was joined in representing Dr. Laps by Ameet Sharma. ECF No. 67. On May 21, 2026, Defendants again requested that Dr. Laps provide his availability for a deposition and proposed several dates in June and July. ECF No. 85-2 ¶ 8. Dr. Laps once again did not respond, and on June 4, Defendants noticed Dr. Laps' deposition for July 7 and 8, 2026 in San Francisco. *Id.* ¶¶ 8–9. Ms. Hooper and Mr. Sharma offered various excuses why the deposition could not proceed on those dates, including that they could not access the documents the parties had previously exchanged. *Id.* ¶ 10. They did not propose any alternative dates for Dr. Laps' deposition. *Id.*

The parties raised the issue of Dr. Laps' deposition as a discovery dispute, in which Dr. Laps for the first time asserted that he would seek to appear remotely for his deposition rather than in person. ECF No. 78. Dr. Laps also stated (again for the first time) that he had "safety concerns regarding traveling to the United States," although he identified no facts to support such concerns. *Id.* at 10.

On July 15, 2026, the Court ordered Dr. Laps to appear for deposition by August 28, 2026. ECF No. 82. That same day, Defendants contacted Ms. Hooper and asked for Dr. Laps' availability for an in-person deposition before August 28. ECF No. 85-2 ¶ 11. Ms. Hooper thereafter proposed that Dr. Laps appear remotely for deposition. Defendants objected. *Id.* ¶ 15. To address Dr. Laps' stated "safety concerns," Defendants proposed that Dr. Laps attend his deposition in person in a different city in which Jenner & Block LLP has an office, namely Los Angeles, New York, Chicago, or Washington, D.C. *Id.* On July 28, 2026, Defendants served an amended notice of Dr. Laps' deposition for August 26 and 27, 2026 in San Francisco. *See* ECF No. 85-2, Ex. E. On August 14, 2026, the parties filed another joint statement regarding Dr. Laps' deposition. ECF No. 85. Dr. Laps re-raised his safety concerns and also argued he had immigration concerns with traveling to the United States, even though CW and LBC had previously confirmed that Dr. Laps'

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

existing B-1 visa was sufficient to allow him to travel to the United States for his deposition. *Id.* at 6, 11; ECF No. 85-2 ¶¶ 4–6. Dr. Laps also demanded his deposition occur after Dr. Chou's deposition, even though Dr. Chou's deposition had not been noticed and Dr. Laps did not even raise his intent to take Dr. Chou's deposition until three days after the Court ordered Dr. Laps to appear for his deposition by August 28, 2026. ECF No. 85, at 9; ECF No. 85-2 ¶ 13.

On August 17, 2026, the Court denied Dr. Laps' request to attend his deposition remotely and ordered that his deposition "will proceed as ORDERED," and "specifically it will proceed no later than August 28, 2026." ECF No. 86 (emphasis omitted). Ms. Hooper confirmed on August 19, 2026 that she, Mr. Sharma, and Dr. Laps would attend the deposition. ECF No. 91-1 ¶ 3. Dr. Laps invoked the Court's order permitting him to be deposed in a city besides San Francisco where Jenner & Block LLP has an office and chose New York despite its inconvenience for Defendants and defense counsel. *Id.* Defendants thereafter began making arrangements for the deposition in New York, including booking flights and accommodations, reserving a court reporter and videographer to appear in New York, communicating with a Hebrew interpreter to determine if the interpreter could attend in person in New York, and preparing a revised deposition notice. *Id.* ¶ 4. Defendants incurred costs and fees in the process of making these arrangements. *Id.*

Then, on August 20, 2026, Ms. Hooper emailed Defendants indicating she and Mr. Sharma would be moving to withdraw as counsel. *Id.* ¶ 5. The motion to withdraw, filed the following day, indicated the withdrawal was mandatory under California Rule of Professional Conduct 1.16(a) and had been triggered by a conversation with Dr. Laps on August 20, 2026. ECF No. 88; ECF No. 88-1 ¶ 3. On August 24, 2026, the Court ordered Dr. Laps' deposition be taken off-calendar. ECF No. 92. Because the deposition was taken off-calendar after the deadline to cancel the Hebrew interpreter's services without incurring a fee, Defendants were required to pay a late cancellation fee. *See* ECF No. 91-1 ¶ 8; Schar Decl. ¶ 3.

On August 27, 2026, following a hearing, the Court conditionally granted Ms. Hooper and Mr. Sharma's request to withdraw and stayed the case for 30 days. ECF No. 96. On September 29, 2026, the Court continued the conditional withdrawal until October 27, 2026, to allow Dr. Laps

additional time to obtain new counsel; maintained the stay of the case; and continued all discovery response deadlines by an additional 30 days. ECF No. 106.

**3. Fourth Set of Counsel: The Deborah Project and Mark Javitch**

On October 19, 2026, roughly two months after Ms. Hooper and Mr. Sharma moved to withdraw, Mark Javitch appeared on behalf of Dr. Laps, and the Court thereafter granted pro hac vice status to attorneys from the Deborah Project. ECF Nos. 111, 115, 122, 123. The parties met and conferred and corresponded by email, and collectively agreed that Dr. Laps' deposition would proceed in early December 2026 in New York, with Defendants proposing December 8 and December 9, 2026. Schar Decl. ¶ 4 & Ex. B; ECF No. 132-1 (Marcus Decl.) ¶ 4. At an October 27, 2026 status conference, Dr. Laps' counsel unequivocally represented to the Court that the deposition would proceed on December 8 and 9, 2026 in New York. On November 2, 2026, the Court entered an amended case management order, setting the close of fact discovery for February 19, 2027. ECF No. 129.

Following the October 27, 2026 status conference, Defendants once again began making arrangements to take Dr. Laps' deposition in New York on the confirmed December dates. Schar Decl. ¶ 6. On October 29, 2026, Defendants served on Dr. Laps another amended notice of deposition for December 8 and 9, 2026, in New York. Schar Decl., Ex. C. And on November 9, Dr. Laps' counsel confirmed Dr. Laps would need an interpreter. *Id.*, Ex. D. Defendants booked flights and accommodations, reserved a court reporter and videographer to appear in New York, and arranged for a Hebrew interpreter to attend in person in New York. *Id.* ¶ 6; ECF No. 132-1 (Marcus Decl.) ¶ 4. Defendants have incurred costs and fees in the course of making these arrangements. Schar Decl. ¶ 6.

Then, on November 16, 2026, less than three weeks after filing their appearances, Dr. Laps' counsel from the Deborah Project informed Defendants that they would be seeking to withdraw from representing Dr. Laps. *Id.* ¶ 7. Dr. Laps' counsel also wrote that it was his "understanding that Dr. Laps does not intend to appear for deposition on December 8." *Id.*, Ex. E.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

### B. Request for Relief

The pattern here is undeniable: Dr. Laps has no intention of complying with his obligation to sit for his properly noticed deposition, and he has likely never intended to comply with that obligation. Under the Federal Rules and Ninth Circuit precedent, this type of conduct is sanctionable, including dismissal of the case. *See* Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 37(b)(2)(A) (listing available discovery sanctions); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (repeated late cancellations constitute "failure to appear" for depositions); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167–69 (9th Cir. 1994) (affirming dismissal of complaint for repeated failures to attend scheduled depositions).

Dr. Laps' conduct has once again "brought the progress of these proceedings to a halt" and "threatened to interfere with the rightful decision of the case." *Wilson v. Zenith Am. Sols., Inc.*, 2023 WL 3579320, at *3 (N.D. Cal. Feb. 23, 2023) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). He has prejudiced Defendants' ability to "proceed with fundamental discovery," *Deshazier v. Williams*, 2007 WL 3010578, at *5 (E.D. Cal. Oct. 15, 2007), and he has consumed an inordinate amount of the Court's time and resources, *Wilson*, 2023 WL 3579320, at *2 (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Based on Dr. Laps' conduct to date, the Court should order this case to be dismissed with prejudice and order Dr. Laps to pay monetary sanctions for the fees and costs Defendants have incurred in preparing for and arranging his deposition.[1] *See, e.g.*, *Hays v. John Deere Landscapes, Inc.*, 2013 WL 4764974, at *3–4 (N.D. Cal. Sept. 5, 2013) (dismissing case with prejudice and imposing monetary sanctions after plaintiff, among other things, failed to appear for multiple scheduled depositions); *Wilson*, 2023 WL 3579230, at *2–4 (similar). At minimum, the Court should order Dr. Laps to appear in person for his deposition in New York on December 8 and 9, as presently noticed, and to dismiss the case and impose monetary sanctions if he does not appear. *See McColm v. Foremost Ins. Co.*, 2011 WL 1667173, at *2 (N.D. Cal. May 3, 2011).

[1] Defendants can provide a calculation of these fees and costs if the Court imposes monetary sanctions. Schar Decl. ¶ 8.

Dr. Laps' counsel's proposal that the deposition be taken off-calendar and the Court order Dr. Laps to be deposed by January 29, 2027 should be denied. The Court should not reward Dr. Laps' continued misconduct by allowing him additional time to delay his deposition, especially until only a few weeks before the close of fact discovery. Dr. Laps is capable of being deposed *pro se*.

Dated: November 18, 2026

JENNER & BLOCK LLP

By: /s/ *Reid J. Schar*

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com
cshahkar@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com
cshahkar@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

The Honorable Susan van Keulen

**DECLARATION OF REID J. SCHAR IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

## DECLARATION OF REID J. SCHAR

I, Reid J. Schar, declare as follows:

1. I am a member in good standing of the State Bar of California and admitted to practice before this Court. I am a partner at the law firm of Jenner & Block LLP ("Jenner"), counsel of record for Defendants The Board of Trustees of The Leland Stanford Junior University (named as "The Leland Stanford Junior University") ("Stanford") and Danny Hung-Chieh Chou ("Dr. Chou") (collectively, "Defendants"). I make this declaration in support of Defendants' Response to Plaintiff's Counsel's Motion to Withdraw. I have personal knowledge of the facts set forth below and, if called upon to do so, I could and would testify competently to the matters set forth below.

2. On March 30, 2026, Defendants served correspondence on Dr. Laps' counsel (Cohen Williams LLP and the Louis D. Brandeis Center for Human Rights Under Law), requesting that Dr. Laps provide dates for his deposition and indicating that, if he did not do so by April 6, 2026, Defendants would notice his deposition. A true and correct copy of this correspondence is attached as **Exhibit A**.

3. At Dr. Laps' request, Defendants retained a Hebrew interpreter in advance of his deposition scheduled for August 26 and 27, 2026, in New York. Under the terms of the agreement with the interpreter, the interpreter's full fee was due if the deposition was cancelled less than 48 hours before the scheduled start time. Because Dr. Laps' deposition was taken off-calendar inside of that 48-hour window, Defendants were required to pay a fee of $525.00 to the interpreter service.

4. On October 20, 2026, Jerome Marcus, of the Deborah Project, emailed counsel for Defendants, including Laurie Edelstein, Marcie Fitzsimmons, Christina Shahkar, and me, stating that the Deborah Project had been retained by Dr. Laps. The parties exchanged emails over the following days, including to coordinate a meet and confer on October 22, 2026. On October 26, 2026, Ms. Edelstein communicated that Defendants were willing to take Dr. Laps' deposition in New York or San Francisco "during the week of December 7." Mr. Marcus responded that day, "We can agree on Dr. Laps' deposition in New York on December 7 and 8 if that works for you." In response, Ms. Edelstein asked, "would December 8 and 9 work for you in New York?" A true and correct copy of this email correspondence is attached as **Exhibit B**.

5. After Mr. Marcus unequivocally confirmed at the October 27, 2026 status conference that Dr. Laps' deposition would proceed on December 8 and 9, 2026, on October 29, 2026, Defendants served on Dr. Laps another amended notice of deposition for December 8 and 9, 2026, in New York. A true and correct copy of the deposition notice is attached as **Exhibit C**.

6. Defendants also began making arrangements for Dr. Laps' deposition to take place at Jenner & Block LLP's New York office. This included booking flights and accommodations, reserving a court reporter and videographer to appear in New York, and per Dr. Laps' request that a Hebrew interpreter be present at the deposition, arranging for a Hebrew interpreter to attend in person in New York. A true and correct copy of November 9, 2026 email correspondence from Mr. Marcus confirming Dr. Laps would require a Hebrew interpreter is attached as **Exhibit D**. To date, Defendants have incurred costs and fees to make these arrangements.

7. On November 16, 2026, I received an email from Mr. Marcus, stating that the Deborah Project would be seeking to withdraw from representing Dr. Laps. Mr. Marcus also wrote that it was his "understanding that Dr. Laps does not intend to appear for deposition on December 8." A true and correct copy of this email is attached as **Exhibit E**.

8. In addition to incurring costs and fees in making arrangements for Dr. Laps' deposition (*e.g.*, booking travel, contacting the interpreter service, etc.), Defendants have incurred legal fees to prepare to take the deposition. Defendants' total fees and costs associated with preparing for and arranging Dr. Laps' deposition can be calculated if the Court orders monetary sanctions imposed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 18th day of November 2026 in San Francisco, California.

/s/ *Reid J. Schar*
Reid J. Schar

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

# EXHIBIT A

525 MARKET STREET, 29TH FLOOR SAN FRANCISCO, CA 94105-2737

JENNER & BLOCK LLP

March 30, 2026

Reid Schar
Tel +1 312 923 2629
RSchar@jenner.com

**VIA EMAIL**

Reuven Cohen
Kathleen Erskine
Talia Nissimyan
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
rcohen@cohen-williams.com
kerskine@cohen-williams.com
tnissimyan@cohen-williams.com

Re: ***Laps v. The Leland Stanford Junior University, et al.*, Case No. 25-cv-5767 (N.D. Cal.)**

Dear Counsel:

We write to once again request that you provide dates for Dr. Laps' deposition. Since November 2025, we have repeatedly asked for Dr. Laps' availability for a deposition. Despite repeatedly assuring us that you would do so, you have yet to provide any dates.

You have offered various reasons why you have been unable to provide Dr. Laps' availability. You first noted the need to consult immigration counsel; we understood this issue to be resolved as of December 17, 2025.[1] You then pivoted to arguing that the "completion of Defendants' [G.O. 71] productions is a condition precedent to Plaintiff being able to agree to possible dates for a deposition."[2] We are unaware of any legal basis to support that position, and you have not provided one. In any event, as we explained in our February 13, 2026 letter, Defendants' prior productions contained the remaining documents responsive to G.O. 71 that Defendants located during their diligent search and reasonable inquiry. Your continued refusal to provide Dr. Laps' availability for deposition has no basis.

---

[1] K. Erskine Email to R. Schar (Dec. 17, 2025).

[2] T. Nissimyan Letter to R. Schar et al. (Jan. 30, 2026).

By April 6, 2026, please provide Dr. Laps' availability for deposition in April and May 2026. As we have previously discussed, we intend to notice Dr. Laps' deposition for two consecutive days. We will work with you to accommodate any medical and interpretive needs Dr. Laps may have. If you do not provide Dr. Laps' availability by April 6, we will proceed with noticing Dr. Laps' deposition.

Sincerely,

Reid Schar

# EXHIBIT B

**From:** Edelstein, Laurie J.
**To:** Jerome Marcus; Schar, Reid J.; cshahkar@grsm.com; misom@grsm.com
**Cc:** Jesse Wenger; Marc Kushner; Mia Shalom; Lori Lowenthal Marcus; Norah Kormov; Ramsey, Alexander R.; Gallegos, Amy M.
**Subject:** Re: Laps v. Stanford University
**Date:** Monday, October 26, 2026 12:29:56 PM
**Attachments:** image001.png
image002.png
image001.png

---

Jerome,

Thank you for getting back to us.

- For Dr. Laps' deposition, would December 8 and 9 work for you in New York?

- We can discuss the parties' proposals for extension of the case schedule tomorrow with the Court.

- We are happy to schedule a time to meet and confer with you on the discovery issues we raised in our September 1, 2026 letter. We believe we have addressed all issues Dr. Laps' prior counsel raised about defendants' productions. But if any issues remain outstanding, we can meet and confer about them as well. Judge van Keulen's standing order addresses the process for resolving discovery disputes.

- We do not feel strongly about filing the status report. Let's plan to discuss orally with the Court tomorrow.

Thanks,
Laurie

---

**From:** Jerome Marcus <jmarcus@deborahproject.org>
**Date:** Monday, October 26, 2026 at 2:30 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Schar, Reid J. <RSchar@jenner.com>; cshahkar@grsm.com <cshahkar@grsm.com>; misom@grsm.com <misom@grsm.com>
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Norah Kormov <norahkormov@deborahproject.org>; Ramsey, Alexander R. <ARamsey@jenner.com>; Gallegos, Amy M. <AGallegos@jenner.com>
**Subject:** Re: Laps v. Stanford University

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Case 5:25-cv-05767-SVK Document 126-1 Filed 11/13/26 Page 9 of 23 PageID #: 1472

We can agree on Dr. Laps' deposition in New York on December 7 and 8 if that works for you. Let me know if we can nail down those dates.

We will not agree to 75 days on discovery, so that should be a matter for discussion with the judge.

One thing we have not discussed that should probably be on the agenda for tomorrow is how we're going to resolve discovery disputes. I believe you sent a letter to prior counsel with your concerns, and once we have your representation that you believe your document production is completed, I suspect we will have concerns to raise with you as well.

Your proposed joint status report doesn't say anything I disagree with, though it's not the most enlightening document in the world. But if you think it would help the court to send that in in advance I have no objection. At least it'll make clear that we've attempted to discuss things.

JMM

THE DEBORAH PROJECT

Jerome M. Marcus

President

WWW.DeborahProject.Org

610.664.1184 (phone) 610.664.1559 (fax)
P.O. Box 212 Merion Station, PA 19066
jmarcus@deborahproject.org

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Date:** Monday, October 26, 2026 at 4:35 PM
**To:** Jerome Marcus <jmarcus@deborahproject.org>; Schar, Reid J.

<RSchar@jenner.com>; cshahkar@grsm.com <cshahkar@grsm.com>; misom@grsm.com <misom@grsm.com>
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Norah Kormov <norahkormov@deborahproject.org>; Ramsey, Alexander R. <ARamsey@jenner.com>; Gallegos, Amy M. <AGallegos@jenner.com>
**Subject:** RE: Laps v. Stanford University

Jerome,

We are following up on our discussion last Thursday about case status and schedule.

Dr. Laps' Deposition: We are willing take Dr. Laps' deposition in New York City or San Francico during the week of December 7. Please let us know what dates work for Dr. Laps that week. As we discussed, the deposition will proceed in person over two business days.

Extension of Case Deadlines: Defendants are willing to consent to a 75-day extension of deadlines to allow you and your team to get up to speed and complete discovery.

Status Report: We think submitting a short status report in advance of tomorrow's court conference would be helpful for the Court. Please see the attached proposed joint status report. Please let us know if have any edits to the attached draft and also please add your signature block.

Please let us know if you have any questions.

Thanks,
Laurie

---

**From:** Jerome Marcus <jmarcus@deborahproject.org>
**Sent:** Wednesday, October 21, 2026 1:40 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Schar, Reid J. <RSchar@jenner.com>; cshahkar@grsm.com; misom@grsm.com
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Norah Kormov <norahkormov@deborahproject.org>; Ramsey, Alexander R. <ARamsey@jenner.com>; Gallegos, Amy M. <AGallegos@jenner.com>
**Subject:** Re: Laps v. Stanford University

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

That's very kind. Thank you. Let's speak then.
Jmm

signature_1925698746

Jerome M. Marcus

President

WWW.DeborahProject.Org

610.664.1184 (phone) 610.664.1559 (fax)
P.O. Box 212 Merion Station, PA 19066
jmarcus@deborahproject.org

THE DEBORAH PROJECT

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Sent:** Wednesday, 21 October 2026 19:37:59
**To:** Jerome Marcus <jmarcus@deborahproject.org>; Schar, Reid J. <RSchar@jenner.com>; cshahkar@grsm.com <cshahkar@grsm.com>; misom@grsm.com <misom@grsm.com>
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Norah Kormov <norahkormov@deborahproject.org>; Ramsey, Alexander R. <ARamsey@jenner.com>; Gallegos, Amy M. <AGallegos@jenner.com>

**Subject:** RE: Laps v. Stanford University

Jerome,

We can be available at 8 am PT on Thursday, October 22, 2026. Please let us know if that works for you.

Thanks,
Laurie

---

**From:** Jerome Marcus <jmarcus@deborahproject.org>
**Sent:** Tuesday, October 20, 2026 5:12 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Schar, Reid J. <RSchar@jenner.com>; cshahkar@grsm.com; misom@grsm.com
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Norah Kormov <norahkormov@deborahproject.org>; Ramsey, Alexander R. <ARamsey@jenner.com>; Gallegos, Amy M. <AGallegos@jenner.com>
**Subject:** Re: Laps v. Stanford University

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Laurie I am in Europe and 9 hours ahead of pacific time. Is there a time earlier on Thursday that would work, or any time Tuesday or Wednesday?

Jerome M. Marcus

President

WWW.DeborahProject.Org

610.664.1184 (phone) 610.664.1559 (fax)
P.O. Box 212 Merion Station, PA 19066
jmarcus@deborahproject.org

THE DEBORAH PROJECT

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Sent:** Tuesday, 20 October 2026 19:33:30
**To:** Jerome Marcus <jmarcus@deborahproject.org>; Schar, Reid J. <RSchar@jenner.com>; cshahkar@grsm.com <cshahkar@grsm.com>; misom@grsm.com <misom@grsm.com>
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Norah Kormov <norahkormov@deborahproject.org>; Ramsey, Alexander R. <ARamsey@jenner.com>; Gallegos, Amy M. <AGallegos@jenner.com>
**Subject:** RE: Laps v. Stanford University

Dear Jerome,

Thank you very much for reaching out.

Would you be available for a call on Thursday, October 22 between 4-5 pm PT?

Thanks,
Laurie

---

**Laurie J. Edelstein**

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708 | jenner.com
+1 415 293 5943 | Tel

+1 415 730 4029 | Mobile
LEdelstein@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

---

**From:** Jerome Marcus <jmarcus@deborahproject.org>
**Sent:** Tuesday, October 20, 2026 6:11 AM
**To:** Schar, Reid J. <RSchar@jenner.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>; cshahkar@grsm.com; misom@grsm.com
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Norah Kormov <norahkormov@deborahproject.org>
**Subject:** Laps v. Stanford University

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Dear Counsel — The Deborah Project has been retained by Dr. Shay Laps to represent him in the above-captioned matter. We thought it might be useful for us to speak in advance of the status conference now set for October 27. Can you let us know when, during the remaining days of this week, you'd be available for that purpose?

Thanks so much.

Jerome M. Marcus

THE DEBORAH PROJECT

Jerome M. Marcus

President

WWW.DeborahProject.Org

610.664.1184 (phone) 610.664.1559 (fax)
P.O. Box 212 Merion Station, PA 19066
jmarcus@deborahproject.org

# EXHIBIT C

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University*
*and Danny Hung-Chieh Chou*

**JENNER & BLOCK LLP**
**525 Market Street, 29th Floor**
**San Francisco, CA 94105**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. SHAY LAPS,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY and DANNY HUNG-CHIEH CHOU, Associate Professor of Pediatrics, in his official and personal capacities,

Defendants.

Case No. 5:25-cv-05767-SVK

The Honorable Susan van Keulen

**DEFENDANTS' THIRD AMENDED NOTICE OF DEPOSITION OF DR. SHA LAPS**

Date: December 8 and 9, 2026
Time: 10:00 a.m.
Location: JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711

**TO PLAINTIFF AND HIS COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou ("Defendants"), by and through their attorneys, will take the deposition of Plaintiff Dr. Shay Laps at the office of Jenner & Block LLP, 1155 Avenue of the Americas, New York, NY 10036-2711, commencing at 10:00 a.m. Eastern Time on December 8 and 9, 2026, and continuing from day to day (excluding Saturdays, Sundays, and legal holidays) until completed. The deposition will be taken upon oral examination before a court reporter authorized to administer oaths under the laws of the State of New York.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(3), the deposition will be videotaped and recorded by an officer duly qualified to administer oaths, and will be recorded stenographically, through the instant visual display of testimony and/or by videotape. Defendants reserve the right to use the recorded testimony at trial. The deposition will be taken in accordance with and for all purposes permissible under the Federal Rules of Civil Procedure.

Dated: October 29, 2026

JENNER & BLOCK LLP

By: /s/ *Reid J. Schar*

Reid J. Schar (Bar No. 238948)
Laurie Edelstein (Bar No. 164466)
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: (628) 267-6800
RSchar@jenner.com
LEdelstein@jenner.com

Marcie Isom Fitzsimmons (Bar No. 226906)
Christina Shahkar (Bar No. 356982)
GORDON REES SCULLY MANSUKHANI
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
misom@grsm.com

*Attorneys for Defendants*
*The Board of Trustees of The Leland Stanford Junior University and Danny Hung-Chieh Chou*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I served the foregoing **THIRD AMENDED NOTICE OF DEPOSITION OF DR. SHA LAPS** on counsel of record for Plaintiff via electronic mail, as follows:

**THE DEBORAH PROJECT**
Jerome Marcus (jmarcus@deborahproject.org)
Lori Lowenthal Marcus (lorilowenthalmarcus@deborahproject.org)
Marc Kushner (mkushner@deborahproject.org)
Jesse Wenger (jwenger@deborahproject.org)
P.O. Box 212
Merion Station, PA 19066

**JAVITCH LAW OFFICE**
Mark Javitch (mark@javitchlawoffice.com)
3 East 3rd Ave., Ste. 200
San Mateo, CA 94401

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 29, 2026, in San Francisco, California.

By: *s icole Widra*
Nicole Widra

# EXHIBIT D

**From:** Ramsey, Alexander R.
**To:** Jerome Marcus
**Cc:** Jesse Wenger; Marc Kushner; Mia Shalom; Lori Lowenthal Marcus; Schar, Reid J.; Edelstein, Laurie J.; Marcie Fitzsimmons; Christina Shahkar
**Subject:** RE: Laps v. Stanford - Hebrew Interpreter
**Date:** Monday, November 9, 2026 2:13:31 PM
**Attachments:** image001.png

---

Thank you, Jerome. We will arrange for an interpreter to attend.

Best,
Alex

---

**From:** Jerome Marcus <jmarcus@deborahproject.org>
**Sent:** Monday, November 9, 2026 2:10 PM
**To:** Ramsey, Alexander R. <ARamsey@jenner.com>
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Schar, Reid J. <RSchar@jenner.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>; Marcie Fitzsimmons <misom@grsm.com>; Christina Shahkar <cshahkar@grsm.com>
**Subject:** Re: Laps v. Stanford - Hebrew Interpreter

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Yes, he will need an interpreter.
Thanks
JMM

Jerome M. Marcus

President

WWW.DeborahProject.Org

610.664.1184 (phone) 610.664.1559 (fax)
P.O. Box 212 Merion Station, PA 19066
jmarcus@deborahproject.org

**From:** Ramsey, Alexander R. <ARamsey@jenner.com>
**Date:** Tuesday, November 10, 2026 at 12:05 AM
**To:** Jerome Marcus <jmarcus@deborahproject.org>
**Cc:** Jesse Wenger <jwenger@deborahproject.org>; Marc Kushner <mkushner@deborahproject.org>; Mia Shalom <miashalom@deborahproject.org>; Lori Lowenthal Marcus <lorilowenthalmarcus@deborahproject.org>; Schar, Reid J. <RSchar@jenner.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>; Marcie Fitzsimmons <misom@grsm.com>; Christina Shahkar <cshahkar@grsm.com>
**Subject:** Laps v. Stanford - Hebrew Interpreter

Counsel,

We are making arrangements for Dr. Laps' deposition. Dr. Laps' prior counsel suggested Dr. Laps might need a Hebrew interpreter from time to time during the deposition. Please let us know as soon as possible if Dr. Laps still requests that a Hebrew interpreter attend the deposition or whether we can proceed without an interpreter.

Best,
Alex

**Alexander R.P. Ramsey**

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708 | jenner.com
+1 415 293 5953 | Tel
+1 415 713 7257 | Mobile
Pronouns : He / Him
ARamsey@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

# EXHIBIT E

**From:** Jerome Marcus
**To:** Ramsey, Alexander R.; Edelstein, Laurie J.
**Cc:** Jesse Wenger; Marc Kushner; Lori Lowenthal Marcus; Norah Kormov; Schar, Reid J.; Marcie Fitzsimmons; Christina Shahkar
**Subject:** Re: Stanford - Laps
**Date:** Monday, November 16, 2026 6:53:20 AM
**Attachments:** image001.png

---

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Counsel The Deborah Proje ct will be filing a motion for leave to withdraw as counsel in this matter, I expect either later today or tomorrow. As soon as I know whether we will also file a motion for stay I will write to ask whether you consent to that motion.

It is my understanding that Dr. Laps does not intend to appear for deposition on December 8, so you should not incur any further or avoidable costs in connection with that deposition.

Thank you.

Jerome M. Marcus

THE DEBORAH PROJECT

Jerome M. Marcus

President

WWW.DeborahProject.Org

610.664.1184 (phone) 610.664.1559 (fax)
P.O. Box 212 Merion Station, PA 19066
jmarcus@deborahproject.org

# EXHIBIT 8

## FRANKEL v. REGENTS OF THE UNIVERSITY OF CALIFORNIA

Executed Settlement Agreement (2025) - official University of California source

Case No. 2:24-cv-04702 (C.D. Cal.)

**Payment allocation stated in Settlement Agreement, pages 3-4:**

| | |
|---|---|
| Total settlement payments | $6,450,000 |
| Dedicated UCLA initiative payment | $320,000 |
| Plaintiffs payment, including distributions below | $6,130,000 |
| Four plaintiffs, $50,000 each | $200,000 |
| Charitable contributions to named nonprofit organizations | $2,330,000 |
| Attorneys fees and costs allocation | $3,600,000 |

**OFFICIAL DOCUMENT:**

https://www.universityofcalifornia.edu/sites/default/files/2025-07/frankel-settlement-agreement-fully-executed-w-ex-a.pdf

This page identifies the official source and the allocation disclosed in the signed agreement.
It is a source-reference exhibit, not a reproduction of the full 22-page agreement.